IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| EUGENE KLINE, JON SHAYNE JONES, DIANA L. HUGHES, AND GEORGE AND CAROL ROSS, on Behalf of Themselves and All Others Similarly Situated,<br><br>  Plaintiffs,<br><br>v.<br><br>MORTGAGE ELECTRONICS SECURITY SYSTEMS, ET AL.,<br><br>  Defendants. | Case No. 3:08 cv 0408<br><br>JUDGE WALTER HERBERT RICE |

**MOTION FOR JUDGMENT ON THE PLEADINGS OF DEFENDANT, COUNTRYWIDE HOME LOANS, INC.**

Pursuant to Fed. R. Civ. P. 12(c), Defendant, Countrywide Home Loans Servicing, LP. ("Countrywide") moves the Court for Judgment on the Pleadings with respect to the all claims of Plaintiff Jon Shayne Jones against asserted against Countrywide.

Countrywide is filing the attached Memorandum in support of this Motion.

Respectfully submitted,

DEFENDANT COUNTRYWIDE HOME LOANS, INC.

By its attorneys,

/s/ Richard A. Freshwater
Barbara Friedman Yaksic (#0014338)
Richard A. Freshwater (#0080762)
McGlinchey Stafford, PLLC
25550 Chagrin Boulevard, Suite 406
Cleveland, Ohio 44122-4640
Telephone: (216) 378-9905
Facsimile: (216) 378-9910
byaksic@mcglinchey.com
rfreshwater@mcglinchey.com

Thomas M. Hefferon (*pro hac vice*)
Scott B. Nardi (*pro hac vice*)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001
Phone: 202-346-4000
thefferon@goodwinprocter.com
snardi@goodwinprocter.com

Dated: April 27, 2009

2

LIBW/1707298.1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| EUGENE KLINE, JON SHAYNE JONES, DIANA L. HUGHES, AND GEORGE AND CAROL ROSS, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MORTGAGE ELECTRONICS SECURITY SYSTEMS, ET AL.,<br><br>Defendants. | Case No. 3:08 cv 0408<br><br>JUDGE WALTER HERBERT RICE |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT COUNTRYWIDE HOME LOANS
<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

Barbara Friedman Yaksic (#0014338)
Richard A. Freshwater (#0080762)
McGlinchey Stafford, PLLC
25550 Chagrin Boulevard, Suite 406
Cleveland, Ohio 44122-4640
Telephone: (216) 378-9905
Facsimile: (216) 378-9910
byaksic@mcglinchey.com
rfreshwater@mcglinchey.com

Thomas M. Hefferon (*pro hac vice*)
Scott B. Nardi (*pro hac vice*)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001
Phone: 202-346-4000
thefferon@goodwinprocter.com
snardi@goodwinprocter.com

Pursuant to Federal Rule of Civil Procedure 12(c), Defendant Countrywide Home Loans Servicing, LP ("Countrywide"),[1] hereby moves for judgment on the pleadings as to the claims of Plaintiff Jon Shayne Jones ("Jones"). Jones is suing Countrywide over the alleged collection of supposedly improper fees and costs assessed in connection with his 2007 foreclosure and sought during his subsequent bankruptcy. Jones claims that Countrywide's conduct constitutes both a breach of contract and unjust enrichment under Ohio common law, and also violates Ohio's Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code § 1345, *et seq*. As shown below, however, the facts before the Court demonstrate that all of Jones' claims against Countrywide fail, and the Court should enter judgment in favor of Countrywide.

Jones' common law claims fail because, not only did Jones never pay the fees and costs at issue, but he actually already successfully litigated the validity of the fees and costs in bankruptcy court *and won*. As a result, Jones' breach of contract and unjust enrichment claims fail because he cannot prove that Countrywide collected and retained any of the fees on which his claims are based. Moreover, as Jones never paid the amounts that he claims breached the contract and unjustly enriched Countrywide, he has no damages—a necessary element of his common law claims.

Jones' only other claim against Countrywide is brought pursuant to the OCSPA. That statute, however, expressly exempts national banks and their subsidiaries from its purview. As Countrywide is a wholly owned subsidiary of Bank of America, N.A. ("BANA")—a national bank under the OCSPA—Countrywide is exempt from the Act, and Jones' statutory claim must be dismissed.

---

[1] On April 27, 2009, the name of "Countrywide Home Loans Servicing, LP" is changing to "BAC Home Loans Servicing, LP." For the convenience of the Court and the parties, the moving Defendant will refer to itself as "Countrywide" throughout this brief.

Furthermore, as demonstrated in the Rule 12(c) Motion filed by defendant Wells Fargo Home Mortgage ("Wells Fargo") in this case, Jones' claims would be precluded because of his intervening bankruptcy in any event. Jones is judicially estopped from pursuing his pre-bankruptcy causes of action because he did not list them on his bankruptcy petition or in the accompanying schedules. And, to the extent his state law claims arise from the attempted collection of the fees on the (now-disallowed) proof of claim, the Bankruptcy Code preempts the claims here.[2]

Accordingly, Countrywide is entitled to judgment on the pleadings as to all of Jones' claims against it.

## BACKGROUND

The instant lawsuit is a collection of disparate claims brought by five named plaintiffs against a variety of loan servicers, trustees, law firms, and other entities, each of whom is alleged to have some connection to at least one plaintiff's loan. Each plaintiff asserts a variety of causes of action against certain defendants. The only plaintiff asserting any claims against Countrywide, however, is Jones. Through his claims, Jones seeks to recover attorneys' fees and other costs that he allegedly was charged in connection with his 2007 foreclosure and his subsequent bankruptcy. Compl. ¶¶ 101, 104-105. Jones has named as defendants Countrywide, Wells Fargo, and Lerner Sampson & Rothfuss ("Lerner Sampson"), the Ohio law firm that initiated the foreclosure proceedings against Jones and his wife and later filed a proof of claim in the Jones bankruptcy. Compl. ¶¶ 80, 81, 101. Countrywide is named as a defendant because it serviced Jones' loan on behalf of Wells Fargo. *Id.* ¶ 81.

---

[2] Countrywide incorporates by reference and joins in Wells Fargo's brief on these points (*see* Wells Fargo Memo. at 6-13).

2

On June 1, 2007, after Jones and his wife became delinquent on their mortgage loan, Lerner Sampson filed a foreclosure action on behalf of Wells Fargo against the Joneses in the Court of Common Pleas for Montgomery County, Ohio. *Id.* ¶ 80.[3] Jones claims that fees for service of process charged in his foreclosure were "inflated," that fees charged after his loan was accelerated were "prohibited under both applicable state law and the FDCPA," and that defendants charged improper property inspection fees and "other illusory or illegal fees." *Id.* ¶¶ 89, 96, 98. Jones seeks recovery of those allegedly inflated, improper, or illegal fees under the OCSPA and in common law for breach of contract and for unjust enrichment. *Id.* ¶¶ 138-140; 142-144; 146-147.[4]

In an effort to forestall foreclosure, on November 19, 2007, Jones and his wife (represented by counsel) filed for Chapter 13 bankruptcy protection in the U.S. Bankruptcy Court for the Southern District of Ohio, Petition No. 3:07-bk-35085. *See id.* ¶ 100; Petition and accompanying schedules (attached as Exhibit A hereto).[5] Subsequently, on December 5, 2007, Lerner Sampson filed a proof of claim in the bankruptcy on behalf of "Wells Fargo Bank, N.A. ... c/o Countrywide Home Loans" for the amount of $9,940.29. *Id.* ¶ 101. Lerner Sampson filed an amended proof of claim on April 18, 2008. The amended proof of claim made no changes to

---

[3] As noted above, Countrywide was servicing the Jones loan on behalf of Wells Fargo.

[4] Jones makes additional allegations about the foreclosure with respect to Wells Fargo and Lerner Sampson, but those allegations are unrelated to, and do not form the basis of, his claims against Countrywide in this case.

[5] Notably, despite the fact that all of Jones' claims are based on fees and costs sought by Countrywide in his foreclosure proceedings prior to the filing of his Bankruptcy Petition (*Compl.* ¶¶ 78-81), Jones failed to list any cause of action against Countrywide as an asset anywhere in the Petition or accompanying schedules. Schedule B, Paragraph 21 of the Petition required Jones to list all "contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims." Schedule B, ¶ 21 (attached as Exhibit B hereto). Jones placed an "X" in the column marked "NONE." *Id.* Jones signed the Petition under penalty of perjury. *Id.* at 3.

3

the arrearage being sought, which remained $9,940.29. (A copy of the Amended Proof of Claim from the Jones Bankruptcy is attached hereto as Exhibit C). That amount included all of the fees and costs assessed in connection with the foreclosure on Jones' home, which are the amounts now at issue in this case. *Id.*

On July 1, 2008, Jones' counsel objected to that Amended Proof of Claim. *See* Objection to Claim at 1 (attached as Exhibit D hereto); *see also* Compl. ¶ 103.[6] The objection "request[ed] a detailed breakdown of [costs in the amount of $1,185 and an escrow shortage of $3,091.46] including period of time to determine if allowed." *Id.* The objection questioned *all* of the fees on the proof of claim, and thus challenged all of the fees that are now at issue. The Bankruptcy Court sustained the objection on August 20, 2008. *See* Compl. ¶ 104; *see also* Order Sustaining Objection (attached as Exhibit F hereto). The effect of that Order was that Jones was not required to pay any of the fees and costs sought on the proof of claim.[7]

## STANDARD OF REVIEW

Similar to other Rule 12 motions, in deciding a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), the Court must "decide whether the plaintiff can prove any set of facts in support of their claims that would entitle them to relief." *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005). The Court is not bound "to accept as true a legal conclusion couched as a factual allegation." *Ferron v. Zoomego, Inc.*, 276 Fed. App'x, 473, 475 (6th Cir. 2008) (citation omitted) (legal standard for adjudicating a Rule 12(c) motion is the same as for a Rule 12(b)(6) motion). Rather, the plaintiff must allege

---

[6] The Bankruptcy Court had confirmed the Jones Chapter 13 Plan on March 10, 2008. *See* Order Confirming Chapter 13 Plan (attached hereto as Exhibit E).

[7] The Order specifically disallowed all of the prepetition foreclosure fees and costs sought by Countrywide and Wells, and allowed only the undisputed delinquent monthly payments to be collected. *See* Exh. F, hereto.

4

"enough facts to state a claim to relief that is plausible on its face" and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Accordingly, a complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 406 (6th Cir. 1998) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984)).

To determine whether a plaintiff pled the material elements for a cause of action, the Court need not accept all factual allegations in the complaint as incontrovertible. *See Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir.1999). Rather, the Court must analyze the statement in the complaint based on all of the materials it is permitted to consider on a Rule 12(c) motion. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008). Specifically, the Court may consider "'the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the pleadings, whatever is central or integral to the claim for relief or defense, and *any facts of which the district court will take judicial notice*.'" *Scuba v. Wilkinson*, No. 1:05-cv-718, 2006 U.S. Dist. LEXIS 27548, *4 (S.D. Ohio Mar. 6, 2006) (quoting Wright & Miller, Federal Practice and Procedure § 1367) (emphasis added).[8]

---

[8] This Court may properly take judicial notice of a variety of documents, even if they were not specifically referenced in the Complaint. *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir.2003). Among such documents are public records, including filings with federal agencies, as well as decisions of such agencies. *See, e.g., Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 -361 (6th Cir. 2001); *Armengau v. Cline*, 7 Fed. App'x 336, 344 (6th Cir. 2001); *Florida State Bd. of Admin. v. Green Tree Fin. Corp.*, 270 F.3d 645, 663 (8th Cir. 2001). In addition, this Court is free to take judicial notice of documents and pleadings filed in the Jones' bankruptcy case. *Oneida Motor Freight, Inc. v. Singleton*, 848 F.2d 414, 416 n. 3 (3rd Cir. 1988); *see Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir.2008).

5

## LAW AND ARGUMENT

**I. JONES' CHALLENGE TO THE FEES AND COSTS AT ISSUE IS BARRED BECAUSE HE HAS ALREADY SUCCESSFULLY LITIGATED HIS CLAIMS IN THE BANKRUPTCY COURT.**

Jones already challenged the propriety of the fees and costs at issue through the claim objection he filed in his bankruptcy. That objection was successful, and the bankruptcy court disallowed all of the allegedly improper charges, effectively ruling that Jones did not have to pay those fees and charges. As a result, his claims against Countrywide are moot and he lacks standing to pursue them here.

### A. Jones Lacks Standing To Relitigate His Claims.

It is axiomatic that in order to state a claim for relief, a plaintiff must establish that he has suffered an "injury-in-fact." *Sierra Club v. Morton*, 405 U.S. 727 (1972); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("injury-in-fact" is "an invasion of a legally protected interest which is (a) concrete and particularized … and (b) actual or imminent, not conjectural or hypothetical.") (citations omitted). Here, Jones has no injury because he never paid the allegedly improper fees and costs, and they were, in fact, disallowed by the Bankruptcy Court. When a plaintiff cannot allege an actual injury, his claims must be dismissed. Since Jones does not allege—and cannot possibly show—how he was injured by the fees and costs that were disallowed and never collected, his claims must be dismissed.[9]

### B. Jones Cannot Show Any Damages From Countrywide's Alleged Breach Of The Mortgage Contract.

Jones cannot recover under his breach of contract claim (Fifth Claim for Relief, Compl. ¶¶ 145-147) because Countrywide did not breach any provision of the mortgage contract. Even

---

[9] To the extent Jones claims any future injury from an attempt to collect the fees and costs, it is purely conjectural as Countrywide is aware of the Bankruptcy court's disallowance of the fees and costs at issue, and has no intention of collecting them.

6

if the fees and costs at issue would have breached his mortgage contract, he cannot show that he was damaged in any way.

To state a claim for breach of contract, a plaintiff must allege: the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff. *Donor v. Snapp*, 649 N.E.2d 42, 44 (Ohio 1994). Here, Jones can show neither breach of the contract nor any damages suffered because of that breach. The bankruptcy court's order disallowed the very act that Jones claims would have breached the contract and resulted in damages—Countrywide's collection of improper fees. Ultimately, Jones' claim is really nothing more than a claim that Countrywide *attempted* to breach Jones' mortgage contract by *attempting* to collect improper fees listed in the Amended Proof of Claim. Ohio does not recognize a claim for *attempted* breach of contract and requires all elements to be proven. *See W. Ohio Colt Racing Assn. v. Fast*, 2009 WL 737776, at * 15 (Ohio Ct. App. Mar. 23, 2009).

Jones cannot point to any provision of the mortgage contract that Countrywide supposedly breached. Indeed, the mortgage permits the lender to collect fees, costs, late charges, and interest incurred in connection with default by Jones. *See* Mortgage (attached as Exhibit G hereto) ¶¶ 9 ("Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the property"), 14 ("Lender may charge Borrower fees for services performed in connection with the Borrower's default ... including, but not limited to, attorneys' fees property inspection and valuation fees. In regard to other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee"), 22 ("Lender shall be entitled to collect all expenses incurred in pursuing the remedies in this Section 22...."). Clearly, Countrywide's

7

actions to collect fees were expressly permissible under the mortgage and therefore did not constitute a breach of the contract.

Even if Countrywide did breach the terms of the mortgage, which it did not, Jones cannot prevail on his breach of contract claim because he did not incur any damages. With respect to damages, the Complaint claims that Jones is "entitled to a return of the fees, costs and interest [he was] required to pay in circumstances where such fees, costs and interest were not allowed to be collected under these agreements." Compl. ¶ 147. Here, of course, there are no "fees, costs and interest" for Countrywide to "return" because they were all disallowed by the Bankruptcy Court and never paid to Countrywide. As a result, Jones cannot satisfy the damages element of a claim for breach of contract and the Court must enter judgment on this count in favor of Countrywide.

### C. Countrywide Received None of the Fees and Costs at Issue, Defeating Jones' Unjust Enrichment Claim.

Similarly, Jones' claim for unjust enrichment fails because Countrywide has not received any of the fees and costs at issue, and has thus not been "unjustly enriched." *See* Compl. ¶¶ 141-144 (Fourth Claim For Relief).

Unjust enrichment "arises out of the obligation cast by law upon a person in receipt of benefits which he is not justly entitled to retain." *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984) (citing *Hummel v. Hummel*, 14 N.E.2d 923, 925 (Ohio 1938)). To prove an unjust enrichment claim, a plaintiff must prove that there was "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." *Id.*; *see also Dixon v. Smith*, 119 Ohio App.3d 308, 317-18 (Ohio Ct. App. 1997).

8

Once again, in light of his successful litigation in the Bankruptcy Court, Jones' claim that Countrywide was unjustly enriched by the fees and costs at issue must fail.

Jones' unjust enrichment Cause of Action asserts that "Defendants charged and received compensation for attorneys' fees and other fees and costs which had not been incurred by defendants, or were illegal or excessive." Compl. ¶ 142. But, the bankruptcy court's order sustaining Jones' objection to the fees and costs on the Amended Proof of Claim disallowed the fees and costs at issue and they were never collected. Accordingly, Countrywide never "received compensation for attorneys' fees and other costs," and thus there was no "retention of the benefit." *See Hambleton*, 465 N.E.2d at 1302. Accordingly, Jones cannot state a claim for unjust enrichment.

## II. AS A SUBSIDIARY OF A NATIONAL BANK, COUNTRYWIDE IS EXEMPT FROM THE OCSPA.

Jones' only remaining claim against Countrywide is an alleged violation of the OCSPA set forth in his Third Claim For Relief. Compl. ¶¶ 137-140. This claim must fail because Countrywide is exempt from the statute as a wholly owned subsidiary of a national bank, BANA.

The OCSPA prohibits a "supplier" from using "unfair or deceptive" or "unconscionable" acts or practices in connection with a consumer transaction. Ohio Rev. Code Ann. § 1345.02. The statute defines "supplier" as a "seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions." *Id.* § 1345.01(C). With respect to residential mortgage transactions, a "seller" is defined as a "nonbank mortgage lender." *Id.* The statute defines "nonbank mortgage lenders" as:

> [A]ny person that engages in a consumer transaction in connection with a residential mortgage, *except for a bank, savings bank, savings and loan association . . . organized under the laws of . . . the United States; a subsidiary of such a bank, saving bank, savings and loan association, or credit union;* . . .

9

*Id.* § 1345.01(K) (emphasis added).

The exception here for "a bank . . . organized under the laws of . . . the United States . . . [or] a subsidiary of such a bank" applies to Countrywide. BANA is a national bank "organized under the laws of the United States" and subject to regulation by the OCC. *See* National Banks Active as of 3/31/09, Office of Comptroller of Currency, http://www.occ.treas.gov/foia/foia.htm ("List of National Banks"), attached hereto as Exhibit H (this list also includes BANA's national bank charter number, 13044).[10] The named defendant in this case, Countrywide Home Loans Servicing, LP (*see* Compl. ¶ 13), is a wholly owned subsidiary of BANA. *See* Organizational Hierarchy of Bank of America, National Association as of 4/23/2009, Federal Financial Institutions Examination Council, National Information Center, http://www.ffiec.gov/nicpubweb/nicweb/OrgHierarchySearchForm.aspx?parID_RSSD=480228&parDT_END=99991231 ("BANA Hierarchy"), attached hereto in .pdf format as Exhibit I.[11] The BANA Hierarchy shows that the general and limited partners in Countrywide Home Loans Servicing, LP—Countrywide GP, LLC and Countrywide LP, LLC, respectively—are direct subsidiaries of BANA. *See* Exh. I at Seq. Nos. 1 & 266-269 (for the Court's convenience, Exhibit J, hereto assembles the relevant pages from the BANA Hierarchy (*i.e.*, pp. 1 & 13-14) showing that Countrywide is a subsidiary of BANA).[12]

---

[10] The List of National Banks is maintained and updated monthly by the Office of the Comptroller of Currency, the bank regulatory arm of the federal government. *See* Freedom of Information Act Reading Room, Office of Comptroller of Currency, http://www.occ.treas.gov/foia/foia.htm.

[11] The National Information Center is "a central repository of data about banks and other institutions for which the Federal Reserve has a supervisory, regulatory, or research interest" that is "updated daily during the business week." *See* National Information Center, http://www.ffiec.gov/nicpubweb/nicweb/nichome.aspx.

[12] This Court may take judicial notice of these publicly available documents from the OCC and the Federal Financial Institutions Examination Council. *See Barany-Snyder v. Weiner*, 539

10

As a subsidiary of a national bank, Countrywide is not a "nonbank mortgage lender" under the OCSPA and is therefore exempt from the statute's scope. Accordingly, Jones' claim under the OCSPA against Countrywide must be dismissed.[13]

### III. JONES' CLAIMS ARE OTHERWISE BARRED BY JUDICIAL ESTOPPEL AND FEDERAL PREEMPTION.

As demonstrated in the Rule 12(c) Motion filed by defendant Wells Fargo in this case, Jones' claims are also barred by the doctrines of judicial estoppel and federal preemption. The fact that Jones failed to identify his prepetition causes of action against Countrywide (which encompass all of the fees and costs allegedly incurred in connection with his foreclosure proceeding—those that are now at issue here) means he is judicially estopped from asserting them now. *See Lewis v. Weyerhaeuser Co.* 141 Fed. Appx. 420, 425 (6th Cir. 2005) (failure to disclose such a claim is grounds for judicial estoppel); *Moody v. Honda of Am. Mfg., Inc.*, No. C-2-05-0880, 2007 U.S. Dist. LEXIS 69643, at *9 (S.D. Ohio Sept. 9, 2007) (same); *Elkins v. Summit County*, 5:06-cv-3004, 2008 U.S. Dist. LEXIS 17056, at *13 (N.D. Ohio Mar. 5, 2008) (same); *see also* Wells Memo. at 6-11.

In addition, to the extent Jones' claims are based on his allegations that Countrywide improperly attempted to collect the fees and costs at issue in connection with the proof of claim filed in his bankruptcy (*see* Compl. ¶¶100-106, 138-140), they are preempted by the Bankruptcy Code. This preemption extends not only to his OCSPA claim, but to his state common law claims as well. *See Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 425-26 (6th Cir. 2000)

---

F.3d 327, 332 (6th Cir.2008); *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 - 361 (6th Cir. 2001); *Armengau v. Cline*, 7 Fed. App'x 336, 344 (6th Cir. 2001).

[13] Even prior to becoming a subsidiary of BANA, Countrywide was exempt from the scope of the OCSPA as an affiliate of a different national bank, Countrywide, FSB, with whom it was under common control by their parent company, Countrywide Financial Corporation. *See* Ohio Rev. Code Ann. § 1345.02(K).

11

("Permitting ... state law causes of action ... would undermine the uniformity the [Bankruptcy] Code endeavors to preserve...") (quoting *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 562-63 (6th Cir. 1998)); *see also* Wells Memo. at 11-13. Jones' proper recourse was to challenge the collection of the fees through the bankruptcy processes set up to handle claims objections. In fact, Jones successfully utilized those processes to challenge the fees and costs now at issue, reinforcing the fact that his state law claims should be dismissed as preempted by the Bankruptcy Code.

## CONCLUSION

For the reasons stated herein, as well as those stated by Wells Fargo in its Rule 12 Motion and incorporated herein by reference, all claims and causes of action in Plaintiffs' Complaint against Countrywide should be dismissed.[14]

---

[14] The remaining Claims for Relief in the complaint are not pled against Countrywide and thus should not prevent dismissal of all claims against Countrywide.

12

Dated: April 27, 2009

        Respectfully submitted,

        DEFENDANT COUNTRYWIDE HOME LOANS, INC.

        By its attorneys,

        /s/ Richard A. Freshwater
        Barbara Friedman Yaksic (#0014338)
        Richard A. Freshwater (#0080762)
        McGlinchey Stafford, PLLC
        25550 Chagrin Boulevard, Suite 406
        Cleveland, Ohio 44122-4640
        Telephone: (216) 378-9905
        Facsimile: (216) 378-9910
        byaksic@mcglinchey.com
        rfreshwater@mcglinchey.com

        Thomas M. Hefferon (*pro hac vice*)
        Scott B. Nardi (*pro hac vice*)
        GOODWIN PROCTER LLP
        901 New York Avenue, N.W.
        Washington, DC 20001
        Phone: 202-346-4000
        thefferon@goodwinprocter.com
        snardi@goodwinprocter.com

Dated: April 27, 2009

LIBW/1706689.7

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jeffrey M. Silverstein
Jeffrey M. Silverstein and Associates
627 East Edwin Moses Blvd. Suite 2-C
Dayton, OH 45408
Email: jeff@silversteinlaw.com

Kristopher Issac deVyver
Natalie C. Metropulos
Perry A. Napolitano
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219
Email: kdevyver@reedsmith.com, nmetropulos@reedsmith.com, pnapolitano@reedsmith.com

Timothy T Brick
Bulkley Building
1501 Euclid Avenue
Cleveland, OH 41115
Email: tbrick@gallaghersharp.com

Erik J Wineland
Gallagher Sharp
420 Madison Ave. Suite 1250
Toledo, OH 43604
Email: ewineland@gallaghersharp.com

Lori E Brown
Gallagher Sharp
Sixth Floor Bulkley Building
1501 Euclid Avenue
Cleveland, OH 44115
Email: lbrown@gallaghersharp.com

John W Becker
222 South Main Street, Suite 400
Akron, OH 44308
Email: jbecker@ralaw.com

Michael R Traven
Roetzel & Andress LPA
155 E Broad Street, Suite 1200

Columbus, OH 43215
Email: mtraven@ralaw.com

Rick D. DeBlasis
Lerner, Sampson & Rothfuss
120 East Fourth Street, 8th Floor
Cincinnati, OH 45202
Email: rdd@lsrlaw.com

Reuel D. Ash
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Email: rash@ulmer.com

Paul Grobman
555 Fifth Avenue
New York, NY 10017
Email: grobtown@aol.com

Nelson Marlin Reid
Bricker & Eckler
100 S Third Street
Columbus, OH 43215-4291
Email: nreid@bricker.com

Scott A. King
Chad E. Burton
Thompson Hine LLP
P.O. Box 8801
2000 Courthouse Plaza, N.E.
Dayton, Ohio 45401-8801
Email: Scott.King@Thompsonhine.com, Chad.Burton@ThompsonHine.com