IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| EUGENE KLINE, et al., | : | |
| | : | Case No. 3:08 CV 0408 |
| | : | |
| Plaintiffs, | : | Judge Rice |
| | : | |
| v. | : | Magistrate Judge Ovington |
| | : | |
| MORTGAGE ELECTRONIC | : | |
| REGISTRATION SYSTEMS, et al., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT CHASE HOME FINANCE LLC'S MOTION TO DISMISS**

Now comes Defendant Chase Home Finance LLC, by and through counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure hereby moves the Court to dismiss Plaintiffs' Complaint. A memorandum in support is attached hereto.

Respectfully submitted,

/s/  Nelson M. Reid
Nelson M. Reid            (0068434)
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215-4291
Telephone:  (614) 227-2300
Facsimile:  (614) 227-2390
Email:  nreid@bricker.com
Trial Attorney for Defendant
Chase Home Finance LLC

3091717v3

OF COUNSEL:

Justin W. Ristau  (0075222)
Daniel C. Gibson (0080129)
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215-4291
Telephone:  (614) 227-2300
Facsimile:  (614) 227-2390
Email:  jristau@bricker.com
     dgibson@bricker.com

and

LeAnn Pedersen Pope, Esq.
Robert J. Emanuel, Esq.
Susan M. Overbey, Esq.
Burke, Warren, MacKay & Serritella, P.C.
22nd Floor-IBM Plaza
330 North Wabash Avenue
Chicago, Illinois 60611-3607
Telephone:  (312) 840-7000
Facsimile:  (312) 840-7900
Email: lpope@burkelaw.com
     remanuel@burkelaw.com
     soverbey@burkelaw.com

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

George and Carol Ross are among several Plaintiffs whose individual claims have been cobbled together in this purported class action against eleven separate Defendants, including Chase Home Finance LLC ("Chase"). The Rosses are the only Plaintiffs that allege any facts involving Chase. Three other Plaintiffs (Eugene Kline, Jon Shayne Jones, and Diana Hughes) allege facts relating to several other Defendants.[1]

Although the numerous causes of action in the complaint refer to the parties generically as "plaintiffs" and "defendants," the only claims specifically asserted against Chase by the Rosses are for violations of the Ohio Consumer Sales Practices Act, breach of contract and unjust enrichment. Chase services the Rosses' mortgage loan and filed a proof of claim during their Chapter 13 bankruptcy. The Rosses allege that Chase's proof of claim included bankruptcy attorney fees and accrued late charges. Chase, however, amended the proof of claim within days after it was filed to remove certain fees, including any attorneys' fees and late charges. Thereafter, the bankruptcy court confirmed the Rosses' Chapter 13 plan, and Chase's amended proof of claim was deemed allowed. After their bankruptcy plan was confirmed, the Rosses filed this lawsuit alleging state law causes of action based on Chase's inclusion of fees in the initial (though subsequently amended) proof of claim.

This Court should dismiss the claims asserted by the Rosses against Chase in this lawsuit. First, the Bankruptcy Code preempts the Rosses' state law claims arising from Chase's filing of a proof of claim in the Chapter 13 bankruptcy. Second, the doctrine of *res judicata* bars the Rosses from attempting to litigate in a separate proceeding any issues that were raised or that could have

---

[1] To the extent these Plaintiffs purport to assert any claims against Chase, those claims should be dismissed for failing to allege any facts directed at Chase.

3091717v3

been raised during their bankruptcy proceeding.

Finally, each of the Rosses' claims fail because they do not (and cannot) sufficiently plead the requirements of each claim. The Rosses' Consumer Sales Practices Act claim fails because the Act does not apply to Chase and even if it did, the Rosses fail to allege any deceptive or unfair conduct by Chase with the specificity required by Rule 9(b). The Rosses also fail to allege the necessary elements of their purported contract and unjust enrichment claims.

For all these reasons, this Court should dismiss Plaintiffs' claims against Chase with prejudice.

## RELEVANT FACTS AND PROCEDURAL HISTORY

George and Carol Ross entered into a residential mortgage loan with Preferred Mortgage Consultants, Inc. on December 23, 2002. Their loan was assigned to Flagstar Bank and serviced by Chase. (Complaint, para. 114.) In December 2006, the Rosses defaulted on their mortgage. (Id., paras. 116-17.) On April 28, 2007, the Rosses filed a petition for bankruptcy under Chapter 13. (*See* In re Ross, Case No. 3:07-bk-31788, pending in the United States Bankruptcy Court for the Southern District of Ohio ("In re Ross"), Docket Entry No. 1.)[2]

The complaint alleges that Chase improperly sought to recover attorney's fees and late charges from the Rosses as part of a "cure of default" on the mortgage loan through a Chapter 13 Plan. (Complaint, paras. 122-23.) On May 9, 2007, Chase filed a proof of claim listing $475 in

---

[2] The Court may consider materials in addition to the complaint when considering a motion to dismiss if such materials are public records or are otherwise appropriate for the taking of judicial notice. *See, e.g., Jackson v. City of Columbus,* 194 F.3d 737, 745 (6th Cir. 1999), *abrogated on other grounds, Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *New England Health Care Employees Pension Fund v. Ernst & Young*, LLP, 336 F.3d 495, 501 (6th Cir. 2003). Thus, this Court can properly take judicial notice of the documents filed, and the orders entered, in the Rosses' Chapter 13 bankruptcy.

bankruptcy attorney fees and $495.22 in accrued late charges.  (Id., para. 120; *see also* Proof of Claim dated May 9, 2007, attached hereto as Exhibit A.)  Although never mentioned in the complaint, nine days later, on May 18, 2007, Chase filed an amended proof of claim excluding all attorneys' fees and late charges.  (*See* Amended Proof of Claim dated May 18, 2007, attached as Exhibit B.)  On August 5, 2007, the bankruptcy court confirmed the Rosses' Chapter 13 plan.  (In re Ross, Docket Entry No. 31.)  The Rosses did not raise any of the issues they complain of here during their bankruptcy proceeding, which remains pending.

## ARGUMENT

I.  FEDERAL BANKRUPTCY LAW PREEMPTS THE ROSSES' STATE-LAW CLAIMS.

The Rosses purport to assert state law claims against Chase based solely on the allegation that Chase improperly included certain fees in a proof of claim, which was later amended prior to the bankruptcy court's entry of the confirmation order.  The Bankruptcy Code, however, already provides the Rosses with the procedure they must follow to dispute amounts included in a proof of claim.  The Rosses must either object to the proof of claim in their bankruptcy proceeding, or, if the time to object has passed, the Rosses must seek reconsideration of the allowed claim in their bankruptcy proceeding.  11 U.S.C. § 502.

The Rosses cannot seek to bypass the Bankruptcy Code and collaterally attack a proof of claim filed in their bankruptcy proceeding by asserting state law claims in a separate proceeding.  Rather, the Bankruptcy Code preempts such state law claims. *See Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 425 (6th Cir. 2000) (claims for unjust enrichment and accounting were preempted by federal bankruptcy law), citing *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 562-63 (6th Cir. 1998); *MSR Exploration v. Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910, 913 (B.A.P. 9th Cir. 1986) (claim for malicious prosecution was preempted by Bankruptcy Code).

"[T]he vast majority of Courts have held that the Bankruptcy Code preempts state law claims allegedly arising from an abusive bankruptcy filing or other wrongful conduct committed during a bankruptcy case." *Pariseau v. Asset Acceptance LLC,* 395 B.R. 492, 495 (Bankr. M.D. Fla. 2008). This includes the Sixth Circuit, which has held that "permitting a host of state law causes of action to address wrongs under the Bankruptcy Code would undermine the uniformity the Code endeavors to preserve and would stand as an obstacle to accomplishment and execution to the full purposes and objectives of Congress." *Pertuso*, 233 F.3d at 426; *see also In re Knox*, 237 B.R. 687, 701 (Bankr. N.D. Ill. 1999) (dismissing Illinois Consumer Fraud Act and unjust enrichment claims premised on allegedly filing of inflated proofs of claim and noting that the "expansive reach of the [Bankruptcy] Code preempts virtually all claims relating to alleged misconduct in the bankruptcy courts.") Thus, each of the Rosses' state law claims against Chase – which as currently plead are premised solely on the filing of an allegedly improper proof of claim in a bankruptcy proceeding – are preempted and should be dismissed.

II.     THE DOCTRINE OF *RES JUDICATA* BARS THE ROSSES' CLAIMS.

Under 11 U.S.C. § 1327(a):

> The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

Section 1327(a) bars the re-litigation of any issue which was decided or which could have been decided at confirmation. *In re Welch*, No. 97-5080, 1998 WL 773999, at *2 (6th Cir. Oct. 11, 1998);[3] *In re Sanders*, 243 B.R. 326, 328 (N.D. Ohio 2000). Once the bankruptcy court enters the confirmation order, creditors and debtors are barred from asserting claims that could have been asserted in the confirmation process, or from taking actions inconsistent with the confirmed

---

[3] A copy of this unpublished opinion is attached hereto as Exhibit C.

plan. *See In re Linkous*, 990 F.2d 160, 162 (4th Cir. 1996) (bankruptcy court order confirming a Chapter 13 plan is generally treated as *res judicata*); *see also In re Snow*, 270 B.R. 38, 40-42 (D. Md. 2001) (Chapter 13 debtor's post-confirmation putative class action challenging fees included in proof of claim was barred by *res judicata*).

In *Welch*, the Sixth Circuit recognized that preclusion under § 1327 is "somewhat harsher" than traditional issue preclusion. *In re Welch*, 1998 WL 773999, at *2. The Court stated: "[a]t common law the litigation of an issue is precluded only if it that issue was actually litigated and decided and if that determination was necessary to the judgment in a previous action between the parties. Under §1327, as it has been interpreted, an issue is precluded *if it could have been decided at confirmation*, whether or not it was actually decided." *Id.* (emphasis in original).

As applied here, the Rosses could have raised their dispute over the propriety of the fees included in the initial proof of claim during the confirmation process in their bankruptcy proceeding. The Rosses did not object to the initial proof of claim when they were required to do so. Nor did they actually need to object because any dispute over the fees was already moot – *within nine days after the filing of the initial proof of claim, Chase filed an amended proof of claim that omitted the fees about which the Rosses complain*. (Ex. B, Amended Proof of Claim.) The bankruptcy court then confirmed the Rosses' Chapter 13 plan, and the amended proof of claim was deemed allowed. (In re Ross, Docket Entry No. 31.) That confirmation order serves as a final order for *res judicata* purposes, and the Rosses cannot now attempt to litigate issues that could have been raised before the bankruptcy court prior to entry of the confirmation order.

*See Welch*, *Sanders*, and *Linkous*, *supra*. Accordingly, this Court should dismiss those claims.[4]

### III. THIS COURT SHOULD DISMISS THE ROSSES' CONSUMER SALES PRACTICES ACT CLAIM.

#### A. The Consumer Sales Practices Act Does Not Apply to Chase.

The Consumer Sales Practices Act precludes a "supplier" from committing unfair, deceptive and/or unconscionable acts or practices in connection with a "consumer transaction." O.R.C. § 1345.02(A). It is therefore essential that a plaintiff establish that the defendant is a "supplier" within the meaning of the Act, and that a "consumer transaction" forms the basis of any claim pursuant to the Act. *Id.* In this case, Chase is not a supplier, and the Rosses' mortgage loan is not a consumer transaction, as defined by the Act. Accordingly, the Rosses' claim pursuant to the Act necessarily fails.

##### 1. Chase is not a "supplier" subject to the Act.

A "supplier" is defined to include a "seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions." O.R.C. § 1345.01(C). As applied to a residential mortgage transaction, a seller means a "loan officer, mortgage broker, or nonbank mortgage lender." *Id.* The definition of "nonbank mortgage lender" specifically excludes "a bank, savings bank . . . organized under the laws of . . . the United States; a subsidiary of such a bank . . .; or an affiliate" that is under common control with the bank and

---

[4] If the Court determines the Rosses' claims are not barred by *res judicata*, they should be resolved in the bankruptcy court. In this District, all cases arising under or related to a case under the Bankruptcy Code and Title 11 of the United States Code "shall be referred to the Bankruptcy Judges for this Judicial District." (*See* General Order No. 05-02, a copy of which is attached hereto as Exhibit D.) Because the Rosses' claims are premised solely on an allegedly improper proof of claim, those claims must be brought in the bankruptcy court. *See Saint Torrance v. Firstar*, 529 F. Supp. 2d 836, 840-41 (S.D. Ohio 2007) (dismissing plaintiffs' claims arising from underlying bankruptcy and stating "any claims for 'bankruptcy violations' should be pursued in Bankruptcy Court").

subject to examination by "the comptroller of the currency." O.R.C. § 1345.01(K).

Chase falls within the definition of the types of entities specifically excluded from the definition of "nonbank mortgage lender." JPMorgan Chase Bank, N.A. is registered as a national bank with, and is supervised by, the Office of the Comptroller of Currency. *See* National Banks Active as of 3/31/09, Office of the Comptroller of Currency, www.occ.treas.gov/foia/foia.htm, with relevant excerpt attached hereto as Exhibit E.[5]  Chase is an operating subsidiary of JPMorgan Chase Bank, N.A.  *See* National Bank Operating Subsidiaries doing Business with Consumers as of 12/31/2007, Office of the Comptroller of Currency, www.occ.treas.gov/consumer/OperatingSubsidiaries.pdf, with relevant excerpt attached hereto as Exhibit F.  As a subsidiary of JPMorgan Chase Bank, N.A. – a national bank regulated by the OCC – Chase does not fall within the definition of nonbank mortgage lender, and is therefore not a "supplier" subject to the Act. *See Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 412 (6th Cir. 1998) (affirming dismissal of claim against financial institution because it was not a supplier within the meaning of the Act).

        2.    The Rosses' mortgage loan does not involve a "consumer transaction" subject to the Act.

As applied to residential mortgage loans, a "consumer transaction" is defined to include only those "transactions in connection with residential mortgages between loan officers, mortgage brokers, or nonbank mortgage lenders and their customers." O.R.C. § 1345.01(A).  As

---

[5] This Court may take judicial notice of documents from the OCC, which are publicly available. *See Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001) ("In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, *and exhibits attached to the complaint,* also may be taken into account.") (emp. in original) (internal citations omitted).

set forth above, Chase is not a "nonbank mortgage lender" and, therefore, the Rosses' mortgage loan is not a consumer transaction to which the Act would apply. *See Reagans v. Mountainhigh Coachworks, Inc.*, 117 Ohio St. 3d 22, 30, 881 N.E.2d 245, 253 (Ohio 2008) ("As a general matter, transactions between financial institutions and their customers are exempted from the definition of a 'consumer transaction' subject to the Consumer Sales Practices Act.").

    B.  The Rosses Fail To Plead Their Claim Pursuant To The Consumer Sales Practices Act With The Requisite Specificity.

The Rosses' Consumers Sales Practices Act claim should also be dismissed because it is not alleged with the requisite specificity. Consumer Sales Practices Act claims must be alleged with the same specificity as fraud claims under Rule 9(b) of the Federal Rules of Civil Procedure. *Ferron v. Zoomego, Inc.*, No. 06-CV-751, 2007 WL 1974946, at *3 (S.D. Ohio Jul. 3, 2007)[6] (granting motion to dismiss OCSPA claim for failure to comply with Rule 9(b)'s heightened pleading standards). At a minimum, Rule 9(b) requires a plaintiff "to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex, L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993) (internal citations and quotations omitted).

Here, the complaint does not even indicate which provision of the Act Chase is alleged to have violated. Instead, in the four paragraphs dedicated to this claim, the complaint alleges that the "members of the class" were injured by "Defendants' materially misleading and/or deceptive acts or practices because they were required to pay fees, charges, and or attorneys' fees which were in excess of those permitted by the underlying loan documents or applicable statutes." (Complaint, para. 139.) There are eleven separate "defendants" included in the complaint and the

---

[6] A copy of this unpublished opinion is attached hereto as Exhibit G.

term "defendants" is used generically. Thus, Chase and the other defendants can only guess as to which is alleged to have engaged in the "misleading and/or deceptive acts or practices." The complaint also fails to specify which "loan documents" or "applicable statutes" were supposedly violated here.[7] These vague allegations are insufficient under Rule 9(b).

Not only are the Rosses' allegations against Chase improperly vague, they are contradicted by the amended proof of claim filed in their bankruptcy proceeding, which omits the attorneys' fees and late charges complained of by the Rosses. (Ex. B, Amended Proof of Claim.) Given the deficient and confusing pleading in the complaint and the existence of the amended proof of claim, which weighs against any claim of unfairness or deception on the part of Chase, this Court should dismiss the Rosses' claim under the Consumer Sales Practices Act.

IV.     THE ROSSES FAIL TO ALLEGE A CLAIM FOR BREACH OF CONTRACT.

In order to state claim for breach of contract, a plaintiff must allege: (1) the existence of a contract; (2) that he performed his obligations under that contract; (3) that defendant breached the contract; and (4) that he was damaged as a result of that breach. *Pavlovich v. National City Bank*, 435 F.3d 560, 565 (6th Cir. 2006). The Rosses fail to allege the necessary elements of this claim. (Complaint, paras. 145-47.)

As an initial matter, the Rosses do not even allege they had a contractual relationship with Chase. Instead, they allege that they entered in a mortgage loan with Preferred Mortgage that was then assigned to Flagstar Bank. (Complaint, para. 117, 118.) But, even assuming the mortgage loan is the contract at issue, the Rosses fail to identify any specific provision of the

---

[7] In addition to the general prohibition against "an unfair or deceptive acts or practice in connection with a consumer transaction" contained in Section 1345.02(A), Section 1345.02(B) lists at least ten different types of "deceptive" acts and practices. The Rosses must identify which, if any, of those acts and practices Chase allegedly violated.

agreement that could have been breached. Nor could they, when the late charges and attorneys' fees they complain about are specifically provided for under that agreement. (*See* Note, Exhibit H, paras. 6(A), (C).) The Rosses also fail to allege how filing a proof of claim seeking certain fees, which is amended shortly thereafter to omit those fees, violates the mortgage loan agreement. Lastly, the Rosses do not, and could not, allege any damages arising from any breach by Chase because the proof of claim at issue was amended to omit any attorneys' fees and late charges. Each of these numerous pleading deficiencies requires dismissal of the Rosses' breach of contract claim. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).

V.   THE ROSSES FAIL TO ALLEGE A CLAIM FOR UNJUST ENRICHMENT.

In order to state claim for unjust enrichment, a plaintiff must allege:

> (1) a benefit conferred on defendant by plaintiff; (2) defendant's knowledge of the benefit; and (3) defendant's retention of the benefit under circumstances where it would be unjust to retain the benefit without payment.

*Bird v. Delacruz,* 411 F.Supp.2d 891, 896 (S.D. Ohio 2005) (citations omitted). Here, the Rosses do not allege *they* conferred any benefit on Chase, nor do they allege it would be unjust for Chase to retain any benefit. Instead, the complaint alleges only that "defendants received compensation for attorneys' fees and other fees and costs which had not been incurred by defendants, or were illegal or excessive." (Complaint, para. 142.)

These conclusory allegations are wholly insufficient to survive a motion to dismiss. A complaint must give defendants "fair notice of what the ... claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). However, the "allegations must plausibly suggest that the defendant has a right to relief raising that possibility above a 'speculative level.'" *Twombly*, 550 U.S. at 555. As

discussed above, Chase amended its proof of claim, and the Rosses do not allege that Chase charged or collected any attorneys' fees or late charges during the Rosses' bankruptcy. Accordingly, under *Twombly*, the Rosses' unjust enrichment claim should be dismissed.[8]

VI.  THE ADDITIONAL PLAINTIFFS' CLAIMS AGAINST CHASE SHOULD BE DISMISSED.

The complaint includes three additional plaintiffs (Eugene Kline, Shayne Jones, and Diana Hughes) who do not allege any facts relating to Chase. The complaint simply uses the generic terms "plaintiffs" and "defendants" in purporting to allege claims against Chase. Given that these additional plaintiffs have no relationship with Chase and do not allege otherwise, any claims they purport to assert against Chase should also be dismissed, with prejudice, pursuant to Rule 12(b)(6).

## CONCLUSION

For each of the reasons set forth above, Defendant Chase Home Finance LLC respectfully requests that this Court enter an order dismissing with prejudice each of the claims asserted against Chase.

Respectfully submitted,

/s/ Nelson M. Reid
Nelson M. Reid            (0068434)
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215-4291
Telephone: (614) 227-2300

---

[8] The Rosses' claim further fails because "the doctrine of unjust enrichment cannot apply when an express contract exists." *Homan, Inc. v. A1 AG Servs., L.L.C.*, 175 Ohio App.3d 51, 59, 885 N.E.2d 253, 260 (Ohio App. 3d Dist. 2008). In this case, a mortgage contract governs the relationship between Chase and the Rosses. In fact, the Rosses allege a claim for breach of contract in their complaint. (Complaint, paras. 145-47.) The existence of the express contract precludes any claim for unjust enrichment.

                                                                           Facsimile:  (614) 227-2390
                                                                           Email:  nreid@bricker.com
                                                                           Trial Attorney for Defendant
                                                                           Chase Home Finance LLC

OF COUNSEL:

Justin W. Ristau  (0075222)
Daniel C. Gibson (0080129)
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215-4291
Telephone:  (614) 227-2300
Facsimile:  (614) 227-2390
Email:  jristau@bricker.com
        dgibson@bricker.com

and

LeAnn Pedersen Pope, Esq.
Robert J. Emanuel, Esq.
Susan M. Overbey, Esq.
Burke, Warren, MacKay & Serritella, P.C.
22nd Floor-IBM Plaza
330 North Wabash Avenue
Chicago, Illinois 60611-3607
Telephone:  (312) 840-7000
Facsimile:  (312) 840-7900
Email: lpope@burkelaw.com
        remanuel@burkelaw.com
        soverbey@burkelaw.com

13

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 29TH day of April, 2009, a copy of the foregoing DEFENDANT CHASE HOME FINANCE LLC'S MOTION TO DISMISS was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.

/s/ Nelson M. Reid<br>
Nelson M. Reid