# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| EUGENE KLINE, et al., | : | |
| Plaintiffs, | : | Case No. 3:08cv408 |
| vs. | : | District Judge Walter Herbert Rice |
| MORTGAGE ELECTRONIC SECURITY SYSTEMS, et al., | : | Magistrate Judge Sharon L. Ovington |
| | : | |
| Defendants. | | |

## REPORT AND RECOMMENDATIONS[1]

## I.   INTRODUCTION

This matter is before the Court on a Motion to Dismiss filed by Defendant Wachovia Equity Servicing, LLC, f/k/a HomEq Servicing Corporation ["Wachovia"] (Doc. #30), as well as Plaintiff's Memorandum in Opposition thereto (Doc. #80), Defendant Wachovia's Reply Memorandum (Doc. #84), and the record as a whole.

## II.   PROCEDURAL BACKGROUND/THE PARTIES' CLAIMS

On November 10, 2008, five individual Plaintiffs (Eugene Kline; Jon Shayne Jones; Diana L. Hughes; and George and Carol Ross, presumably husband and wife), on behalf of themselves and "all others similarly situated," filed a putative class action complaint against multiple Defendants, setting forth federal claims under the Fair Debt Collection Practices Act ["FDCPA"], 15 U.S.C. § 1692, *et seq.*; the Truth in Lending Act ["TILA"], 15 U.S.C. § 1666d;

---
[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

and the Class Action Fairness Act, 28 U.S.C. § 1332(d); as well as state law claims under the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01, *et seq.*; and for breach of contract and unjust enrichment. (Doc. #1).² All Plaintiffs claim to have been owners of property secured by residential mortgages owned, held, serviced or otherwise controlled by Defendants, who allegedly "have engaged in misconduct in connection with the servicing of" those mortgages. (*Id.* at ¶3).

On March 6, 2009, Wachovia Equity Servicing, LLC, claiming to be the successor-in-interest to Defendant HomEq Servicing Corporation, filed a Motion to Dismiss the Complaint for failure to state a claim. (Doc. #30). In its Memorandum in Support, Wachovia argues that all actionable conduct occurred after November 1, 2006, the date on which Barclays Capital Real Estate, Inc. ["Barclays"] assumed control of HomEq's loan portfolio and trade name. (*Id.* at 3). Thus, Wachovia claims that the proper party to the action is Barclays. (*Id.* at 5). Wachovia notes that the address identified for HomEq on the Complaint is that of Barclays, and Wachovia's counsel was only mailed a copy of Plaintiffs' Complaint because they had represented HomEq in a previous case involving Eugene Kline. (*Id.* at 2, 5). In support of its Motion, Wachovia offers documents from outside the pleadings, specifically an affidavit of a Senior Vice President of Wachovia and a letter to Plaintiffs' counsel, that it nonetheless wishes the court to consider. (*See id.*, attached Exhs.).

In opposing Wachovia's dismissal request, Plaintiffs assert that they do not yet have sufficient facts to determine if the correct party has been named or if Barclays is the proper party

---

² Of these causes of action, only TILA and the state law claims are asserted against Defendant HomEq. (Doc. #1, ¶¶133-147). Additionally, Eugene Kline is the only individual Plaintiff to make factual assertions against HomEq. (*Id.* at ¶¶27-77).

to the action. (Doc. #80). Plaintiffs ask that Wachovia's Motion be held in abeyance to allow Plaintiffs time to substantiate the claims about HomEq's ownership. (*Id.*).

Wachovia's Reply simply asserts that Plaintiffs already have "all the information they need in order to grasp the fact that they have sued the wrong party," and that Wachovia has already supplied "more than sufficient justification to warrant its dismissal." (Doc. #84 at 2).

### III. APPLICABLE STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) provides that a party may present by motion a defense that a particular claim for relief fails to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 2430, 2431 (May 26, 2009)(quoting *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," so "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In the end, determining whether a complaint states "a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

### IV. DISCUSSION

When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court ordinarily may not consider evidence outside of the complaint. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008). However, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint" may be considered. *Doe v.*

3

*SexSearch.com*, 551 F.3d 412, 416 (6th Cir. 2008)(quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). However, Wachovia's attached affidavit and letter, Exhibits B and C in its Motion, do not fall within these limited exceptions, as they are neither public record nor referenced in the Complaint. As such they cannot be considered on a motion to dismiss for failure to state a claim without converting that motion into one for summary judgment.

Those documents aside, there does seem to be some genuine confusion over whether Plaintiffs have named the correct party in their Complaint. Although Barclays was not named in the Complaint, it appears to contain the correct address for Barclays, d/b/a HomEq. Accepting Plaintiffs' factual assertions as true, it seems appropriate that they be granted a limited discovery period in order to determine if Wachovia is indeed the proper party or was merely served by mistake. After thirty days, Wachovia may renew its Motion to Dismiss if the circumstances so justify.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant Wachovia Equity Servicing's Motion to Dismiss (Doc. #30) be DENIED WITHOUT PREJUDICE as to all Plaintiffs' claims against Defendant set forth in their Complaint;

2. Plaintiffs be GRANTED a period of thirty (30) days in which to conduct limited discovery as to the ownership of HomEq and the proper party to this action, at the conclusion of which Defendant Wachovia may renew its Motion;

3. This matter remains pending on the docket of this Court.

September 9, 2009            s/Sharon L. Ovington
                                                                 Sharon L. Ovington
                                                   United States Magistrate Judge