IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| EUGENE KLINE, et al., | : | |
| Plaintiffs, | : | Case No. 3:08cv408 |
| vs. | : | District Judge Walter Herbert Rice |
| MORTGAGE ELECTRONIC SECURITY SYSTEMS, et al., | : | Magistrate Judge Sharon L. Ovington |
| | : | |
| Defendants. | | |

**REPORT AND RECOMMENDATIONS[1]**

**I.    INTRODUCTION**

On November 10, 2008, five individual Plaintiffs (Eugene Kline; John Shayne Jones; Diana L. Hughes; and George and Carol Ross, presumably husband and wife), on behalf of themselves and "all others similarly situated," filed a putative class action complaint against multiple defendants, setting forth federal claims under the Fair Debt Collection Practices Act ["FDCPA"], 15 U.S.C. § 1692, *et seq.*; the Truth in Lending Act, 15 U.S.C. § 1666d; and the Class Action Fairness Act, 28 U.S.C. § 1332(d); as well as state law claims under the Ohio Consumer Sales Practices Act ["OCSPA"], Ohio Rev. Code § 1345.01, *et seq.*; and for breach of contract and unjust enrichment.[2] (Doc. #1). Each Plaintiff claims to have been the owner of

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

[2] As Defendant RL&A notes, Eugene Kline is the only Plaintiff to make claims against it. Additionally, Plaintiff has not directed any TILA allegations against RL&A.

1

property secured by residential mortgages owned, held, serviced, or otherwise controlled by defendants, who allegedly "have engaged in misconduct in connection with the servicing of" those mortgages. (*Id.* at ¶3).

This matter is now before the Court on a motion to dismiss filed by Defendant Reimer, Lorber & Arnovitz, L.P.A. ["RL&A"] (Doc. #35), as well as Plaintiffs' memorandum in opposition thereto (Doc. #108), Defendant RL&A's reply memorandum (Doc. #98), and the record as a whole.

## II. APPLICABLE STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) provides that a party may present by motion a defense that a particular claim for relief fails to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949, *cert. granted*, __ U.S. __, 129 S. Ct. 2430, 2431 (May 26, 2009) (quoting *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," so "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1954 (citing *Twombly*, 550 U.S. at 555). "[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Id.* at 1954. "And Rule 8 does not empower [a plaintiff] to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Id.*

In the end, determining whether a complaint states "a plausible claim for relief" is "a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted).

### III. DISCUSSION

On March 6, 2009, Defendant Reimer, Lorber, & Arnovitz, a law firm, became one of many Defendants to file a Motion to Dismiss Plaintiffs' Complaint. (Doc. #35). In support of its Motion, RL&A offers documents from outside the pleadings that it nonetheless contends are appropriate for consideration on this Motion to Dismiss. (*See id.*, attached Exs.). RL&A first argues that Plaintiff Kline, the only individual plaintiff to make factual allegations against RL&A, has not been subject to the types of abuses which the FDCPA was designed to protect against. (*Id.* at 9-11). Additionally, RL&A argues that the failure to assign or record a mortgage prior to the filing of a foreclosure action is not a violation of the FDCPA, and any such claims are time-barred by the one-year statute of limitations. (*Id.* at 11-15). Additionally, collateral estoppel prevents Plaintiff Kline from re-litigating his state foreclosure action, and the Rooker-Feldman Doctrine further prohibits this Court from exercising subject-matter jurisdiction over this case. (*Id.* at 15-19). RL&A next claims that Plaintiffs have failed to state a claim upon which relief can be granted because no improper fees or charges were collected, any communication with Plaintiff Kline's attorney are outside the scope of the FDCPA, and any such claims relating to fees are time-barred. (*Id*. at 19-26).

As to Plaintiffs' OCSPA claims, RL&A argues that it is not a "supplier" for purposes of the statute, and Plaintiffs have failed to plead facts sufficient to support a finding of a violation. (*Id.* at 26-28). RL&A also asserts that Plaintiffs' unjust enrichment claim fails as a matter of law because there has been no benefit directly conferred upon it. (*Id.* at 28-29). Finally, RL&A

3

claims that the breach of contract claim should be dismissed because Plaintiffs failed to allege any contract existed between the parties. (*Id.* at 29-30).

In opposing RL&A's dismissal request, Plaintiffs first counter that RL&A violated the FDCPA when it fraudulently procured the foreclosure judgment against Kline; Plaintiffs claim that there is no standing to bring a foreclosure action where the mortgage is assigned after filing the action, and RL&A falsely represented that Wells Fargo was the owner of the note and mortgage at the time of filing. (Doc. #108 at 5-8). Next, Plaintiffs contend that the conduct alleged in the Complaint violates the plain meaning of the FDCPA. (*Id.* at 8-11). Additionally, Plaintiffs argue that the statute of limitations was not triggered until RL&A's collection of $2,140 in court costs for a "fraudulently brought and maintained" October 2007 foreclosure action. (*Id.* at 11-14). In response to RL&A's claim that the *Rooker-Feldman* doctrine prevents subject-matter jurisdiction, Plaintiffs point out that federal courts in Ohio "have regularly allowed actions to proceed in federal court where the basis from the claim arises from fraudulent conduct in state court." (*Id*. at 14). Plaintiffs also claim that Kline's claims cannot be barred by collateral estoppel because the issue of fraud was never addressed by the state court. (*Id.* at 16-18).

Plaintiffs respond next to RL&A's defense that the FDCPA does not apply to communication with the debtor's attorney by asserting that the exemption does not apply when the defendant is attempting to collect illegal fees. (*Id.* at 19-20). In addition, Plaintiffs claim that it would be premature to assess the legality of the fees charged at this stage of the proceedings, but that courts have routinely found late fees after acceleration illegal. (*Id.* at 20).

As to the OCSPA claims, Plaintiff contends that RL&A engages in the business of

4

collecting consumer debts, and thus falls within the judicially recognized scope of the term "supplier." (*Id.* at 22). Moreover, Plaintiffs assert that their class should be certified because violations of the FDCPA have regularly been found to be violations of the OCSPA. (*Id.* at 22-24). Finally, Plaintiffs counter that a claim of unjust enrichment does not require privity between the parties.[3] (*Id.* at 24-25).

RL&A's reply attempts to counter all points raised in Plaintiffs' opposing memorandum. (Doc. #98). It reasons that because Wells Fargo was the lawful owner of the note as of the date of filing of the foreclosure action, the mortgage automatically follows, giving Wells Fargo standing regardless of when the formal assignment was made. (*Id.* at 2-5). Additionally, RL&A asserts that the issue of Wells Fargo's standing was litigated in the foreclosure action, and is thus barred by collateral estoppel now. (*Id.* at 5-6). RL&A also re-asserts that the *Rooker-Feldman* Doctrine should prevent jurisdiction because there is no fraud claim present, only an attempt to appeal a state court judgment. (*Id.* at 7-8). RL&A then addresses its statute of limitations defense by suggesting that the payment of the loan and the assignment of the mortgage are two distinct claims, and thus RL&A is entitled to receive partial dismissal against the FDCPA claim arising out of the assignment issue. (*Id.* at 9-10).

Next, RL&A again asserts that all fees charged to Plaintiff were authorized by the mortgage agreement, and that no illegal fees were charged. (Id. at 10-13). However, RL&A contends that even if the fees were somehow improper, the FDCPA was not meant to apply to communications with the debtor's attorney. (*Id.* at 13-15). Finally, RL&A restates its position that Plaintiffs' OCSPA and unjust enrichment claims should be dismissed. (*Id.* at 15-19).

---

[3]In their Memorandum in Opposition to RL&A's Motion to Dismiss, Plaintiffs fail to argue that the breach of contract claims should not be dismissed.

5

A.     **FDCPA Claims**

1.     Background

Plaintiff Kline bases his FDCPA claim on two distinct grounds, which will be discussed in turn: first, the allegedly improper assignment of the mortgage made after the commencement of the foreclosure action; and second, what Plaintiff alleges were improper and illusory fees charged by RL&A relating to the foreclosure proceeding. (*See* Compl.¶¶33-63; Doc. #108 at 4).

The relevant provisions of the FDCPA state as follows, in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \* \* \*
>
> > (2) The false representation of –
> > (A) the character, amount, or legal status of any debt; or
> > (B) any services rendered or compensation which may be lawfully recieved by any debt collector for the collection of a debt.
>
> \* \* \*
>
> > (5) The threat to take any action that cannot legally be taken . . . .

15 U.S.C. § 1692e.

Further, 15 U.S.C. § 1692f provides that:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

In conjunction with its Motion to Dismiss these claims, Defendant RL&A has produced

copies of the documents that it claims provide the basis for Plaintiffs' claims herein. (*See* Exs. Attached to Doc. #35). Plaintiffs' opposing memorandum seems neither to challenge the assertion that such documents accurately represent the writings underlying Plaintiffs' claims against RL&A, nor to contest the propriety of considering such documents in the context of a motion to dismiss. (*See* Doc. #108). Indeed, the same memoradum implicitly concedes that Plaintiffs' causes of action are premised on RL&A's filing of the foreclosure action, the assignment of the note and mortgage to Wells Fargo, and RL&A's attempts to collect and/or actually collecting on the amounts reflected in certain documents thus produced. (*See*, *e.g.*, *id.* at 7, 11, 18).

On a motion under Fed. R. Civ. P. 12(b)(6) to dismiss for failure to state a claim upon which relief may be granted, the reviewing court ordinarily is restricted to matters set forth within the pleadings. *See*, *e.g.*, *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997). However, as Defendant RL&A's memorandum notes, courts in this Circuit recognize exceptions to that general rule. *See*, *e.g.*, *id.*; *Armengau v. Cline*, 7 Fed. Appx. 336, 344 (6th Cir. 2001); *Brown v. City of Upper Arlington*, Case No. 2:08-CV-849, 2008 WL 4758689, at *5 (S.D. Ohio Oct. 29, 2008) (McCann King, M.J.); *Kline v. HomEq*, Case No. 3:07-CV-084, at 6 (S.D. Ohio Nov. 25, 2008) (Rose, J.). Particularly in light of Plaintiffs' failure to seek to strike or to otherwise object to the documents produced in conjunction with Defendant RL&A's Motion to Dismiss, the Court concludes that such documents appropriately may be considered with respect to that Motion.

      2.      <u>Plaintiffs' Claims Arising from the Assignment</u>

Although it is not expressly enumerated in Plaintiffs' First Claim for Relief, Plaintiff

Kline's factual allegations and Plaintiffs' Memorandum in Opposition accuse RL&A of filing a foreclosure action against Kline despite knowing that Wells Fargo was not the owner of the promissory note and mortgage on the date of filing.[4] (Compl. ¶¶ 36-40; Doc. #108 at 4-18). In its Motion to Dismiss, RL&A raises a variety of defenses, including that: 1) Ohio law does not require proof of ownership as of the date of filing on foreclosure actions; 2) even if required, lack of proof is a curable defect which would not prevent standing; 3) Wells Fargo did in fact produce adequate proof of ownership; 4) lacking proof of ownership as of the date of filing a foreclosure action is not a violation of the FDCPA; 5) the issue of Wells Fargo's standing to bring the foreclosure action was litigated in state court and thus barred by collateral estoppel; 6) Plaintiffs' attempt to re-litigate a state court ruling in federal court is barred by the *Rooker-Feldman* Doctrine; and 7) Plaintiffs' claims are barred by the statute of limitations. (*See* Doc. # 35 at 11-17; Doc. #98 at 2-10).

   *a. Collateral Estoppel*

First, it is necessary to address whether, as Defendant argues, Plaintiffs' claims related to the assignment of the mortgage and procurement of the foreclosure judgment are barred by collateral estoppel. The Sixth Circuit has held that the doctrine applies when the following four factors are met:

> (1) the precise issue raised in a present case must have been raised and actually litigated in the prior proceeding; (2) determination of the issue must have been necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

---

[4] Although Plaintiffs do not specifically tie this conduct to an alleged violation of the FDCPA in their Complaint, in the spirit of reading the Complaint liberally and because Defendant does not raise any objection, this Court will nonetheless consider the issue.

8

*Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 908 (6th Cir. 2001).

Although the precise issue of whether Wells Fargo was a real party in interest and whether its conduct violated the FDCPA was raised as a counterclaim in the foreclosure action, it was dismissed as a judgment not on the merits. (*See* Doc. #35 at Ex. J). Further, the issue of whether RL&A's conduct in bringing that action was a violation of the FDCPA was not raised, let alone litigated and decided. (*See id.*). Therefore, Plaintiffs' claims as to whether RL&A committed a violation of the FDCPA in bringing the foreclosure action before the mortgage and note were formally assigned are not barred by the doctrine of collateral estoppel.

*b. Failure to State a Claim for FDCPA Violation*

At the heart of this Motion to Dismiss is Defendant's claim that even if Wells Fargo did not possess adequate proof of ownership on the date of filing the foreclosure action (which Defendant argues it did), and if Ohio law requires such proof of ownership in order to have standing to bring the suit (which Defendant claims it does not), *and* even if lack of proof of ownership is not a curable defect (which Defendant claims it is), a law firm bringing such a foreclosure action without the immediate means of proving the debt is not a violation of the FDCPA. (Doc. #35 at 11-14; Doc #98 at 2-5, 8-9).

In support of its position that Ohio law does not require proof of ownership of the debt upon filing the foreclosure action, Defendant cites *Bank of New York v. Stuart*, where the Ninth Appellate District held that filing the mortgage assignment with the trial court before judgment was entered was sufficient to alert the defendant that the plaintiff was the real party in interest, and further, that the defendants were not prejudiced by the late assignment. 2007 Ohio 1483, ¶¶12, 13. However, this Court finds that the better-reasoned decisions come from the Eighth and

9

First Appellate Districts. Disagreeing with the Ninth District's holding in *Stuart*, the First District held that "in a foreclosure action, a bank that was not the mortgagee when suit was filed cannot cure its lack of standing by subsequently obtaining an interest in the mortgage." *Wells Fargo Bank v. Byrd*, 2008 Ohio 4603, ¶16. Similarly, in *Wells Fargo Bank v. Jordan*, the Eight District held that because the mortgage was assigned three weeks after filing the complaint, Wells Fargo lacked standing to bring a foreclosure action. 2009 Ohio 1092, ¶¶25-26.

Regardless of whether proof of ownership is required for standing, though, filing a state court foreclosure action before the formal assignment of debt is completed

> is not deceptive or misleading to the least sophisticated debtor as to [the defendant bank's] ability to prove ownership of the debts, the existence or amount of the debts, the plaintiffs' obligation to pay the debts, or the ability of [the defendant bank] to legally prevail in the foreclosure actions. The filing of a foreclosure action by a plaintiff in the process of obtaining an assignment not yet fully documented is not a deceptive, misleading, or abusive tactic and does not violate the FDCPA.

*Whittiker v. Deutsche Bank Nat'l Trust Co.*, 605 F. Supp. 2d 914, 930-931 (N.D. Ohio 2009) (citing *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324 (6th Cir. 2006) (holding that the simple inability to prove present debt ownership at the time a collection action is filed does not constitute an FDCPA violation); *Shivone v. Washington Mutual Bank*, 2008 U.S. Dist. LEXIS 59211, *4 (E.D. Pa. 2008) ("The Court is not convinced that filing a complaint in a mortgage foreclosure on behalf of a lender in the process of obtaining an assignment not fully documented constitutes a violation of the [FDCPA]."))

Thus, even accepting as true Plaintiffs' assertions that the affidavit, letter of default, and assignment provided by Wells Fargo in the foreclosure action (*see* Doc. #35 at Ex. C) were insufficient proof of ownership or somehow false, Defendant RL&A's action of filing the

10

foreclosure suit on behalf of Wells Fargo was not false, deceptive, or misleading and not a violation of the FDCPA. This Court therefore recommends that Plaintiffs' FDCPA claims against Defendant RL&A arising from conduct relating to the assignment of the mortgage should be dismissed. Consequently, this Court need not consider RL&A's other defenses based on the *Rooker-Feldman* Doctrine and the statute of limitations.

3. Plaintiffs' Claims Arising from Fees

Plaintiffs' First Claim for Relief alleges that RL&A is a "debt collector" that, along with other Defendants, has "attempted to collect amounts for attorneys' fees, service of process fees, title fees, preliminary judicial reports, final judicial reports and other costs and fees from [P]laintiffs which were not owed," in violation of §§ 1692e and 1692f. (Doc. #1 at ¶¶ 128-130). Further, the Complaint alleges that Defendants have "routinely overcharg[ed] delinquent borrowers for fees and costs." (*Id.* at ¶ 131). Although Plaintiff Kline's factual allegations list the sources and amounts of some of these charges, the Complaint does not elaborate further on the specific nature of Defendants' demands for payment of those sums. As noted previously, judicial notice will be taken of the documents RL&A offered in connection with its Motion to Dismiss which it believes are the basis for Plaintiffs' claims.

Defendant RL&A's argument that correspondence between RL&A and Plaintiff Kline's counsel, even if related to illegal fees, is exempt from the FDCPA is well taken. This Court has already adopted the reasoning of the Ninth Circuit Court of Appeals that the FDCPA does not apply to "communications directed solely to a debtor's attorney," because the attorney is in a position to protect the consumer from fraudulent or harassing behavior. (Doc. #106 at 12 (quoting *Guerrero v. RJM Aquisitions LLC*, 499 F.3d 926 (9th Cir. 2007)); adopted by Doc. #116

11

at 8-10).

In support of its Motion to Dismiss, Defendant RL&A attached correspondence with Plaintiff Kline's counsel regarding the amount of money needed to pay off Kline's mortgage with Wells Fargo; indeed, this correspondence was requested by Kline's attorney. (Doc. #35, Exs. K-N). As Defendant correctly notes, it was actually required by the FDCPA to communicate with the attorney regarding such debts. 15 U.S.C. § 1692b(6). Plaintiffs have failed to allege any direct correspondence between Defendant RL&A and Plaintiff Kline, or point to any correspondence at all other than these letters. Therefore, this Court recommends that Plaintiffs' FDCPA claims arising from Defendant RL&A's attempts to collect fees should be dismissed as well.

B. **Breach of Contract Claims**

Defendant RL&A also moves to dismiss Plaintiffs' breach of contract claim against RL&A on the basis that RL&A is not a party to any contract with Plaintiff Kline. (Doc. #35 at 29-30). In order to prove a breach of contract under Ohio law, the plaintiff must show: 1) the existence of a valid contract; 2) performance by the plaintiff; 3) breach by the defendant; and 4) damage or loss to the plaintiff. *Resource Title Agency, Inc. v. Morreale Real Estate Services, Inc.*, 314 F. Supp. 2d 763, 769 (N.D. Ohio 2004)(citing *Thomas v. Publishers Clearing House, Inc.*, 29 Fed. Appx. 319, 322 (6th Cir. 2002)).

Even the most liberal reading of Plaintiffs' asserted Fifth Claim for Relief does not reveal a factual basis for finding that a contractual relationship existed between RL&A and Kline. (*See* Doc. #1 at ¶¶145-147). Further, because Plaintiffs' opposing memorandum fails to offer any reason why a breach of contract claim should be maintained against RL&A, Plaintiffs should not

12

be afforded the opportunity to amend in order to state such a claim. Because Plaintiffs' Complaint lacks on its face any plausible grounds for finding the existence of a contract, and thus for allowing a breach of contract claim to go forward, the Court recommends that dismissal of such claim is warranted as to Defendant RL&A.

### C. Remaining Supplemental State Law Claims

Pursuant to the applicable federal jurisdictional statute, "in any civil action of which the district courts have original jurisdiction," such courts "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Nevertheless, a district court "may decline to exercise supplemental jurisdiction" when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Having recommended dismissal of Plaintiffs' sole jurisdiction-conferring federal claim against this particular Defendant, this Court would be reluctant to assume supplemental jurisdiction over Plaintiffs' remaining OCSPA and unjust enrichment claims against RL&A. Choosing to extend discretionary jurisdiction would merely retain one additional Defendant in an action already replete with multiple Defendants possessing differing interests and alleged to have engaged in differing conduct, simply for purposes of resolving two state law claims more appropriately entrusted to Ohio courts better suited to interpret and apply their own state law. Accordingly, this Court should refrain from addressing the merits of those remaining state law claims, instead choosing to dismiss them without prejudice, due to declining to exercise supplemental jurisdiction.

**IT THEREFORE IS RECOMMENDED THAT:**

1. Defendant Reimer, Lorber & Arnovitz's Motion to Dismiss (Doc. #35) be GRANTED as to all individual Plaintiffs' claims against said Defendant set forth in their Complaint's First and Fifth Claims for Relief only, and that Plaintiffs' corresponding Fair Debt Collection Practices Act and breach of contract claims (Doc. #1 at ¶¶126-132, 145-147) be DISMISSED as against such Defendant only;

2. Defendant Reimer, Lorber & Arnovitz's Motion to Dismiss (Doc. #35) be GRANTED pursuant to 28 U.S.C. § 1367(c)(3) as to all Plaintiffs' remaining supplemental state law claims against said Defendant set forth in their Complaint's Third and Fourth Claims for Relief, and that Plaintiffs' corresponding Ohio Consumer Sales Practices Act and unjust enrichment claims (Doc. #1 at ¶¶137-140, 141-1440 be DISMISSED WITHOUT PREJUDICE as against such Defendant only;

3. The Clerk of Courts enter judgment in favor of Defendant Reimer, Lorber & Arnovitz only and against all Plaintiffs in accordance with the foregoing; and

4. This matter remain pending on the docket of this Court as to all claims against all other Defendants, and proceed in accordance with the established schedule.

November 24, 2009        s/Sharon L. Ovington
                                                  Sharon L. Ovington
                                           United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten [10] days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen [13] days (excluding intervening Saturdays, Sundays and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten [10] days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Am*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).