IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| EUGENE KLINE, *et al.*, | : | |
| Plaintiffs, | : | Case No. 3:08cv408 |
| vs. | : | District Judge Walter Herbert Rice |
| MORTGAGE ELECTRONIC SECURITY SYSTEMS, *et al.*, | : | Magistrate Judge Sharon L. Ovington |
| | : | |
| Defendants. | | |

## REPORT AND RECOMMENDATIONS[1]

### I. INTRODUCTION

This matter is before the Court on Defendant Countrywide Home Loans Servicing, LP's[2] ["Countrywide"] motion for judgment on the pleadings (Doc. #72); Plaintiff Jon Shayne Jones's memorandum in opposition thereto (Doc. #96); Defendant Countrywide's reply memorandum (Doc. #103); and the record as a whole.

---

[1]Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

[2]This Defendant apparently is incorrectly denominated in the caption of Plaintiffs' complaint (*see* Doc. #1 at 1), but correctly denominated in the body thereof (*see id.* at ¶19) and in Defendant Countrywide's motion. (*See* Doc. #72, Memorandum at 2) (*but see id.*, n.1).

## II. PROCEDURAL BACKGROUND/THE PARTIES' CLAIMS

On November 10, 2008, five individual Plaintiffs (Eugene Kline; Jon Shayne Jones; Diana L. Hughes; and George and Carol Ross, husband and wife), on behalf of themselves and "all others similarly situated," filed a putative class action complaint against multiple Defendants, setting forth federal claims under the Fair Debt Collection Practices Act ["FDCPA"], 15 U.S.C. § 1692, *et seq.*; the Truth in Lending Act ["TILA"], 15 U.S.C. § 1666d; and the Class Action Fairness Act ["CAFA"], 28 U.S.C. § 1332(d); as well as state law claims under the Ohio Consumer Sales Practices Act ["OCSPA"], Ohio Rev. Code § 1345.01, *et seq.*; and for breach of contract and unjust enrichment. (Doc. #1). All Plaintiffs claim to have been owners of property secured by residential mortgages owned, held, serviced or otherwise controlled by Defendants, who allegedly "have engaged in misconduct in connection with the servicing of" those mortgages. (*Id.* at ¶3).

On April 27, 2009, Defendant Countrywide became one of many Defendants herein to move for judgment as to all or part of Plaintiffs' complaint. (Doc. #72; *see also* Doc. ##18, 30, 31, 35, 67, 74, 132). Plaintiff Jon Shayne Jones is the only Plaintiff to have set forth any claims against Defendant Countrywide,[3]

---

[3](*See* Doc. #72 at 2)("The only plaintiff asserting any claims against Countrywide . . . is Jones"); (*see also* Doc. #1) (which specifically mentions Defendant Countrywide only in ¶¶19, 81, 84, 86-89, 91, 93, 96-99, and exclusively in the context of Plaintiff Jones's claims).

the factual background of which is described in the complaint as follows, in pertinent part:

> 78. In or about April 8, 2004, plaintiff Jon Shayne Jones entered into a mortgage agreement with defendant Ameriquest Mortgage Company, covering his home . . .
>
> 79. At some point thereafter, Jones fell behind on his mortgage payments.
>
> 80. On June 1, 2007, Well Fargo Bank, N.A.[,] commenced a foreclosure action [in state court] against Jones . . .
>
> 81. The Jones loan was serviced by defendant Countrywide . . .
>
> 82. In its Complaint for Foreclosure, Wells Fargo represented to the [state c]ourt that it "is the owner and holder" of the promissory note on [ ] Jones'[s] mortgage.
>
> 83. Wells Fargo also represented in th[at] Complaint that the mortgage was "filed for record on April 29, 2004", and that "*it was subsequently assigned to the plaintiff herein.*"
>
> 84. These allegations were materially false. In fact, as . . . Countrywide . . . knew, the Mortgage and Note were not assigned to Wells Fargo until July 6, 2007, over a month after the foreclosure action was commenced.
>
> * * *
>
> 86. Moreover, the Assignment of the Loan was executed by [someone] . . . identified as First Vice-President of Ameriquest Mortgage Company[, but who i]n fact . . . is not an officer o[r] employee of Ameriquest but, upon

information and belief, was employed by defendant Countrywide at the time of the assignment.

87. Upon information and belief, . . . Countrywide regularly requested and facilitated the filing of legal pleadings and other documents in foreclosure actions which [it] knew falsely represented that an entity was the current owner or holder of a deed and mortgage.

88. . . . Countrywide regularly execute[s] Assignments of Mortgage which falsely represent the affiliation of the person executing the assignment.

89. Moreover, . . . Countrywide regularly and improperly inflate[s] costs and fees in order to recover additional amounts from delinquent borrowers.

90. [Al]though multiple methods of service are not required to commence a foreclosure action under Ohio law, [Countrywide] regularly use[s] personal service as well as service by mail to common Ohio foreclosure actions.

* * *

95. . . . [For additional reasons], the costs for service which [Countrwide] attempted to or actually passed on were improper and unreasonable.

96. . . . Countrywide also charged Jones for late fees after his loan was accelerated, which is also prohibited under both applicable state law and the FDCPA.

* * *

98. Defendant[ ] . . . Countrywide also charged Jones for multiple property inspections in circumstances where the passing on of the costs of such inspections are also

> prohibited under relevant [sic] and state law and regulations.
>
> * * *

(Doc. #1 at stated ¶¶) (emphasis in original). Based on those allegations, Plaintiff Jones sets forth claims under the Ohio Consumer Sales Practices Act, and for unjust enrichment and breach of contract, against Defendant Countrywide. (*Id.* at ¶¶137-147).

Defendant Countrywide enumerates multiple reasons why it believes that judgment should be entered in its favor and against Jones. First, it contends that Jones lacks standing because he received a positive resolution of these claims in his bankruptcy action. (Doc. #72 at 6). It also urges that Jones's breach of contract claim must fail because Countrywide did not breach any terms of the mortgage agreement and Jones did not suffer any damages. (*Id.* at 6-8). Countrywide next argues that its failure to collect any of the fees or costs at issue defeats Jones' unjust enrichment claim. (*Id.* at 8-9). According to Countrywide, as a subsidiary of a national bank, it also is exempt from liability under the OCSPA. (*Id.* at 9-11). Finally, Countrywide urges that Jones's claims are otherwise barred by judicial estoppel and federal preemption as a result of his bankruptcy action. (*Id.* at 11-12). In support of its motion, Defendant Countrywide proffers multiple pages of exhibits purporting to be copies of

documents relevant to Plaintiff Jones's claim or Countrywide's national bank status. (*See id.*, attached Exhs.).

In response to Countrywide's motion, Plaintiff Jones argues that he has pled proper breach of contract and unjust enrichment claims against Countrywide (Doc. #96 at 4-7); that Countrywide is not exempt from OCSPA liability (*id.* at 7-9); and that his claims are neither barred by judicial estoppel (*id.* at 9-17) nor preempted by federal bankruptcy law. (*Id.* at 17-20). He thus asks that Countrywide's motion be denied.

Defendant Countrywide's reply emphasizes the inability of Plaintiff Jones's individual claims against it to stand alone (Doc. #103 at 2-3), and reiterates arguments regarding Jones' lack of damages (*id.* at 4-7), its purported OCSPA exemption (*id.* at 7-9), judicial estoppel and federal preemption. (*Id.* at 9-11).

### III. APPLICABLE STANDARD OF REVIEW

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard applicable to motions under Rule 12(c) "is the same as a review under Rule 12(b)(6)." *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006), *cert. denied*, 551 U.S. 1104 (2007) (citing *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir.

1998)).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. \_\_\_, 129 S. Ct. 1937, 1949, *cert. granted*, \_\_\_ U.S. \_\_\_, 129 S. Ct. 2430, 2431 (May 26, 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," so "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombley*, 550 U.S. at 555). "[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Id.* at 1954. "And Rule 8 does not empower [a plaintiff] to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Id.*

In the end, determining whether a complaint states "a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted).

## IV.  DISCUSSION

**<u>Consideration of Materials From Outside the Pleadings</u>**

In conjunction with its motion for judgment on the pleadings, Defendant

Countrywide has produced copies of numerous pages of documents that it claims provide the basis for Plaintiff Jones's claims herein, and/or illustrate why those claims should be dismissed. (*See* Doc. #72, Exhs.). Federal Rule of Civil Procedure 12(d) requires a court to convert a motion for judgment on the pleadings to one for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." Documents attached to a Rule 12 motion "are considered part of the pleadings," however, "if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Eastman v. Cincinnati Musicians Ass'n, Local No.1*, 151 F. App'x 414, 416 (6th Cir. 2005) (quoting *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)).

As detailed *supra*, Plaintiffs' complaint does refer specifically to the proof of claim filed by Defendant Wells Fargo in Plaintiff Jones's bankruptcy action (*see* Doc. #1 at ¶101), as well as to his objections to that proof of claim (*id.* at ¶103), and Wells Fargo's failure to respond to those objections. (*Id.* at ¶104). Among the attachments to Countrywide's memorandum are what are represented and appear to be the proof of claim and objections so referenced, plus the bankruptcy court's Order sustaining Jones's objections. (*See* Doc. #72, Exhs. 72-1 to 72-6). The complaint also refers to Jones's loan and mortgage (Doc. #1 at ¶¶78, 81), and documents evidencing those transactions are included in Countrywide's exhibits

as well. (Doc. #72, Exh. 72-7).

The portions of such exhibits that correspond with documents mentioned in the complaint would appear to qualify as "part of the pleadings" in accordance with *Eastman*, 151 F. App'x at 416. Particularly in light of Plaintiff Jones's failure to seek to strike or to otherwise object to those materials (*see* Doc. #96), the Court concludes that such documents appropriately may be considered with respect to that Defendant Countrywide's motion for judgment on the pleadings.

As to the additional exhibits proffered by Countrywide that cannot be construed as "part of the pleadings, however, the Court has not considered such documents in preparing this Report and Recommendations. (*See* Doc. #72, Exhs. 72-8, 72-9).

**Jones's Breach of Contract Claim**

Defendant Countrywide moves to dismiss Jones's breach of contract claim against it, urging that "Jones cannot point to any provision of the mortgage contract that Countrywide supposedly breached," and that "even if Countrywide did breach the terms of the mortgage, . . . Jones . . . did not incur any damages." (Doc. #72 at 7, 8). In response, Jones essentially concedes that Countrywide has not recovered any objectionable fees from him (*see* Doc. #96 at 5), but counters that he still suffered damages in the form of "any costs and expenses" he incurred due to "Countrywide's illegal conduct in the state foreclosure action."

(*Id.* at 4). Suggesting that Countrywide also "might . . . attempt . . . at some later point" to collect the fees and costs disallowed in his bankruptcy proceeding, Jones urges that he has stated a viable breach of contract claim. (*Id.* at 5).

The elements of a viable breach of contract claim under Ohio law are the existence of a valid contract between the parties, performance by the plaintiff, a breach by the defendant, and resulting damages. *Pavlovich v. National City Bank*, 435 F.3d 560, 565 (6th Cir. 2006) (citing *Wauseon Plaza Ltd. P'ship v. Wauseon Hardware Co.*, 807 N.E.2d 953, 957 (Ohio Ct. App. 2004)). Here, Plaintiffs' breach of contract claim states as follows, in its entirety:

> 146. In charging alleged fees, expenses and costs of collection in excess of that allowed under agreements entered into between plaintiffs and defendants, defendants have breached these agreements to the detriment of plaintiffs.
>
> 147. As a result, plaintiffs are entitled to a return of the fees, costs and interest they were required to pay in circumstances where such fees, costs and interest were not allowed to be collected under these agreements.

(Doc. #1, at ¶¶ stated).

Even a liberal reading of that Fifth Claim for Relief asserted by Jones cannot construe the complaint in such a way as to find all of the necessary breach of contract elements satisfied. (*See* Doc. #1 at 26, ¶¶145-47). The complaint specifically acknowledges (*see* Doc. #1 at ¶¶78, 81), and Countrywide's exhibits

confirm (*see* Doc. #72, Exh. 72-7), that Jones's loan agreement was with a party other than Defendant Countrywide. Despite Countrywide's apparent presumption that Jones is alleging a breach of the mortgage agreement (*see* Doc. #72 at 7, 8), the complaint does not even identify the nature of any supposed contractual agreement between Jones and Countrywide. (*See* Doc. 1 at ¶¶78-106; 145-47). Moreover, neither the complaint nor Jones's opposing memorandum identifies any specific contract term that Defendant Countrywide is alleged to have breached. (*See* Doc. #1 at ¶¶145-147; Doc. #96 at 4-6). Jones's proposal that Countrywide "might" in the future attempt to collect sums disallowed by the bankruptcy court[4] (Doc. #96 at 5) does not satisfy the "damages" element, as no action can lie for purely speculative future damages. *See, e.g., Knott v. Revolution Software, Inc.*, 909 N.E.2d 702, 710 (Ohio Ct. App. 2009). Notwithstanding any purported damages in the form of "expenses associated with the foreclosure action" and "fees associated with filing for bankruptcy and retaining bankruptcy counsel," as alluded to in Jones's memorandum (Doc. #96 at 4), Jones has not set forth the requisite elements to maintain a viable breach of contract action.

Because this Court need not "credit a complaint's conclusory statements without reference to its factual context," *Iqbal*, 129 S. Ct. at 1954, the failure of Plaintiffs' complaint to set forth the specific facts on which Jones's breach of

---

[4]Countrywide explicitly has disavowed any such intent. (Doc. #72 at 6, n.9).

contract claim against Defendant Countrywide rest – compounded by the same failure in Jones's opposing memorandum (*see* Doc. #96 at 4-6) – means that dismissal of Jones's breach of contract claim is warranted as against Defendant Countrywide. *See id.* at 1949; *see also Kline v. Mortgage Elec. Sec. Sys., Inc.*, Case No. 3:08cv408 (S.D. Ohio Sept. 21, 2009). (Doc. #116 at 7-8) (dismissing on the same basis this and other Plaintiffs' breach of contract claims against another Defendant).

**Jones's Unjust Enrichment Claim**

In his decision regarding a prior Report and Recommendations in this case, District Judge Walter Herbert Rice addressed this and other Plaintiffs' unjust enrichment claims asserted against a different Defendant. *See Kline v. Mortgage Elec. Sec. Sys., Inc.*, Case No. 3:08cv408 (S.D. Ohio Sept. 21, 2009). (Doc. #116 at 17). His findings there again are instructive as to Defendant Countrywide's motion to dismiss Jones's identical unjust enrichment claim against it (*see* Doc. #72 at 8-9), and therefore are reiterated in large part here.

In *Catlett v. Central Allied Enterprises, Inc.*, No. 08 CO 5, 2009 WL 2859223, at *2 (Ohio Ct. App. Aug. 31, 2009), the state appellate court restated the elements of a claim of unjust enrichment under Ohio law, as follows:

> In order to recover under a theory of unjust enrichment, the following elements must be proved: (1) the plaintiff conferred a benefit upon the defendant, (2) the

> defendant had knowledge of the benefit, and (3) circumstances render it unjust or inequitable to permit the defendant to retain the benefit without compensating the plaintiff.

*Id.* (citing *Hambleton v. R.G. Barry Corp.* 12 Ohio St.3d 179, 183 (1984)).

Defendant Countrywide argues that Jones has failed to state a claim of unjust enrichment against it because "Countrywide has not received any of the fees and costs at issue, and [thus has] not been 'unjustly enriched.'" (*See* Doc. #72 at 8). Jones responds that "there is nothing in the record which indicates what 'fees and costs' Countrywide received . . ." (Doc. #96 at 6).

Jones is correct – the record does <u>not</u> indicate any fees or costs that Countrywide received. Indeed, elsewhere in his opposing memorandum, Jones implicitly admits that Countrywide to date has not received any improper fees or costs from him. (*See* Doc. #4-5). Moreover, the complaint in this action fails even to <u>allege</u> that Jones conferred any "benefit" on Countrywide, stating simply as follows:

> 142. Defendants charged and received compensation for attorneys' fees and other fees and costs which had not been incurred by defendants, or were illegal or excessive.
>
> 143. It would be inequitable for defendants to retain those amounts which the Defendants had no right to charge or collect, and Defendants have been unjustly enriched by doing so.

(Doc. #1 at ¶¶142-43).

That generic, conclusory recitation – attributing no particular benefit from no particular Plaintiff to no particular Defendant – is not sufficient to satisfy the pleading standard clarified in *Twombly*, 550 U.S. at 570. Having failed to plead the critical "benefit" element of an unjust enrichment action, or to correct that omission in response to Defendant Countrywide's motion, Plaintiff Jones has not stated a viable claim for unjust enrichment against Countrywide. That Defendant's motion to dismiss therefore should be granted as to that claim.

**Jones's OCSPA Claims**

Once again, District Judge Walter Herbert Rice's prior decision in this matter provides guidance as to the appropriate disposition of Plaintiffs' OCSPA claims. *See Kline v. Mortgage Elec. Sec. Sys., Inc.*, Case No. 3:08cv408 (S.D. Ohio Sept. 21, 2009). (Doc. #116 at 17-19). There, Judge Rice declined to dismiss this and other Plaintiffs' OCSPA claims on the basis argued by another Defendant, but <u>did</u> dismiss such Plaintiffs' class action allegations for violation of that statute. (*See id*. at 18-19).

Similarly, the Court concludes here that Plaintiff Jones's class action allegations brought under the OCSPA should be dismissed as against Defendant Countrywide. As that leaves only Plaintiff Jones's individual claims under the OCSPA remaining, the Court would opt to invoke 28 U.S.C. § 1367(c) and

"decline to exercise supplemental jurisdiction" over that state-law claim. Particularly given that Plaintiff Jones has alleged no federal claims against any Defendant, this Court would be reluctant to assume supplemental jurisdiction over Jones's sole remaining Ohio Consumer Sales Practices Act claim against Defendant Countrywide. Choosing to extend discretionary jurisdiction would merely retain a single potentially viable state-law claim by one Plaintiff against one Defendant, in an action already replete with multiple parties possessing differing interests and alleged to have engaged in differing conduct, simply for purposes of resolving a claim more appropriately entrusted to Ohio courts better suited to interpret and apply their own state law.

Accordingly, the Jones's OCSPA claim against Defendant Countrywide should be dismissed without prejudice, due to declining to exercise supplemental jurisdiction.

**IT THEREFORE IS RECOMMENDED THAT:**

1. Defendant Countrywide Home Loans Servicing, LP's, motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) (Doc. #72) be GRANTED IN PART, as to Plaintiff Jon Shayne Jones's Fourth and Fifth Claims for Relief, as well as the class action allegations related to his Third Claim for Relief, and that said Plaintiff's corresponding unjust enrichment, breach of contract, and class action claims under the Ohio Consumer Sales Practices Act (Doc. #1 at ¶¶137-147) be DISMISSED as against such Defendant <u>only</u>;

2. Defendant Countrywide Home Loans Servicing, LP's, motion

for partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) (Doc. #72) be DENIED IN PART, as to Plaintiff Jon Shayne Jones's <u>individual</u> claims against said Defendant set forth in his complaint's Third Claim for Relief (Doc. #1 at ¶¶137-140);

3. Plaintiff Jon Shayne Jones's <u>individual</u> claims under the Ohio Consumer Sales Practices Act and for unjust enrichment and breach of contract set forth in his complaint's Third Claim for Relief (Doc. #1 at ¶¶137-140) nonetheless be DISMISSED pursuant to 28 U.S.C. § 1367(c) as against Defendant Countrywide Home Loans Servicing, LP, <u>only</u>;

4. The Clerk of Courts enter judgment in favor of Defendant Countrywide Home Loans Servicing, LP, <u>only</u> and against Plaintiff Jon Shayne Jones in accordance with the foregoing; and

5. This matter remain pending on the docket of this Court as to all remaining claims against all other remaining Defendants, and proceed in accordance with the established schedule.

February 16, 2010        s/Sharon L. Ovington
                                    Sharon L. Ovington
                            United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).