IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EUGENE KLINE, et al., :

    Plaintiffs, :

                              Case No. 3:08cv408

    vs. :

                       JUDGE WALTER HERBERT RICE

MORTGAGE ELECTRONIC SECURITY :
SYSTEMS, et al., :

    Defendants. :

---

DECISION AND ENTRY OVERRULING OBJECTIONS FILED BY
DEFENDANT WACHOVIA EQUITY SERVICING, LLC (DOC. #118) TO
REPORT AND RECOMMENDATIONS OF THE UNITED STATES
MAGISTRATE JUDGE (DOC. #115); REPORT AND
RECOMMENDATIONS ADOPTED, AS SUPPLEMENTED HEREIN;
MOTION TO DISMISS FILED BY DEFENDANT WACHOVIA EQUITY
SERVICING, LLC (DOC. #30) OVERRULED WITHOUT PREJUDICE

---

In this putative class action, the Plaintiffs set forth claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a et seq.; the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq.; and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Revised Code § 1345.01 et seq.; as well as for breach of contract and unjust enrichment under the common law of Ohio. See Doc. #1 at ¶ 2. In their Complaint, the Plaintiffs have named eleven Defendants, including HomEq Servicing Corporation, which, according to Wachovia Equity Servicing, LLC, fka HomEq Servicing Corporation ("Wachovia"), is its predecessor.

Wachovia has filed a motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, requesting that this Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. See Doc. #30. This Court referred that motion to United States Magistrate Judge Sharon Ovington for a Report and Recommendations. Judge Ovington has submitted such a judicial filing, recommending that this Court overrule Wachovia's motion without prejudice, so as to afford Plaintiffs the opportunity to conduct limited discovery over a 30-day period. See Doc. #115. Wachovia has submitted Objections (Doc. #115) thereto, which the Court now rules upon. The Court begins by setting forth the standard by which it reviews Judge Ovington's Report and Recommendations (Doc. #115).

Under 28 U.S.C. § 636(b)(1)(A), a District Court may refer to a Magistrate Judge "any pretrial matter pending before the court," with certain listed exceptions. Motions to dismiss are among the listed exceptions. Section 636(b)(1)(B) authorizes District Courts to refer "any motion excepted from subparagraph (A)" to a Magistrate Judge for "proposed findings of fact and recommendations." When a District Court refers a matter to a Magistrate Judge under § 636(b)(1)(B), it must conduct a de novo review of that judicial officer's recommendations. See United States v. Raddatz, 447 U.S. 667, 673-74 (1980); United States v. Curtis, 237 F.3d 598, 603 (6th Cir. 2001).

Plaintiff Eugene Kline ("Kline") has joined HomEq, as a Defendant herein.[1] Neither he nor any other Plaintiff has named Wachovia as a Defendant in this litigation. Wachovia bases its motion on the assertion that all conduct upon which Kline based his claims against HomEq occurred after November 1, 2006, the date

---

[1] No other Plaintiff in this litigation has asserted a claim against HomEq.

upon which Wachovia asserts that Barclays Capital Real Estate, Inc. ("Barclays"), purchased the loan portfolios and trade name of HomEq. According to Wachovia, Kline failed to name and to serve the correct Defendant, i.e., Barclays. Wachovia has supported its motion with the Declaration of C. Vance Beck ("Beck"), a Senior Vice President of Wachovia Bank, N.A.[2]

As indicated, Judge Ovington recommended that this Court overrule Wachovia's motion, without prejudice, and that it allow Kline 30 days in which to conduct limited discovery on the issues of what entity owns HomEq and, thus, the proper Defendant in this litigation for its alleged misconduct. The Magistrate Judge also recommended that this Court permit Wachovia to renew its motion at the end of that 30-day period.

In its Objections (Doc. #115), Wachovia states that its primary concern is procedural, rather than substantive. In particular, it points out that Rule 12(a)(4) of the Federal Rules of Civil Procedure requires it to file its answer within 14 days of the date upon which the Court provides notice that the motion has been denied.[3] Providing Kline 30 days in which to conduct discovery, before it (Wachovia) can renew its motion, could cause the latter to run afoul of that Rule. As alternatives,

---

[2]Beck states in ¶ 5 of his declaration that Wachovia is the successor to HomEq by virtue of a merger with the latter.

[3]Rule 12(a)(4) provides:
> (4) Effect of a Motion. Unless the court sets a different time, serving a motion under this rule alters these periods as follows:
> (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or
> (B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

Wachovia suggests that the Court either merely hold its motion in abeyance for 30 days while Kline conducts discovery, or that the Court give it (Wachovia) additional time in which to file its answer. The Court declines to follow either of those suggestions.

Although Wachovia has described and captioned its motion as one to dismiss under Rule 12(b)(6), that motion, in actuality, is one seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Wachovia's motion is entirely dependent on Beck's Declaration. Rule 12(d) describes what a court must do when it does not exclude matters outside the pleadings, in ruling on a motion to dismiss under Rule 12(b)(6). Rule 12(d) provides:

> (d) Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

When Wachovia renews its request that Kline's claims against it be dismissed, because Barclays owned the HomEq loan portfolio when the events giving rise to those claims occurred, it must do so with a motion for summary judgment, rather than a motion under Rule 12(b)(6), which is dependent on matters outside the pleadings.

Based upon the foregoing, the Court overrules Wachovia's Objections (Doc. #118) to the Magistrate Judge's Report and Recommendations (Doc. #115). The Court adopts that judicial filing, as supplemented herein. In addition, the Court overrules, without prejudice, Wachovia's Motion to Dismiss (Doc. #30). Kline is afforded 30 days in which to conduct limited discovery on the question of the ownership of HomEq. If Kline deems Barclays to be the proper party, he may move

to substitute that entity, within ten (10) days of the end of the thirty (30) day discovery period. If Kline does not do so, Wachovia may renew its motion, albeit as on for summary judgment under Rule 56.

February 26, 2010

                                        /s/ Walter Herbert Rice
                                    WALTER HERBERT RICE, JUDGE
                                    UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.