IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EUGENE KLINE, et al., :

      Plaintiffs, :

      vs. :

MORTGAGE ELECTRONIC :
REGISTRATION SYSTEMS, :
INC., et al., :

      Defendants. :

Case No. 3:08cv408

JUDGE WALTER HERBERT RICE

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN
PART PLAINTIFFS' OBJECTIONS (DOC. #143) TO REPORT AND
RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE
(DOC. #133); REPORT AND RECOMMENDATIONS ADOPTED IN PART
AND REJECTED IN PART; MOTION TO DISMISS FILED BY
DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC. (DOC. #31), SUSTAINED IN PART AND OVERRULED IN PART

In this putative class action, the Plaintiffs have set forth claims under the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a et seq.; the

Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq.; and the Ohio Consumer

Sales Practices Act ("OCSPA"), Ohio Revised Code § 1345.01 et seq.; as well as

for breach of contract and unjust enrichment under the common law of Ohio. See

Doc. #1 at ¶ 2. In their Complaint, the Plaintiffs have named eleven Defendants,

including Defendant Mortgage Electronic Registration Systems, Inc. ("MERS").

MERS has filed a motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, requesting that this Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. See Doc. #31. This Court referred that motion to United States Magistrate Judge Sharon Ovington for a Report and Recommendations. Judge Ovington has submitted such a judicial filing, recommending that this Court sustain in part and overrule in part MERS' motion. See Doc. #133. The Plaintiffs have submitted Objections (Doc. #143) thereto, upon which the Court now rules. The Court begins by setting forth the standard by which it reviews Judge Ovington's Report and Recommendations (Doc. #133), as well as a brief summary of the procedural standards which must be applied whenever a court rules on a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal for failure to state a claim upon which relief can be granted.

Under 28 U.S.C. § 636(b)(1)(A), a District Court may refer to a Magistrate Judge "any pretrial matter pending before the court," with certain listed exceptions. Motions to dismiss are among the listed exceptions. Section 636(b)(1)(B) authorizes District Courts to refer "any motion excepted from subparagraph (A)" to a Magistrate Judge for "proposed findings of fact and recommendations." When a District Court refers a matter to a Magistrate Judge under § 636(b)(1)(B), it must conduct a de novo review of that judicial officer's recommendations. See United States v. Raddatz, 447 U.S. 667, 673-74 (1980); United States v. Curtis, 237 F.3d 598, 603 (6th Cir. 2001).

In Prater v. City of Burnside, Ky., 289 F.3d 417 (6th Cir. 2002), the Sixth Circuit reiterated the fundamental principles which govern the ruling on a motion to dismiss under Rule 12(b)(6):

> The district court's dismissal of a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is also reviewed de novo. Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999), overruled on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). When deciding whether to dismiss a claim under Rule 12(b)(6), "[t]he court must construe the complaint in a light most favorable to the plaintiff, and accept all of [the] factual allegations as true." Id. (citation omitted).

Id. at 424. In Swierkiewicz v. Sorema N.A., 532 U.S. 506 (2002), the Supreme Court noted that Rule 8(a)(2) of the Federal Rules of Civil Procedure merely requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 212. Therein, the Court explained further:

> Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. See id., at 47-48; Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168-169 (1993). "The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, p. 76 (2d ed. 1990).

Id. at 512-13. In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court rejected the standard established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that a claim should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." 550 U.S. at 562-63. The Supreme Court recently expounded upon Twombly in Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937 (2009), writing:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Twombly, 550 U.S. 544, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the–defendant–unlawfully–harmed–me accusation. Id., at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557.
>     To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557 (brackets omitted).
>     Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper–technical, code–pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context–specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

> alleged–but it has not "show[n]"–"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Id. at 1949-50.

In their Complaint, four Plaintiffs have set forth claims against MERS, to wit: Eugene Kline ("Kline"), Diana Hughes ("Hughes") and George and Carol Ross (collectively the "Rosses"). In that pleading, Kline alleges that he entered into a loan transaction with WMC Mortgage ("WMC") and that the mortgage securing that loan was held by MERS, as nominee for WMC. Doc. #1 at ¶ 64. During the course of the foreclosure proceeding on that property, Kline's foreclosure counsel communicated to the attorney representing MERS, requesting that the latter give him a figure at which Kline could pay off that loan. MERS' counsel indicated that Kline's payoff figure included, inter alia, $350, for attorney's fees, and $225, for previous service costs. Id. at ¶¶ 65-69. According to Kline, MERS' actions in that regard violated provisions of the FDCPA, constituted deceptive and misleading practices in violation of the OCSPA, unjustly enriched MERS, and breached a contract between the parties. In addition, Kline alleges that MERS violated the TILA, 15 U.S.C. § 1666d, by demanding these sums. Id. at ¶¶ 133-136.

Hughes alleges that, in or about July, 2005, she entered into a mortgage agreement with Heartland Home Finance ("Heartland"), covering her home at 437 Donnington Drive, Dayton, Ohio. Doc. #1 at ¶ 107. That mortgage was subsequently assigned to MERS, as nominee for Heartland. Id. at ¶ 108. Subsequently, Hughes initiated proceedings under Chapter 13 of the Bankruptcy Code, during which MERS filed a proof of claim, with which it sought to recover, inter alia, $675 for post-petition attorney's fees. Id. at ¶ 109 and ¶ 111. According to Hughes, the recovery of such fees, even pursuant to a fee-shifting

provision in a mortgage, violates Ohio law. Id. at ¶ 113. Hughes alleges that MERS' actions in that regard violated provisions of the FDCPA, constituted deceptive and misleading practices in violation of the OCSPA, unjustly enriched MERS, and breached a contract between the parties. Hughes has not set forth a claim under the TILA against MERS.

The Rosses allege that, in or about December, 2002, they took out a mortgage loan from Preferred Mortgage Consultants, with MERS acting as the mortgagee. Doc. #1 at ¶ 114. In December, 2006, the Rosses fell behind in their payments, which resulted in their mortgage being accelerated. Id. at ¶¶ 116-117. In April, 2007, the Rosses initiated proceedings under Chapter 13 of the Bankruptcy Code, during which MERS filed a proof of claim seeking to recover, inter alia, $475, for pre-petition bankruptcy fees, and $495.22, for accrued late charges. Id. at ¶¶ 119-120. The Rosses allege that MERS' actions in that regard violated provisions of the FDCPA, constituted deceptive and misleading practices in violation of the OCSPA, unjustly enriched MERS, and breached a contract between the parties. The Rosses have not set forth a claim under the TILA against MERS.

In her Report and Recommendations (Doc. #133), Judge Ovington has recommended that this Court dismiss the claims of Kline, Hughes and the Rosses against MERS under the FDCPA, because that Defendant was not a "debt collector," as that term is defined by the federal statute. See Doc. #133 at 9-15. That judicial officer has also recommended that the Court dismiss, with prejudice, those Plaintiffs' state law claims for breach of contract and unjust enrichment against MERS. Id. at 21-24. As to those Plaintiffs' claims under the OCSPA, the

Magistrate Judge has recommended that the Court dismiss their class action claims with prejudice, and that it decline to continue to exercise supplemental jurisdiction over the individual claims of Hughes and the Rosses, while continuing to exercise such jurisdiction over Kline's individual claim under the state statute. Id. at 25-26. Finally, Judge Ovington has recommended that the Court decline to dismiss Kline's claim under the TILA against MERS. Id. at 19-21.

Kline, Hughes and the Rosses do not challenge Judge Ovington's recommendation that this Court dismiss their claims under the FDCPA against MERS, because the latter is not a debt collector within the meaning of that statute. This Court, having conducted a de novo review of the recommendation, concurs with same. Accordingly, the Court sustains MERS' Motion to Dismiss (Doc. #31), as it relates the claims of Kline, Hughes and the Rosses under the FDCPA.

MERS supported its Motion to Dismiss (Doc. #31), by appending seven documents to its memorandum in support thereof (Doc. #33). In particular, MERS has provided the mortgages of Kline, Hughes and the Rosses pertaining to it, the proof of claim filed on behalf of MERS in Hughes' bankruptcy proceedings, the amended and second amended proofs of claim filed on behalf of MERS in the Rosses' bankruptcy and a decision of Judge Thomas Rose issued in Kline v. Home Eq Servicing Corp., Case No. 3:07cv084 (S.D.Ohio). The Plaintiffs initially object to the Report and Recommendations of the Magistrate Judge, because she did not exclude those documents from consideration, since they are matters outside the pleadings. For reasons which follow, this Court cannot agree.

Rule 12(d) of the Federal Rules of Civil Procedure provides:

> (d) Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

In Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007), the Supreme Court cited with approval 5B Wright & Miller, Federal Practice and Procedure § 1357, as setting forth types of such materials which can be considered when ruling on a motion to dismiss. Id. at 322. That section of the treatise provides, in pertinent part:

> In determining whether to grant a Federal Rule 12(b)(6) motion, district courts primarily consider the allegations in the complaint. The court is not limited to the four corners of the complaint, however. Numerous cases, as the note below reflects, have allowed consideration of matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; these items may be considered by the district judge without converting the motion into one for summary judgment.

5B Wright & Miller, Federal Practice and Procedure § 1357 at 375-76 (footnote omitted). The Sixth Circuit has approved of the use of each of those types of materials, when ruling on a motion to dismiss, without converting same to a motion for summary judgment. See e.g., Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999) (District Court may consider documents referred to in plaintiff's complaint and central to his claim, public records, matters of which a court may take judicial notice and decisions of governmental agencies). See also Wyser-Pratte Management Corp. Inc. v. Telxon Corp., 413 F.3d 553, 560 (6th Cir. 2005); Nieman v. NLO, Inc., 108 F.3d 1546, 1554 (6th Cir. 1997) (quoting Wright

- 8 -

& Miller, supra, with approval). Of course, where the submitted materials "capture[] only part of the incident and would provide a distorted view of the events at issue, … we do not require a court to consider that evidence on a 12(b)(6) motion." Jones v. City of Cincinnati, 521 F.3d 555, 562 (6th Cir. 2008) (internal quotation marks omitted).

Herein, Kline, Hughes and the Rosses have referred in their Complaint to the mortgages and the proofs of claim supplied by MERS, documents central to their claims against it. As to Judge Rose's decision, as well as the proofs of claim, courts are authorized to take judicial notice of other court proceedings, without converting a motion under rule 12(b)(6) into one for summary judgment. Buck v. Thomas Cooley Law School, — F.3d —, 2010 WL 935364 (6th Cir. 2010) at *3 (noting that, "[a]lthough typically courts are limited to the pleadings when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment" and citing Winget v. JP Morgan Chase Bank, N.A., 537 F.3d 565, 576 (6th Cir. 2008)). Accordingly, the Court overrules the Plaintiffs' Objections (Doc. #143), as they relate to the question of whether the Magistrate Judge erred by failing to exclude the documents MERS attached to its memorandum.

Hughes and the Rosses argue that Judge Ovington erred in recommending that this Court decline to continue to exercise supplemental jurisdiction, because not all claims over which this Court can exercise original jurisdiction have been dismissed. The supplemental jurisdiction statute provides, in relevant part:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts

> have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
> \* \* \*
>
> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> \* \* \*
>
> (3) the district court has dismissed all claims over which it has original jurisdiction ….

28 U.S.C. § 1367. Whether a court may exercise supplemental jurisdiction over a state law claim, in accordance with § 1367(a), is to be determined under the standards established by the Supreme Court in United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966), wherein the Court wrote that to exercise pendent (nka supplemental) jurisdiction, "[t]he state and federal claims must derive from a common nucleus of operative fact." Id. at 725.[1] When a court dismisses a plaintiff's only claim over which it has original jurisdiction (i.e., a federal claim), for failure to state a claim upon which relief can be granted, it should decline to continue to exercise supplemental jurisdiction over the plaintiff's state law claims. See e.g., Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1255-56 (6th Cir. 1996) (noting that there is a strong presumption that District Court declines to continue to exercise supplemental jurisdiction over state law claims after it has dismissed federal claims pursuant to a 12(b)(6) motion).

---

[1] See e.g., De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 308 (3d Cir.2003) (noting that "a district court may exercise supplemental jurisdiction where state-law claims share a 'common nucleus of operative fact' with the claims that supported the district court's original jurisdiction") (quoting Gibbs, 383 U.S. at 725).

Herein, this Court can exercise original jurisdiction over Plaintiffs' claims under the FDCPA and the TILA. Accordingly, it must exercise supplemental jurisdiction over all other claims set forth by Plaintiffs. Whether it will continue to do so, from this point forward, is the issue. The only federal claims set forth by Hughes are claims under the FDCPA against MERS and the law firm of Lerner, Sampson and Rothfuss ("LS&R"). In this Decision, the Court has dismissed Hughes' claim under the FDCPA against MERS, and it previously dismissed her claim under that statute against LS&R. See Doc. #116. Accordingly, it is inappropriate for the Court to continue to exercise supplemental jurisdiction over any of Hughes' state law claims, i.e., her claim under the OCSPA, regardless of whether such claim is for class action relief, and her claims for breach of contract and for unjust enrichment. Those state law claims are ordered dismissed without prejudice to refiling in a state court of competent jurisdiction.[2]

Similarly, the Rosses only federal claims are under the FDCPA against MERS and LS&R. Although this Court has determined herein that the Rosses' claim under

---

[2] To the extent that Hughes' position is that as long as any federal claim remains pending in this litigation, it is permissible to exercise supplemental jurisdiction over all state law claims set forth by every Plaintiff herein, this Court cannot agree. This Court can exercise supplemental jurisdiction over only those state law claims that arise out of the same nucleus of fact as a federal law claim. Therefore, the pendency of Kline's claim under the TILA does not authorize this Court to exercise supplemental jurisdiction over Hughes' state law claims, given that those claims do not arise out of the same nucleus of operative facts.

Moreover, this Court rejects Hughes' assertion that it can exercise subject matter jurisdiction over Hughes' state law claims in accordance with the Class Action Fairness Act, 28 U.S.C. § 1332(d). This Court's original jurisdiction over claims under that statute is predicated upon the amount in controversy for a class action exceeding $5,000,000. See 28 U.S.C. § 1332(d)(2). Herein, the Plaintiffs have failed to allege that the amount in controversy in a class action based upon Hughes' state law claims would exceed that sum.

the FDCPA against MERS must be dismissed, it has previously concluded that their claim under that statute survived LS&R's Motion to Dismiss (Doc. #17). See Doc. #116. Since that claim arises out of the same nucleus of fact as those Plaintiffs' state law claims against MERS, it is permissible to continue to exercise supplemental jurisdiction over those state law claims.

Accordingly, the Court sustains the Plaintiffs' Objections (Doc. #143), to the extent that they are based on the assertion that the Magistrate Judge erred in recommending that the Court decline to continue to exercise supplemental jurisdiction over the Rosses' individual claims under the OCSPA. The Court overrules those Objections, to the extent that they are based on the assertion that the Magistrate Judge erred in recommending that the Court decline to continue to exercise supplemental jurisdiction over Hughes' individual claim under the OCSPA.[3]

In addition, Kline, Hughes and the Rosses object to the recommendation of Judge Ovington that the Court dismiss their claims for breach of contract, unjust enrichment and for a class action under the OCSPA. As an initial matter, this Court has declined to continue to exercise supplemental jurisdiction over Hughes' state law claims; therefore, it need not address these objections as they relate to that Plaintiff. Rather, the Court orders that all of Hughes' state law claims be dismissed, without prejudice to refiling in a state court of competent jurisdiction.

---

[3]Given that Judge Ovington did not recommend that this Court decline to continue to exercise supplemental jurisdiction over any of Kline's state law claims, Kline did not object to the aspect of Judge Ovington's Report and Recommendations, addressing the continuing exercise of supplemental jurisdiction.

The Court now turns to Kline's and the Rosses' claims for breach of contract, for unjust enrichment and for a class action under the OCSPA. Judge Ovington recommended that the Court dismiss, with prejudice, the breach of contract claims of Kline and the Rosses, because those Plaintiffs had failed to allege any of elements of a breach of contract claim against MERS. See Doc. #133 at 21-23. This Court agrees with Judge Ovington that Kline and the Rosses have failed to state claims for breach of contract against MERS in their Complaint. However, since those Plaintiffs have identified potentially plausible claims for breach of contract in their Objections (see Doc. #143 at 6-9), this Court will order that those claims be dismissed, without prejudice to being re-plead in an amended complaint, which sets forth the theories of Kline and the Rosses as to how charging the fees, of which those Plaintiffs complain, breached their contracts with MERS, i.e., the mortgages to which they were parties with MERS.

Similarly, Judge Ovington recommended that this Court dismiss the claims of Kline and the Rosses against MERS, because they failed to allege that they had conferred a benefit upon MERS. See Doc. #133 at 23-24. Those Plaintiffs have objected to that particular recommendation. See Doc. #143 at 10-12. Once again, although this Court agrees with Judge Ovington that Kline and the Rosses have failed to identify the benefit which they conferred on MERS,[4] it will, however, afford those Plaintiffs the opportunity of amending their Complaint to allege how they conferred such a benefit.

---

[4]The Court rejects the Plaintiffs' assertion that one can infer that they conferred a benefit on MERS, merely because they allege that it demanded the payment of certain fees during foreclosure or bankruptcy proceedings.

Judge Ovington recommended that this Court dismiss, with prejudice, the class action aspect of the claims of Kline and the Rosses under the OCSPA. That recommendation is based upon § 1345.09(B) of the Ohio Revised Code. Under that statutory provision, a consumer may not maintain a class action for a violation of the OCSPA, unless "the violation was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1345.05 of the Revised Code before the consumer transaction on which the action is based, or an act or practice determined by <u>a court of this state</u> to violate section 1345.02, 1345.03, or 1345.031 of the Revised Code and committed after the decision containing the determination has been made available for public inspection under division (A)(3) of section 1345.05 of the Revised Code." (Emphasis added). Herein, since Kline and the Rosses have not alleged that any of the asserted violations of the Ohio statute by MERS also violated such a rule or court decision, Judge Ovington recommended that the Court dismiss that aspect of Kline's and the Rosses' claims under the OCSPA, with prejudice. Although this Court agrees with Judge Ovington that the Plaintiffs' Complaint is devoid of such allegations, it will afford them the opportunity of amending to cure that pleading deficiency.[5]

Based upon the foregoing, the Court sustains in part and overrules in part the Plaintiffs' Objections (Doc. #143) to Judge Ovington's Report and Recommendations (Doc. #133). The Court overrules those Objections as they

---

[5]The portion of § 1345.09(B), which this Court has emphasized above refers to "a court of this state." Kline and the Rosses have cited decisions by federal courts sitting in Ohio to support their assertion that their class claims under the OCSPA should not be dismissed. Whether a federal court sitting in Ohio is "a court of this state" is an issue which this Court does not address herein.

relate to the utilization of the documents supplied by MERS and the recommendation that the Court dismiss certain of the state law claims of Kline, Hughes and the Rosses, while rejecting the recommendation that said dismissal be with prejudice. The Court also sustains those Objections (Doc. #143), as they relate to the recommendation that the Court decline to continue to exercise supplemental jurisdiction over the Rosses' individual claims under the OCSPA. Accordingly, the Court adopts in part and rejects in part the Magistrate Judge's Report and Recommendations (Doc. #133). In addition, the Court sustains MERS' Motion to Dismiss (Doc. #31), as it relates to the claims of Kline, Hughes and the Rosses under the FDCPA and overrules that motion as it relates to Kline's claim under the TILA. Kline and the Rosses are given leave to file an amended complaint, properly pleading their state law claims of breach of contract, unjust enrichment and for class action status under the OCSPA, subject to the strictures of Fed. R. Civ. P. 11, within 14 days from date. Hughes' state law claims are ordered dismissed, without prejudice to refiling in a state court of competent jurisdiction, as the Court declines to continue to exercise supplemental jurisdiction over same.

March 29, 2010

                                       /s/ Walter Herbert Rice
                                         WALTER HERBERT RICE, JUDGE
                                         UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.