IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EUGENE KLINE, et al.,                      :

       Plaintiffs,                          :
                                                 Case No. 3:08cv408
    vs.                                    :
                                    JUDGE WALTER HERBERT RICE
MORTGAGE ELECTRONIC              :
REGISTRATION SYSTEMS,            :
INC., et al.,                                  :

       Defendants.                        :

---

DECISION AND ENTRY SUSTAINING PLAINTIFFS' OBJECTIONS
(DOC. #144) TO REPORT AND RECOMMENDATIONS OF THE UNITED
STATES MAGISTRATE JUDGE (DOC. #134); REPORT AND
RECOMMENDATIONS REJECTED; MOTION FOR PARTIAL JUDGMENT
ON THE PLEADINGS FILED BY DEFENDANT WELLS FARGO BANK,
N.A. (DOC. #67), SUSTAINED IN PART AND OVERRULED IN PART

---

In this putative class action, the Plaintiffs have set forth claims under the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a et seq.; the

Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq.; and the Ohio Consumer

Sales Practices Act ("OCSPA"), Ohio Revised Code § 1345.01 et seq.; as well as

for breach of contract and unjust enrichment under the common law of Ohio. See

Doc. #1 at ¶ 2. In their Complaint, the Plaintiffs have named eleven Defendants,

including Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Wells Fargo has filed

a motion, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, requesting

judgment on the pleadings as to the claims which Plaintiff Jon Shayne Jones ("Jones") has asserted against it. See Doc. #67. Jones has asserted only state law claims of breach of contract, for unjust enrichment and under the OCSPA against Wells Fargo. This Court referred that motion to United States Magistrate Judge Sharon Ovington for a Report and Recommendations. Judge Ovington has submitted such a judicial filing, recommending that this Court decline to exercise supplemental jurisdiction over Jones' state law claims. See Doc. #134. The Plaintiffs have submitted Objections (Doc. #144) thereto, upon which the Court now rules. The Court begins by setting forth the standard by which it reviews Judge Ovington's Report and Recommendations (Doc. #134), as well as a brief summary of the procedural standards which must be applied whenever a court rules on a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal for failure to state a claim upon which relief can be granted, since the Sixth Circuit has held that the procedural standards applicable to motions under Rule 12(b)(6) must be applied when ruling on a request for judgment on the pleadings under Rule 12(c). Jelovsek v. Bredesen, 545 F.3d 431, 435 (6th Cir. 2008)..

Under 28 U.S.C. § 636(b)(1)(A), a District Court may refer to a Magistrate Judge "any pretrial matter pending before the court," with certain listed exceptions. Motions to dismiss are among the listed exceptions. Section 636(b)(1)(B) authorizes District Courts to refer "any motion excepted from subparagraph (A)" to a Magistrate Judge for "proposed findings of fact and recommendations." When a District Court refers a matter to a Magistrate Judge under § 636(b)(1)(B), it must conduct a de novo review of that judicial officer's

recommendations.  See United States v. Raddatz, 447 U.S. 667, 673-74 (1980); United States v. Curtis, 237 F.3d 598, 603 (6th Cir. 2001).

In Prater v. City of Burnside, Ky., 289 F.3d 417 (6th Cir. 2002), the Sixth Circuit reiterated the fundamental principles which govern the ruling on a motion to dismiss under Rule 12(b)(6):

> The district court's dismissal of a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is also reviewed de novo. Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999), overruled on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).  When deciding whether to dismiss a claim under Rule 12(b)(6), "[t]he court must construe the complaint in a light most favorable to the plaintiff, and accept all of [the] factual allegations as true." Id. (citation omitted).

Id. at 424.  In Swierkiewicz v. Sorema N.A., 532 U.S. 506 (2002), the Supreme Court noted that Rule 8(a)(2) of the Federal Rules of Civil Procedure merely requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 212.  Therein, the Court explained further:

> Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).  This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.  See id., at 47-48; Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168-169 (1993).  "The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, p. 76 (2d ed. 1990).

Id. at 512-13.  In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court rejected the standard established in Conley v. Gibson, 355 U.S. 41,

45-46 (1957), that a claim should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 550 U.S. at 562-63. The Supreme Court recently expounded upon Twombly in Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937 (2009), writing:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Twombly, 550 U.S. 544, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id., at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557.
>     To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557 (brackets omitted).
>     Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the

>reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"–"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Id. at 1949-50.

In the Complaint, Jones alleges that Wells Fargo commenced a foreclosure action against his property on June 1, 2007, before the mortgage and note had been assigned to it. Doc. #1 at ¶¶ 80-88. In addition, Jones alleges that Wells Fargo sought to collect illegal service of process fees, late fees and property inspection fees. Id. at ¶¶ 89-99. Moreover, Jones contends that the proof of claim filed on behalf of Wells Fargo in his bankruptcy proceeding made a claim for fees which could not be lawfully recovered. Id. at ¶¶ 100-06. As indicated, Jones alleges that those actions by Wells Fargo constituted deceptive and misleading practices in violation of the OCSPA, unjustly enriched it, and breached a contract between the parties.

As indicated, Judge Ovington has recommended that this Court decline to exercise supplemental jurisdiction over the claims of Jones against Wells Fargo and that it dismiss those claims without prejudice. See Doc. #134. However, Jones' claims under the FDCPA against the law firm of Lerner, Sampson and Rothfuss ("LS&R"), arising out of the same nucleus of facts, remains pending. Therefore, this Court cannot conclude that it is unable to exercise supplemental jurisdiction over Jones' state law claims against Wells Fargo, nor can it decline to continue to exercise such jurisdiction over those claims in accordance with 28 U.S.C. § 1367(c)(3).

Since Judge Ovington did not recommend how this Court should rule on the substance of Wells Fargo's Motion for Partial Judgment on the Pleadings (Doc. #67), this Court now rules on same. In that motion, Wells Fargo argues that Jones' pre-petition claims are barred by the doctrine of judicial estoppel, that his claims arising out of actions occurring during the course of his bankruptcy proceeding are preempted by the Bankruptcy Code and that liability cannot be imposed upon it under the OCSPA, because it is a national bank. As a means of analysis, the Court will address those three arguments in the above order.

First, Wells Fargo argues that the Court should dismiss Jones' claims against it to the extent that they are based on its actions before Jones filed his petition under Chapter 13 of the Bankruptcy Code. Jones did not disclose those claims during his bankruptcy, and Wells Fargo contends that he is judicially estopped from doing so now. In Browning v. Levy, 283 F.3d 761 (6th Cir. 2002), the Sixth Circuit reiterated that "[t]he doctrine of judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition." Id. at 775 (internal quotation marks and citation omitted). In Browning, the Sixth Circuit held that the plaintiff was not judicially estopped from pursuing a claim that its predecessor had failed to include in its bankruptcy petition, concluding said failure could have been caused by inadvertence, since the debtor lacked a motive to conceal the claim in bankruptcy. Similarly, herein this Court, based on the pleadings alone, cannot conclude that Jones did not act inadvertently, since there is no evidence that he

had a motive for concealing his claims against Wells Fargo during his bankruptcy proceedings. Rather, Wells Fargo's contention that Jones' pre-petition are barred by judicial estoppel must await a properly supported motion seeking summary judgment. Accordingly, the Court overrules Wells Fargo's Motion for Partial Judgment on the Pleadings (Doc. #67), to the extent that it is based upon the premise that Jones' claims predicated upon its pre-petition actions are barred by the doctrine of judicial estoppel.

Second, Wells Fargo argues that Jones' claims predicated upon actions occurring during his bankruptcy are preempted by the Bankruptcy Code. This Court previously rejected the argument in this litigation that, by adopting the Bankruptcy Code, Congress had implicitly repealed the FDCPA. See Doc. #116 at 11-14. This Court has not, however, addressed the question of whether the Bankruptcy Code preempts state law claims arising out of actions occurring during a bankruptcy, such as Jones' claims, under state law, of breach of contract, unjust enrichment and, under the OCSPA, against Wells Fargo. For reasons which follow, this Court concludes that the Bankruptcy Code does preempt such state law claims.

In MSR Exploration v. Meridian Oil, 74 F.3d 910 (9th Cir. 1996), the Ninth Circuit held that the Bankruptcy Code preempted the plaintiff's state law claim of malicious prosecution, predicated upon the allegation that the defendant had maliciously pursued claims against it during its bankruptcy. In addition to noting that Congress had vested exclusive jurisdiction over bankruptcy matters in federal courts, the MSR court explained:

> Second, in a related vein, a mere browse through the complex, detailed, and comprehensive provisions of the lengthy Bankruptcy Code, 11 U.S.C. §§ 101 et seq., demonstrates Congress's intent to create a whole system under federal control which is designed to bring together and adjust all of the rights and duties of creditors and embarrassed debtors alike. While it is true that bankruptcy law makes reference to state law at many points, the adjustment of rights and duties within the bankruptcy process itself is uniquely and exclusively federal. It is very unlikely that Congress intended to permit the superimposition of state remedies on the many activities that might be undertaken in the management of the bankruptcy process.

Id. at 914 (footnote omitted). In Pertuso v. Ford Motor Credit Co., 233 F.3d 417 (6th Cir. 2000), the Sixth Circuit applied the above-quoted reasoning from MSR, in concluding that the claim for unjust enrichment of plaintiffs, debtors in a bankruptcy proceeding, arising out of the bankruptcy proceedings, against the defendant, a creditor in the bankruptcy proceeding, was preempted by the Bankruptcy Code. Based upon MSR and Pertuso, this Court concludes that Jones' state law claims against Wells Fargo, arising out of his bankruptcy, are preempted by the Bankruptcy Code. Moreover, the cases cited by Plaintiff address the issue of whether the Bankruptcy Code implicitly repealed the FDCPA, rather than the question of the preemption of state law claims, which this Court addresses herein.[1]

Accordingly, this Court sustains Wells Fargo's Motion for Partial Judgment on the Pleadings (Doc. #67), as it relates to the question of whether Jones' state law claims against Wells Fargo are preempted by the Bankruptcy Code.

---

[1] For instance, this Court relied upon Randolph v. IMBS, Inc., 368 F.3d 726 (7th Cir. 2004), when it held that the Bankruptcy Code had not implicitly repealed the FDCPA. Jones now cites that decision for the proposition that the Bankruptcy Code does not preempt his state law claims, although the Randolph court did not address the question of the Bankruptcy Code's preemptive effect over state law claims.

- 8 -

Third, Wells Fargo argues that it is a "financial institution" and, therefore, this Court must dismiss Jones' claims under the OCSPA against it. The OCSPA is applicable to consumer transactions. See e.g., Ohio Rev. Code § 1345.02 (prohibiting deceptive acts or practices in connection with a consumer transaction); § 1345.03 (prohibiting unconscionable acts or practices in connection with a consumer transaction). The OCSPA exempts from the definition of consumer transactions any "transactions between persons, defined in sections 4905.03 and 5725.01 of the Revised Code, and their customers, except for transactions involving a loan made pursuant to sections 1321.35 to 1321.48 of the Revised Code." Ohio Rev. Code § 1345.01(A). See Reagans v. Mountainhigh Coachworks, Inc., 117 Ohio St.3d 22, 30, 881 N.E.2d 245, 253 (2008) (noting that, "[a]s a general matter, transactions between financial institutions and their customers are exempted from the definition of a 'consumer transaction' subject to the [OCSPA]"). Ohio Revised Code § 5725.01(A) defines financial institutions to include, inter alia, national banks.

Herein, this Court can take judicial notice of the fact that Wells Fargo is a national bank. See www.occ.treas.gov/foia/foia.htm (website of Office of Comptroller of the Currency, providing a link to a list of national banks that includes Wells Fargo).[2] Nevertheless, Jones argues that Wells Fargo's actions qualify as consumer transactions, because he entered into the loan transaction on his residence with Ameriquest Mortgage Company ("Ameriquest"), which is not a

---

[2]Of course, this Court can consider facts of which it can take judicial notice, without transforming a motion for judgment on the pleadings into one for summary judgment. 5B Wright & Miller, Federal Practice and Procedure § 1357 at 375-76; Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999).

national bank and, therefore, not a financial institution.  Without questioning the factual predicate of Jones' argument, this Court cannot accept same in the absence of authority that a national bank, such as Well Fargo, acting as a trustee for securitized mortgages, is not a financial institution for purposes of the OCSPA.

Accordingly, this Court sustains Wells Fargo's Motion for Partial Judgment on the Pleadings (Doc. #67), as it relates to Jones' claims against Wells Fargo under the OCSPA.

Based upon the foregoing, the Court sustains the Plaintiffs' Objections (Doc. #144) to Judge Ovington's the Report and Recommendations, thus rejecting the Magistrate Judge's Report and Recommendations (Doc. #134).  In addition, the Court sustains in part and overrules in part Wells Fargo's Motion for Partial Judgment on the Pleadings (Doc. #67).  That motion is sustained as it relates to Jones' claims arising out of his bankruptcy proceeding and under the OCSPA.  That motion is overruled as it relates to Jones' claims based on Wells Fargo's pre-petition actions are barred by the doctrine of judicial estoppel.

March 29, 2010

    /s/ Walter Herbert Rice
    WALTER HERBERT RICE, JUDGE
    UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.