IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


EUGENE KLINE, et al.,                  :

      Plaintiffs,                  :
                                       Case No. 3:08cv408
      vs.                          :
                         JUDGE WALTER HERBERT RICE
MORTGAGE ELECTRONIC          :
REGISTRATION SYSTEMS,        :
INC., et al.,                :

      Defendants.                  :

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN
PART PLAINTIFFS' OBJECTIONS (DOC. #146) TO REPORT AND
RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE
(DOC. #136); REPORT AND RECOMMENDATIONS ADOPTED IN PART
AND REJECTED IN PART; MOTION FOR PARTIAL JUDGMENT ON THE
PLEADINGS FILED BY DEFENDANT COUNTRYWIDE HOME LOANS
(DOC. #72), SUSTAINED IN PART AND OVERRULED IN PART

---

In this putative class action, the Plaintiffs have set forth claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a et seq.; the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq.; and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Revised Code § 1345.01 et seq.; as well as for breach of contract and unjust enrichment under the common law of Ohio. See Doc. #1 at ¶ 2. In their Complaint, the Plaintiffs have named eleven Defendants, including Defendant Countrywide Home Loans ("Countrywide"). Countrywide has

filed a motion, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, requesting judgment on the pleadings as to the claims which Plaintiff Jon Shayne Jones ("Jones") has asserted against it. See Doc. #72. Jones, the only Plaintiff herein to have asserted claims against Countrywide, has set forth only state law claims of breach of contract, for unjust enrichment and under the OCSPA against it. This Court referred that motion to United States Magistrate Judge Sharon Ovington for a Report and Recommendations. Judge Ovington has submitted such a judicial filing, recommending that this Court dismiss Jones' claims of breach of contract, unjust enrichment and for class action under the OCSPA, and that it decline to exercise supplemental jurisdiction over Jones' individual claim under the OCSPA. See Doc. #136. The Plaintiffs have submitted Objections (Doc. #146) thereto, upon which the Court now rules. The Court begins by setting forth the standard by which it reviews Judge Ovington's Report and Recommendations (Doc. #136), as well as a brief summary of the procedural standards which must be applied whenever a court rules on a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal for failure to state a claim upon which relief can be granted, since the Sixth Circuit has held that the procedural standards applicable to motions under Rule 12(b)(6) must be applied when ruling on a request for judgment on the pleadings under Rule 12(c). Jelovsek v. Bredesen, 545 F.3d 431, 435 (6th Cir. 2008).

    Under 28 U.S.C. § 636(b)(1)(A), a District Court may refer to a Magistrate Judge "any pretrial matter pending before the court," with certain listed exceptions. Motions to dismiss are among the listed exceptions. Section 636(b)(1)(B) authorizes District Courts to refer "any motion excepted from

subparagraph (A)" to a Magistrate Judge for "proposed findings of fact and recommendations." When a District Court refers a matter to a Magistrate Judge under § 636(b)(1)(B), it must conduct a de novo review of that judicial officer's recommendations. See United States v. Raddatz, 447 U.S. 667, 673-74 (1980); United States v. Curtis, 237 F.3d 598, 603 (6th Cir. 2001).

In Prater v. City of Burnside, Ky., 289 F.3d 417 (6th Cir. 2002), the Sixth Circuit reiterated the fundamental principles which govern the ruling on a motion to dismiss under Rule 12(b)(6):

> The district court's dismissal of a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is also reviewed de novo. Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999), overruled on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). When deciding whether to dismiss a claim under Rule 12(b)(6), "[t]he court must construe the complaint in a light most favorable to the plaintiff, and accept all of [the] factual allegations as true." Id. (citation omitted).

Id. at 424. In Swierkiewicz v. Sorema N.A., 532 U.S. 506 (2002), the Supreme Court noted that Rule 8(a)(2) of the Federal Rules of Civil Procedure merely requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 212. Therein, the Court explained further:

> Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. See id., at 47-48; Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168-169 (1993). "The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, p. 76 (2d ed. 1990).

Id. at 512-13.  In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court rejected the standard established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that a claim should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  550 U.S. at 562-63.  The Supreme Court recently expounded upon Twombly in Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937 (2009), writing:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Court held in Twombly, 550 U.S. 544, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the–defendant–unlawfully–harmed–me accusation.  Id., at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  550 U.S., at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  Id., at 557.
>     To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id., at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Ibid.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id., at 557 (brackets omitted).
>     Two working principles underlie our decision in Twombly.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  Id., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)).  Rule 8 marks a notable and generous departure from the hyper–technical, code–pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a

>plausible claim for relief survives a motion to dismiss. Id., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context–specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"–"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Id. at 1949-50.

In the Complaint, Jones alleges that Ameriquest Mortgage Company ("Ameriquest") made a loan to him which covered his home and that Countrywide serviced that loan. Doc. #1 at ¶¶ 78 and 81. After Jones had fallen behind on his loan, Defendant Wells Fargo, N.A. ("Wells Fargo"), commenced a foreclosure action against his property on June 1, 2007, before the mortgage and note had been assigned to it. Id. at ¶¶ 79, 80 and 82-85. Jones asserts, on information and belief, that the Vice President of Ameriquest who assigned the mortgage to Wells Fargo was in actuality an employee of Countrywide at the time of the assignment. Id. at ¶ 86. In addition, Jones alleges that Countrywide sought to collect illegal service of process fees, late fees and property inspection fees. Id. at ¶¶ 89-99.[1] As indicated, Jones alleges that those actions by Countrywide constituted deceptive and misleading practices in violation of the OCSPA, unjustly enriched it, and breached a contract between the parties.

---

[1]Although Jones has asserted claims against other Defendants arising out of his bankruptcy proceedings under Chapter 13 of the Bankruptcy Code, which were initiated subsequent to the foreclosure proceedings, he has not asserted such claims against Countrywide. See Doc. #1 at ¶¶ 100-106.

As indicated, Judge Ovington has recommended that this Court dismiss Jones' claims against Countrywide, with prejudice, except for his individual claims under the OCSPA. The Magistrate Judge recommended that the Court decline to continue to exercise supplemental jurisdiction over that aspect of Jones' claim under the state statute against Countrywide. See Doc. #136.

This Court has conducted a de novo review of Plaintiffs' Complaint (Doc. #1) and agrees with Judge Ovington that Jones has failed to state claims against Countrywide for breach of contract, unjust enrichment and class action status under the OCSPA. For instance, that pleading does not specifically identify the contract between Jones and Countrywide, which it is alleged to have breached or how it breached that contract. Nor does the Complaint set forth the damages which Jones suffered as a result of Countrywide's alleged breach of contract. In addition, he has failed to identify the benefit that Countrywide received as a result of its alleged actions, an essential element of a claim of unjust enrichment. Moreover, Jones has not alleged the predicate for maintaining a class action under the OCSPA, i.e., that an action of Countrywide violated "an act or practice declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1345.05 of the Revised Code before the consumer transaction on which the action is based, or an act or practice determined by a court of this state to violate section 1345.02, 1345.03, or 1345.031 of the Revised Code and committed after the decision containing the determination has been made available for public inspection under division (A)(3) of section 1345.05 of the Revised Code." Ohio Rev. Code § 1345.09(B). This Court cannot, however, agree with Judge Ovington that those claims should be dismissed with prejudice. Rather,

since Jones has identified potentially plausible claims for breach of contract, unjust enrichment and class action status under the OCSPA in his Objections (see Doc. #146 at 5-19), this Court will order that those claims be dismissed, without prejudice to being re-plead in an amended complaint, which sets forth Jones' theories of how Countrywide breached what contract between the parties, how Countrywide was unjustly enriched and what rule or decision Countrywide allegedly violated. Such an amended pleading must be in strict compliance with Fed. R. Civ. P. 11. In addition, such an amended pleading must be filed within 15 days from date.[2]

Judge Ovington recommended that this Court decline to continue exercise supplemental jurisdiction over Jones' individual claim under the OCSPA and dismiss same without prejudice. However, Jones' claims under the FDCPA against the law firm of Lerner, Sampson and Rothfuss ("LS&R"), arising out of the same nucleus of facts, remains pending. Therefore, this Court cannot conclude that it is unable to exercise supplemental jurisdiction over Jones' individual claim under the OCSPA against Countrywide, nor can it decline to continue to exercise such jurisdiction over those claims in accordance with 28 U.S.C. § 1367(c)(3).

Judge Ovington found it unnecessary to address all arguments raised by Countrywide in support of its request for judgment on the pleadings. Since some or all of Jones' claims against Countrywide will remain viable as a result of the ruling on his Objections (Doc. #146), it is appropriate for this Court to rule now on the arguments which Judge Ovington found it unnecessary to rule upon,

---

[2]In an earlier decision, this Court gave Plaintiff leave to amend to cure a pleading deficiency. The Court expects that the Plaintiffs will file only one amended complaint which will be due 15 days from the filing of this Decision.

addressing those assertions in the order in which they appear in Countrywide's Motion for Judgment on the Pleadings (Doc. #72).

First, Countrywide argues that this Court must enter judgment on the pleadings in its favor, because Jones lacks standing, given that he successfully litigated the question of unnecessary fees and costs during the course of his bankruptcy.[3] Although that argument might ultimately result in the entry of summary judgment in favor Countryside on the merits of Jones' claims, it is conflating the standing inquiry with the merits of a claim. See e.g., Pitt County v. Hotels.com, L.P., 553 F.3d 308, 312 (4th Cir. 2008) (noting that courts must not resolve the merits of a plaintiff's claim under the guise of determining whether it has standing).

Second, Countrywide argues that, as a subsidiary of a national bank—Bank of America, N.A. ("Bank of America")—it is exempt from liability under the OCSPA. This Court previously held that Defendant Wells Fargo N.A. ("Wells Fargo"), a national bank, was exempt from the coverage of the OCSPA, because the definition of "consumer transactions," which are regulated by that statute, exempts transactions between financial institutions and their customers. See Doc. #155 at 9-10. The term "financial institution" is defined to include national banks, such as Wells Fargo and Bank of America. Ohio Rev. Code § 5725.01.

---

[3]In the Complaint, Jones alleges that Wells Fargo and LS&R attempted to recover compensation for various costs and shortages by filing a proof of claim during his bankruptcy proceedings. Doc. #1 at ¶¶ 100-101. Those Defendants did not respond to his objection to the proof of claim, which was ultimately denied. Id. at ¶¶ 103-104.

The fatal flaw in Countrywide's argument is that the Ohio statute does not define "financial institutions" to include subsidiaries of national banks, merely by virtue of their status as such subsidiaries. Accordingly, the Court rejects Countrywide's argument that it is entitled to judgment on the pleadings on Jones' claims under the OCSPA, because it is, as a subsidiary of a national bank, exempt from that statute.

Third, Countrywide argues that it is entitled to judgment on the pleadings of Jones' claims, because they are barred by the doctrine of judicial estoppel. This Court previously rejected the same argument raised by Wells Fargo in defense to Jones' claims against it. See Doc. #155 at 6-7. Based upon the same reasoning, the Court overrules Countrywide's Motion for Judgment on the Pleadings (Doc. #72), to the extent that it is based upon the assertion that the doctrine of judicial estoppel bars Jones from bringing those claims herein.

Based upon the foregoing, the Court sustains in part and overrules in part the Plaintiffs' Objections (Doc. #146) to Judge Ovington's Report and Recommendations (Doc. #136). As a consequence, the Court adopts in part and rejects in part the Magistrate Judge's Report and Recommendations (Doc. #136). That judicial filing is adopted, as it relates to the conclusions that Jones has failed to state claims for relief against Countrywide for breach of contract, unjust enrichment and for class action status under the OCSPA. The Report and Recommendations is rejected as it relates to the question of whether those claims should be dismissed with prejudice and whether this Court should continue to

exercise supplemental jurisdiction over Jones' individual claim under the OCSPA. In addition, the Court sustains in part and overrules in part Countrywide's Motion for Judgment on the Pleadings (Doc. #72). That motion is sustained as it relates to the dismissal without prejudice and with leave to amend of Jones' claims against Countrywide for breach of contract, unjust enrichment and for class action status under the OCSPA. Otherwise, that motion is overruled.

March 30, 2010

                                              /s/ Walter Herbert Rice
                                              WALTER HERBERT RICE, JUDGE
                                              UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.