UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Eugene Kline, *et al.*, | Case No. 3:08-cv-0408 |
| Plaintiffs, | Judge Walter Herbert Rice |
| -vs- | Magistrate Judge Sharon L. Ovington |
| Mortgage Electronic Security Systems, *et al.*, | **AMENDED ANSWER OF DEFENDANT, LERNER, SAMPSON & ROTHFUSS** |
| Defendants. | |

The defendant, Lerner, Sampson & Rothfuss ("LSR"), for its Amended Answer, hereby states as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim against LSR upon which relief can be granted.

**SECOND DEFENSE**

1. LSR denies the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21 (including all subparts thereto), 22 (including all subparts thereto), 23, 24, 25, 26 (including all subparts thereto), 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 66, 67, 73, 80, 81, 83, 85, 86, 90, 91, 92, 93, 104, 107, 108, 110, 115, 116, 117, 124, 125, 126, 127, 128, 133, 134, 135, 136, 137, 141, and 145 of the Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof.

2. LSR admits the allegations contained in paragraph 15 of the Complaint to the extent plaintiffs allege that LSR has its principal place of business in Cincinnati, Ohio. LSR denies all of remaining allegations in paragraph 15 of the Complaint.

3. LSR admits the allegations contained in paragraphs 69, 70, 79, 100, 109, 114, and 119, of the Complaint.

4. LSR denies the allegations contained in paragraph 65 of the Complaint to the extent plaintiffs allege that Eugene Kline ("Kline") personally contacted LSR. LSR denies all of the remaining allegations in paragraph 65 of the Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof.

5. LSR denies the allegations contained in paragraph 68, 71, 72, 74, 75, 76, 77, 82, 84, 87, 88, 89, 94, 95, 96, 97, 98, 99, 102, 105, 106, 111, 112, 113, 122, 123, 129, 130, 131, 132, 138, 139, 140, 142, 143, 144, 146, and 147 of the Complaint.

6. LSR admits the allegations contained in paragraph 78 of the Complaint to the extent plaintiffs allege that on or about April 8, 2004, plaintiff Jon Shayne Jones ("Jones") entered into a mortgage agreement with Ameriquest Mortgage Company. LSR denies all of the remaining allegations in paragraph 78 of the Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof.

7. LSR denies the allegations contained in paragraph 101 of the Complaint. LSR did not make a claim on its own behalf in Jones' bankruptcy as plaintiffs allege.

Rather, LSR filed a proof of claim as counsel on behalf of its client in Jones' bankruptcy. The proof of claim speaks for itself.

8. LSR denies the allegations contained in paragraph 103 of the Complaint. According to the claims register from Jones' bankruptcy, the Joneses did not file an objection to any proof of claim. Rather, the Joneses' bankruptcy attorney, Richard West, filed objections on behalf of the Joneses. The objections speak for themselves.

9. LSR admits that MERS was named as nominee for Preferred Mortgage Consultants, Inc. in the Ross mortgage, and LSR denies the remaining allegations contained in paragraph 114 of the complaint. The lender was Preferred Mortgage Consultants, Inc.

10. LSR denies the allegations contained in paragraph 118 of the Complaint to the extent plaintiffs allege that George and Carol Ross (the "Rosses") filed their bankruptcy on April 27, 2007. The Rosses' bankruptcy was filed on April 28, 2007.

11. LSR denies the allegations contained in paragraph 120 of the Complaint. Plaintiffs allege that a proof of claim filed in the Rosses' bankruptcy listed "$475 in 'Pre-petition bankruptcy fees." However, the amended proof of claim filed in the Rosses' bankruptcy on May 9, 2007, identifies $475.00 as an amount for "Post-petition Bankruptcy Attorney Fees."

12. LSR denies the allegations in paragraph 121 of the Complaint. LSR filed a proof of claim on behalf of only one of several creditors in the Rosses'

bankruptcy, that creditor being Mortgage Electronic Registration Systems Inc., as nominee for Flagstar Bank FSB c/o Chase Home Finance LLC.

### THIRD DEFENSE

Plaintiffs' Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq.*) ("FDCPA") claims against LSR are barred because LSR did not violate the FDCPA.  However, if LSR is found to have violated the FDCPA, LSR is afforded a complete defense under the bona fide error provision of the FDCPA, codified at 15 U.S.C. § 1692k(c).

### FOURTH DEFENSE

Plaintiffs' FDCPA claims are barred, in part, by the one-year statute of limitations codified at 15 U.S.C. § 1692k(d).

### FIFTH DEFENSE

Plaintiffs' Ohio Consumer Sales Practices Act (O.R.C. § 1345.01, *et seq.*) ("OCSPA") claims against LSR are barred because LSR did not violate the OCSPA. However, if LSR is found to have violated the OCSPA, LSR is afforded a complete defense under the bona fide error provision of the OCSPA codified at O.R.C. § 1345.11.

### SIXTH DEFENSE

This Court lacks jurisdiction over Plaintiffs' OCSPA claims pursuant to O.R.C. § 1345.04.

### SEVENTH DEFENSE

Plaintiffs' claims against LSR are barred under the doctrine of attorney immunity.

### EIGHTH DEFENSE

Plaintiffs' claims against LSR are barred under the doctrine of waiver.

## NINTH DEFENSE

Plaintiffs' claims against LSR are barred under the doctrine of voluntary payment.

## TENTH DEFENSE

Plaintiffs lack standing.

## ELEVENTH DEFENSE

Plaintiffs have not suffered damages.

## TWELFTH DEFENSE

Plaintiffs have failed to join indispensable parties.

## THIRTEENTH DEFENSE

To the extent plaintiffs' claims arise out of, or relate to, conduct that occurred in their respective bankruptcy proceedings, the Bankruptcy Code provides plaintiffs with their exclusive means of redress, if any.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred to the extent that such claims are part of plaintiffs' respective bankruptcy estates.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred to the extent that such claims were not included in plaintiffs' respective bankruptcy schedules.

## SIXTEENTH DEFENSE

To the best of LSR's knowledge, information, and belief, and after a reasonable investigation, there was good legal and factual grounds to support the inclusion of all amounts set forth in the proofs of claim filed by LSR on behalf of its clients in each of the plaintiffs' respective bankruptcy proceedings.

5

### SEVENTEENTH DEFENSE

Plaintiffs' Complaint fails to satisfy the "facial plausibility" standard set forth *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 2009 U.S. LEXIS 3472 (2009), and therefore must be dismissed as to LSR.

### EIGHTEENTH DEFENSE

Plaintiffs' claims are barred or limited by judicial estoppel, equitable estoppel, collateral estoppel, release, claim preclusion, and judgment.

### NINETEENTH DEFENSE

Plaintiffs' claims are barred by *res judicata*.

### TWENTIETH DEFENSE

Plaintiffs' claims are barred by prescription, repose, and laches.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred because the conduct at issue was consistent with the Plaintiffs' notes and mortgages with their lenders (*i.e.*, the parties' agreements).

### TWENTY-SECOND DEFENSE

This case is not appropriate for certification of a class, and all class allegations and class claims should be dismissed.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred to the extent that the parties have agreed as to the amounts of the debt and/or to the extent waived and/or admitted during the bankruptcy or foreclosure proceedings.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part by Plaintiffs' voluntary agreement to the terms and conditions of the loan(s) at issue and/or loan modification agreements, and/or by the confirmed Chapter 13 plans and Chapter 13 plan payments, and/or by the doctrines of ratification, consent, and/or acquiescence.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims against LSR are barred to the extent they seek to impose liability on LSR for acts and omissions of third parties with which LSR has no involvement.  LSR cannot be held liable for actions of third parties over which LSR has no custody or control.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred under the *Rooker-Feldman* doctrine.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred to the extent not raised in an answer in the Jones foreclosure case.

### TWENTY-EIGHTH DEFENSE

This Court should not exercise any jurisdiction and power it has over a putative class on the grounds of comity, equity, and justice.

### TWENTY-NINTH DEFENSE

Some or all of plaintiffs' claims are barred by the doctrine of federal preemption.

### THIRTIETH DEFENSE

To the extent that plaintiffs seek punitive damages, such claims are barred insofar as they violate federal or state constitutions and other applicable law.

### THIRTY-FIRST DEFENSE

With respect to absent putative class members, LSR reserves all affirmative defenses and claims, including, but not limited to, the defenses of lack of personal jurisdiction, lack of subject matter jurisdiction, failure to state a claim, and/or any other claims or counterclaims as may be appropriate.

### THIRTY-SECOND DEFENSE

Plaintiffs' claims are barred by any and all applicable statute of limitations.

### THIRTY-THIRD DEFENSE

Plaintiffs' claims are barred by lack of personal jurisdiction and subject matter jurisdiction over some or all of the putative class members.

### THIRTY-FOURTH DEFENSE

Ohio law cannot be applied to transactions between non-Ohio residents that have no connection to Ohio.

### THIRTY-FIFTH DEFENSE

Any claim by a non-Ohio resident is barred by the doctrine of *forum non conveniens*.

### THIRTY-SIXTH DEFENSE

Plaintiffs' claims are barred to the extent that they were represented by counsel at all relevant times.

### THIRTY-SEVENTH DEFENSE

Plaintiffs' claims are barred to the extent that LSR's communications were made to plaintiffs' counsel, not to the plaintiffs directly.

### THIRTY-EIGHTH DEFENSE

Plaintiffs' claims are barred to the extent that LSR had no communications or interactions with Plaintiffs.

### THIRTY-NINTH DEFENSE

Plaintiffs' claims are barred because LSR acted in good faith, and LSR is protected by any and all good faith error defenses.

### FORTIETH DEFENSE

Plaintiffs' claims are barred under 15 U.S.C. § 1692a(6), including, but not limited to, the exception that LSR is not a "debt collector" related to "serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt."

### FORTY-FIRST DEFENSE

Plaintiffs' claims are barred to the extent that proofs of claim in bankruptcy cannot give rise to liability under the FDCPA.

### FORTY-SECOND DEFENSE

Plaintiffs' claims are barred under O.R.C. § 1345.12, 1345.09, and to the extent that the OCSPA does not apply to LSR.

### FORTY-THIRD DEFENSE

Plaintiffs' claims are barred because amounts included in the bankruptcy proofs of claim filed by LSR are permitted by the Bankruptcy Code and required by LSR's duty to represent its clients to the bounds of the law.

### FORTY-FOURTH DEFENSE

Plaintiffs' claims are barred because LSR is not a "supplier" under the OCSPA. See, *e.g.*, O.R.C. § 1345.01(C).

### FORTY-FIFTH DEFENSE

Plaintiffs' claims against LSR are barred because Plaintiffs were not in privity with LSR.

### FORTY-SIXTH DEFENSE

Plaintiffs' claims under Ohio law are barred.  See, *Simon v. Zipperstein*, 512 N.E.2d 636, 638, 32 Ohio St. 3d 74, 77 (1987), *Scholler v. Scholler*, 462 N.E.2d 158, 10 Ohio St. 3d 98, at syllabus (1984) ("An attorney is immune from liability to third persons arising from his performance as an attorney in good faith on behalf of, and with the knowledge of his client, unless such third person is in privity with the client or the attorney acts maliciously").

### FORTY-SEVENTH DEFENSE

Plaintiffs' claims under Ohio tort law are barred by the economic-loss rule.  See, e.g., *Floor Craft Floor Covering, Inc. v. Parma Community General Hospital Association*, 560 N.E.2d 206, 54 Ohio St.3d 1 (1990).

### FORTY-EIGHTH DEFENSE

LSR reserves the right to assert any and all affirmative defenses and other matters, not plead herein, that discovery may reveal.

WHEREFORE, LSR respectfully requests that this Court dismiss all of the remaining plaintiffs' claims against LSR with prejudice; assess court costs of this matter against the plaintiffs; and award to LSR all other relief, legal and equitable, to which it is entitled.

Respectfully submitted,

/s/  Rick D. DeBlasis_____
Rick D. DeBlasis   (#0012992)
Cynthia Fischer (#0073761)
LERNER, SAMPSON & ROTHFUSS
120 East Fourth Street, Suite 800
Cincinnati, OH  45202
PH: (513) 412-6614
FX: (513) 354-6765
Email: rdd@lsrlaw.com
*Attorneys for Defendant,*
*Lerner, Sampson & Rothfuss*

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2010, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's system.

/s/ Rick D. DeBlasis_____
Rick D. DeBlasis