IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| EUGENE KLINE, et al., | : |
| Plaintiffs, | : |
| | : Case No. 3:08cv408 |
| vs. | : |
| | JUDGE WALTER HERBERT RICE |
| MORTGAGE ELECTRONIC SECURITY | : |
| SYSTEMS, et al., | : |
| Defendants. | : |

DECISION AND ENTRY OVERRULING IN PART AND OVERRULING, WITHOUT PREJUDICE, IN PART PLAINTIFFS' MOTION FOR RECONSIDERATION (DOC. #123)

In this putative class action, the Plaintiffs set forth claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a et seq.; the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq.; and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Revised Code § 1345.01 et seq.; as well as for breach of contract and unjust enrichment under the common law of Ohio. See Doc. #1 at ¶ 2. In their Complaint, the Plaintiffs have named eleven Defendants, including Defendant Lerner, Sampson and Rothfuss ("LS&R").

LS&R filed a motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, requesting that this Court dismiss Plaintiff's Complaint against it for failure to state a claim upon which relief can be granted. See Doc. #18. This

Court referred that motion to United States Magistrate Judge Sharon Ovington for a report and recommendations. After Judge Ovington had submitted such a judicial filing, recommending that this Court sustain LS&R's motion (see Doc. #106), Plaintiffs filed Objections (Doc. #110) thereto. In its Decision of September 21, 2009 (Doc. #116), the Court sustained in part and overruled in part, both Plaintiffs' Objections and LS&R's motion.

Of particular present importance, this Court concluded that LS&R's communications with Plaintiff Eugene Kline's ("Kline") attorney, in which attorney's fees had been requested by LS&R, did not violate the FDCPA, thus sustaining the branch of LS&R's motion with which it sought dismissal of claims predicated upon those communications. Doc. #116 at 8-10. In support of that conclusion, this Court relied upon the decision of the Ninth Circuit in Guerrero v. RJM Acquisitions LCC, 499 F.3d 926 (9th Cir. 2006), wherein the court held that a communication directed solely at a debtor's attorney is not actionable under the FDCPA. Id. at 934.

In addition, this Court concluded that it must dismiss the state law claim for unjust enrichment of Plaintiff Jon Shayne Jones ("Jones") and Plaintiffs George and Carol Ross ("Rosses") and the class action allegations in their state law allegations under the OCSPA. This Court concluded that their claim of unjust enrichment must be dismissed, because the Plaintiffs' Complaint had failed to allege that Jones and the Rosses had conferred a benefit on LS&R. See Doc. #116 at 17. The Court determined that it must dismiss the class action allegations of their claims under the OCSPA, in accordance with § 1345.09(B) of the Ohio Revised Code, because there was no indication that the violation upon which their

claim rested "was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1345.05 of the Revised Code before the consumer transaction on which the action is based, or an act or practice determined by a court of this state to violate section 1345.02, 1345.03, or 1345.031 of the Revised Code and committed after the decision containing the determination has been made available for public inspection under division (A)(3) of section 1345.05 of the Revised Code." The Court concluded that the Plaintiffs had failed to cite such a rule or decision and, therefore, dismissed the class action allegations. Doc. #116 at 18-19.

This case is now before the Court on Plaintiffs' Motion for Reconsideration (Doc. #123), with which they challenge those rulings by the Court. The Court addresses the Plaintiffs' challenges in the order they have been presented in their motion. For reasons which follow, this Court overrules in part and overrules in part, without prejudice, the Plaintiffs' motion.

Plaintiffs initially argue that this Court's decision conflicts with the decision of the Sixth Circuit in Baranay-Snyder v. Weiner, 539 F.3d 237 (6th Cir. 2008), wherein the Sixth Circuit held that "Ohio law prohibits creditors from recovering attorney's fees in connection with the collection of a consumer debt." Id. at 332. Since the Sixth Circuit did not address the issue of whether communications with a debtor's attorney are actionable under the FDCPA, the issue addressed by this Court in its earlier decision, same is not in conflict with Baranay-Snyder. Accordingly, the Court rejects the Plaintiffs' initial ground for reconsideration. Accordingly, the Court overrules this branch of Plaintiffs' Motion for Reconsideration (Doc. #123).

- 3 -

Next, Plaintiffs argues that there are a number of Ohio state court decisions, which indicate that Jones' and the Rosses' class action allegations are viable. This Court overrules this branch Plaintiffs' motion, without prejudice to renewal. There is a more fundamental problem with the Court's ruling in that regard. A little more than six months after this Court had entered its Decision (Doc. #116), the United States Supreme Court, in <u>Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.</u>, — U.S. —, 130 S.Ct. 1431 (2010), held that whether a class action, based on state law claims, may be certified in federal court is dependent upon Rule 23 of the Federal Rules of Civil Procedure, rather than state law limitations on the availability of class actions. Accordingly, the Court overrules, without prejudice to renewal, this branch of Plaintiffs' Motion for Reconsideration (Doc. #123). If Plaintiffs are to renew this branch of their motion, they must do so within 20 days and focus on the applicability of <u>Shady Grove</u> to this litigation.[1]

Finally, Plaintiffs argue that the Court overlooked a number of allegations which support the contention that they conferred a benefit on LR&S. This Court cannot agree. The letters sent by LS&R demanded payment of attorney's fees to LS&R's client, not to the law firm itself. In addition, the Plaintiffs' allegations that they conferred a benefit on LS&R, because the law firm owned the firm which served process, fails to comply with the strict pleading requirements recently established by the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, — U.S. —, 129 S.Ct. 1937 (2009). Accordingly, the Court overrules this branch of Plaintiffs' Motion for Reconsideration (Doc. #123).

---

[1] Plaintiffs are, of course, free to set forth therein, as well, their arguments in favor of reconsideration contained in this branch of their Motion for Reconsideration (Doc. #123).

- 5 -

Based upon the foregoing, the Court overrules in part and overrules, without prejudice, in part Plaintiffs' Motion for Reconsideration (Doc. #123).

September 28, 2010

                                          WALTER HERBERT RICE, JUDGE
                                          UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.