IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EUGENE KLINE, et al.,                      :

      Plaintiffs,                          :

                                     Case No. 3:08cv408

      vs.                                  :

                                       JUDGE WALTER HERBERT RICE

MORTGAGE ELECTRONIC SECURITY    :
SYSTEMS, et al.,                           :

      Defendants.                          :

---

DECISION AND ENTRY SUSTAINING MOTION FOR SUMMARY
JUDGMENT FILED BY DEFENDANT FLAGSTAR BANK, FSB
(DOC. #132), TREATED AS A MOTION TO DISMISS UNDER FED. R.
CIV. P. 12(b)(6)

---

In this putative class action, the Plaintiffs set forth claims under the Fair

Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a et seq.; the Truth in

Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq.; and the Ohio Consumer Sales

Practices Act ("OCSPA"), Ohio Revised Code § 1345.01 et seq.; as well as for

breach of contract and unjust enrichment under the common law of Ohio. See

Doc. #157 at ¶ 2. In their Amended Complaint, the Plaintiffs have named eleven

Defendants, including Defendant Flagstar Bank, FSB. Only Plaintiffs George and

Carol Ross ("Rosses") have claims set forth against Flagstar in this litigation. In

particular, they allege that, on May 9, 2007, Flagstar filed a proof of claim in their

Chapter 13 proceedings under the Bankruptcy Code, seeking to recover $475.00

for pre-petition bankruptcy fees and $495.22 for accrued late charges.  Plaintiffs'

Amended Complaint (Doc. #157) at ¶¶ 121-122.[1]  According to the Rosses,

attempting to collect such fees and charges is illegal under federal and state law.

Id. at ¶¶ 124-125.  The Rosses have asserted only three state law claims against

Flagstar, to wit: under the OCSPA, for unjust enrichment and for breach of

contract.

This case is now before the Court on Flagstar's Motion for Summary

Judgment (Doc. #132), in which it argues that it is entitled to summary judgment

for a number of reasons, principally because it had sold the Rosses' residential

mortgage before the proof of claim was filed in their proceedings under Chapter

13; that it, therefore, had no involvement in filing the proof of claim; and that

Plaintiffs' claims against it are preempted by the Home Owners Loan Act

("HOLA"), 12 U.S.C. § 1461, et seq.  Flagstar supports that proposition with the

Declaration of Mark Daly ("Daly"), its Vice President of Wholesale Sales, who

states, inter alia, that Flagstar is a federal bank and that it sold the Rosses' Note

and the right to service that Note in 2003, well before the proof of claim was filed

in their proceeding under Chapter 13.

The Rosses have responded to Flagstar's argument by pointing out that they

have not yet had the opportunity to conduct any discovery.  They have also

submitted a Declaration from their counsel, pursuant to Rule 56(f) of the Federal

---

[1]The Plaintiffs' allegations against Flagstar in their initial and amended pleading are not materially different.

- 2 -

Rules of Civil Procedure, which explains why they need to conduct discovery in order to respond to the foregoing arguments of Flagstar.

This Court agrees with the Rosses that they should have to opportunity of conducting discovery before responding to the branch of Flagstar's motion predicated upon the premise that it sold the Note and the right to service same, long before the proof of claim was filed.  In addition, there would be a need to conduct discovery on the issue of the status of Flagstar as a federal savings bank, given that Daly's affidavit is phrased in the present tense, and does not, therefore, establish that Flagstar was such an institution in 2007, when the proof of claim was filed.  However, Flagstar has raised an additional argument, one dispositive of the present motion, namely that the Rosses' state law claims, the only claims they have asserted against it, are preempted by the Bankruptcy Code.  That argument is not dependent on evidence; rather, it is predicated solely upon the allegations in the Plaintiffs' Amended Complaint that the Rosses' claims against Flagstar are based on an act occurring during their bankruptcy, the filing of a proof of claim. The Court now rules on this branch of Flagstar's motion, treating it as a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, since resolution of same is not dependent on matters beyond the Plaintiffs' Amended Complaint (Doc. #157).

In MSR Exploration, Ltd. v. Meridian Oil, Inc., 74 F.3d 910, 914 (9th Cir. 1996), the Ninth Circuit addressed the issue of whether the Bankruptcy Code preempts state law claims predicated upon actions occurring during a bankruptcy proceeding.  Therein, a Chapter 11 debtor brought a malicious prosecution claim against a creditor, predicated upon the debtor's allegations that the creditor had

- 3 -

maliciously pursued claims against it in bankruptcy proceeding.  The Ninth Circuit

concluded that the debtor's malicious prosecution claim was preempted,

explaining:

> Second, in a related vein, a mere browse through the complex,
> detailed, and comprehensive provisions of the lengthy Bankruptcy Code, 11
> U.S.C. §§ 101 et seq., demonstrates Congress's intent to create a whole
> system under federal control which is designed to bring together and adjust
> all of the rights and duties of creditors and embarrassed debtors alike.  While
> it is true that bankruptcy law makes reference to state law at many points,
> the adjustment of rights and duties within the bankruptcy process itself is
> uniquely and exclusively federal. It is very unlikely that Congress intended to
> permit the superimposition of state remedies on the many activities that
> might be undertaken in the management of the bankruptcy process.
>
> Debtors' petitions, creditors' claims, disputes over reorganization
> plans, disputes over discharge, and innumerable other proceedings, would all
> lend themselves to claims of malicious prosecution.  Those possibilities
> might gravely affect the already complicated processes of the bankruptcy
> court. See, e.g., Gonzales v. Parks, 830 F.2d 1033 (9th Cir. 1987)
> (attempted malicious prosecution claim for debtors' filing of a petition in
> bankruptcy); Koffman v. Osteoimplant Technology, Inc., 182 B.R. 115
> (D.Md. 1995) (attempted malicious prosecution claim for the filing of an
> involuntary petition and for violation of a stay); Edmonds v. Lawrence Nat'l
> Bank & Trust Co., 16 Kan. App.2d 331, 823 P.2d 219 (1991) (attempted
> malicious prosecution claim for filing a petition to revoke a debtor's
> discharge); Idell v. Goodman, 224 Cal. App.3d 262, 273 Cal. Rptr. 605
> (1990) (attempted malicious prosecution claim for adversary proceeding to
> preclude a discharge of debts).  Of course, the opportunities for asserting
> malicious prosecution claims would only be limited by the fertility of the
> pleader's mind and by the laws of the state in which the proceeding took
> place.
>
> In short, the highly complex laws needed to constitute the bankruptcy
> courts and regulate the rights of debtors and creditors also underscore the
> need to jealously guard the bankruptcy process from even slight incursions
> and disruptions brought about by state malicious prosecution actions.

Id. at 914 (footnote omitted).  In the omitted footnote, the Ninth Circuit wrote:

> For example, the court has great authority over the allowance and
> disallowance of claims, for a myriad of reasons. See 11 U.S.C. § 502.
> Similarly, it can affect debtors, creditors, and claims in ways that would

never be dreamt of outside of the bankruptcy process.  See, e.g., 11 U.S.C.
§§ 365, 506.

Id. at 914 fn 2.

This Court finds that the result reached and the reasoning used by the Ninth

Circuit in MSR Exploration to be persuasive and will follow same.  Moreover, the

Plaintiffs have not argued, nor can the Court conclude that there is a material

distinction between a state law claim of malicious prosecution and the state law

claims asserted by the Rosses herein.

Moreover, the points raised by the Rosses in their Memorandum in

Opposition (Doc. #140) do not persuade this Court that it should decline to follow

MSR Exploration.  First, Plaintiffs argue that, in its Decision of September 21, 2009

(Doc. #116), this Court addressed and rejected the preemption argument.  Rather

than addressing the issue of whether the Bankruptcy Code preempts state law

claims based on actions occurring during a bankruptcy proceeding, this Court

rejected the argument that the Bankruptcy Code impliedly repealed the FDCPA.

Second, the Rosses argue that Bankruptcy Courts throughout Ohio have directed

creditors not to include requests for attorney's fees for consumer debts.  That is

exactly the point of MSR Exploration, to wit: that the Bankruptcy Courts should

adjust disputes over claims, rather than permitting debtors to resort to state law

remedies.  Third, the Rosses contend that Flagstar's preemption argument is

contrary to the decision of the Sixth Circuit in Pertuso v. Ford Motor Credit Co.,

233 F.3d 417 (6th Cir. 2000).  On the contrary, therein, the Sixth Circuit concluded

that a discharged Chapter 7 debtor's state law claims of unjust enrichment and for

an accounting, predicated on violations of the automatic stay and Bankruptcy Code

provisions governing reaffirmation agreements, were preempted by the Bankruptcy

Code.  In support of that decision, the Sixth Circuit relied upon the decision of the Ninth Circuit in MSR Exploration, and quoted from the decision extensively.  The Pertuso court also noted that "[a]s Ford correctly points out, the Pertusos' state law claims presuppose a violation of the Bankruptcy Code."  Id. at 925.  The Rosses argue that their claims do not presuppose a violation of the Bankruptcy Code.  Accepting that assertion for present purposes,[2] this Court does not read Pertuso as being limited to instances where such a violation is presupposed or assumed.

Accordingly, the Court sustains Flagstar's Motion for Summary Judgment (Doc. #132), treated as a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

September 28, 2010

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.

[2]It should be noted, however, that § 502(b)(1) of the Bankruptcy Code provides for the disallowance of a claim, if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 502(b)(1).