# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| EUGENE KLINE, *et al.*, | : | |
| Plaintiffs, | : | Case No. 3:08cv408 |
| vs. | : | District Judge Walter H. Rice |
| | | Magistrate Judge Sharon L. Ovington |
| MORTGAGE ELECTRONIC | : | |
| SECURITY SYSTEMS, *et al.*, | | |
| | : | |
| Defendants. | | |

---

## REPORT AND RECOMMENDATIONS[1]

---

## I.    INTRODUCTION

This matter is before the Court on Defendant Wells Fargo Bank, N.A.'s ["Wells Fargo"] motion for judgment on the pleadings (Doc. #182) with respect to Plaintiff Jon Shayne Jones' claims against Wells Fargo in the First Amended Complaint; Plaintiff Jones' memorandum in opposition thereto (Doc. #205); Defendant Wells Fargo's reply memorandum (Doc. #213); and the record as a whole.

## II.    PROCEDURAL BACKGROUND/THE PARTIES' CLAIMS

---

[1]Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

On November 10, 2008, five individual Plaintiffs [Eugene Kline; Jon Shayne Jones; Diana L. Hughes; and George and Carol Ross, husband and wife], on behalf of themselves and "all others similarly situated," filed a putative class action complaint against multiple Defendants, setting forth federal claims under the Fair Debt Collection Practices Act ["FDCPA"], 15 U.S.C. § 1692, *et seq.*; the Truth in Lending Act ["TILA"], 15 U.S.C. § 1666d; and the Class Action Fairness Act ["CAFA"], 28 U.S.C. § 1332(d); as well as state law claims under the Ohio Consumer Sales Practices Act ["OCSPA"], Ohio Rev. Code § 1345.01, *et seq.*; and for breach of contract and unjust enrichment.  (Doc. #1).  All Plaintiffs claim to have been owners of property purchased with loans secured by residential mortgages owned, held, serviced or otherwise controlled by Defendants, who allegedly "have engaged in misconduct in connection with the servicing of" those mortgage loans.  (*Id.* at ¶3).

Many of the Defendants identified in the original complaint thereafter moved separately for judgment as to some or all of Plaintiffs' claims.  (*See, e.g.,* Doc. ##18, 30, 31, 35, 67, 72, 74, 132).  Among those filings was an earlier Motion for Judgment on the Pleadings by Defendant Wells Fargo.  (Doc. #67).  The Court granted Wells Fargo's prior motion as to Plaintiff Jones' claims arising out of his bankruptcy proceeding and under the OCSPA, but denied that motion in all

other respects. (*See* Doc. #155).

On April 14, 2010, with leave of the Court (*see* Doc. #154 at 15), Plaintiffs filed their first amended complaint (Doc. #157), in order to add Barclays' Capital Real Estate, Inc. as a new Defendant (*see id.* at ¶10), and also to allow Plaintiffs Kline and the Rosses to "properly plead[ ] their state law claims of breach of contract, unjust enrichment and for class action status under the OCSPA, subject to the strictures of Fed. R. Civ. P. 11." (Doc. #154 at 15). According to the amended complaint's allegations with respect to Plaintiff Jones, Defendant Wells Fargo initiated a foreclosure action against Jones on June 1, 2007. (Doc. #157 at ¶79). Plaintiffs allege, however, that contrary to Wells Fargo's representations re its status as "owner and holder" of the promissory note on Jones' mortgage, that note and mortgage were not formally assigned to Wells Fargo until July 1, 2007, and even then the assignment was not properly executed. (Doc. #157 at ¶¶81-87). Plaintiffs also assert that in connection with that foreclosure action, Defendant Wells Fargo improperly inflated the costs and fees it sought to charge Jones, some allegedly in violation of federal and/or state law. (Doc. #157 at ¶¶88-108). Based on Defendant's actions as alleged, Plaintiffs assert that Defendant Wells Fargo is liable to Plaintiff Jones for unjust enrichment and breach of contract. (Doc. #157 at ¶¶151-76).

On June 1, 2010, Defendant Wells Fargo moved for judgment on the pleadings as to Plaintiff Jones' claims against it in that amended complaint. (Doc. #182). Defendant Wells Fargo seeks judgment in its favor as to all of Plaintiff Jones' claims against it, set forth in Plaintiffs' Fourth and Fifth Claims for Relief and sounding in unjust enrichment and breach of contract. (*See* Doc. #157 at ¶¶151-176). Wells Fargo first argues that because judgment already has been entered against Jones in a mortgage foreclosure action in state court, Plaintiff Jones' action here is barred by the doctrine of *res judicata* and/or by the *Rooker-Feldman* doctrine. (Doc. #182 at 1-2, 6-13). Additionally, that Defendant argues that Plaintiff Jones has identified no contract provision that Wells Fargo is alleged to have breached, nor any damages he allegedly sustained as the result of any breach. (*Id.* at 14-15). Finally, Wells Fargo contends that Plaintiffs' amended complaint fails to show that Plaintiff Jones conferred any benefit upon Wells Fargo, as required to maintain an unjust enrichment claim, and that the existence of written agreements also negates such a claim. (*Id.* at 15-17). Defendant Wells Fargo thus asks that judgment be entered in its favor and against Plaintiff Jones as to all of his claims against it. (*Id.* at 18).

In response, Plaintiff Jones contends that his action here is not barred by *res judicata* and/or the *Rooker-Feldman* doctrine because he "does not seek to undo

the state court judgment," the matters at issue here purportedly were not adjudicated in that prior action, and because that judgment allegedly was the product of fraud. (Doc. #205 at 1-13). As to his breach of contract claim, Jones urges that by identifying his note and mortgage as the written agreements at issue, alleging that Wells Fargo falsely represented its interest as assignee thereof, and identifying the pending judgment against him as well as out-of-pocket expenses he incurred, he has set forth the elements necessary to sustain such a claim. (*Id.* at 14-17). Finally, Plaintiff Jones urges that he has pled an unjust enrichment claim sufficient to survive this motion simply by alleging that Wells Fargo charged him improper fees, even if he "could not show that Wells Fargo received a direct benefit" from any amounts he paid. (*Id.* at 19-20). Plaintiff thus asks that Wells Fargo's motion for judgment on the pleadings be denied in all respects. (*Id.* at 20).

## III.   APPLICABLE STANDARD OF REVIEW

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard applicable to motions under Rule 12(c) "is the same as a review under Rule 12(b)(6)." *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006), *cert. denied*, 551 U.S. 1104 (2007) (citing *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir.

1998)).

Fed. R. Civ. P. 12(b)(6) provides that a party may present by motion a defense that a particular claim for relief fails to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," so "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombley*, 550 U.S. at 555). "[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Id.* at 1954. "And Rule 8 does not empower [a plaintiff] to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Id.*

In the end, determining whether a complaint states "a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted).

## IV. DISCUSSION

**Prior State Court Judgment As Bar To Federal Action**

Sometime in 2007, the Court of Common Pleas of Montgomery County, Ohio, entered default judgment against current Plaintiff Jon Shayne Jones in a mortgage foreclosure action brought against him by Wells Fargo with regard to the same mortgage loan at issue in the matter now before this Court. (*See* Doc. #182, Exh. A; *see also* Doc. #157 at ¶¶99-101). On September 13, 2007, the state court entered a final judgment and decree in foreclosure against Jones, awarding Wells Fargo damages in the amount of $72,190.94, plus interest, taxes, insurance, and other unspecified "costs" related to the foreclosure action. (Doc. #182, Exh. C).

Although that judgment has been stayed due to Jones' subsequent bankruptcy filing (*see* Doc. #157 at ¶¶101, 102), Plaintiff Jones alleges here that Wells Fargo "falsely represented" in the bankruptcy action that Jones owed $4,276.26 in "Costs" and "Escrow Shortages" that Jones claims were improperly assessed. (*Id.* at ¶¶103, 107). According to Jones, "an enforceable judgment of foreclosure against Jones" nonetheless "still exists" in the state court, and may allow Wells Fargo "to force the sale of Jones' home[ ] and recover the costs and fees associated with the foreclosure action." (*Id.* at ¶101). That prospect forms the basis for his action against Wells Fargo here.

Invoking principles of *res judicata* as well as the *Rooker-Feldman* doctrine, Defendant Wells Fargo now contends that Plaintiff Jones is legally precluded from pursuing this action as a collateral attack on that state court judgment. (Doc. #182 at 1-2, 6-13). This Court will undertake each argument separately.

a.      <u>Res Judicata</u>

The doctrine of *res judicata* includes two separate concepts – "issue preclusion" and "claim preclusion." *Wilkins v. Jakeway*, 183 F.3d 528, 532 (6th Cir. 1999) (citing *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)). Claim preclusion "refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that [such matter] should have been advanced in an earlier suit." *Id.* A claim will be barred under the doctrine of claim preclusion if the following four elements are present: (1) a final decision on the merits; (2) a subsequent action between the same parties or their privies; (3) a claim in the subsequent action that was or should have been litigated in the prior action; and (4) both actions arose out of the same transaction or occurrence. *See id.* (citing *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995), *cert. denied*, 517 U.S. 1220 (1996)); *see also Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (Ohio 1995); *Portage County Bd. of Comm'rs v. City of Akron*, 846 N.E.2d 478, 495 (Ohio 2006) (quoting *Hapgood v. City of Warren*,

127 F.3d 490, 493 (6th Cir. 1997), *cert. denied*, 523 U.S. 1046 (1998)).  When

applicable, claim preclusion "operates as a complete bar to any subsequent action

on the same claim or cause of action between the parties or those in privity with

them."  *Brown v. City of Dayton*, 730 N.E.2d 958, 961 (Ohio 2000) (citations and

internal quotation marks omitted).

Pursuant to "issue preclusion" (also commonly known as "collateral

estoppel"), a party is precluded from re-litigating issues of fact or law "actually

litigated and decided in a prior action between the same parties and necessary to

the judgment, even if decided as part of a different claim or cause of action."

*Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 661 (6th Cir.

1990); *see also Migra*, 465 U.S. at 77.

Defendant Wells Fargo advances <u>both</u> forms of *res judicata* as bars to the

breach of contract and unjust enrichment claims that Plaintiff Jones asserts

against it in this Court.  (Doc. #182 at 6-11).  Conversely, Plaintiff Jones argues

that neither form of preclusion applies "where there are allegations that the prior

judgment might have been tainted or otherwise impacted by fraud" (Doc. #205 at

13), and further urges that the prior state court judgment against him is subject to

neither form of preclusion.  (*Id.* at 5-13).

The law of Ohio, which both parties apparently agree applies as to this

issue,[2] implicitly recognizes a fraud exception to the *res judicata* doctrine, as

follows:

> The doctrine of res judicata is that an existing final
> judgment rendered upon the merits, <u>without</u> <u>fraud</u> or
> collusion, by a court of competent jurisdiction, is
> conclusive of rights, questions and facts in issue, as to
> the parties and their privies, in all other actions in the
> same or any other judicial tribunal of concurrent
> jurisdiction.

*Gargallo*, 918 F.2d at 661 (emphasis added); *see also Stuhlreyer v. Armco, Inc.*, 12

F.3d 75, 77 (6th Cir. 1993).  As a recent decision out of this very Court astutely has

recognized, however, if a plaintiff "believes [that a] Common Pleas judgment

was obtained by fraud on that court, [his] remedy is by way of a motion for relief

from judgment under Ohio R. Civ. P. 60(b), not by way of a collateral attack on

that court's judgment."  *See Thyne v. GMAC Mort. Corp.*, No. 3:09-cv-377, 2010 WL

3075185, at *4 (S.D. Ohio Aug. 4, 2010) (Merz, M.J.).[3]  The inapposite cases cited in

Jones' opposing memorandum notwithstanding,[4] Plaintiff Jones cannot rely on

---

[2](*See* Doc. #182 at 6 n.8) ("In this case, the Court must apply the Ohio common law of *res judicata*."); (*see also* Doc. #205 at 13) (citing cases discussing Ohio law re *res judicata*).

[3]That conclusion also is not negated by Jones' suggestion that the claims in his second action "were not discoverable during the pendency of the first action."  (Doc. #205 at 13 n.6).  *See infra.*

[4]*See In re Abdur'Rahman*, 392 F.3d 174, 194 (6th Cir. 2004), *vacated*, 545 U.S. 1151 (2005); *Stand Energy Corp. v. Ruyan*, No. C-050004, 2005 WL 2249107 (Ohio Ct. App. Sept. 16, 2005) (both cited in Doc. #205 at 13).

his allegations of fraud by Defendant Wells Fargo to avoid any preclusive effect of the state court judgment against him.

Accordingly, the Court turns to Defendant's arguments regarding the allegedly preclusive effect of that judgment, and first consider whether Plaintiff Jones' action here is barred by the doctrine of "claim preclusion." Wells Fargo argues that claim preclusion applies because any dispute as to the validity of the fees and costs awarded as part of the state foreclosure judgment against Jones were or should have been litigated during the foreclosure case itself, or on an appeal from that judgment. (Doc. #182 at 6). In seeking to avoid that result, Plaintiff Jones presents no argument as to two of the four requisite elements – *i.e.*, that this action involves the same parties as the Ohio state court action [specifically, Wells Fargo and Jones] (*see* Doc. #157 at ¶¶ 79, 81, 100, 101; *see also* Doc. #182, Exh. C), and that this action arises out of the same transaction or occurrence that was the subject matter of the Ohio state court action [specifically, the circumstances surrounding Wells Fargo's foreclosure on Jones' mortgage]. (*See* Doc. #157 at ¶¶ 81-83, 93, 99, 100; *see also* Doc. #182, Exhs. A-C).[5] Instead, Jones maintains that claim preclusion does not apply to his claims before this Court because there was no "express adjudication" in the state court regarding

---

[5]Indeed, in light of the portions of the record cited here, this Court would conclude that no viable arguments opposing the existence of those two elements are possible. (*See supra*).

the claims he seeks to present here.  (Doc. #205 at 8-11).

Interpreted most liberally, that argument arguably implicates the remaining two elements required for claim preclusion to apply – *i.e.*, that the state court's entry of default judgment against Jones did not constitute a final decision on the merits of the state court action, or that his claims in this Court were not and could not have been litigated in the prior state court action.  This Court concludes that such argument cannot succeed as to either of those elements.

The amended complaint's averment that the state court action resulted in "an enforceable judgment" against Plaintiff Jones (Doc. #157 at ¶100) tacitly reinforces that court's reference to its judgment as a "final and appealable" order. (*See* Doc. #182, Exh. C at 1).  Moreover, Ohio case law expressly recognizes that "[a] default judgment is a valid and final judgment upon the merits, and it can be, therefore, a proper bar to later claims for purposes of claim preclusion." *Stand Energy Corp. v. Ruyan*, No. C-050005, 2005 WL 2249107, at *2 (Ohio Ct. App. Sept. 16, 2005) (citing *Federal Deposit Ins. Corp. v. Willoughby*, 482 N.E.2d 1267 (Ohio Ct. App. 1984)); *see also Board of County Comm'rs v. Hessler*, No. 2007CA00028, 2008 WL 2788278, at *6 (Ohio Ct. App. 2008) (quoting same).

The decision on which Plaintiff Jones relies so heavily for the contrary conclusion – *In re Sweeney*, 276 B.R. 186, 193 (B.A.P. 6th Cir. 2002) (*see* Doc. #205 at

-12-

13) – involved an analysis of "collateral estoppel," or <u>issue</u> preclusion, and thus

does not support the proposition that Jones advances regarding <u>claim</u> preclusion.

*See id.* at 191-92.[6] In a recent case where a plaintiff's federal court action against

the company servicing his mortgage followed a state court default judgment

against him in a mortgage foreclosure action brought by that same party, the

federal district court clearly articulated the significance of that distinction, as

follows:

> In Ohio a default judgment may have <u>issue</u> <u>preclusive</u>
> effect <u>only</u> <u>if</u> the judgment <u>expressly</u> <u>adjudicates</u> an
> issue. A default judgment based on an unanswered
> complaint does not constitute an express adjudication.
> *In re Monas*, 309 B.R. 302, 306-07 (Bankr. N.D. Ohio 2004)
> (quoting *In re Sweeney*, 276 B.R. 186, 193 (B.A.P. 6th Cir.
> 2002)).
>
> In this case, the state court default judgment resulted
> from plaintiff's failure to answer the complaint, not on
> express adjudication of any issue. Therefore, as plaintiff
> correctly argues, <u>the</u> <u>default</u> <u>judgment</u> <u>is</u> <u>not</u> <u>issue</u>
> <u>preclusive</u> and does not bar plaintiff's suit here.
>
> This is <u>not</u> <u>so</u>, <u>however</u>, <u>with</u> <u>claim</u> <u>preclusion</u>. Claim
> preclusion depends <u>only</u> on <u>whether</u> the court entered
> <u>final</u> <u>judgment</u>, not whether the parties actually litigated
> a particular claim covered by that judgment. *See Lewis*
> *v. Kizer*, [No. 17-03-05,] 2003 WL 21904793 (Ohio Ct.

---

[6]The similar conclusion reached in the only other case cited (in a footnote) within this section of Plaintiff Jones' opposing memorandum – *Zaperach v. Beaver*, 451 N.E.2d 1249 (Ohio Ct. App. 1982) (cited in Doc. #205 at 8 n.3) – also does not appear to be the result of a <u>claim</u> preclusion analysis. *See id.* at 1252.

> App. [Aug. 11, 2003]). A default judgment acts as a
> valid and final judgment on the merits. *Stand Energy
> Corp. v. Ruyan*, [No. C-050005,] 2005 WL 2249107, *2
> (Ohio Ct. App. [Sept. 16, 2005]). The satisfies the first
> element of claim preclusion.

*Harris-Gordon v. Mortgage Elecs. Registration Sys.*, No. 3:09CV02700, 2010 WL

3910167, at **2-3 (N.D. Ohio Oct. 4, 2010) (emphasis added) (citation to record

omitted). The court there thus held that claims the plaintiff "should have . . .

raised . . . in the foreclosure or bankruptcy proceedings" were barred. *Id.* at *3.

This Court concurs in the well-reasoned rationale enunciated by the Court

in *Harris-Gordon*, and likewise concludes that the state court default judgment

against Plaintiff Jones satisfies the first, "finality" element necessary for claim

preclusion to take effect in this matter.

Finally, as to the sole remaining element, the maxim that "[u]nder Ohio *res

judicata* doctrine, the question is not what claims Plaintiff[ ] opted to include[,] . . .

but what claims [he] could have included[,]" in the prior state court action is

applicable here. *See Tolliver v. Liberty Mut. Fire Ins. Co.*, No. 2:06-CV-904, 2010 WL

148159, at *6 (S.D. Ohio Jan. 11, 2010) (Marbley, J.) (emphasis added) (internal

quotation and citation omitted). As Defendant Wells Fargo aptly notes (*see* Doc.

#182 at 8), the costs and fees to which Plaintiff Jones now objects were

encompassed by the broad award of unspecified "costs" included in the state

court's entry of judgment against him. (*See* Doc. #182, Exh. C at 2-4).

Significantly, a copy of the untimely mortgage assignment that Jones now

challenges as fraudulent (*see* Doc. #157 at ¶¶81-85) was appended to the affidavit

offered by Wells Fargo in support of its damages claim in the state court action

(*see* Doc. #182, Exh. B at 23), <u>before</u> final judgment was entered there. Although

Jones had opportunities to respond in opposition to both Wells Fargo's state

court complaint and that affidavit, he did not do so. Having failed to answer

Wells Fargo's foreclosure complaint, to engage in any discovery as to Wells

Fargo's claims in the state court action, or even to react to a record filing which

showed on its face that Jones' mortgage was not assigned until July 6, 2007, <u>after</u>

the state court foreclosure action was filed, the record does not support his

contention that the present claims "were not discoverable during the pendency

of the first action." (Doc. #205 at 13 n.6); (*see also* n.3, *supra*). While the record

confirms that Plaintiff Jones did not raise his present claims in defense of Wells

Fargo's state court mortgage foreclosure action, the record before this Court also

confirms that he <u>could</u> have done so. That unseized opportunity is sufficient to

satisfy the fourth and final "was or should have been litigated" element

necessary for claim preclusion to attach here. *See, e.g., Wilkins*, 183 F.3d at 532.

      Having concluded that Plaintiff Jones' instant action against Defendant

Wells Fargo is barred by claim preclusion, this Court need not consider

Defendant's additional arguments for judgment in its favor. Nevertheless,

because the Court believes that an additional basis does exist for entering

judgment against Plaintiff Jones on the merits as to at least one of his claims

against Defendant Wells Fargo, the Court also has detailed, *infra*, that alternative

basis for judgment on the pleadings as to that claim.

**Fourth Claim For Relief - Unjust Enrichment Claim**

In *Catlett v. Central Allied Enters., Inc.*, No. 08 CO 5, 2009 WL 2859223, at *2

(Ohio Ct. App. Aug. 31, 2009), the state appellate court restated the elements of a

claim of unjust enrichment under Ohio law, as follows:

> In order to recover under a theory of unjust enrichment,
> the following elements must be proved: (1) the plaintiff
> conferred a benefit upon the defendant, (2) the
> defendant had knowledge of the benefit, and (3)
> circumstances render it unjust or inequitable to permit
> the defendant to retain the benefit without
> compensating the plaintiff.

*Id.* (citing *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984)).

Defendant Wells Fargo first asserts that Plaintiff Jones has failed to state a

viable unjust enrichment claim against it because he has failed to identify any

benefit that he conferred on Wells Fargo. (Doc. #182 at 15-16). Additionally,

Wells Fargo urges that no unjust enrichment claim may lie where a written

-16-

contract exists between the parties. (*Id.* at 16-17). Countering that the amended complaint "has specifically identified each of the fees and expenses which the plaintiffs claim were illegally charged," Jones insists that he is required to do no more at this juncture. (Doc. #205 at 17-18, citing Doc. #157 at ¶¶88, 94, 95, 97). He contends that information regarding the "benefit" ultimately received by any Defendant "is with the defendants' exclusive knowledge and control," and thus need not be included in his original pleading. (*Id.* at 19). Furthermore, he suggests that even if he cannot prove that Wells Fargo directly benefitted from amounts he paid, this Court still could award damages based on "profits resulting from illegal activity, rather than the losses incurred by the plaintiff." (*Id.* at 20).

In a prior Order issued in this case, Judge Rice expressly "reject[ed] the Plaintiffs' assertion that one can infer that they conferred a benefit on [Defendant] MERS merely because they allege that [such Defendant] demanded the payment of certain fees." (Doc. #154 at 13 n.4). Although the portions of the amended complaint that Jones now offers in support of his unjust enrichment claim (*see* Doc. #205 at 18) aver that Defendant Wells Fargo "inflated," "passed on" or "charged" improper fees (*see* Doc. #157 at ¶¶88, 94, 95, 97), conspicuously absent is any allegation that Jones actually <u>paid</u> such fees to Wells Fargo, or that Wells

Fargo actually <u>collected</u> them from him. Under established Ohio law, proof that

"the plaintiff conferred a benefit upon the defendant" would seem to

contemplate that Defendant Wells Fargo must actually have <u>received</u> payment of

some improper fee from Plaintiff Kline, rather than merely have sought such a

fee on behalf of itself or some other entity, in order to have been "unjustly

enriched." *See Catlett*, 2009 WL 2859223, at *2. Indeed, significant amounts of

case law support such a construction. *See, e.g., DavCo Acquisition Holding, Inc. v.

Wendy's Int'l, Inc.*, No. 2:07-cv-1064, 2008 WL 755283, at *11 (S.D. Ohio Mar. 19,

2008) (Graham, J.) ("it is not sufficient that the defendant gain an enrichment; the

enrichment must be unjust") (citing *Chesnut v. Progressive Casualty Ins. Co.*, 850

N.E.2d 751 (Ohio Ct. App. 2006); *Hoyt v. Nationwide Mut. Ins. Co.*, No. 04AP-941,

2005 WL 3220192, at *11 (Ohio Ct. App. Dec. 1, 2005) ("Unjust enrichment

involves not only a loss by the plaintiff, but also the defendant must receive a

gain."); *Paul Vlack Co., Inc. v. BancOhio Nat'l Bank*, No. 87AP-1121, 1988 WL 84412,

at *3 (Ohio Ct. App. Aug. 11, 1998) (reversing and remanding unjust enrichment

judgment for plaintiff where, despite "substantial testimony concerning the

services performed and materials furnished, plaintiff failed to show that the

value of those services and materials benefitted <u>defendant</u>") (emphasis added);

*Zele Funeral Home, Inc. v. Buttry*, 645 N.E.2d 792, 794 n. 2 (Ohio Ct. App. 1994)

("As ordinarily defined, the concept of unjust enrichment includes not only loss on one side but gain on the other, <u>with a tie of causation between them</u>.") (emphasis added).

Plaintiff Jones' rationalization – that any information missing from the amended complaint lies "within the defendants' exclusive knowledge and control" (Doc. #205 at 18-19) – misapprehends the nature of the critical information omitted from the amended complaint. The Court agrees that for purposes of notice pleading, Plaintiff Jones should not be required to identify in his complaint precisely how any fees improperly collected from him were distributed among the various Defendants. (*See id.* at 18). But Plaintiff Jones here still has failed to state which (if any) of the objectionable fees he actually <u>paid</u> – information presumably as accessible to him as to Defendant Wells Fargo.

Moreover, Wells Fargo states outright that Plaintiff Jones "never paid" any such fees, because they were "disallowed by the bankruptcy court." (*See* Doc. #182 at 16 n.20; *see also* Doc. #213 at 12 n.10). Jones' opposing memorandum offers nothing to dispute that assertion (*see* Doc. #205), and a certified copy of a bankruptcy court Order included in the record of this case appears to confirm it. (*See* Doc. #67, Exh. C). In order to survive a motion for judgment on the pleadings, a complaint not only must allege that the defendant "knew about a

benefit that [it] was not entitled to receive," but also must "identify the benefit that [the plaintiff] allegedly conferred on" the defendant. *MMK Group, LLC v. SheShells Co., LLC*, 591 F. Supp.2d 944, 965 (N.D. Ohio 2008). Although Plaintiff Jones understandably may not be able to trace directly to Defendant Wells Fargo's hands any improper fees that may have been collected from Plaintiffs, the amended complaint nonetheless must be capable of being credibly read to allege that Jones himself conferred <u>some</u> benefit on that Defendant if his cause of action is to be sustained. Instead, both Plaintiffs' amended complaint and Plaintiff Jones' own opposing memorandum leave open the distinct possibility that Plaintiff Jones has paid no improper fees whatsoever to Defendant Wells Fargo. Plaintiff Jones' amended complaint thus fails to satisfy the "conferred a benefit" element of a prima facie case of unjust enrichment, and that claim must be dismissed on its merits as against Defendant Wells Fargo.

**IT THEREFORE IS RECOMMENDED THAT:**

1. Defendant Wells Fargo Bank, N.A.'s motion for judgment on the pleadings (Doc. #182) be GRANTED due to the *res judicata* effect of the prior state court judgment against Plaintiff Jon Shayne Jones, and that said Plaintiff's unjust enrichment claims and breach of contract claims contained in the Amended Complaint's Fourth and Fifth Claims for Relief (Doc. #157 at ¶¶151-176) be DISMISSED WITH PREJUDICE in their entirety, as against said Defendant <u>only</u>; and,

2.      This matter remain pending on the docket of this Court as to all remaining claims against Defendant Wells Fargo Bank, N.A. and all other remaining Defendants, and proceed in accordance with the established schedule.


February 16, 2011                               __s/Sharon L. Ovington__
                                                    Sharon L. Ovington
                                    United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen [14] days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen [17] days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen [14] days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981).