IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| EUGENE KLINE, *et al.*, | : | |
| Plaintiffs, | : | Case No. 3:08cv408 |
| vs. | : | District Judge Walter H. Rice |
| | | Magistrate Judge Sharon L. Ovington |
| MORTGAGE ELECTRONIC SECURITY SYSTEMS, *et al.*, | : | |
| | : | |
| Defendants. | | |

# REPORT AND RECOMMENDATIONS[1]

## I. INTRODUCTION

This matter is before the Court on Defendant Countrywide Home Loans Servicing, LP's ["Countrywide"] motion to dismiss[2] (Doc. #183) with respect to Plaintiff Jon Shayne Jones' claims against Countrywide in the First Amended Complaint; Plaintiff Jones' memorandum in opposition thereto (Doc. #191);

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

[2] Although Countrywide titled its motion as one "for judgment on pleadings" (Doc. #183 at 1), the attached memorandum and Countrywide's reply memorandum both state that they are offered in support of Countrywide's "motion to dismiss" (*see id.*, attached Memorandum at 1; Doc. #212 at 1), and Plaintiff Jones, too, denoted his memorandum one in opposition to Countrywide's "motion to dismiss." (Doc. #191 at 1). For the sake of consistency, and because the standard of review applied to either such motion is essentially identical, *see infra*, this Court has adopted the "motion to dismiss" designation.

Defendant Countrywide's reply memorandum (Doc. #212); and the record as a whole.

## II. PROCEDURAL BACKGROUND/THE PARTIES' CLAIMS

On November 10, 2008, five individual Plaintiffs [Eugene Kline; Jon Shayne Jones; Diana L. Hughes; and George and Carol Ross, husband and wife], on behalf of themselves and "all others similarly situated," filed a putative class action complaint against multiple Defendants, setting forth federal claims under the Fair Debt Collection Practices Act ["FDCPA"], 15 U.S.C. § 1692, *et seq.*; the Truth in Lending Act ["TILA"], 15 U.S.C. § 1666d; and the Class Action Fairness Act ["CAFA"], 28 U.S.C. § 1332(d); as well as state law claims under the Ohio Consumer Sales Practices Act ["OCSPA"], Ohio Rev. Code § 1345.01, *et seq.*; and for breach of contract and unjust enrichment. (Doc. #1). All Plaintiffs claim to have been owners of property purchased with loans secured by residential mortgages owned, held, serviced or otherwise controlled by Defendants, who allegedly "have engaged in misconduct in connection with the servicing of" those mortgage loans. (*Id.* at ¶3).

Many of the Defendants identified in the original complaint thereafter moved separately for judgment as to some or all of Plaintiffs' claims. (*See, e.g.*, Doc. ##18, 30, 31, 35, 67, 72, 74, 132). Among those filings was an earlier Motion

for Judgment on the Pleadings by Defendant Countrywide. (Doc. #72). Although the Court granted Countrywide's prior motion as to Plaintiff Jones' OCSPA, unjust enrichment and breach of contract claims, he dismissed those claims "without prejudice to being re-plead in an amended complaint[ ] which sets forth Jones' theories of how Countrywide breached what contract between the parties, how Countrywide was unjustly enriched[,] and what rule or decision Countrywide allegedly violated." (Doc. #156 at 7)

On April 14, 2010, with leave of the Court (*see id.*; *see also* Doc. #154 at 15), Plaintiffs filed their first amended complaint (Doc. #157), in order to add Barclays' Capital Real Estate, Inc. as a new Defendant (*see id.* at ¶10), and also to allow various Plaintiffs to "properly plead[ ] their state law claims of breach of contract, unjust enrichment and . . . under the OCSPA, subject to the strictures of Fed. R. Civ. P. 11." (*See* Doc. #154 at 15; *see also* Doc. #156 at 10). The amended complaint's allegations that pertain specifically to Plaintiff Jones' relationship with Defendant Countrywide aver that Countrywide serviced Jones' mortgage loan; knew but did not disclose that the promissory note secured by Jones' mortgage had not been properly assigned to Defendant Wells Fargo before Wells Fargo began a state court foreclosure action against Jones; regularly executes and facilitates the filing of false documents in foreclosure actions; and regularly and

improperly inflates costs and fees in order to recover additional amounts from delinquent borrowers, including service of process fees, late fees and property inspection fees. (Doc. #157 at ¶¶80, 83, 85-98). Jones further alleges that Countrywide's role in concealing the "fraudulent assignment" of his note and mortgage contributed to the entry of an enforceable judgment of foreclosure that remains pending against him, and constituted breach of contract. (*Id.* at ¶¶99-101, 172-174). He also contends that Countrywide either "was compensated for the services it provided in connection with the purported debts owed by Jones out of funds collected from Jones," or that "damages under an unjust enrichment claim can . . . be measured by the profits resulting from inequitable activity[ ] rather than any losses incurred by [him]." (*Id.* at ¶¶157-58, 175). For these reasons, Jones urges that he is entitled to recover from Defendants "any fees or costs" improperly sought to be passed on to him, as well as his out-of-pocket expenses. (*Id.* at ¶176).

On June 1, 2010, Defendant Countrywide moved to dismiss Plaintiff Jones' claims set forth against it in that amended complaint. (Doc. #183). Defendant Countrywide seeks judgment in its favor as to Plaintiff Jones' Third, Fourth and Fifth Claims for Relief, sounding in unjust enrichment and breach of contract, and under the OCSPA. (*See* Doc. #157 at ¶¶141-176). Among its

articulated reasons, Countrywide invokes fellow Defendant Wells Fargo's argument (*see* Doc. #182) that Jones' claims are barred by claim preclusion "due to the final judgment entered in his prior foreclosure action." (Doc. #183 at 17-18). Additionally, as to the merits of Jones' claims, Countrywide argues that it is not subject to OCSPA liability because it is not a "supplier" and because Plaintiff Jones has not identified any applicable "rule or decision" that Countrywide allegedly violated, as required to maintain a class action (*id.* at 5-12); that Jones has not show that he conferred any benefit upon Countrywide, as required to maintain an unjust enrichment claim (*id.* at 12-14); and that Jones has not shown how Countrywide breached any contract provision, nor any actual damages he sustained as the result of any breach. (*Id.* at 14-17). Defendant Countrywide thus asks that all of Plaintiff Jones' claims against it be dismissed with prejudice. (*Id.* at 19).

In response, Plaintiff Jones contends that Countrywide is not exempt from OCSPA liability (Doc. #191 at 7-10), that the OCSPA's class action limitations are unenforceable (*id*. at 11-12), and that he has identified prior decisions that qualify as notice that Countrywide's conduct was subject to class action liability. (*Id.* at 12-14). As to his breach of contract claim, Jones urges that Countrywide either was affiliated with "the entity to which the mortgage subsequently was

assigned" and thus "may be considered a party to those documents," or is liable as an "agent" due to the actual note-holder's undisclosed identity. (*Id.* at 14-16). He also asserts that his out-of-pocket expenses and the foreclosure judgment against him in state court constitute cognizable damages for breach of contract purposes, even if he has not yet paid that judgment. (*Id.* at 16-18). In addition, Jones avers that Countrywide has received "fair notice" of the contract provisions it allegedly breached. (*Id.* at 18-21). Finally, Plaintiff Jones argues that he has pled an unjust enrichment claim sufficient to survive this motion simply by alleging that Countrywide charged him improper fees, even if he "could not show that Wells Fargo received a direct benefit" from any amounts he paid. (*Id.* at 21-24). Plaintiff thus asks that Wells Fargo's motion for judgment on the pleadings be denied in all respects. (*Id.* at 24).

Plaintiff Jones' entire response to Defendant Countrywide's "claim preclusion" argument (*see* Doc. #183 at 17-18) is relegated to a footnote, proclaiming that Countrywide has not "even remotely explained – much less established – the other elements of claim preclusion, such as how it was in privity with the parties to Mr. Jones' foreclosure action." (Doc. #191 at 24 n.5).[3] In its

---

[3] Jones' additional footnoted assertion that "Wells Fargo has not made any such [claim preclusion] argument" (Doc. #191 at 24 n.5) is simply incorrect. (*See* Doc. #182 at 6-9). Indeed, in his later memorandum opposing Wells Fargo's motion for judgment on the pleadings, Jones directly addressed Wells Fargo's claim preclusion arguments. (*See* Doc. #205 at 5-13).

-6-

reply, however, Defendant Countrywide does address the "privity" element, arguing that its "mutuality of interest" with Defendant Wells Fargo in servicing Plaintiff Jones' mortgage loan sufficiently establishes the "privity" element. (Doc. #212 at 15-16). Because claim preclusion, if applicable, could be dispositive of Plaintiff Jones' claims against Countrywide in their entirety, this Court first will examine that argument.

### III.  APPLICABLE STANDARD OF REVIEW

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard applicable to motions under Rule 12(c) "is the same as a review under Rule 12(b)(6)." *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006), *cert. denied*, 551 U.S. 1104 (2007) (citing *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998)).

Fed. R. Civ. P. 12(b)(6) provides that a party may present by motion a defense that a particular claim for relief fails to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007)). "[T]he tenet

that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," so "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombley*, 550 U.S. at 555). "[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Id.* at 1954. "And Rule 8 does not empower [a plaintiff] to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Id.*

In the end, determining whether a complaint states "a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted).

## IV. DISCUSSION

### Prior State Court Judgment As Bar To Federal Action

Sometime in 2007, the Court of Common Pleas of Montgomery County, Ohio, entered default judgment against current Plaintiff Jon Shayne Jones in a mortgage foreclosure action brought against him by Wells Fargo with regard to the same mortgage loan at issue in the matter now before this Court. (*See* Doc. #182, Exh. A; *see also* Doc. #157 at ¶¶99-101). On September 13, 2007, the state court entered a final judgment and decree in foreclosure against Jones, awarding

Wells Fargo damages in the amount of $72,190.94, plus interest, taxes, insurance, and other unspecified "costs" related to the foreclosure action. (Doc. #182, Exh. C).

Although that judgment has been stayed due to Jones' subsequent bankruptcy filing (*see* Doc. #157 at ¶¶101, 102), Plaintiff Jones alleges that "an enforceable judgment of foreclosure against Jones" nonetheless "still exists" in the state court, and may allow Countrywide "to force the sale of Jones' home[ ] and recover the costs and fees associated with the foreclosure action" (*id.* at ¶¶100-01), including fees that Jones avers were improperly assessed.

Invoking the doctrine of claim preclusion, Defendant Countrywide now contends that Plaintiff Jones is legally precluded from pursuing in this action claims that he could have raised in the prior state court action. (Doc. #183 at 17-18; Doc. #212 at 15-16). In advancing that argument, Countrywide expressly incorporates the claim preclusion arguments advanced by co-Defendant Wells Fargo regarding the same issue. (Doc. #183 at 17-18; *see* Doc. #182 at 6-9, Doc. #213 at 4-5). Although Plaintiff Jones, in opposing Countrywide's motion, failed to respond to the substance of those claim preclusion arguments due largely to his own mistaken belief that Wells Fargo "ha[d] not made any such argument" (*see* Doc. #191 at 24 n. 5), this Court nonetheless has the benefit of Jones'

arguments subsequently offered in opposition to Wells Fargo's very arguments implicitly adopted by Countrywide. (*See* Doc. #205). Accordingly, in analyzing the availability of claim preclusion to bar Jones' claims against Countrywide, the Court has considered those arguments Jones later advanced against Wells Fargo, as well as Wells Fargo's arguments as incorporated by Countrywide.

The *res judicata* concept of claim preclusion "refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that [such matter] should have been advanced in an earlier suit." *Wilkins v. Jakeway*, 183 F.3d 528, 532 (6th Cir. 1999) (citing *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)). A claim will be barred under the doctrine of claim preclusion if the following four elements are present: (1) a final decision on the merits; (2) a subsequent action between the same parties or their privies; (3) a claim in the subsequent action that was or should have been litigated in the prior action; and (4) both actions arose out of the same transaction or occurrence. *See id.* (citing *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995), *cert. denied*, 517 U.S. 1220 (1996)); *see also Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (Ohio 1995); *Portage County Bd. of Comm'rs v. City of Akron*, 846 N.E.2d 478, 495 (Ohio 2006) (quoting *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997), *cert. denied*, 523 U.S. 1046 (1998)). When

applicable, claim preclusion "operates as a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them." *Brown v. City of Dayton*, 730 N.E.2d 958, 961 (Ohio 2000) (citations and internal quotation marks omitted).

This Court previously considered Wells Fargo's claim preclusion arguments with respect to Plaintiff Jones (*see* Doc. #182 at 6-9), and ultimately concluded that Jones' claims against Wells Fargo in fact <u>are</u> barred by that doctrine. (*See* Doc. #227). As noted in that Report and Recommendation, Plaintiff Jones did not dispute – and presumably <u>could</u> not dispute (*see id.* at 11 n.5) – that the suit in this court arises out of the same transaction or occurrence that was the subject matter of the Ohio state court action [specifically, the circumstances surrounding Wells Fargo's foreclosure, with Countrywide's assistance, on Jones' mortgage], thus satisfying the fourth element necessary for claim preclusion to apply. (*See* Doc. #157 at ¶¶ 81-83, 93, 99, 100; *see also* Doc. #182, Exhs. A-C); *see also, e.g., Wilkins*, 183 F.3d at 532.

This Court also rejected Jones' contention that claim preclusion does not apply to his claims against Wells Fargo before this Court because there was no "express adjudication" in the state court regarding the claims he seeks to present in the instant case. (*See* Doc. #205 at 8-11). In reaching the same result here, it is

-11-

observed that Ohio case law expressly recognizes that "[a] default judgment is a valid and final judgment upon the merits, and it can be, therefore, a proper bar to later claims for purposes of claim preclusion." *Stand Energy Corp. v. Ruyan*, No. C-050005, 2005 WL 2249107, at *2 (Ohio Ct. App. Sept. 16, 2005) (citing *Federal Deposit Ins. Corp. v. Willoughby*, 482 N.E.2d 1267 (Ohio Ct. App. 1984)); *see also Board of County Comm'rs v. Hessler*, No. 2007CA00028, 2008 WL 2788278, at *6 (Ohio Ct. App. 2008) (quoting same). The case on which Plaintiff Jones relied for a contrary conclusion – *In re Sweeney*, 276 B.R. 186, 193 (B.A.P. 6th Cir. 2002) (*see* Doc. #205 at 13) – is distinguished as involving an analysis of "collateral estoppel," or issue preclusion, rather than claim preclusion. *See id.* at 191-92.[4] Once again, the decision in *Harris-Gordon v. Mortgage Elecs. Registration Sys.*, No. 3:09CV02700, 2010 WL 3910167 (N.D. Ohio Oct. 4, 2010), is persuasive wherein the court stated as follows:

> In Ohio a default judgment may have issue preclusive effect only if the judgment expressly adjudicates an issue. A default judgment based on an unanswered complaint does not constitute an express adjudication. *In re Monas*, 309 B.R. 302, 306-07 (Bankr. N.D. Ohio 2004) (quoting *In re Sweeney*, 276 B.R. 186, 193 (B.A.P. 6th Cir. 2002)).

---

[4]The similar conclusion reached in the only other case on this issue cited (in a footnote) within Plaintiff Jones' later opposing memorandum – *Zaperach v. Beaver*, 451 N.E.2d 1249 (Ohio Ct. App. 1982) (cited in Doc. #205 at 8 n.3) – also does not appear to be the result of a claim preclusion analysis. *See id.* at 1252.

-12-

> In this case, the state court default judgment resulted from plaintiff's failure to answer the complaint, not on express adjudication of any issue. Therefore, as plaintiff correctly argues, <u>the</u> <u>default</u> <u>judgment</u> <u>is</u> <u>not</u> <u>issue</u> <u>preclusive</u> and does not bar plaintiff's suit here.
>
> This is <u>not</u> <u>so</u>, <u>however</u>, <u>with</u> <u>claim</u> <u>preclusion</u>. Claim preclusion depends <u>only</u> on <u>whether</u> the court entered <u>final judgment</u>, not whether the parties actually litigated a particular claim covered by that judgment. *See Lewis v. Kizer*, [No. 17-03-05,] 2003 WL 21904793 (Ohio Ct. App. [Aug. 11, 2003]). <u>A</u> <u>default</u> <u>judgment</u> acts as a valid and final judgment on the merits. *Stand Energy Corp. v. Ruyan*, [No. C-050005,] 2005 WL 2249107, *2 (Ohio Ct. App. [Sept. 16, 2005]). The <u>satisfies</u> the first element of <u>claim</u> <u>preclusion</u>.

*Id.*, 2010 WL 3910167, at **2-3 (emphasis added) (citation to record omitted).

Similarly, because the "enforceable judgment" pending against Plaintiff Jones in the state court (Doc. #157 at ¶100) is a "final and appealable" order (Doc. #182, Exh. C at 1), the Court likewise concludes that the state court default judgment against Plaintiff Jones satisfies the first, "finality" element necessary for claim preclusion to take effect in this matter. *See Wilkins*, 183 F.3d at 532.

As to the third claim preclusion element enunciated in *Wilkins*, 183 F.3d at 532, the maxim that "[u]nder Ohio *res judicata* doctrine, the question is not what claims Plaintiff[ ] opted to include[,] . . . but what claims [he] <u>could</u> <u>have</u> included[,]" in the prior state court action is applicable here. *See Tolliver v. Liberty Mut. Fire Ins. Co.*, No. 2:06-CV-904, 2010 WL 148159, at *6 (S.D. Ohio Jan. 11, 2010)

(Marbley, J.) (emphasis added) (internal quotation and citation omitted).  As Defendant Wells Fargo aptly noted (*see* Doc. #182 at 8), the costs and fees to which Plaintiff Jones now objects were encompassed by the broad award of unspecified "costs" included in the state court's entry of judgment against him. (*See* Doc. #182, Exh. C at 2-4).  Significantly, a copy of the untimely mortgage assignment that Jones now challenges as fraudulent (*see* Doc. #157 at ¶¶81-85) was appended to the affidavit offered by Wells Fargo in support of its damages claim in the state court action (*see* Doc. #182, Exh. B at 23), <u>before</u> final judgment was entered there.  Although Jones had opportunities to respond in opposition to both Wells Fargo's state court complaint and that affidavit, he did not do so. Having failed to answer Wells Fargo's foreclosure complaint, to engage in any discovery as to Wells Fargo's claims in the state court action, or even to react to a record filing which showed on its face that Jones' mortgage was not assigned until July 6, 2007, <u>after</u> the state court foreclosure action was filed, Plaintiff Jones now cannot now maintain that his present claims "were not discoverable during the pendency of the first action."  (*See* Doc. #205 at 13 n.6).  The court in *Harris-Gordon* held that claims the plaintiff "should have . . . raised . . . in the foreclosure or bankruptcy proceedings" were barred.  2010 WL 3910167, at *3.  Here, while the record confirms that Plaintiff Jones did not raise his present claims in defense

of Wells Fargo's state court mortgage foreclosure action, the record before this Court also confirms that he <u>could</u> have done so.  That unseized opportunity is sufficient to satisfy the third, "was or should have been litigated" element necessary for claim preclusion to attach.  *See, e.g., Wilkins*, 183 F.3d at 532.

Having concluded that three of the elements of claim preclusion – *i.e.*, (1) a final decision on the merits; (3) a claim in the subsequent action that was or should have been litigated in the prior action; and (4) both actions arose out of the same transaction or occurrence – have been met, the Court is left to examine only the remaining, second element – whether this instant matter constitutes a subsequent action between the same parties or their privies.  *See, e.g., Wilkins*, 183 F.3d at 532.  Jones did not and could not seriously contest the existence of that element in opposing Defendant Wells Fargo's motion on the same grounds (*see* Doc. #205), presumably because Wells Fargo <u>was</u> the plaintiff bringing the state court foreclosure action against him, and his claims against Wells Fargo in this Court thus involve the identical parties as the prior action.  (*See* Doc. #182, Exhs. A-C).

As to Defendant Countrywide's claim preclusion arguments, however, this represents the one element that Plaintiff Jones <u>did</u> address directly (if briefly), urging that Countrywide has not "even remotely explained – much less

established . . . how it was in privity with the parties to Mr. Jones' foreclosure action." (Doc. #191 at 24 n.5). Countrywide counters by offering such an explanation in its reply. (*See* Doc. #212 at 15-16). Countrywide first observes that Jones himself "alleges that a mutuality of interest exists between Countrywide and Wells Fargo," in the form of Countrywide servicing the Jones' mortgage loan on behalf of Wells Fargo, which holds the foreclosure judgment. (*Id.* at 16, citing Doc. #157 at ¶80).[5] It further urges that if Jones "had successfully argued that Wells Fargo was not entitled to collect the fees claimed in the foreclosure matter, Countrywide could not attempt to collect those fees in a separate action." (*Id.*).

While acknowledging that "[w]hat constitutes privity in the context of *res judicata* is somewhat amorphous," *ABS Industries, Inc. v. Fifth Third Bank*, 333 F. App'x 994, 999 (6th Cir. 2009) (citing *Brown*, 730 N.E.2d at 962), the decisions cited in Countrywide's reply brief nonetheless provide useful insight into what is required in order to establish "privity" for purposes of claim preclusion. Significantly, "[a] contractual or beneficiary relationship is <u>not</u> required." *Id.* (emphasis added). Instead,

> [a]s a general matter, privity is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include

---

[5](*See also* Doc. #191 at 14-16, where Jones himself suggests that Countrywide is "affiliated" with Wells Fargo, or acted as Countrywide's "agent").

-16-

>that other within the *res judicata*. We find that a mutuality of interest, including an identity of desired result, creates privity between [parties for res judicata purposes].

*Id.* (brackets in original).

Comparing that holding to the relationship between Defendant Wells Fargo and Defendant Countrywide in the matter before this Court, it is also concluded, based on the record, that such parties were in "privity" for purposes of giving *res judicata* effect to the prior state court judgment. Wells Fargo and Countrywide appear to have shared "a mutuality of interest, including an identity of desired result," *id.* at 999, as to Plaintiff Jones' mortgage loan, the foreclosure action against him, and any expenses assessed as a result of that foreclosure.

Although the Court recognizes that Plaintiff Jones has not had an opportunity to respond to the "privity" arguments first raised in Countrywide's reply memorandum (*see* Doc. #212 at 15-16), it is observed that Jones' failure to present arguments opposing Countrywide's motion is attributable to his own error in neglecting to realize that Defendant Wells Fargo <u>had</u> presented claim preclusion arguments that Countrywide expressly sought to incorporate. (*See* Doc. #191 at 24 n.3; *see also* Doc. #183 at 17-18, Doc. #182 at 6-9). As the Court is aware of no reason why the preclusive effect previously found to bar Plaintiff

Jones' claims against Defendant Wells Fargo should not be extended to also preclude Plaintiff Jones' claims against Defendant Countrywide, Defendant Countrywide's motion to dismiss based upon claim preclusion is well taken.

Having thus concluded that Plaintiff Jones may not proceed on his claims against Defendant Countrywide in this Court, we need not consider Defendant Countrywide's additional arguments for judgment in its favor on the merits of said Plaintiff's claims. (*See* Doc. #183 at 4-17).

    **IT THEREFORE IS RECOMMENDED THAT**:

1. Defendant Countrywide Home Loans Servicing, LP's motion to dismiss (Doc. #183) be GRANTED due to the *res judicata* effect of the prior state court judgment against Plaintiff Jon Shayne Jones, and that said Plaintiff's OCSPA, unjust enrichment and breach of contract claims contained in the Amended Complaint's Third, Fourth and Fifth Claims for Relief (Doc. #157 at ¶¶151-176) be DISMISSED WITH PREJUDICE in their entirety, as against said Defendant only; and,

2. This matter remain pending on the docket of this Court as to all remaining claims against all remaining Defendants, and proceed in accordance with the established schedule.


February 17, 2011                                s/Sharon L. Ovington
                                                                        Sharon L. Ovington
                                                          United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen [14] days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen [17] days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen [14] days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981).