IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| EUGENE KLINE, et al., | : | |
| Plaintiffs, | : | |
| , vs. | : | Case No. 3:08cv408 |
| | : | JUDGE WALTER HERBERT RICE |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al., | : : : | |
| Defendants. | : | |

DECISION AND ENTRY OVERRULING PLAINTIFFS' OBJECTIONS (DOC. #224) TO REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE (DOC. #223); REPORT AND RECOMMENDATIONS ADOPTED IN ITS ENTIRETY; MOTION TO DISMISS PLAINTIFFS AMENDED COMPLAINT FILED BY DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (DOC. #174), SUSTAINED IN PART AND OVERRULED IN PART

In this putative class action, the Plaintiffs have set forth claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a et seq.; the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq.; and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Revised Code § 1345.01 et seq.; as well as for breach of contract and unjust enrichment under the common law of Ohio. See Doc. #1 at ¶ 2. In their Complaint, the Plaintiffs have named eleven Defendants, including Defendant Mortgage Electronic Registration Systems, Inc. ("MERS").

Therein, four Plaintiffs, Eugene Kline ("Kline"), Diana Hughes ("Hughes") and George and Carol Ross (collectively the "Rosses"), set forth against MERS, inter alia, Ohio common law claims of breach of contract and unjust enrichment, as well as claims under the OCSPA, for which they are seeking class action status.

In response, MERS filed a motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, requesting that this Court dismiss Plaintiff's Complaint as to it for failure to state a claim upon which relief can be granted. See Doc. #31. This Court referred that motion to United States Magistrate Judge Sharon Ovington for a Report and Recommendations. Judge Ovington submitted such, recommending that this Court sustain in part and overrule in part MERS' motion. See Doc. #133. The Plaintiffs objected to that judicial filing (see Doc. #143), and this Court, in its Decision of March 29, 2010 (Doc. #154), sustained in part and overruled in part the Plaintiffs' Objections and the motion (Doc. #31) filed by MERS. This Court also afforded Kline and the Rosses the opportunity of filing an Amended Complaint, attempting to set forth claims for breach of contract, unjust enrichment and for class action status under the OCSPA against MERS.[1]

The Plaintiffs have filed their amended pleading (see Doc. #157), and MERS has once again moved to dismiss the claims of Kline and the Rosses for breach of contract, unjust enrichment and class action status under the OCSPA. See Doc. #174. This Court referred that motion to Judge Ovington, who has issued a Report and Recommendations (Doc. #223), recommending that this Court sustain in part and overrule in part the motion filed by MERS. In particular, the Magistrate

---

[1] The Court declined to continue to exercise supplemental jurisdiction over Hughes' state law claims.

- 2 -

Judge recommended that this Court sustain that motion as it relates to the claims of Kline and the Rosses for unjust enrichment and the Rosses' claim for breach of contract predicated upon their Mortgage Contract with MERS, and that it overrule same as it relates to their request for class action status for their claims under the OCSPA, Kline's claim for breach of contract and the Rosses' claim for breach of contract predicated upon their Note with MERS. The Plaintiffs have objected to the aspects of that judicial filing in which Judge Ovington recommended that the claims of Kline and the Rosses for unjust enrichment and the Rosses' claim for breach of contract, predicated on the Mortgage Note, be dismissed. See Doc. #224. MERS has filed a memorandum in opposition (see Doc. #230), and this Court now rules on those Objections, beginning by setting forth the standard by which it reviews Judge Ovington's Report and Recommendations (Doc. #223), as well as a brief summary of the procedural standards which must be applied whenever a court rules on a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal for failure to state a claim upon which relief can be granted. The Court will then briefly review the pertinent allegations set forth in Plaintiffs' Amended Complaint, following which it will turn to their Objections, as they relate to the claim of unjust enrichment. Finally, the Court will rule upon Plaintiffs' Objections, as they relate to the Rosses' claim for breach of contract predicated upon the Mortgage Note.[2]

---

[2]No party has objected to the Magistrate Judge's recommendation that the Court overrule the branch of MERS' motion directed at Kline's and the Rosses' requests for class action status for their claims under the OCSPA. Based upon its de novo review of the parties' papers and the Report and Recommendations of the Magistrate Judge pertaining to the requests of Kline and the Rosses in that regard, this Court concurs with Judge Ovington that such is viable. Accordingly, the Court overrules that branch of MERS' Motion to Dismiss (Doc. #174), as it relates to

- 3 -

Under 28 U.S.C. § 636(b)(1)(A), a District Court may refer to a Magistrate Judge "any pretrial matter pending before the court," with certain listed exceptions. Motions to dismiss are among the listed exceptions. Section 636(b)(1)(B) authorizes District Courts to refer "any motion excepted from subparagraph (A)" to a Magistrate Judge for "proposed findings of fact and recommendations." When a District Court refers a matter to a Magistrate Judge under § 636(b)(1)(B), it must conduct a de novo review of that judicial officer's recommendations. See United States v. Raddatz, 447 U.S. 667, 673-74 (1980); United States v. Curtis, 237 F.3d 598, 603 (6th Cir. 2001).

In Prater v. City of Burnside, Ky., 289 F.3d 417 (6th Cir. 2002), the Sixth Circuit reiterated the fundamental principles which govern the ruling on a motion to dismiss under Rule 12(b)(6):

> The district court's dismissal of a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is also reviewed de novo. Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999), overruled on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). When deciding whether to dismiss a claim under Rule 12(b)(6), "[t]he court must construe the complaint in a light most favorable to the plaintiff, and accept all of [the] factual allegations as true." Id. (citation omitted).

Id. at 424. In Swierkiewicz v. Sorema N.A., 532 U.S. 506 (2002), the Supreme Court noted that Rule 8(a)(2) of the Federal Rules of Civil Procedure merely requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 212. Therein, the Court explained further:

> Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). This simplified notice pleading standard relies on

---

those requests and adopts that aspect of the Magistrate Judge's Report and Recommendations thereon (Doc. #223 at 7-22).

- 4 -

> liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. See id., at 47-48; Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168-169 (1993). "The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, p. 76 (2d ed. 1990).

Id. at 512-13. In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court rejected the standard established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that a claim should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 550 U.S. at 562-63. The Supreme Court recently expounded upon Twombly in Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937 (2009), writing:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Twombly, 550 U.S. 544, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id., at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557.
> 
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557 (brackets omitted).

>    Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Id. at 1949-50.

   In the Amended Complaint, Kline alleges that he entered into a loan transaction with WMC Mortgage ("WMC") and that the mortgage securing that loan was held by MERS, as nominee for WMC. Doc. #157 at ¶ 62. During the course of the foreclosure proceeding on that property, Kline's foreclosure counsel communicated with the attorney representing MERS, requesting that the latter give him a figure at which Kline could pay off that loan. MERS' counsel indicated that Kline's payoff figure included, inter alia, $350, for attorney's fees, and $225, for previous service costs. Id. at ¶¶ 63-67. According to Kline, MERS' actions in that regard, inter alia, unjustly enriched MERS.

   The Rosses allege that, in or about December, 2002, they took out a mortgage loan from Preferred Mortgage Consultants, with MERS acting as the

mortgagee. Doc. #157 at ¶ 116. In December, 2006, the Rosses fell behind in their payments, which resulted in their mortgage being accelerated. Id. at ¶¶ 118-119. In April, 2007, the Rosses initiated proceedings under Chapter 13 of the Bankruptcy Code, during which MERS filed a proof of claim seeking to recover, inter alia, $475, for pre-petition bankruptcy fees, and $495.22, for accrued late charges. Id. at ¶¶ 120-122. The Rosses allege that MERS' actions in that regard, inter alia, unjustly enriched MERS and breached the Mortgage Contract between the parties.

I. Unjust Enrichment

One of the elements of unjust enrichment under the law of Ohio is that the plaintiff conferred a benefit on the defendant. See e.g., White v. Sears, Roebuck & Co., 2011 WL 284824 (Ohio App. 2011); HAD Enterprises v. Galloway, 2011 WL 193363 (Ohio App. 2011). To meet that requirement, the Plaintiffs have alleged in their Amended Complaint:

> 155. Upon information and belief, MERS was compensated for the services it provided in connection with the purported debts owed by the Rosses and Kline. Such amounts are properly recoverable as a remedy for an unjust enrichment claim.
>
> 156. Under Ohio law, even if no benefit was directly conferred to MERS by Kline or Ross, damages under an unjust enrichment claim can also be measured by the profits resulting from inequitable activity, rather than any losses incurred by the plaintiff.

Doc. #157 at ¶¶ 155-56. As it had with its motion seeking dismissal of Plaintiffs' initial Complaint, MERS has argued that the Court must dismiss the claim of unjust enrichment of Kline, because they have failed to plead adequately that they had conferred a benefit on MERS. Judge Ovington concluded that ¶¶ 155-56 of the

Plaintiffs' Amended Complaint (Doc. #157) failed to satisfy the requirement that the plaintiff confer a benefit on the defendant and recommended that this Court sustain that branch of MERS' motion. See Doc. #223 at 22-26.

In their Objections (Doc. #224), Kline and the Rosses' argue that Judge Ovington ignored allegations in their Amended Complaint, which demonstrate that they have stated claims for unjust enrichment. See Doc. #224 at 4-5 (citing Amended Complaint at ¶¶ 65, 66, 71, 76, 128, 129 and 152-54). However, the Plaintiffs have failed to allege, in any of those portions of their latest pleading, that they conferred a benefit upon MERS. Thus, the Court concludes that their Amended Complaint fails to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949 (internal quotation marks and citation omitted).[3]

Accordingly, the Court Overrules the Plaintiffs' Objections (Doc. #224) to the aspect of Judge Ovington's Report and Recommendations (Doc. #223), relating to Kine's and the Rosses' claims of unjust enrichment.[4]

---

[3]Given that the Sixth Circuit decision relied upon by Kline and the Rosses, Michaels Building Co. v. Ameritrust Co., 844 F.2d 674 (6th Cir. 1988), was decided long before Iqbal and Twombly, this Court does not find that decision to support the position of Kline and the Rosses that they have stated claims for unjust enrichment, even though they have failed to allege facts which plausibly support the premise that they conferred benefits on MERS.

[4]Kline and the Rosses also argue in their Objections that they have alleged that disgorgement is a recognized remedy for an unjust enrichment claim. See Doc. #224 at 8-9. Herein, however, the shortcoming in the Plaintiffs' Amended Complaint is that they failed to allege plausible facts in support of an element of such a claim, that the plaintiffs conferred a benefit on the defendant, rather than failing to allege what remedy is available to them.

## II. Breach of Contract

In its Decision of March 29, 2010 (Doc. #154), this Court concluded that Kline and the Rosses had failed to state claims for breach of contract, because their Complaint (Doc. #1) failed to contain allegations of any element of a claim for breach of contract. As indicated above, the Court afforded those Plaintiffs the opportunity of filing an amended pleading, curing the existing deficiencies. In their Amended Complaint, Kline and the Rosses allege that the Notes and Mortgage Contracts between themselves and MERS constituted contracts. Judge Ovington has recommended that this Court permit Kline's and the Rosses' claims for breach of contract to go forward. However, she also recommended that the Rosses' breach of contract claim be limited to the note, since their Mortgage Contract with MERS did not forbid it from charging attorney's fees. In particular, the Magistrate Judge concluded that the Rosses had failed to set forth a claim of breach of contract based upon the Mortgage Contract, because they merely alleged that said document failed to authorize MERS from charging attorney's fees, rather than prohibiting it from doing so. See Doc. #223 at 30 (noting that it is "axiomatic that in order for a 'breach' of contract to have occurred, some affirmative provision of the agreement between the parties must have been violated").

The Rosses have objected to that aspect of the Report and Recommendations, arguing that the law is opposite from the conclusion reached in the Report and Recommendations. Doc. #224 at 11-12. According to the Rosses,

- 9 -

a party to a contract is in breach of same, if it attempts to collect any payment that is not authorized by that document.[5]

It cannot be questioned that an element of a claim of breach of contract is that the defendant breached the contract between the parties. See e.g., Osborn Engineering Co. v. K/B Fund IV Cleveland, LLC, 2011 WL 365593 (Ohio App. 2011); Nilavar v. Osborn, 137 Ohio App.3d 469, 483, 738 N.E.2d 1271, 1281 (2000). The Ohio Supreme Court has defined word "breach," as applied to contracts, "as a failure without legal excuse to perform any promise which forms a whole or part of a contract, including the refusal of a party to recognize the existence of the contract or the doing of something inconsistent with its existence." National City Bank v. Erskine & Sons, Inc., 158 Ohio St. 450, 110 N.E.2d 598 (1953) (¶ 1 of the syllabus). Accord, Hanna v. Groom, 2008 WL 500530 (Ohio App. 2008). Herein, since the Rosses have failed to allege that MERS failed to perform any promise that forms all or part of their Mortgage Contract with MERS, this Court agrees with Judge Ovington that those Plaintiffs have failed to state a claim for relief for breach of contract based upon their Mortgage Contract with MERS. Accordingly, the Court overrules the Plaintiffs' Objections (Doc. #224), as they relate to that aspect of the Report and Recommendations (Doc. #223), and adopts that judicial filing to that extent.

---

[5]No party has objected to the Magistrate Judge's recommendation that it overrule the branch of MERS' motion directed at Kline's claim for breach of contract and the aspect of the Rosses' claim predicated upon the Note. Based upon its de novo review of the parties' papers and the Report and Recommendations of the Magistrate Judge pertaining to same, this Court concurs with Judge Ovington that such claims for breach of contract are viable. Accordingly, the Court overrules that branch of MERS' Motion to Dismiss (Doc. #174), and adopts that aspect of the Magistrate Judge's Report and Recommendations (Doc. #223 at 27-30).

- 11 -

Based upon the foregoing, the Court overrules the Plaintiffs' Objections (Doc. #224) to the Report and Recommendations (Doc. #223) in their entirety. The Court adopts that judicial filing in its totality.

March 25, 2011

                                       WALTER HERBERT RICE, JUDGE
                                       UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.