IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| EUGENE KLINE, et al., : | |
|     Plaintiffs, : | |
| : | Case No. 3:08cv408 |
| vs. : | |
| : | JUDGE WALTER HERBERT RICE |
| MORTGAGE ELECTRONIC : | |
| REGISTRATION SYSTEMS, : | |
| INC., et al., : | |
|     Defendants. : | |

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART OBJECTIONS FILED BY DEFENDANT WELLS FARGO BANK, N.A. (DOC. #231) TO REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE (DOC. #226); REPORT AND RECOMMENDATIONS ADOPTED IN PART AND REJECTED IN PART; MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO THE CLAIMS OF EUGENE KLINE FILED BY DEFENDANT WELLS FARGO BANK, N.A. (DOC. #180), SUSTAINED IN PART AND OVERRULED IN PART

In this putative class action, the Plaintiffs have set forth claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a et seq.; the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq.; and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Revised Code § 1345.01 et seq.; as well as for breach of contract and unjust enrichment under the common law of Ohio. See Doc. #157 at ¶ 1. In their Amended Complaint, the Plaintiffs have named eleven

Defendants, including Defendant Wells Fargo Bank N.A. ("Wells Fargo"). Of particular present importance, Plaintiff Eugene Kline ("Kline") set forth therein claims against Wells Fargo under TILA and the OCSPA, and for breach of contract and unjust enrichment.

In response, Wells Fargo has filed a Motion for Judgment on the Pleadings with Respect to the Claims of Eugene Kline (Doc. #180). This Court referred that motion to United States Magistrate Judge Sharon Ovington for a Report and Recommendations. Judge Ovington submitted such a judicial filing, recommending that this Court sustain Wells Fargo's motion, as it relates to Kline's claims under the OCSPA and for unjust enrichment, and that it overrule that motion, as it relates to his claims under TILA and for breach of contract. See Doc. #226.

Wells Fargo has objected to the portion of that judicial filing, wherein Judge Ovington recommended that this Court overrule its (Wells Fargo's) motion.[1] See Doc. #231. The Plaintiffs have filed their memorandum in opposition (see Doc. #233), while Wells Fargo has filed a reply. See Doc. #237. This Court now rules on those Objections, beginning by reviewing Kline's allegations against Wells Fargo, following which it will set forth the standard by which it reviews Judge Ovington's Report and Recommendations (Doc. #226) and Wells Fargo's Objections thereto (Doc. #231). The Court will then review the procedural

---

[1] No party has objected to the Magistrate Judge's recommendation that the Court sustain the branch of Wells Fargo's motion directed at Kline's claims under the OCSPA and for unjust enrichment. Based upon its de novo review of the parties' papers and the Report and Recommendations of the Magistrate Judge pertaining to the claims of Kline in that regard, this Court concurs with Judge Ovington that such are not viable. Accordingly, the Court sustains the branches of Wells Fargo's Motion for Judgment on the Pleadings (Doc. #180), as it relates to those claims and adopts the Magistrate Judge's Report and Recommendations (Doc. #226), accordingly.

standards which must be applied whenever a court rules on a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal for failure to state a claim upon which relief can be granted, since the Sixth Circuit has held that the procedural standards applicable to motions under Rule 12(b)(6) must be applied when ruling on a request for judgment on the pleadings under Rule 12(c). Jelovsek v. Bredesen, 545 F.3d 431, 435 (6th Cir. 2008).

In the Amended Complaint, Kline alleges that he had entered into two mortgage loan transactions with WMC Mortgage Company ("WMC"). Doc. #157 at ¶ 25. After he had been declared in default of his loans, Wells Fargo, identifying itself as a "Trustee", commenced a foreclosure action against him. Id. at ¶¶ 31-32. According to Kline, the notes and mortgages which he had executed with WMC had not been assigned to Wells Fargo when the foreclosure action was initiated, despite the latter's representation that it was the holder and owner of them. Id. at ¶¶ 34-37. In addition, Kline asserts that, during the foreclosure proceeding, he decided to sell his home and pay off the notes and mortgages, which resulted in his being required to pay a number of excessive and/or improper fees, such as $450.00 for service of process, a handling fee of $100.00, fees for preliminary and final judicial reports and late fees after his mortgages had been accelerated. Id. at ¶¶ 45-61.

Under 28 U.S.C. § 636(b)(1)(A), a District Court may refer to a Magistrate Judge "any pretrial matter pending before the court," with certain listed exceptions. Motions to dismiss are among the listed exceptions. Section 636(b)(1)(B) authorizes District Courts to refer "any motion excepted from

subparagraph (A)" to a Magistrate Judge for "proposed findings of fact and recommendations." When a District Court refers a matter to a Magistrate Judge under § 636(b)(1)(B), it must conduct a de novo review of that judicial officer's recommendations. See United States v. Raddatz, 447 U.S. 667, 673-74 (1980); United States v. Curtis, 237 F.3d 598, 603 (6th Cir. 2001).

In Prater v. City of Burnside, Ky., 289 F.3d 417 (6th Cir. 2002), the Sixth Circuit reiterated the fundamental principles which govern the ruling on a motion to dismiss under Rule 12(b)(6):

> The district court's dismissal of a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is also reviewed de novo. Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999), overruled on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). When deciding whether to dismiss a claim under Rule 12(b)(6), "[t]he court must construe the complaint in a light most favorable to the plaintiff, and accept all of [the] factual allegations as true." Id. (citation omitted).

Id. at 424. In Swierkiewicz v. Sorema N.A., 532 U.S. 506 (2002), the Supreme Court noted that Rule 8(a)(2) of the Federal Rules of Civil Procedure merely requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 212. Therein, the Court explained further:

> Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. See id., at 47-48; Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168-169 (1993). "The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, p. 76 (2d ed. 1990).

Id. at 512-13. In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court rejected the standard established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that a claim should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 550 U.S. at 562-63. The Supreme Court recently expounded upon Twombly in Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937 (2009), writing:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Twombly, 550 U.S. 544, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id., at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557.
>     To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557 (brackets omitted).
>     Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a

> plausible claim for relief survives a motion to dismiss. Id., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Id. at 1949-50.

I. TILA

Kline alleges that the amount demanded by Wells Fargo during the foreclosure proceedings are subject to TILA and that, by collecting and retaining fees to which it is not entitled, Wells Fargo has violated 15 U.S.C. § 1666d. Doc. #157 at ¶¶ 138-41. Section 1666d provides:

> Whenever a credit balance in excess of $1 is created in connection with a consumer credit transaction through (1) transmittal of funds to a creditor in excess of the total balance due on an account, (2) rebates of unearned finance charges or insurance premiums, or (3) amounts otherwise owed to or held for the benefit of an obligor, the creditor shall—
> (A) credit the amount of the credit balance to the consumer's account;
> (B) refund any part of the amount of the remaining credit balance, upon request of the consumer; and
> (C) make a good faith effort to refund to the consumer by cash, check, or money order any part of the amount of the credit balance remaining in the account for more than six months, except that no further action is required in any case in which the consumer's current location is not known by the creditor and cannot be traced through the consumer's last known address or telephone number.

Wells Fargo argued that the Court must dismiss Kline's claim under TILA, because he never had a "credit account." See Doc. #181 at 12-13.[2] According to Wells

---

[2]Wells Fargo filed its motion and memorandum in support thereof as separate documents. Therefore, its Motion for Judgment on the Pleadings is Doc. #180,

- 6 -

Fargo, § 1666d applies only to "'open end' credit," such as credit card accounts. Id. at 13. Wells Fargo supports that premise by relying upon 12 C.F.R. § 226.11, which contains language similar to § 1666d, and appears in Subpart B of the regulations applicable to TILA. Subpart B governs open-end credit, thus lending credence to Wells Fargo's argument that § 1666d applies only to such credit. In response, Kline relies upon 12 C.F.R. § 226.21, which contains language similar to §§ 1666d and 226.11. Section 226.21 appears in Subpart C of those regulations, which address close-end credit, such as Kline's mortgage loans at issue in his claims against Wells Fargo. In her Report and Recommendations, Judge Ovington recommended that this Court reject Wells Fargo's arguments in that regard and, thus, deny Wells Fargo's motion as it relates to this claim. Doc. #226 at 7-10. In reaching her recommendation, the Magistrate Judge relied upon decisions in two lawsuits, in which the plaintiffs brought suit under TILA against their mortgagees, alleging that the latter had violated §§ 1666d and 226.21. Mazzei v. The Money Store, 349 F. Supp.2d 651 (S.D.N.Y. 2004); Vincent v. The Money Store, 402 F. Supp.2d 501 (S.D.N.Y. 2005). In each of those decisions, the court denied the defendant's request for summary judgment.

On the basis of § 226.21, which was not cited by Defendant, this Court overrules Wells Fargo's Motion for Judgment on the Pleadings with Respect to the Claims of Eugene Kline (Doc. #180), as it relates to Kline's claim under TILA, and, therefore, the Court overrules Wells Fargo's Objections (Doc. #231) to the Report and Recommendations (#226), and adopts that judicial filing as they relate to that claim. Parenthetically, in its Objections (Doc. #231), Wells Fargo argues for the

---

while the supporting memorandum is Doc. #181.

- 7 -

first time that Kline's claim under TILA is not viable, because it is not a "creditor" as that term is defined by the statute. The law in the Sixth Circuit is clear that, "absent compelling reasons, ... parties [are not allowed] to raise at the district court stage new arguments or issues that were not presented to the magistrate." Murr v. United States, 200 F.3d 895, 902 n. 1 (6th Cir. 2000). See also Marshall v. Chater, 75 F.3d 1421, 1426-27 (10th Cir. 1996) (collecting cases holding that issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived). Since Wells Fargo failed to present its argument concerning its status as a creditor to the Magistrate Judge or to present compelling reasons for that failure, this Court finds that Wells Fargo has waived that argument. Therefore, the Court overrules Wells Fargo's Objections to the Report and Recommendations, as they relate to Kline's claim under TILA.

## II. Breach of Contract

Judge Ovington concluded that Wells Fargo had not breached any of its contracts with Kline, i.e., the notes and mortgages into which Kline had entered with WMC,[3] by attempting to collect any amount other than an amount of attorney's fees. She recommended that the Court overrule Wells Fargo's motion, as it relates to Kline's breach of contract claim, because Ohio law does not permit the recovery of attorney's fees in a mortgage foreclosure proceeding. See Doc. #226 at 16-18. In its Objections, Wells Fargo contends that the law firm, Reimer, Lorber & Arnovitz ("RL&A"), was retained to foreclose one of the notes

---

[3]As Wells Fargo notes in its Objections, it is "the Trustee for the investor pool that ultimately acquired the two Kline loans." Doc. #231 at 1-2 n. 1.

and mortgages for which it (Wells Fargo) was the Trustee. Wells Fargo asserts that a second law firm, Lerner, Sampson & Rothfuss ("LS&R"), was retained to represent it in the foreclosure proceedings with respect to the other note and mortgage. Wells Fargo states that, while LS&R sought to recover attorney's fees from Kline, RL&A did not. According to Wells Fargo, LS&R represented it as a defendant in the foreclosure action, as junior lien holder, and that Ohio law permits it to recover attorney's fees under those circumstances.

As an initial matter, the Plaintiffs' Amended Complaint is devoid of any allegation that Kline is attempting to recover from Wells Fargo, because LS&R recovered attorney's fees in the foreclosure action. On the contrary, Plaintiffs allege that MERS, WMC, LS&R and HomeEq illegally recovered attorney's fees in that proceeding. See Doc. #157 at ¶¶ 69-71. Moreover, Plaintiffs do not allege that RL&A recovered or attempted to recover attorney's fees from Kline. Kline seeks to recover from Wells Fargo for the fees charged by RL&A.

Based upon the foregoing and given that Judge Ovington held that collection of the fees other than attorney's fees did not breach the parties' contracts,[4] this Court concludes that Kline has failed to state a claim of breach of contract against Wells Fargo. Accordingly, the Court sustains Wells' Fargo's Objections (Doc. #231), rejects the Report and Recommendations (Doc. #226) and sustains Wells Fargo's Motion for Judgment on the Pleadings with Respect to the Claims of Eugene Kline (Doc. #180), as they relate to Kline's breach of contract claim against it.

---

[4]Plaintiffs did not object to the conclusion of the Magistrate Judge in that regard.

- 9 -

- 10 -

Based upon the aforesaid, the Court sustains in part and overrules in part Wells' Fargo's Objections (Doc. #231), adopts in part and rejects in part Judge Ovington's Report and Recommendations (Doc. #226) and sustains in part and overrules in part Wells Fargo's Motion for Judgment on the Pleadings with Respect to the Claims of Eugene Kline (Doc. #180). As a consequence, Kline's claim under TILA is his sole remaining claim against Wells Fargo.

March 28, 2011

                                      WALTER HERBERT RICE, JUDGE
                                      UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.