IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EUGENE KLINE, et al.,                          :

      Plaintiffs,                          :

         vs.                              :

MORTGAGE ELECTRONIC                 :
REGISTRATION SYSTEMS,               :
INC., et al.,                       :

      Defendants.                          :

Case No. 3:08cv408

JUDGE WALTER HERBERT RICE

---

DECISION AND ENTRY OVERRULING OBJECTIONS FILED BY
DEFENDANT BARCLAYS CAPITAL REAL ESTATE, INC. (DOC. #232)
TO REPORT AND RECOMMENDATIONS OF THE UNITED STATES
MAGISTRATE JUDGE (DOC. #229); REPORT AND
RECOMMENDATIONS ADOPTED; MOTION TO DISMISS FILED BY
DEFENDANT BARCLAYS CAPITAL REAL ESTATE, INC. (DOC. #178),
SUSTAINED IN PART AND OVERRULED IN PART

---

In this putative class action, the Plaintiffs have set forth claims under the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a et seq.; the

Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq.; and the Ohio Consumer

Sales Practices Act ("OCSPA"), Ohio Revised Code § 1345.01 et seq.; as well as

for breach of contract and unjust enrichment under the common law of Ohio.  See

Doc. #157 at ¶ 1.  In their Amended Complaint, the Plaintiffs have named eleven

Defendants, including Defendant Barclays Capital Real Estate, Inc. ("Barclays").  Of

particular present importance, Plaintiff Eugene Kline ("Kline") set forth therein claims against Barclays under TILA and the OCSPA, and for breach of contract and unjust enrichment.

In response, Barclays has filed a Motion to Dismiss (Doc. #178), which is focused upon the Kline's claims.[1]  This Court referred that motion to United States Magistrate Judge Sharon Ovington for a Report and Recommendations.  Judge Ovington submitted such a judicial filing, recommending that this Court overrule Barclays' motion, as it relates to Kline's claims under the OCSPA and for unjust enrichment, and that it sustain that motion, as its relates to his claims under TILA and for breach of contract.  See Doc. #229.

Barclays has objected to portion of that judicial filing, wherein Judge Ovington recommended that this Court overrule its (Barclays') motion.[2]  See Doc. #232.  The Plaintiffs have filed their memorandum in opposition (see Doc. #234), while Barclays has filed a reply.  See Doc. #238.  This Court now rules on those Objections, beginning by reviewing Kline's allegations against Barclays, following which it will set forth the standard by which it reviews Judge Ovington's Report and Recommendations (Doc. #229) and Barclays' Objections (Doc. #232) thereto.  The Court will then review the procedural standards which

---

[1]Other Plaintiffs in this litigation have set forth claims against Barclays, which are not implicated by the instant motion.

[2]No party has objected to the Magistrate Judge's recommendation that the Court sustain the branch of Barclays' motion directed at Kline's claims under TILA and for breach of contract.  Based upon its de novo review of the parties' papers and the Report and Recommendations of the Magistrate Judge pertaining to the claims of Kline in that regard, this Court concurs with Judge Ovington that such are not viable.  Accordingly, the Court sustains the branches of Barclays' Motion to Dismiss (Doc. #178), as it relates to those claims and adopts the Magistrate Judge's Report and Recommendations (Doc. #229), as it relates to those claims.

must be applied whenever a court rules on a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal for failure to state a claim upon which relief can be granted.

In the Amended Complaint, Plaintiffs allege that Kline entered into two mortgage loan transactions with WMC Mortgage Company ("WMC"). Doc. #157 at ¶ 25. Therein, Plaintiffs also assert that those loans were serviced by Barclays, which notified Kline in December, 2006, that his loans were in default and would be foreclosed upon if the default was not cured.[3] Id. at ¶¶ 27 and 31. On March 16, 2007, a foreclosure action was commenced against him by Wells Fargo Bank, N.A. ("Wells Fargo"), named as "Trustee." Id. at ¶ 32. According to Kline, the notes and mortgages which he had executed with WMC had not been assigned to Wells Fargo when the foreclosure action was initiated, despite the latter's representation that it was the holder and owner of them. Id. at ¶¶ 34-37. In addition, Kline asserts that an individual who purported to be a vice president of Mortgage Electronic Registration System ("MERS") effected the assignment of the mortgages to Wells Fargo, on March 26, 2007, after the foreclosure action had been commenced, when in actuality that individual was employed by Barclays. Id. at ¶¶ 37-42. Kline also assets that, during the foreclosure proceeding, he decided to sell his home and pay off the notes and mortgages, which resulted in his being

---

[3]In actuality, Plaintiffs allege that HomEq Servicing Corporation ("HomEq") serviced Kline's loans with WMC. However, HomEq, which is occasionally spelled in the record, "HomeQ", was sold to Barclays. Indeed, Plaintiffs allege that Barclays is a loan servicer which does business as HomEq. See Doc. #157 at ¶ 10. Therefore, the Court will discuss the allegations against HomEq in Plaintiffs' Amended Complaint (Doc. #157), as if they had been made against Barclays, and does not mention HomEq further.

required to pay numerous fees and expenses that were illegal or illusory under federal and/or state law. Id. at ¶¶ 43-44.

Under 28 U.S.C. § 636(b)(1)(A), a District Court may refer to a Magistrate Judge "any pretrial matter pending before the court," with certain listed exceptions. Motions to dismiss are among the listed exceptions. Section 636(b)(1)(B) authorizes District Courts to refer "any motion excepted from subparagraph (A)" to a Magistrate Judge for "proposed findings of fact and recommendations." When a District Court refers a matter to a Magistrate Judge under § 636(b)(1)(B), it must conduct a de novo review of that judicial officer's recommendations. See United States v. Raddatz, 447 U.S. 667, 673-74 (1980); United States v. Curtis, 237 F.3d 598, 603 (6th Cir. 2001).

In Prater v. City of Burnside, Ky., 289 F.3d 417 (6th Cir. 2002), the Sixth Circuit reiterated the fundamental principles which govern the ruling on a motion to dismiss under Rule 12(b)(6):

> The district court's dismissal of a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is also reviewed de novo. Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999), overruled on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). When deciding whether to dismiss a claim under Rule 12(b)(6), "[t]he court must construe the complaint in a light most favorable to the plaintiff, and accept all of [the] factual allegations as true." Id. (citation omitted).

Id. at 424. In Swierkiewicz v. Sorema N.A., 532 U.S. 506 (2002), the Supreme Court noted that Rule 8(a)(2) of the Federal Rules of Civil Procedure merely requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 212. Therein, the Court explained further:

Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957). This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. See <u>id</u>., at 47-48; <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 168-169 (1993). "The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court." 5 C. Wright & A. Miller, <u>Federal Practice and Procedure</u> § 1202, p. 76 (2d ed. 1990).

<u>Id</u>. at 512-13. In <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), the Supreme Court rejected the standard established in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957), that a claim should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 550 U.S. at 562-63. The Supreme Court recently expounded upon <u>Twombly</u> in <u>Ashcroft v. Iqbal</u>, — U.S. —, 129 S.Ct. 1937 (2009), writing:

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in <u>Twombly</u>, 550 U.S. 544, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the–defendant–unlawfully–harmed–me accusation. <u>Id</u>., at 555 (citing <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." <u>Id</u>., at 557.
    To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." <u>Id</u>., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Id</u>., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. <u>Ibid</u>.

Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557 (brackets omitted).

Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper–technical, code–pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context–specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"–"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Id. at 1949-50.


I. OCSPA

Kline alleges that Barclays violated the OCSPA, because the fees it charged him during the foreclosure process constituted unfair and deceptive practices. See Doc. #157 at ¶¶ 141-44. Barclays has moved to dismiss that claim, arguing that it cannot be held liable for violations of the OCSPA, because it is not a "supplier," as that term is defined by that statute. See Doc. #179 at 4-6.[4] Judge Ovington recommended that this Court reject that assertion (see Doc. #229 at 10-12), to

---

[4]Barclays filed its memorandum in support of its motion separately from the motion itself. See Docs. #178 (Motion to Dismiss) and #179 (supporting memorandum).

which Barclays has objected. For reasons which follow, this Court agrees with Judge Ovington's recommendation.

As an initial matter, this Court agrees with Barclays that liability under the OCSPA can be imposed upon it only if it was a "supplier." Einhorn v. Ford Motor Co., 48 Ohio St. 3d 27, 29, 548 N.E.2d 933, 935 (1990). Since Kline alleges that the foreclosure proceedings were initiated on March 16, 2007 (see Doc. #157 at ¶ 32), this Court will apply the version of the definition of "supplier" which became effective on January 1, 2007. See Ohio Am. Sub. S. Bill No. 185 (2006). That statute provides:

> (C) "Supplier" means a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer. If the consumer transaction is in connection with a residential mortgage, "supplier" does not include an assignee or purchaser of the loan for value, except as otherwise provided in section 1345.091 of the Revised Code. For purposes of this division, in a consumer transaction in connection with a residential mortgage, "seller" means a loan officer, mortgage broker, or nonbank mortgage lender.

Ohio Revised Code § 1345.01(C).

Ohio courts have long held that entities engaging in the collection of consumer debts are suppliers. See e.g., Celebrezze v. United Research, Inc., 19 Ohio App.3d 49, 482 N.E.2d 1260 (1984). See also Foster v. D.B.S. Collection Agency, 463 F. Supp.2d 783 (S.D.Ohio 2006). Construing Plaintiffs' Amended Complaint in the manner most favorable to Kline, the Court concludes that they have alleged that part of Barclays' duties as the entity servicing Kline's mortgages was the collection of debts. Therefore, the Court concludes that Plaintiffs have alleged that Barclays was a "supplier."

Nevertheless, Barclays argues that it is not a "supplier," given that the term "supplier" did not apply to transactions relating to real estate mortgages, before January 1, 2007. This Court cannot dispute that assertion. See e.g., Torrance v. Cincinnati Mortgage Co., Inc., 2009 WL 961533(S.D. Ohio 2009) (Report and Recommendations of then Magistrate Judge Timothy Black) (and cases cited therein). According to Barclays, the Ohio General Assembly has demonstrated that the amended version of the statute, which became effective on January 1, 2007, and is applicable herein, did not apply to mortgage or loan servicing companies such as itself, by recently considering legislation which would expressly provide that the OCSPA applies to the activities of mortgage or loan servicing companies such as itself. If the statute had already applied to such entities, Barclay's argument continues, it would have been unnecessary for the Ohio General Assembly to make it expressly so.

Whether Plaintiffs have alleged that Barclays is a "supplier" depends in large measure on the question of whether its interactions with Kline occurred during a "consumer transaction," given that a "supplier" is someone "engaged in the business of effecting or soliciting consumer transactions." "Consumer transaction" was defined by the version of § 1345.01(A), which became effective on January 1, 2007, in the following manner:

> (A) "Consumer transaction" means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things. "Consumer transaction" does not include transactions between persons, defined in sections 4905.03 and 5725.01 of the Revised Code, and their customers, except for transactions in connection with residential mortgages between loan officers, mortgage brokers, or nonbank mortgage lenders and their customers; transactions between certified public accountants or public

accountants and their clients; transactions between attorneys, physicians, or dentists and their clients or patients; and transactions between veterinarians and their patients that pertain to medical treatment but not ancillary services.

Section 5725.01 of the Ohio Revised Code refers to financial institutions, as defined by certain federal laws, dealers in intangibles, insurance companies and credit unions. Barclays has not pointed to any of the federal statutes listed in § 5725.01, which render mortgage servicing companies financial institutions. Moreover, the Plaintiffs have not alleged that Barclays is a financial institution, dealer in intangibles, insurance company or credit union. Therefore, there is no basis for presently concluding, as a matter of law, that Barclays falls within the class of persons whose business dealings with consumers do not constitute "consumer transactions" under the OCSPA.

Other provisions of the OCSPA which became effective on January 1, 2007 support this Court's disagreement with Barclays' argument that subsequently proposed legislation gives meaning to a previously adopted statute. The Ohio General Assembly adopted § 1345.091 as part of Ohio Am. Sub. S. Bill No. 185 (2006). Section 1345.091 provides:

No claim or defense under this chapter may be asserted by the attorney general or any consumer against an assignee or purchaser of a mortgage loan for value unless any one of the following applies:
(A) The violation was committed by the assignee or purchaser.
(B) The assignee or purchaser is affiliated by common control with the seller of the loan at the time of such assignment or purchase.

If, as Barclays argues, the OCSPA is inapplicable to entities servicing mortgages and loans as debt collectors, because the Ohio General Assembly is contemplating the passage of legislation that would expressly so provide, then there would have

been no reason to adopt § 1345.091. Barclays has failed to show that there is a statutory basis for concluding that the OCSPA is inapplicable to entities servicing mortgages, while that statute does apply to the assignee or purchaser of a mortgage.

Accordingly, the Court overrules Barclays' Objections (Doc. #232) to the Report and Recommendations of the Magistrate Judge (Doc. #229), as those documents relate to Kline's claim under the OCSPA, and adopts that judicial filing to the same extent. The Court also overrules Barclays' Motion to Dismiss (Doc. #178), as it relates to that claim.[5]


II. Unjust Enrichment

Kline's claim of unjust enrichment is based upon the premise that the Defendants, including Barclays, have been unjustly enriched by retaining the illegal and illusory fees charged by the Defendants. Barclays argued that the Court should dismiss Kline's claim for unjust enrichment against it, because Plaintiffs' failed to adequately allege that he conferred a benefit upon it, one of the elements of a claim of unjust enrichment under the law of Ohio. This Court agrees that one of the elements of unjust enrichment under the law of Ohio is that the plaintiff conferred a benefit on the defendant. See e.g., White v. Sears, Roebuck & Co., 2011 WL 284824 (Ohio App. 2011); HAD Enterprises v. Galloway, 2011 WL

---

[5]Barclays has cited Anderson v. Barclays Capital Real Estate, Inc., 2010 WL 2541807 (N.D.Ohio), wherein the court declined to decide whether the OCSPA applied to loan servicing companies and indicated that it planned to certify the question to the Ohio Supreme Court. This Court anticipates that the parties will inform it of the progress of Anderson before the Ohio Supreme Court, assuming that that matter was certified.

193363 (Ohio App. 2011). In order to plead that element of Kline's claim of unjust enrichment, Plaintiffs have alleged:

> 159. Upon information and belief, [Barclays] was the direct recipient of some of the fees and expenses passed on to Kline by the defendants in this action.

Doc. #157 at ¶ 159. Simply stated, this Court agrees with the Magistrate Judge that this allegation sufficiently sets forth the element that Kline conferred a benefit on Barclays. Moreover, even in the post-Iqbal world, courts have recognized that facts may be alleged on the basis of information and belief, particularly when those facts are within the possession of the defendant. See e.g., Artista Records LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010); Simonian v. Blistex, Inc., 2010 WL 4539450 (N.D.Ill. 2010). Whether it was the recipient of the fees and expenses collected from Kline is a fact peculiarly within the possession of Barclays. Thus, this Court concludes that Kline's claim of unjust enrichment against Barclays is plausible.

Accordingly, the Court overrules Barclays' Objections (Doc. #232) to the Report and Recommendations of the Magistrate Judge (Doc. #229), as those documents relate to Kline's claim of unjust enrichment, and adopts that judicial filing to the same extent. The Court also overrules Barclays' Motion to Dismiss (Doc. #178), as it relates to that claim.

Based upon the aforesaid, the Court overrules Barclays' Objections (Doc. #232), adopts Judge Ovington's Report and Recommendations (Doc. #229) and sustains in part and overrules in part Barclays' Motion to Dismiss (Doc. #178).

As a consequence, Kline's claims under the OCSPA and for unjust enrichment are his sole remaining claims against Barclays.


March 29, 2011

_____
        WALTER HERBERT RICE, JUDGE
        UNITED STATES DISTRICT COURT


Copies to:

Counsel of Record.