IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EUGENE KLINE, et al.,              :

    Plaintiffs,                :
                                        Case No. 3:08cv408

vs.                                :
                                        JUDGE WALTER HERBERT RICE
MORTGAGE ELECTRONIC SECURITY      :
SYSTEMS, et al.,                   :

    Defendants.                :

---

DECISION AND ENTRY OVERRULING PLAINTIFFS' MOTION FOR RECONSIDERATION (DOC. #216)

---

In this putative class action, a number of individuals, including Plaintiff Eugene Kline ("Plaintiff" or "Kline"), have set forth claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a et seq.; the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq.; the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Revised Code § 1345.01 et seq.; and for breach of contract and unjust enrichment under the common law of Ohio. See Doc. #1 at ¶ 2. In their Complaint, the Plaintiffs have named eleven Defendants, including Defendant Lerner, Sampson and Rothfuss ("Defendant" or "LS&R").

LS&R filed a motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, requesting that this Court dismiss Plaintiffs' Complaint against it for

failure to state a claim upon which relief can be granted. See Doc. #18. This Court referred that motion to United States Magistrate Judge Sharon Ovington for a report and recommendations. After Judge Ovington had submitted such a judicial filing, recommending that this Court sustain LS&R's motion (see Doc. #106), Plaintiffs filed Objections (Doc. #110) thereto. In its Decision of September 21, 2009 (Doc. #116), the Court sustained in part and overruled in part, both Plaintiffs' Objections and LS&R's motion.

Of particular present importance, this Court concluded that LS&R's communications with Kline's attorney, in which attorney's fees had been requested by LS&R, did not violate the FDCPA. Thus, this Court sustained the branch of LS&R's motion with which it sought dismissal of claims predicated upon those communications. Doc. #116 at 8-10. Plaintiffs sought reconsideration of that Decision (Doc. #123). In its Decision of September 28, 1010 (Doc. #214), this Court overruled the Plaintiffs' motion in part and overruled said motion without prejudice in part:

> Next, Plaintiffs argue that there are a number of Ohio state court decisions, which indicate that Jones' and the Rosses' class action allegations are viable. This Court overrules this branch Plaintiffs' motion, without prejudice to renewal. There is a more fundamental problem with the Court's ruling in that regard. A little more than six months after this Court had entered its Decision (Doc. #116), the United States Supreme Court, in Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co., — U.S. —, 130 S.Ct. 1431 (2010), held that whether a class action, based on state law claims, may be certified in federal court is dependent upon Rule 23 of the Federal Rules of Civil Procedure, rather than state law limitations on the availability of class actions. Accordingly, the Court overrules, without prejudice to renewal, this branch of Plaintiffs' Motion for Reconsideration (Doc. #123). If Plaintiffs are to renew this branch of their motion, they must do so within 20 days and focus on the applicability of Shady Grove to this litigation.

Doc. #214 at 4 (footnote omitted).

Plaintiff has now renewed his request for reconsideration, which, although mentioning Shady Grove, focuses on Plaintiff's disagreement with the Court over the interpretation of the FDCPA.

Initially addressing the issue upon which Plaintiffs focus, there is not a single word in the Court's Decision of September 28, 2010, that could possibly be interpreted as inviting Plaintiff to revisit this Court's interpretation of the FDCPA. That issue has been laid to rest to rest in this litigation. The Court and Plaintiff fundamentally disagree about the Court's interpretation of the statute. Neither Jerman v. Carlisle, McNellie, Rint, Kramer & Ulrich, LPA, — U.S.—, 130 S.Ct. 1605 (2010), nor Plaintiffs' newly cited authority, Allen v. LaSalle Bank, N.A., 629 F.3d 364 (3d Cir. 2011), has caused the Court to question its interpretation of the pertinent provision of the FDCPA.[1]

Turning to the issues of class certification, the Court denied same because the claims he sought to certify under the OCSPA could not be certified because the class claims would be barred by the statute of limitations. See Doc. #116 at 16. Plaintiffs have not caused the Court to reconsider that decision. As to his other claims, Plaintiffs have not demonstrated that there is a difference between the state standards which this Court applied therein and the federal standards which must be utilized under Shady Grove. Moreover, given that Kline's claims have

---

[1] Plaintiff suggests that this Court certify this matter to the Sixth Circuit for an interlocutory appeal. He seeks to have this Court certify its Decision of September 21, 2009 (Doc. #116). Under 28 U.S.C. § 1292(b), in order to certify, this Court must be of the opinion that an interlocutory appeal will materially advance the ultimate termination of this litigation. Herein, this Court is not able to make that finding.

- 4 -

been dismissed, that Plaintiff could not serve as the representative for a class of individuals seeking class wide relief on those claims.

Based upon the foregoing, the Court overrules Plaintiffs' Motion for Reconsideration (Doc. #216).

August 28, 2011

*(signature)*

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.