IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EUGENE KLINE, et al.,  :

    Plaintiffs,  :

                                    Case No. 3:08cv408

vs.  :

                                    JUDGE WALTER HERBERT RICE

MORTGAGE ELECTRONIC SECURITY  :
SYSTEMS, et al.,  :

    Defendants.  :

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING, AS
MOOT, IN PART THE MOTION OF DEFENDANT LERNER, SAMPSON
AND ROTHFUSS FOR JUDGMENT ON THE PLEADINGS (DOC. #242);
CLAIMS OF DEFENDANTS JONES AND THE ROSSES VERSUS SAID
DEFENDANT DISMISSED WITH PREJUDICE; STATE LAW CLAIMS OF
SAID PLAINTIFFS VERSUS SAID DEFENDANT UNDER OHIO
CONSUMER SALES PRACTICES ACT DISMISSED WITHOUT
PREJUDICE

---

In this putative class action, the Plaintiffs set forth in their Amended Complaint claims, inter alia, under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a et seq.; and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Revised Code § 1345.01 et seq. See Doc. #157 at ¶ 2. In that Amended Complaint (Doc. #157), the Plaintiffs have named eleven Defendants, including Defendant Lerner, Sampson and Rothfuss ("LS&R"). LS&R has filed a motion, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure,

requesting that this Court grant it judgment on the pleadings on the claims of Jon Shayne Jones ("Jones") and George and Carol Ross ("Rosses") under the FDCPA and the OCSPA. See Doc. #242. The Court begins by setting forth the procedural standards it must apply whenever a court rules on a motion under Rule 12(c) of the Federal Rules of Civil Procedure, seeking judgment on the pleadings.

The Sixth Circuit has frequently held that the procedural standards utilized when ruling on a motion to dismiss under Rule 12(b)(6) must be used when ruling on a motion filed under Rule 12(c). Roth v. Guzman, 650 F.3d 603, 605 (6th Cir. 2011). Accordingly, the Court reviews the procedural standards applicable to motions to dismiss filed under Rule 12(b)(6).

In Prater v. City of Burnside, Ky., 289 F.3d 417 (6th Cir. 2002), the Sixth Circuit reiterated the fundamental principles which govern the ruling on a motion to dismiss under Rule 12(b)(6):

> The district court's dismissal of a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is also reviewed de novo. Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999), overruled on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). When deciding whether to dismiss a claim under Rule 12(b)(6), "[t]he court must construe the complaint in a light most favorable to the plaintiff, and accept all of [the] factual allegations as true." Id. (citation omitted).

Id. at 424. In Swierkiewicz v. Sorema N.A., 532 U.S. 506 (2002), the Supreme Court noted that Rule 8(a)(2) of the Federal Rules of Civil Procedure merely requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 212. Therein, the Court explained further:

> Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). This simplified notice pleading standard relies on

> liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. See id., at 47-48; Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168-169 (1993). "The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, p. 76 (2d ed. 1990).

Id. at 512-13. In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court rejected the standard established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that a claim should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 550 U.S. at —. The Supreme Court recently expounded upon Twombly in Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937 (2009), writing:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Twombly, 550 U.S. 544, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id., at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557.
>     To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557 (brackets omitted).

>	Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context- specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Id. at 1949-50.

As indicated, LS&R seeks dismissal of the claims of Jones and the Rosses under the FDCPA and the OCSPA. As a means of analysis, the Court will initially discuss the parties' arguments concerning the claims under the FDCPA, following which it will turn to the OCSPA. However, before engaging in that analysis, the Court will address a procedural objection raised by Jones and the Rosses.

According to the Plaintiffs, a motion for judgment on the pleadings is the improper procedural vehicle for bringing this challenge, since such a motion cannot be filed until the pleadings for all parties have been filed. See Doc. #257 at 2-3. Accepting for present purposes that not all parties have answered, this Court declines to overrule LS&R's motion on that basis. Quite simply, that Defendant could have challenged the viability of Jones' and the Rosses" claims under the

FDCPA and the OCSPA with a motion to dismiss under Rule 12(b)(6). Given that the procedural standards applicable to motions under Rule 12(b)(6) and (c) are identical, this Court cannot conceive of any prejudice that will befall Jones and/or the Rosses as a result of the Court ruling on the instant motion before the pleadings of all of the parties have been filed.

I. FDCPA

LS&R argues that it is entitled to judgment on the pleadings on the claims of Jones and the Rosses under the FDCPA, because filing a proof of claim in a bankruptcy proceeding cannot serve as the basis for a claim under that statute.[1] To support that proposition, LS&R relies upon Simmons v. Roundtop Funding, LLC, 622 F.3d 93 (2d Cir. 2010). Therein, the Second Circuit held that filing a proof of claim in a bankruptcy proceeding cannot violate the FDCPA, because "[b]ankruptcy provides remedies for wrongfully filed proofs of claim." Id. at 96. This Court finds Simmons and the cases cited therein to be persuasive and will follow same. Accordingly, the Court concludes that Jones and the Rosses do not have viable claims under the FDCPA.

Nevertheless, Plaintiffs argue that LS&R is not entitled to judgment on the pleadings on the Rosses claim under the FDCPA, because they allege that LR&S continues to attempt to collect the illegally charged fees. See Doc. #157 at ¶ 129. This Court is unable to agree with Plaintiffs that the Rosses have a viable claim

---

[1] The claims of Jones and the Rosses under the FDCPA are based upon the filing of proofs of claim by LR&S in their respective bankruptcies. See Plaintiffs' Amended Complaint (Doc. #157) at ¶¶ 102-07 and 120-29.

under the FDCPA against LS&S as a result of these allegations. What is missing from Plaintiffs' Amended Complaint (Doc. # 157), is an allegation that LR&S received some payment as a result.

Accordingly, the Court sustains the Motion for Judgment on the Pleadings of Defendant Lerner, Sampson and Rothfuss (Doc. #242), as it relates to the claims of Jones and the Rosses under the FDCPA. Said claims are dismissed with prejudice.

## II. OCSPA

LS&R argues that it is entitled to judgment on the pleadings on the claims of Jones and the Rosses under the OCSPA, principally because this Court has previously held that claims under the OCSPA are preempted by the Bankruptcy Code. This Court will not address that issue. Rather, in accordance with established Sixth Circuit precedent, and as it has done previously in this litigation (see Docs. ##116, 150 and 154), this Court will decline to continue to exercise supplemental jurisdiction over the claims of Jones and the Rosses under the OCSPA, given that the only federal claims asserted by those Plaintiffs, arising under the FDCPA, has been dismissed.

The law of the Sixth Circuit is clear. When a court dismisses a plaintiff's only claim over which it has original jurisdiction (i.e., a federal claim), for failure to state a claim upon which relief can be granted, it should decline to continue to exercise supplemental jurisdiction over the plaintiff's state law claims. See e.g., Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1255-56 (6th Cir. 1996) (noting that there is a strong presumption that District Court declines to

continue to exercise supplemental jurisdiction over state law claims after it has dismissed federal claims pursuant to a 12(b)(6) motion).

Accordingly, the Court overrules, as moot, the Motion for Judgment on the Pleadings of Defendant Lerner, Sampson and Rothfuss (Doc. #242), as it relates to the claims of Jones and the Rosses under the OCSPA. These claims are dismissed without prejudice to being refiled in a state court of competent jurisdiction.

Based upon the foregoing, the Court sustains in part and overrules, as moot, in part the Motion for Judgment on the Pleadings of Defendant Lerner, Sampson and Rothfuss (Doc. #242).

November 3, 2011

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.