IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EUGENE KLINE, et al., :

    Plaintiffs, :

                           Case No. 3:08cv408

vs. :

                         JUDGE WALTER HERBERT RICE

MORTGAGE ELECTRONIC :
REGISTRATION SYSTEMS, :
INC., et al., :

    Defendants. :

---

DECISION AND ENTRY SUSTAINING PLAINTIFFS' MOTION FOR RECONSIDERATION (DOC. #244); DECISION AND ENTRY OVERRULING MOTION FOR RECONSIDERATION FILED BY DEFENDANT WELLS FARGO BANK, N.A. (DOC. #245); CONFERENCE CALL SET

---

In this putative class action, the Plaintiffs have set forth claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a et seq.; the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq.; and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Revised Code § 1345.01 et seq.; as well as for breach of contract and unjust enrichment under the common law of Ohio. See Doc. #157 at ¶ 1. In their Amended Complaint, the Plaintiffs have named eleven Defendants, including Defendant Wells Fargo Bank N.A. ("Wells Fargo"). Of particular present importance, Plaintiff Eugene Kline ("Kline") set forth therein

claims against Wells Fargo under the TILA and the OCSPA, and for breach of contract and unjust enrichment.

In response, Wells Fargo filed a Motion for Judgment on the Pleadings with Respect to the Claims of Eugene Kline (Doc. #180). This Court referred that motion to United States Magistrate Judge Sharon Ovington for a Report and Recommendations. Judge Ovington submitted such a judicial filing, recommending that this Court sustain Wells Fargo's motion, as it relates to Kline's claims under the OCSPA and for unjust enrichment, and that it overrule that motion, as it relates to his claims under the TILA and for breach of contract. See Doc. #226.

Wells Fargo objected to the portion of that judicial filing which recommended that this Court overrule its motion. See Doc. #231. In its Decision of March 28, 2011, this Court ruled on those Objections (Doc. #231), sustaining them as they related to the breach of contract claim and overruling them as they related to Kline's claim under the TILA. See Doc. #240. This litigation is now before the Court on two motions seeking reconsideration of that Decision, to wit: 1) Kline's Motion for Reconsideration (Doc. #244), with which he challenges the Court's conclusion that his claim of breach of contract must be dismissed; 2) Wells Fargo's Motion for Reconsideration (Doc. #245), requesting this Court to consider once again its decision to adopt the recommendation of the United States Magistrate Judge that Kline's claim under the TILA not be dismissed.[1] As a means of

---

[1]Kline moves under Rules 59(e) and 60 of the Federal Rules of Civil Procedure. The proper procedural vehicle for seeking reconsideration of an interlocutory decision is Rule 54(b) of the Federal Rules of Civil Procedure, which provides:
> (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief–whether as a claim, counterclaim, crossclaim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more,

analysis, the Court will address the two motions in the above order. The Court, however, begins its analysis by reviewing the procedural standards which must be applied when this Court reviews a Magistrate Judge's recommendations on a motion for judgment on the pleadings, as well as such standards which are applicable whenever a court rules on a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal for failure to state a claim upon which relief can be granted, since the Sixth Circuit has held that the procedural standards applicable to motions under Rule 12(b)(6) must be applied when ruling on a request for judgment on the pleadings under Rule 12(c). Jelovsek v. Bredesen, 545 F.3d 431, 435 (6th Cir. 2008). The Court will then review Kline's allegations.

In Prater v. City of Burnside, Ky., 289 F.3d 417 (6th Cir. 2002), the Sixth Circuit reiterated the fundamental principles which govern the ruling on a motion to dismiss under Rule 12(b)(6):

> The district court's dismissal of a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is also reviewed de novo. Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999), overruled on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). When deciding whether to dismiss a claim under Rule 12(b)(6), "[t]he court must construe the complaint in a light most favorable to the plaintiff, and accept all of [the] factual allegations as true." Id. (citation omitted).

Id. at 424. In Swierkiewicz v. Sorema N.A., 532 U.S. 506 (2002), the Supreme Court noted that Rule 8(a)(2) of the Federal Rules of Civil Procedure merely requires

---

but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. <u>Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities</u>.

(emphasis added).

that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 212. Therein, the Court explained further:

> Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. See id., at 47-48; Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168-169 (1993). "The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, p. 76 (2d ed. 1990).

Id. at 512-13. In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court rejected the standard established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that a claim should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 550 U.S. at 562-63. The Supreme Court recently expounded upon Twombly in Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937 (2009), writing:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Twombly, 550 U.S. 544, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id., at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557.
>     To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

> that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557 (brackets omitted).
>
> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Id. at 1949-50.

Under 28 U.S.C. § 636(b)(1)(A), a District Court may refer to a Magistrate Judge "any pretrial matter pending before the court," with certain listed exceptions. Motions to dismiss are among the listed exceptions. Section 636(b)(1)(B) authorizes District Courts to refer "any motion excepted from subparagraph (A)" to a Magistrate Judge for "proposed findings of fact and recommendations." When a District Court refers a matter to a Magistrate Judge under § 636(b)(1)(B), it must conduct a de novo review of that judicial officer's recommendations. See United States v. Raddatz, 447 U.S. 667, 673-74 (1980); United States v. Curtis, 237 F.3d 598, 603 (6th Cir. 2001).

In the Amended Complaint, Kline alleges that he had entered into two mortgage loan transactions with WMC Mortgage Company ("WMC"). Doc. #157 at ¶ 25. After he had been declared in default of his loans, Wells Fargo, identifying itself as a "Trustee", commenced a foreclosure action against him. Id. at ¶¶ 31-32. According to Kline, the notes and mortgages which he had executed with WMC had not been assigned to Wells Fargo when the foreclosure action was initiated, despite the latter's representation that it was the holder and owner of them. Id. at ¶¶ 34-37. In addition, Kline asserts that, during the foreclosure proceeding, he decided to sell his home and pay off the notes and mortgages, which resulted in his being required to pay a number of excessive and/or improper fees, such as $450.00 for service of process, a handling fee of $100.00, fees for preliminary and final judicial reports and late fees after his mortgages had been accelerated. Id. at ¶¶ 45-61.

## I. Breach of Contract

In sustaining Wells Fargo's Objections (Doc. #231) to Judge Ovington's Report and Recommendation (Doc. #226), this Court wrote in its Decision of March 28, 2011:

> Judge Ovington concluded that Wells Fargo had not breached any of its contracts with Kline, i.e., the notes and mortgages into which Kline had entered with WMC, by attempting to collect any amount other than an amount of attorney's fees. She recommended that the Court overrule Wells Fargo's motion, as it relates to Kline's breach of contract claim, because Ohio law does not permit the recovery of attorney's fees in a mortgage foreclosure proceeding. See Doc. #226 at 16-18. In its Objections, Wells Fargo contends that the law firm, Reimer, Lorber & Arnovitz ("RL&A"), was retained to foreclose one of the notes and mortgages for which it (Wells Fargo) was the Trustee. Wells Fargo asserts that a second law firm, Lerner, Sampson & Rothfuss ("LS&R"), was retained to represent it in the

> foreclosure proceedings with respect to the other note and mortgage. Wells Fargo states that, while LS&R sought to recover attorney's fees from Kline, RL&A did not. According to Wells Fargo, LS&R represented it as a defendant in the foreclosure action, as junior lien holder, and that Ohio law permits it to recover attorney's fees under those circumstances.
>
> As an initial matter, the Plaintiffs' Amended Complaint is devoid of any allegation that Kline is attempting to recover from Wells Fargo, because LS&R recovered attorney's fees in the foreclosure action. On the contrary, Plaintiffs allege that MERS, WMC, LS&R and HomeEq illegally recovered attorney's fees in that proceeding. See Doc. #157 at ¶¶ 69-71. Moreover, Plaintiffs do not allege that RL&A recovered or attempted to recover attorney's fees from Kline. Kline seeks to recover from Wells Fargo for the fees charged by RL&A.
>
> Based upon the foregoing and given that Judge Ovington held that collection of the fees other than attorney's fees did not breach the parties' contracts, this Court concludes that Kline has failed to state a claim of breach of contract against Wells Fargo. Accordingly, the Court sustains Wells' Fargo's Objections (Doc. #231), rejects the Report and Recommendations (Doc. #226) and sustains Wells Fargo's Motion for Judgment on the Pleadings with Respect to the Claims of Eugene Kline (Doc. #180), as they relate to Kline's breach of contract claim against it.

Doc. #240 at (footnotes omitted).

Kline interposes a number of arguments against the foregoing conclusion by the Court. For instance, he states that in neither its Motion for Judgment on the Pleadings (Doc. #180) nor in its Objections (Doc. #231) to Judge Ovington's Report and Recommendations (Doc. #226) did Wells Fargo raise the argument that this Court relied upon in concluding that Kline did not have a viable claim for breach of contract. Although a District Court must conduct a de novo review of a ruling by a Magistrate Judge on a motion for judgment on the pleadings, the Sixth Circuit has stressed that the parties have a duty to "pinpoint" the portions of a report and recommendations to which an objection has been interposed. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). In addition, Kline argues that papers filed by Wells Fargo constitute judicial admissions, demonstrating that he has a

viable breach of contract claim.  In response, Wells Fargo asserts that it was permitted to recover attorney's fees by the notes and mortgages executed by Kline and that such is authorized by Ohio law.

Given that the ultimate viability of Kline's claim for breach of contract will be resolved, in part, by an evidentiary matter, his assertion that Wells Fargo's papers contain a judicial admission, papers neither set forth in or attached to the Complaint, this Court is of the opinion that the viability of Kline's claim of breach of contract should be tested with a motion for summary judgment, rather than by one seeking dismissal or judgment on the pleadings.  Accordingly, the Court sustains the Plaintiffs' Motion for Reconsideration (Doc. #244).  Kline's breach of contract claim against Wells Fargo remains viable at this time.

## II. TILA

In its Decision of March 28, 2011 (Doc. #240), this Court agreed with the reasoning of Judge Ovington and, therefore, overruled the branch of Wells Fargo's motion directed at Kline's claim under the TILA.  With its Motion for Reconsideration (Doc. #245), Wells Fargo argues that the Court must dismiss Kline's claim under the TILA, because such a claim is derivative and the dismissal of Kline's breach of contract claim means that no claim, from which Kline's claim under the TILA can be derived remains viable in this litigation.  Accepting for present purposes Wells Fargo's assertion that a claim under the TILA is viable only when there is a separate claim from which it can be derived, that Defendant's request for reconsideration must be denied, given that the Court has concluded, above, that Kline's claim of breach of contract survives a motion seeking its

- 9 -

dismissal. Accordingly, the Court overrules Wells Fargo's Motion for Reconsideration (Doc. #245).

Counsel will note that the Court has scheduled a telephone conference call on Tuesday, February 28, 2012, at 8:30 a.m., for the purpose of selecting pertinent dates leading to the conclusion of this litigation. In anticipation of that conference call, the parties must not only file a Rule 26(f) report, but also a jointly agreed list of claims that remain viable in this litigation.[2]

January 31, 2012

                                                                                    */s/ Walter Herbert Rice*
                                                               WALTER HERBERT RICE, JUDGE
                                                               UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.

---

[2] Within 10 calendar days from date, Plaintiffs' counsel must furnish counsel for the Defendants a list of claims which he is of the opinion remain viable and against which Defendant. Defendants' counsel shall have 5 calendar days in which to agree or to disagree with the list provided by the Plaintiff. The parties shall submit a list of remaining claims for which there is agreement. As to those which the parties have failed to agree, Plaintiffs' counsel and counsel for the Defendant in question shall each submit a statement, including citations to the record, which substantiates his or her position.