IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EUGENE KLINE, et al.,　　　　　　　:

　　　　Plaintiffs,

　　v.　　　　　　　　　　　　　　　:　　　Case No. 3:08cv408

MORTGAGE ELECTRONIC　　　　　　　　JUDGE WALTER H. RICE
SECURITY SYSTEMS, et al.,
　　　　　　　　　　　　　　　　　:
　　　　Defendants.

---

DECISION AND ENTRY CLARIFYING THE COURT'S DECISION AND
ENTRY OF APRIL 19, 2012 (DOC. #271); PLAINTIFF EUGENE
KLINE'S FDCPA CLAIMS AGAINST DEFENDANT REIMER, LORBER
AND ARNOVITZ CO., LPA REINSTATED ONLY AS TO SAID
PLAINTIFF'S CLAIM UNDER 15 U.S.C. § 1692f(1);  STATE LAW
CLAIMS OF SAID PLAINTIFF AGAINST SAID DEFENDANT FOR
UNJUST ENRICHMENT AND UNDER THE OHIO CONSUMER SALES
PRACTICES ACT REINSTATED; PLAINTIFF EUGENE KLINE'S MOTION
TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 54 OF THE
FEDERAL RULES OF CIVIL PROCEDURE (DOC. #280) REQUESTING
REINSTATEMENT OF SAID PLAINTIFF'S FDCPA CLAIM UNDER 15
U.S.C. § 1692e OVERRULED; DEFENDANT REIMER, LORBER AND
ARNOVITZ CO., LPA'S MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT (DOC. #274) OVERRULED; DEFENDANT REIMER,
LORBER AND ARNOVITZ CO., LPA'S MOTION TO STAY DISCOVERY
PENDING A RULING ON MOTION TO DISMISS FIRST AMENDED
COMPLAINT (DOC. #276) OVERRULED AS MOOT.

---

　　　　In this putative class action, a number of individuals, including Plaintiff

Eugene Kline ("Kline"), set forth claims against eleven defendants, including

Defendants Reimer, Lorber and Arnovitz Co., LPA ("RL&A"), seeking monetary

damages and injunctive relief based on claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a, *et seq*.; the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq*.; the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Revised Code § 1345.01, *et seq*.; and claims for unjust enrichment and breach of contract under the common law of Ohio. Plaintiffs' claims arise out of alleged misconduct in mortgage servicing, misrepresentation in foreclosure filings, and the charging and collecting of improper and excessive fees from borrowers. The Court's jurisdiction is based on federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367.

The following motions are pending before the court pertaining to the claims set forth by Kline against RL&A: 1) Kline's Motion to Alter or Amend Judgment Pursuant to Rule 54 of the Federal Rules of Civil Procedure (Doc. #280), requesting reconsideration of the Court's March 22, 2010, Decision and Entry dismissing Kline's FDCPA claim under 15 U.S.C § 1692e (Doc. #150); RL&A's Motion to Dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted (Doc. #274); and 2) RL&A's Motion to Stay Discovery Pending a Ruling on Motion to Dismiss First Amended Complaint (Doc. #276).

For the reasons set forth below, the Court overrules each of these motions. In addition, the Court clarifies that its Decision and Entry of April 19, 2012 (Doc. #271), reinstated Kline's claim under the FDCPA as to claims under 15 U.S.C. §

2

1692f(1) only. Furthermore, the Court reinstates Kline's state law claims of unjust enrichment and for violations of the OCSPA.

I.  **PROCEDURAL HISTORY**

Kline and his co-plaintiffs brought this putative class action on November 10, 2008, against eleven defendants, including RL&A. Doc. #1. On March 3, 2009, RL&A filed a motion to dismiss all of Kline's claims against it for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Doc. #35. The Court referred that motion, and other pending motions filed by other Defendants, to United States Magistrate Judge Sharon Ovington for Report and Recommendations. Judge Ovington's report recommended that RL&A's motion be granted in its entirety. Doc. #125. Plaintiffs filed Objections to the Magistrate's Report and Recommendations (Doc. #126), and RL&A and filed a Response to Plaintiffs' Objections (Doc. #129).

In its Decision and Entry of March 22, 2010, the Court overruled the Plaintiff's Objections to Judge Ovington's Report and Recommendations, adopting them in their entirety and dismissing Kline's FDCPA claims against RL&A. Doc. #150. The Court also dismissed without prejudice Kline's claims of unjust enrichment and violations of the OCSPA, declining to exercise supplemental jurisdiction over them in the absence of a viable federal claim. *Id*. at 14. In addition, the Court dismissed Kline's breach of contract claim with prejudice, as

the Court deemed it abandoned due to Kline's failure to defend the claim in his response to RL&A's motion. *Id*. at 7.

On April 14, 2010, the Plaintiffs filed their First Amended Complaint. Doc. #157. The First Amended Complaint purported to restate all of Kline's dismissed claims against RL&A. This appears to have been a drafting error, however, as Kline and RL&A filed a Stipulation Regarding Amended Complaint shortly thereafter (Doc. #161), in which the parties recognized the Court's previous dismissal of Kline's claims against RL&A and stipulated that the First Amended Complaint in fact contained no new or amended allegations against RL&A. *Id*.

Nevertheless, on multiple occasions, Kline moved the Court for reconsideration of its interpretation of the FDCPA and its dismissal of his claims under that statute against both RL&A and Defendant Lerner, Sampson and Rothfuss ("LS&R"). Docs. #123, #216, & #265. The Court overruled Kline's first two motions. Docs. #214 & #262. Kline prevailed, however, on his February 2, 2012, motion requesting reconsideration (Doc. #265), as the Court reinstated his FCDPA claims under Section 1692f(1) against RL&A and LS&R, in its Decision and Entry of April 19, 2012 (Doc. #271).

On May 29, 2012, RL&A filed a motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, requesting that this Court dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted. Doc. #274. Kline filed an Opposition to RL&A's motion to dismiss (Doc. #279), which was followed by RL&A's Reply Brief in Support (Doc. #281). In addition,

4

RL&A filed a Motion to Stay Discovery Pending a Ruling on Motion to Dismiss First Amended Complaint on June 19, 2012. Doc. #276. Kline filed a Response in Opposition to that motion on July 19, 2012 (Doc. #284), to which RL&A filed its reply on August 16, 2012 (Doc. #289).

Kline filed a Motion to Alter or Amend Judgment Pursuant to Rule 54 of the Federal Rules of Civil Procedure on July 3, 2012, requesting reconsideration of the dismissed FDCPA claim under 15 U.S.C. § 1692e for false or misleading representation against RL&A. Doc. #280. RL&A filed a Response in Opposition to Kline's motion on July 24, 2012. Doc. #285. Kline filed a Notice of Supplemental Authority in Support of the Motion to Alter or Amend Judgment on November 5, 2012, based on a recent decision of the Supreme Court of Ohio, *Federal Home Loan Mortgage Corp. v. Schwartzwald*, 134 Ohio St. 3d 13, 2012-Ohio-5017, 979 N.E.2d 1214. Doc. #290. RL&A filed a Response to Kline's Notice of Supplemental Authority on November 21, 2012. Doc. #292.

## II.    THE ALLEGATIONS IN THE AMENDED COMPLAINT

In their First Amended Complaint, the Plaintiffs allege that, in or about June, 2004, Kline entered into a $160,000 loan transaction with WMC Mortgage Corporation ("WMC"). Doc. #157 ¶ 25. After Kline fell behind on the payments and defaulted on the loan, RL&A commenced foreclosure proceedings against him in August 2005 on behalf of WMC and the loan servicer, HomEq Servicing

5

Corporation ("HomEq"). *Id*. ¶¶ 26-29. The mortgage was later reinstated and the foreclosure proceeding against Kline was subsequently dismissed. *Id*. ¶ 30.

By December of 2006, Kline had again fallen behind on the loan payments and HomEq notified him that he faced further foreclosure proceedings if he failed to bring the loan current. *Id*. ¶ 31. Another foreclosure action was filed against Kline on March 16, 2007, again with RL&A as counsel, but this time with "Wells Fargo Bank, N.A., as Trustee" ("Wells Fargo") named as the plaintiff. *Id*. ¶¶ 32-33.

Kline alleges that although the foreclosure complaint stated that Wells Fargo was the owner and holder of the promissory note on Kline's mortgage, the mortgage was not assigned to Wells Fargo until March 26, 2007, ten days after the filing of the foreclosure action. *Id*. ¶¶ 34, 37. According to the First Amended Complaint, both Wells Fargo and RL&A knew that the papers initially filed in the foreclosure action falsely represented Wells Fargo as the owner of the note and the creditor to whom Kline owed the debt. *Id*. ¶¶ 34-36. Kline also alleges that an employee of HomEq falsely represented himself as a Vice-President of Mortgage Electronic Registration Systems, Inc. ("MERS"), in order to effect the assignment of the mortgage loan to Wells Fargo. *Id*. ¶¶ 39-44. During these foreclosure proceedings, Kline decided to sell his home and to pay off the loans it secured. *Id*. ¶ 43.

Kline alleges that a number of fees and expenses were charged in order to pay off the delinquent loan held by Wells Fargo. *Id*. ¶¶45-61. These fees included

6

$450.00 for "Process Service," $75 for each of the parties served, $100 to serve

MERS, a $50 "handling" fee, $803 for a "Preliminary Judicial Report" (of which

$335 went towards an "Exam Fee"), $150 for a "Final Judicial Report" (of which

$50 went towards an "Exam Fee"), and late fees charged after the acceleration of

the loan. *Id* ¶¶ 45-67. Plaintiffs contend that the foregoing actions by RL&A

violated the FDCPA (*Id*. ¶¶ 61, 130-136) as well as the OCSPA, and give rise to a

claim for unjust enrichment under state law (*Id*. ¶¶ 141-161).

## III.   ANALYSIS

### A.   The Court's April 19, 2012, Decision and Entry (Doc. #271) Sustaining Plaintiffs' Motion to Alter or Amend Judgment

As an initial matter, the Court wishes to clarify two points about its April

19, 2012, Decision and Entry Sustaining Plaintiffs' Motion to Alter or Amend

Judgment (Doc #271).

First, although the Decision and Entry referred generally to "Kline's claims

under the FDCPA against LS&R and RL&A," (Doc. #271 at 1, 10), the effect of

that order was only reinstatement of Kline's FCDPA claims under 15 U.S.C. §

1692f(1) against those Defendants. The Court based its Decision and Entry upon

the controlling authority of an agency interpretation of the FDCPA put forth in a

December 23, 2011, *amicus curiae* brief requested by the United States Supreme

Court in *Fein, Such, Kahn and Shepard PC v. Allen*, Case No. 10-1417, *cert.*

*denied*, 132 S.Ct. 1141 (2012). In the brief submitted by the Solicitor General,

the interpretation of 15 U.S.C. § 1692f(1) set forth by the Consumer Financial

7

Protection Bureau and the Federal Trade Commission allowed for violations arising from communications made from a debt collector to a consumer's attorney. Brief for the United States as Amicus Curiae at *8-9, *Fein*, 132 S. Ct. 1141 (2012), 2011 WL 6780149.[1] Because such communications formed the basis for some of Kline's original claims, this Court reinstated Klein's claims against RL&A and LS&R brought under Section 1692f(1) of FDCPA. Doc. #271. However, the agencies' analysis of the FDCPA in the *amicus* brief and the Third Circuit Court of Appeals opinion it supported were confined to Section 1692f(1). *See* Brief for the United States as Amicus Curiae at *15, *Fein*, 132 S. Ct. 1141 (2012), 2011 WL 6780149 (noting that the Third Circuit "did not announce a rule that governs all provisions of the FDCPA, but instead confined its analysis to Section 1692f(1)"). Accordingly, as controlling law, it could only support reinstatement of Kline's claim under Section 1692f(1) and, therefore, did not affect or provide the basis for reinstatement of his dismissed claim under Section 1692e.

Second, the Decision and Entry inadvertently did not reinstate Kline's state law claims of unjust enrichment and violations of the OCSPA. *See* Doc. #157 ¶¶ 141-161 (setting forth Plaintiffs' state law claims). The Court had previously dismissed both state law claims when it originally dismissed Kline's FDCPA claims, declining to exercise supplemental jurisdiction over them in the absence of a viable

_____

[1] Under *Chase Bank USA, N.A. v. McCoy*, 131 S. Ct. 871 (2011), an agency's interpretation of its own regulation advanced in an *amicus* brief warrants the traditional deference afforded by *Chevron U.S.A. v. Natural Resources Defense Council*, 467 U.S. 837 (1984).

federal claim. Doc. #150 at 14; *see* 28 U.S.C. § 1367(c)(3). Kline's motion, requesting reinstatement of his FDCPA claim, did request the reinstatement of his state law claims as well. Doc. #265 at 6.

The Court's original jurisdiction over Kline's federal claim under 15 U.S.C. § 1692f(1) allows for supplemental jurisdiction over his state law claims under 28 U.S.C. § 1367(a). Having reinstated his FDCPA claim under 15 U.S.C. § 1692f(1), the Court, therefore, reinstates Kline's state law claims of unjust enrichment and violations of the OCSPA.[2]

**B.** **Kline's Motion to Alter or Amend the Court's March 22, 2010, Decision and Entry Dismissing his FDCPA Claim under 15 U.S.C. 1692e (Doc. #280).**

Under Rule 54(b) of the Federal Rules of Civil Procedure, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time" prior to entry of final judgment. However, the expansive language of Rule 54(b) is constrained by the "law of the case" doctrine, which "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). There are three "exceptional circumstances" under which a court may reconsider a previous

---

[2] The Court does not reinstate Kline's breach of contract claim, which it dismissed with prejudice after Kline failed to defend it in his response to RL&A's original motion to dismiss his claims. Doc. #150 at 7.

9

decision: "(1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice." *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006) (citing *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997)).

Kline argues that the Sixth Circuit's decision in *Wallace v. Washington Mutual Bank*, 683 F.3d 323 (6th Cir. 2012), which was issued on June 26, 2012, qualifies as a subsequent view of controlling law contrary to the Court's Decision and Entry of March 22, 2010, and therefore mandates reinstatement of the dismissed FDCPA claim under 15 U.S.C. § 1692e.[3]  Doc. #280.  In its Brief in Opposition, RL&A presents two arguments for the continued dismissal of this FDCPA claim arising out of the foreclosure filing.  Doc. #285.  First, RL&A states that Kline's claim is barred by the one-year statute of limitations under 15 U.S.C. § 1692k(d).  *Id.* at 6-9.  Second, RL&A claims that the facts and allegations as pled in *Wallace* are so distinguishable from those alleged by Kline that *Wallace* cannot qualify as controlling law.  *Id.* at 9-13.  Kline did not file a reply to RL&A's Brief in Opposition.  The Court will first address Kline's arguments that the *Wallace* ruling

_____

[3] Although Kline's motion does not specify 15 U.S.C. § 1692e as the section of the statute under which the claim sought to be reinstated arises, the Court previously reinstated only his Section 1692f(1) claim.  *See supra* Part III.A. Furthermore, Section 1692e prohibits false or misleading representations, the alleged violation by RL&A concerns a misrepresentation of the note owner when the foreclosure complaint was filed, and *Wallace v. Washington Mutual Bank*, 683 F.3d 323 (6th Cir. 2012), the authority on which Kline bases his motion, only addresses a claim brought under Section 1692e.

requires reinstatement of the dismissed claim, along with RL&A's counter arguments that *Wallace* does not control.  Finally, the Court will address the statute of limitations argument presented by RL&A.

> **1.      Under *Wallace*, issues of standing to bring a state foreclosure action do not preclude stating a valid claim under the FDCPA.**

*Wallace* involved a homeowner who brought a claim under 15 U.S.C. § 1692e against the law firm that represented a bank identified as the note holder in a foreclosure complaint, which had been filed over a month before the transfer and recording of the note to the bank.  *Wallace*, 683 F. 3d at 325.  The Sixth Circuit framed the issue as follows:

> The single issue before us is whether the filing of [a] foreclosure action by the law firm claiming ownership of the mortgage by its client Washington Mutual constitutes a "false, deceptive or misleading representation" under the Fair Debt Collection Practices Act when the bank has not received a transfer of the ownership documents.  We hold that the complaint states a valid claim and reverse the dismissal of the case.

Id. at 326.

Kline points out that the *Wallace* court specifically mentioned this Court's previous ruling on his Section 1692e claim, disagreeing with "the district courts of this Circuit that have treated the debate in Ohio over standing to bring a foreclosure action as dispositive of whether a statement was materially misleading under the Act."  *Id.* at 327 n.2.  This Court did in fact base its ruling dismissing Kline's claim on the rationale "that initiating a foreclosure action before the note

and mortgage have been assigned to the financial institution, on behalf of which that action was initiated, does not violate the FDCPA, as long as the assignment occurs before final judgment is entered." Doc. #150 at 13. In *Wallace*, the Sixth Circuit pointed out an essential distinction: a defendant's false and misleading statements may violate the FDCPA regardless of whether the foreclosing bank has standing under Ohio law to file the action or ultimately prevails in state court. *Wallace*, 683 F. 3d at 327 n.2. In other words, a defendant's representations stand alone as possible violations of the FDCPA when analyzed under existing legal standards. *See id.* at 326-27 (describing both the "least sophisticated consumer" and "materiality" inquiries for determining a violation under 15 U.S.C. § 1692e).

Furthermore, the Supreme Court of Ohio has now definitively held that a plaintiff without an interest the note does *not* have standing to bring a foreclosure action, eviscerating the proposition that formed the basis for the Court's original analysis. *Fed. Home Loan Morg. Corp. v. Schwartzwald*, 134 Ohio St. 3d 13, 2012-Ohio-5017, 979 N.E.2d 1214. It is now inarguable that, under Ohio law, "receiving an assignment of a promissory note and mortgage from the real party in interest subsequent to the filing of an action but prior to the entry of judgment does not cure a lack of standing to file a foreclosure action." *Id*. ¶ 3. After the *Schwartzwald* and *Wallace* decisions, it is clear that Kline's FDCPA claim under Section 1692e cannot be dismissed for the reasons stated in the Court's Decision of March 22, 2010, because a plaintiff may in fact state a claim for an FDCPA

12

violation that arises out of the filing of a foreclosure action where the foreclosing bank is not the owner of the note.

RL&A claims that Kline's claims can be distinguished from the *Wallace* claims because, "unlike in *Wallace*, Kline does not allege that the transfer occurred after the foreclosure action was filed or that the statement was *materially* false or misleading." Doc. #285 at 11-12 (emphasis in original). Yet, after this assertion, RL&A immediately quotes seven paragraphs from Kline's complaint containing facts alleging that the transfer occurred after RL&A filed the foreclosure action, including the following statements: "Wells Fargo . . . commenced a foreclosure action against" Kline on March 16, 2007; "Wells Fargo was represented in the action by defendant Reimer, Lorber, & Arnovitz, L.P.A."; and the assignment of the mortgage "to Wells Fargo" was not executed until March 26, 2007. *Id.*; *see also* Doc. #157 ¶¶ 32-37. RL&A even quotes the subheading under Paragraph 33 of the First Amended Complaint, "No Assignment at the Time the Action Was Instituted," further belying its assertion that Kline made no allegation about the improper timing of the note's transfer. Doc. #285 at 11.

RL&A also argues that Kline fails to allege any "*materially* false or misleading" statement, noting specific facts alleged by the *Wallace* plaintiff that confused her and prevented her from contacting the note holder. *Id.* However, as explained by the Sixth Circuit in *Wallace*, "[t]he materiality standard simply means that in addition to being technically false, a statement would tend to mislead or confuse the reasonable unsophisticated consumer." *Wallace*, 683 F. 3d at 326-

13

27.  Moreover, the "reasonable unsophisticated consumer" test is an objective test, not a subjective one.  *Harvey v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611-12 (6th Cir. 2009) (stating that "[c]ourts use the 'least sophisticated consumer' standard, an objective test, when assessing whether particular conduct violates the FDCPA," citing *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324 (6th Cir. 2006)).  Thus, the question is whether misrepresenting the identity of the owner of the mortgage note on the foreclosure complaint would mislead an objective, unsophisticated consumer, not whether it confused Kline personally.  The misidentification of the owner of Kline's mortgage as alleged is indisputably technically false.  There was no burden on Kline to allege specific facts regarding the confusing effects of the misidentification.

Finally, the Sixth Circuit recognized in *Wallace* that "[d]istrict courts have decided, and we agree, that a clearly false representation of the creditor's name may constitute a 'false representation ... to collect or attempt to collect any debt' under Section 1692e*." Wallace*, 683 F. 3d at 327; *e.g.*, *Hepsen v. J.C. Christensen and Assoc., Inc.*, No. 8:07–CV–1935–T–EAJ, 2009 WL 3064865 (M.D. Fla.  Sept. 22, 2009).  The court also hypothesized that "should the Ohio courts decide that Washington Mutual did not have standing to bring the foreclosure action in the first place, the materiality of the false statement of ownership would be patent." *Wallace*, 683 F. 3d at 327 n.2.  Applying *Schwartzwald* to Kline's allegations, Wells Fargo did not have standing to bring a foreclosure action against Kline.  Without standing, Defendants made a patently

14

false statement regarding the ownership of the mortgage note and Wells Fargo's identity as the creditor. With these allegations, Kline has inarguably stated a claim for a materially misleading misrepresentation, in violation of the FDCPA.

### 2. *Kline's FDCPA claim under Section 1692e is time-barred.*

RL&A also argues that Kline's FDCPA claim for misrepresentation against the firm is time-barred, because the alleged misrepresentation occurred either when the foreclosure complaint was filed or when Kline was served in that action, both of which occurred over one year before Kline brought his FDCPA claims in this action. Doc. #285 at 8. This argument is well taken.

Under 15 U.S.C. § 1692k(d), a claim for an FDCPA violation "may be brought in any appropriate United States district court . . . within one year from the date on which the violation occurs."[4] The plain language of the statute commences the running of its limitations period at the moment of violation, "without regard to when the plaintiff gained knowledge of the cause of action." *Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F.Supp.2d 914, 944 (N.D.Ohio 2009).

_____

[4] Whether an FDCPA claim based on the filing of a lawsuit dates the violation from filing or service is currently an unresolved point of law in the Sixth Circuit. *See Ruth v. Unifund CCR Partners*, 604 F.3d 908 (6th Cir. 2010) (upholding dismissal of FDCPA claim because limitations period not tolled and declining to reach the issue of "whether the FDCPA's one-year clock" starts when suit is filed or the FDCPA plaintiff is served). However, Kline made no allegation regarding the date of service in the First Amended Complaint. As stated above, the only allegation he made regarding RL&A's misrepresentation concerned the filing of the foreclosure complaint against him.

Section 1692e of the FDCPA prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Kline alleges that RL&A violated this provision when, on behalf of Wells Fargo, the firm filed a foreclosure action against him on March 16, 2007, in which RL&A "represented that 'the plaintiff as named in this Complaint is the creditor to whom the debt is owed.'" Doc. #157 ¶¶ 32-35. Crucially, Kline alleges that "[b]oth Wells Fargo and Riemer Lorber [*sic*] were aware that *this representation* was false at the time it was made." *Id.* ¶ 36 (emphasis added). This is Kline's only factual allegation of a false representation attributed to RL&A in the First Amended Complaint and is, thus, the only possible basis for his claim against RL&A under 15 U.S.C. § 1692e. Furthermore, Kline's Motion to Alter or Amend Judgment clearly refers to this specific representation as the basis for his claim, as shown by his request that the "FDCPA claim against Riemer Lorber [*sic*] based on *misrepresentations regarding who owned the mortgage at the time the state foreclosure action was instituted* be reinstated ...." Doc. #280 at 5 (emphasis added).

The foreclosure action was filed on March 16, 2007; Kline thus had until March 17, 2008, to bring his FDCPA claim for false or misleading representation

against RL&A.[5]  Kline filed his FDCPA claims against RL&A on November 10, 2008, over seven months and three weeks after the one year deadline for bringing an FDCPA claim under 15 U.S.C. § 1692k(d).  The Court must therefore dismiss Kline's Section 1692e claim against RL&A as untimely filed.[6]

**C.    RL&A's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) (Doc. #274).**

RL&A filed a Motion to Dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, directed only towards Kline's reinstated FDCPA claim alleging the collection of improper costs and fees under 15 U.S.C. § 1692f(1).  Doc. #274 at 3.  RL&A contends that the pleadings and matters outside of the pleadings, namely, the ten documents attached to its motion as exhibits, are proper for consideration under its 12(b)(6) motion without converting the motion into one for summary judgment.  *Id.* at 8-9.  According to RL&A, the exhibits demonstrate that the loan documents authorized all the fees that Kline claims are illegal.  RL&A also

---

[5] Rule 6(a) of the Federal Rules of Civil Procedure provides that for "any statute that does not specify a method of computing time," the day of the event is excluded and "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."  March 17, 2008 was one year after March 17, 2007, the day after the event in question.

[6] It is noted that Defendant raises the statute of limitations defense only in regards to a claim under 15 U.S.C. 1692e. *See* Doc. #285 at 6-8 (addressing only a claim "arising out of the assignment" of the mortgage note).  RL&A does not raise the statute of limitations in regards to the Section 1692f(1) claim, which is based on improper fees allegedly charged to Kline.

claims that letters sent to Kline's attorney do not qualify as "communications" under Section 1692e. *Id.* at 17-18.

In response, Kline argues that it would be improper to consider four of RL&A's exhibits because they are not referred to in the complaint and are inadmissible hearsay.  Doc. #279.  Even if the exhibits were admissible, Kline argues, they fail to show that either the fees were incurred by the creditor or that they were reasonable as a matter of law.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted.  "Matters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss."  *Weiner v. Klais and Co., Inc.*, 108 F.3d 86 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172 (6th Cir. 1989)). However, if "matters outside the pleadings are presented to and not excluded by the court," Rule 12(d) of the Federal Rules of Civil Procedure mandates that "the motion must be treated as a one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Certain matters, including exhibits attached to the complaint and public records may be examined without converting the motion to one for summary judgment "so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

RL&A attached ten exhibits to its Motion to Dismiss (Doc. #274 Ex. A – Ex. J), and urges the Court to consider them in making its ruling. Exhibit A, a "Certified Copy of Kline's Mortgage," and Exhibit B, the promissory note, are unquestionably referred to in the complaint and central to its claims. The complaint from the state court foreclosure action (Doc. #274 Ex. D) and the docket in that action (Doc. #274 Ex. E) are public records. Under *Basset*, the consideration of these documents would not convert RL&A's motion into one for summary judgment.

Kline has objected to four of the exhibits RL&A attached to its motion: Exhibit G, an October 30, 2007, letter from attorney Kenneth Wegner to attorneys at RL&A and LS&R; Exhibit H, a November 8, 2007, fax retransmitting the October 30 letter from Mr. Wegner; Exhibit I, a November 15, 2007, "payoff" letter from RL&A to Mr. Wegner, itemizing the amount required to pay off Kline's loan as of that date; and Exhibit J, a February 7, 2008, letter from RL&A further itemizing the payoff amount. Doc. #274 Ex. G-J. Kline argues that these documents do not fall under the exception in *Bassett*, because they are not specifically referred to in his complaint and are "inadmissible hearsay," as RL&A presents them for the truth of what they assert. Doc. #279. RL&A's Reply Brief takes issue with Kline's hearsay accusation and attaches an affidavit sworn to by attorney Darryl E. Gormsley authenticating the letters. Doc. #281.

The Court is not convinced that it can accept the letters RL&A presents without converting its motion to dismiss under Rule 12(b)(6) into a motion for

19

summary judgment under Rule 56. The conversion is mandatory under Rule 12(d), as once a party presents matters outside the pleadings it "requires only one action by the district court for the conversion to a summary judgment motion to occur: failure to exclude presented outside evidence." *Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*, 452 F.3d 494, 503 (6th Cir. 2006). Conversion of a motion to dismiss under Rule 12(b)(6) into one for summary judgment should only be "exercised with great caution and attention to the parties' procedural rights," however. *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478 (6th Cir. 2009) (quoting 5C Wright & Miller 1366). Here, it is unclear which letters are referred to in the Amended Complaint, which makes only one overt reference to "the invoice sent to defendants" with no date. Doc. #157 ¶ 57.

Furthermore, the Court has just clarified its Decision and Entry reinstating Kline's FDCPA claim under 15 U.S.C. 1692f(1), dismissed his claim under 15 U.S.C. 1692e, and reinstated his state law claims. *See supra* Part III.A.-B. Both RL&A and Kline should have the opportunity to clarify their arguments for and against summary judgment, supported by properly authenticated and organized evidence, after receiving notice of the Court's rulings. This will also allow for full compliance with the notice requirement of Rule 12(d). *See Max Arnold*, 452 F.3d at 504 (holding that failure to provide notice constituted non-reversible error where parties had "sufficient opportunity to respond" but stating that the parties should have been given notice of conversion). For these reasons, RL&A's motion under Federal Rule 12(b)(6) is OVERRULED. The parties are instructed to prepare

motions for summary judgment supported by properly authenticated and organized documents, on a schedule to be determined during an upcoming telephone conference with the Court.

### D. RL&A's Motion to Stay Discovery (Doc. #276).

Finally, RL&A has filed a Motion to Stay Discovery Pending a Ruling on Motion to Dismiss First Amended Complaint.  Doc. #276.  Under Rule 26(c) of the Federal Rules of Civil Procedure, the district court may issue an order protecting a party from the "undue burden or expense" of proceeding with discovery upon a showing of good cause.

The Court need not decide whether RL&A's motion shows the good cause required by the Rule for issuing the requested stay, because RL&A only requested the stay pending a ruling on its Motion to Dismiss Plaintiff's First Amended Complaint.  Because the Court has overruled that motion, *see supra* Part III.C., RL&A's Motion to Stay Discovery is moot.  Consequently, the Court OVERRULES, as moot, RL&A's Motion to Stay Discovery Pending a Ruling on Motion to Dismiss First Amended Complaint.

## IV. CONCLUSION

In summary, the Court clarifies that its Decision and Entry of April 19, 2012 (Doc. #271), only reinstated Kline's claim under 15 U.S.C. § 1692f(1).  The Court accordingly REINSTATES Kline's state law claims for unjust enrichment and violations of the OCSPA.  Plaintiff Kline's Motion to Alter or Amend Judgment

21

Pursuant to Rule 54 (Doc. #280), requesting reinstatement of his claim under 15 U.S.C. § 1692e, is OVERRULED.  Defendant Reimer, Lorber & Arnovitz Co., LPA's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #274) is OVERRULED, and its Motion to Stay Discovery Pending a Ruling to its Motion to Dismiss (Doc. #276) is OVERRULED AS MOOT.

Date: February 26, 2013

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

22