IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| EUGENE KLINE, et al., | ) | CASE NO. 3:08cv408 |
| | ) | |
| Plaintiffs, | ) | JUDGE WALTER HERBERT RICE |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| MORTGAGE ELECTRONIC SECURITY | ) | |
| SYSTEMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

## MEMO IN OPPOSITION TO REQUEST FOR DEFAULT JUDGMENT ON DEFENDANTS' REIMER, LORBER AND LERNER SAMPSON'S MOTIONS FOR SUMMARY JUDGMENT

---

Plaintiff Eugene Kline, on behalf of a putative class and by his counsel Paul Grobman, submits this Memorandum in Opposition to the request for a default judgment on the motions for summary judgment made by defendants' Reimer, Lorber and Lerner Sampson in this action.

Both Reimer Lorber and Lerner Sampson request this court to grant summary judgment because the plaintiff has purportedly failed to respond to the motions for summary judgment filed by defendants within the time period called for by the federal rules. However, as plaintiff repeatedly advised the court in two letters dated April 9, 2015 (Exh. A hereto) and May 7, 2015 (Exh. B hereto) requesting the court's assistance pursuant to Local Rule 37.1, the recent production of almost 1,500 pages of new documents by defendants MERS, Wells Fargo and Barclays after the taking of their Rule

30(b)(6) depositions requires that plaintiff be permitted to reexamine the defendants with regard to these new documents before plaintiff is required to respond to defendants' summary judgment motions or file documents in response to the Scheduling Order. These depositions have been tentatively scheduled for June 10 and 11, 2015 in Baltimore, although the plaintiff continues to have certain disagreements with MERS, Wells Fargo and Barclays relating to the length and scope of those depositions and other matters. (See Exh. C hereto) As a result, plaintiff again requests a conference with the court before those depositions to deal with these issues.

### Defendants' Post-Deposition Production of Additional Documents

As plaintiff detailed to the Court in the April 9th and May7th letters, each of the three corporate defendants produced documents after their Rule 30(b)(6) depositions were concluded.

Thus, the deposition of Wells Fargo's Rule 30(b)(6) witness took place on February 26, 2015. On March 17, 2015, Wells Fargo produced 61 pages of additional documents relating to plaintiff Eugene Kline's loans and certain policies and procedures relating to Wells Fargo's role as trustee and custodian of those loans.

The deposition of Barclays' Rule 30(b)(6) witness took place on February 25, 2015. On March 26, 2015, Barclays produced 18 pages of additional documents relating to plaintiff Eugene Kline's loans, each of which directly related to the legal fees and expenses charged to Mr. Kline on his loans.

The deposition of MERS' Rule 30(b)(6) witness took place on February 19, 2015. On March 26, 2015, MERS produced 1,326 pages of additional documents relating to its policies and procedures for loans on the MERS System, including policies relating to

foreclosure. In addition, in a four-page cover letter, MERS indicated that it was withholding documents on the basis of the attorney-client privilege, the bank examination privilege, and privileges which purported exist under various sections of the Code of Federal Regulations. Despite repeated requests, MERS has yet to identify these documents, much less provide a Privilege Log as required by the Federal Rules.

In a letter accompanying their production on March 26, 2015, counsel for Barclays – the same firm which also represents MERS and Wells Fargo in this action – wrote that they would produce a corporate designee for further deposition with regard to these documents, and further stated:

> I will consent to any reasonable extension of time you may require in order to either oppose any summary judgment motions or support your own class certification motion to the extent such an extension is necessitated by the materials being presented herewith.

(3/26/15 letter, annexed as Exh. D hereto)

Pursuant to that representation, plaintiff has repeatedly requested that the parties get together to discuss revised scheduling dates and deadlines to allow plaintiff to take further depositions relating to the new documents. To date, plaintiff has received no response from any of the defendants on this issue.

The newly-produced documents on which further depositions will be taken in June are central to plaintiff's claims against each of the defendants in this litigation, including documents which relate to the legal fees and expenses charged by both Reimer Lorber and Lerner Sampson which were collected from Mr. Kline.

**Request For A Conference To Address Scheduling And Discovery Disputes**

Moroever, MERS continues to refuse to produce a privilege log identifying the documents it is withholding on the basis of purported privileges. Plaintiff is unaware of any case which allows a party to refuse to produce documents on the basis of purported privileges, and then refuse to provide a privilege log to identify the documents it is withholding.

As we have repeatedly advised MERS in response to its assertion of the bank examination privilege, MERS is not a bank, and thus the bank examination privilege would not appear to apply. Moreover, while MERS has asserted argument that plaintiff must first seek the withheld documents from federal agencies before demanding them from MERS, this argument was squarely rejected by the Sixth Circuit in In re Bankers Trust, 61 F.3d 465 (6th Cir. 1995) Moreover, the Sixth Circuit also held that – even if it applies -- purely factual material is not covered by the privilege.

In any event, it is impossible to determine whether the privileges asserted by MERS are valid without a privilege log. See Fed. R. Civ. P. 26(b)(5); Itskin v. Gibson, 10cv00689 (S.D. Ohio Nov. 7, 2011) ("as Plaintiff has failed to provide a privilege log or present specific privilege contentions relating to any particular documents, the Court finds Plaintiff has failed to carry his burden of establishing privilege as to any specific item or document.")

**CONCLUSION**

For each of the above reasons as well as those set forth in its April 9th and May 7th letters to the Court, plaintiff respectfully requests that the Court schedule a conference to

discuss (i) the outstanding discovery issues set forth in these papers and plaintiff's letters

to the court; and (ii) a revised Scheduling Order setting new dates for motions, responses

thereto and deadlines set forth in the current Scheduling Order.


Dated: New York, New York
       May 29, 2015


                                        _____ss_____
                                        Paul Grobman, Esq.
                                        (Email: grobtown@aol.com)
                                        555 Fifth Avenue, 17th Flo
                                        New York, NY 10017
                                        (212) 983-5880
                                        *Attorney for Plaintiff*

# Exhibit A

**Paul Grobman, Esq.**

555 Fifth Avenue, 17th Floor
New York, New York 10017

Phone: (212) 983-5880 • Fax: (212) 682-7060 • e-mail: grobtown@aol.com

April 9, 2015

**VIA ECF AND FACSIMILE**
The Honorable Walter Herbert Rice
Federal Building,
Room 909☐
200 West Second Street☐
Dayton, OH 45402

Re: **Kline v. Mers (08cv408)**

Dear Judge Rice,

      Pursuant to your direction to the parties in the Court's March 31, 2014 Order
(Doc. #421, p. 2) as well as Local Rule 37.1, I write to request a status conference with
regard to certain issues which have arisen as a result of additional documents recently
produced by MERS, Barclays and Wells Fargo after the taking of defendants' Rule
30(b)(6) depositions in February.  Since MERS' deposition, MERS has also – and for the
first time -- indicated that it is refusing to produce certain documents on the basis of the
bank examination and other privileges, but has yet to provide a privilege log indicating
what those documents are, or on what basis the specific privilege is being propounded.
While the Court may determine that the status conference should be put off until after the
parties have engaged in mediation, plaintiff believes it is prudent to advise the court in
advance about these issues.

      Thus, on March 17, 2015, Wells Fargo produce 61 pages of additional documents
relating to plaintiff Eugene Kline's loans and certain policies and procedures relating to
Wells Fargo's role as trustee and custodian of those loans.

      On March 26, 2015, Barclays produced 18 pages of additional documents relating
to plaintiff Eugene Kline's loans, each of which directly related to the legal fees and
expenses charged to Mr. Kline on his loans.  The letter accompanying the documents
indicated that Barclays did not have any Outsourcing Agreements from either 3 Arch
Trustee Services or Rosicki, Rosicki & Associates relating to the services for which Mr.
Kline was charged, but that it was requesting any such agreements from those
Outsourcers, and would advise plaintiff "as soon as I hear back from them."  To date,
plaintiff has yet to receive any word from Barclays on whether these agreements have
been located.

On March 26, 2015, MERS produced 1,326 pages of additional documents relating to its policies and procedures for loans on the MERS System, including policies relating to foreclosure. In addition, in a four-page cover letter, MERS indicated that it was withholding documents on the basis of the attorney-client privilege, the bank examination privilege, and privileges which purported exist under various sections of the Code of Federal Regulations. Despite repeated requests, MERS has yet to identify these documents, much less provide a Privilege Log as required by the Federal Rules.

Should mediation prove unsuccessful, plaintiff believes that, at a minimum, it has a right to certain additional disclosures from defendants before plaintiff is required to respond to defendants' summary judgment motions or file documents in response to the Scheduling Order. These include: (i) reopening the Rule 30(b)(6) depositions of Wells Fargo, Barclays and MERS with regard to these newly-produced documents; and (ii) a privilege log from MERS pursuant to Rule 26 of the Federal Rules of Civil Procedure identifying the documents that MERS is withholding on the basis of purported privileges. While Barclays has agreed to produce a witness for further deposition with regard to the new documents, I have received no word as to whether Wells Fargo or MERS will produce a witness, and who will pay for these additional depositions. I have also received no word as to when (or whether) MERS intends to produce a privilege log.

During the status conference, plaintiff would be happy to consider any additional discovery which defendants say they need.

Respectfully,

Paul Grobman

# Exhibit B

# Paul Grobman, Esq.

555 Fifth Avenue, 17th Floor
New York, New York 10017

Phone: (212) 983-5880 • Fax: (212) 682-7060 • e-mail: grobtown@aol.com

May 7, 2015

<u>**VIA ECF AND FACSIMILE**</u>
The Honorable Walter Herbert Rice
Federal Building,
Room 909
200 West Second Street
Dayton, OH 45402

Re: <u>**Kline v. Mers (08cv408)**</u>

Dear Judge Rice,

Pursuant to your direction to the parties in the Court's March 31, 2014 Order (Doc. #421, p. 2) as well as Local Rule 37.1, I write to request a status conference with regard to certain issues which have arisen as a result of additional documents produced by MERS, Barclays and Wells Fargo after the taking of their Rule 30(b)(6) depositions this past February. This letter follows up my letter to the Court dated April 9, 2015.

Thus, the deposition of Wells Fargo's Rule 30(b)(6) witness took place on February 26, 2015. On March 17, 2015, Wells Fargo produced 61 pages of additional documents relating to plaintiff Eugene Kline's loans and certain policies and procedures relating to Wells Fargo's role as trustee and custodian of those loans.

The deposition of Barclays' Rule 30(b)(6) witness took place on February 25, 2015. On March 26, 2015, Barclays produced 18 pages of additional documents relating to plaintiff Eugene Kline's loans, each of which directly related to the legal fees and expenses charged to Mr. Kline on his loans. The letter accompanying the documents indicated that Barclays did not have any Outsourcing Agreements from either 3 Arch Trustee Services or Rosicki, Rosicki & Associates relating to the services for which Mr. Kline was charged, but that it was requesting any such agreements from those Outsourcers, and would advise plaintiff "as soon as I hear back from them." To date, plaintiff has yet to receive any word from Barclays on whether these agreements have been located.

The deposition of Barclays' Rule 30(b)(6) witness took place on February 19, 2015. On March 26, 2015, MERS produced 1,326 pages of additional documents relating to its policies and procedures for loans on the MERS System, including policies relating to foreclosure. In addition, in a four-page cover letter, MERS indicated that it was withholding documents on the basis of the attorney-client privilege, the bank

examination privilege, and privileges which purported exist under various sections of the Code of Federal Regulations. Despite repeated requests, MERS has yet to identify these documents, much less provide a Privilege Log as required by the Federal Rules.

Now that mediation has proven unsuccessful, plaintiff believes that, at a minimum, it has a right to certain additional disclosures from defendants before plaintiff is required to respond to defendants' summary judgment motions or file documents in response to the Scheduling Order. These include: (i) reopening the Rule 30(b)(6) depositions of Wells Fargo, Barclays and MERS with regard to these newly-produced documents; and (ii) a privilege log from MERS pursuant to Rule 26 of the Federal Rules of Civil Procedure identifying the documents that MERS is withholding on the basis of purported privileges. While Barclays has agreed to produce a witness for further deposition with regard to the new documents, I have received no word as to whether Wells Fargo or MERS will produce a witness, and who will pay for these additional depositions. I have also received no word as to when (or whether) MERS intends to produce a privilege log.

During the status conference, plaintiff would be happy to consider any additional discovery which defendants say they might need.

Respectfully,

Paul Grobman

# Exhibit C

**From:** Douglas B. Riley <dbriley@tph-law.com>
**To:** Paul Grobman <grobtown@aol.com>
**Cc:** DeBlasis, Rick <Rick.DeBlasis@lsrlaw.com>; Fischer, Cynthia <Cynthia.Fischer@lsrlaw.com>; Brown, Lori
    <lbrown@gallaghersharp.com>; Peters, Catherine <cpeters@gallaghersharp.com>; Russell J. Pope <rjpope@tph-
    law.com>; Reuel D. Ash (rash@ulmer.com) <rash@ulmer.com>
**Subject:** Kline v. MERS
**Date:** Thu, May 28, 2015 1:04 pm

Paul – Assuming we have an agreement as to the length and scope of the three supplemental
depositions, the corporate designees have arranged their calendars and travel to be available at our
office in Towson, Maryland as follows:

Barclays, Wednesday, June 10, 2015, at 10:00 a.m.
Wells Fargo, Thursday, June 11, 2015, at 10:00 a.m.
MERS, Thursday, June 11, 2015, at 2:00 p.m.

Will you please confirm these dates and time, and let me know if you would like us to line-up for you a
court reporter.  I hope you will not use National Court Reporter again as this company was
unreasonably expensive and very difficult to work with following the depositions in February.

We look forward to hearing from you.

Doug

Douglas B. Riley
**Treanor Pope & Hughes, P.A.**
500 York Road, Towson, Maryland 21204
(443) 901-2360 (Direct) |(410) 494-1658 (fax)
dbriley@tph-law.com | www.tph-law.com


**From:** Douglas B. Riley
**Sent:** Friday, May 22, 2015 4:08 PM
**To:** 'Paul Grobman'
**Cc:** 'DeBlasis, Rick'; Fischer, Cynthia; Brown, Lori; Peters, Catherine; Russell J. Pope (rjpope@tph-law.com); Reuel
D. Ash (rash@ulmer.com)
**Subject:** Kline v. MERS

Paul – I am glad we are agreed as to dates, but you have already exhausted your seven (7) hours of
deposition time for each of these deponents.  We simply cannot agree to supplemental depositions that
are unlimited as to time and scope.  Please let me know if you want to proceed on June 10th and 11th
with our reasonable conditions in place.

With regard to the request you made during the deposition of Brian Blake for documents relating to a
certain Consent Order among MERS and several Federal agencies, attached is a detailed letter
explaining again why these documents cannot be produced by MERS and restating our objection to
Plaintiff's untimely and otherwise improper request.

I shall look forward to hearing from you next week.  Have a great Memorial Day Weekend.

Doug

Douglas B. Riley
**Treanor Pope & Hughes, P.A.**
500 York Road, Towson, Maryland 21204
(443) 901-2360 (Direct) |(410) 494-1658 (fax)
dbriley@tph-law.com | www.tph-law.com

**From:** Paul Grobman [mailto:grobtown@aol.com]
**Sent:** Friday, May 22, 2015 2:33 PM
**To:** Douglas B. Riley
**Subject:** Re: Kline v. MERS: Supplemental depositions - June 10, 11, 2015

Doug,

I am available on those dates. However, plaintiff does not consent to the idea that these depositions will be limited to two hours, or that plaintiff can only ask questions about the new documents.

After the depositions of each of your clients, you produced new documents that should have been produced years before the depositions. To the extent those documents relate to other documents which have already been produced, we have the right to ask the deponent about those earlier documents.

We have the right to question your clients as to these belatedly-produced documents, and will not be agree to a two-hour limitation. Had these documents been produced when they were required to, there would be no need for this additional deposition. While we anticipate that the question of each deponent will take no more than 3 hours, I make no guarantees and expressly reserve my right to go beyond that if necessary.

Furthermore, we continue to object to your refusal to identify the documents that you are refusing to produce on the grounds of privilege.

Paul

----Original Message----
From: Douglas B. Riley <dbriley@tph-law.com>
To: Paul Grobman <grobtown@aol.com>
Cc: Brown, Lori <lbrown@gallaghersharp.com>; DeBlasis, Rick <Rick.DeBlasis@lsrlaw.com>; Fischer, Cynthia <Cynthia.Fischer@lsrlaw.com>; Peters, Catherine <cpeters@gallaghersharp.com>; Russell J. Pope <rjpope@tph-law.com>; Reuel D. Ash (rash@ulmer.com) <rash@ulmer.com>
Sent: Fri, May 22, 2015 12:16 pm
Subject: Kline v. MERS: Supplemental depositions - June 10, 11, 2015

Paul – We have two of our three corporate designees firmed up now for supplemental depositions on Wednesday, June 10th (Wells Fargo) and Thursday, June 11th (MERS). We expect to hear shortly that Barclays' designee is also available on one of those two dates. Per our prior discussion, the depositions will be held in Baltimore, and we have reserved for you our conference room at Treanor Pope & Hughes, P.A.

As you know, the Plaintiff has already exceeded (or is very close to) the one-day/seven-hour deposition allowance set forth in Federal Rule 30(d) for each of these corporate designees. Accordingly, we are making them available to you as a matter of professional courtesy, and on condition that each supplemental deposition shall not exceed two (2) hours, and shall be limited in scope to inquiries about the new documents produced since their respective depositions in February. Of course, we expect you to adhere to these two conditions, and you should anticipate that we will not allow any questioning that goes beyond them.

With this understanding, we look forward to seeing you again on June 10th and 11th.

Doug

Douglas B. Riley
**Treanor Pope & Hughes, P.A.**
500 York Road, Towson, Maryland 21204
(443) 901-2360 (Direct) |(410) 494-1658 (fax)
dbriley@tph-law.com | www.tph-law.com

*Confidentiality Notice:* This e-mail, including any attachment(s), is intended for receipt and use by the intended addressee(s), and may contain confidential and privileged information. If you are not an intended recipient of this e-mail, you are hereby notified that any unauthorized use or distribution of this email is strictly prohibited, and requested to delete this communication and its attachment(s) without making any copies thereof and to contact the sender of this e-mail immediately. Nothing contained in the body and/or header of this e-mail is intended as a signature or intended to bind the addressor or any person represented by the addressor to the terms of any agreement that may be the subject of this e-mail or its attachment(s), except where such intent is expressly indicated.

# Exhibit D

LAW OFFICES

# TREANOR POPE & HUGHES

A PROFESSIONAL ASSOCIATION

500 YORK ROAD
TOWSON, MARYLAND 21204
(410) 494-7777 • (410) 494-1658 (fax)

RUSSELL J. POPE
rjpope@tph-law.com

March 26, 2015

<u>VIA EMAIL</u>

Paul Grobman, Esquire
555 Fifth Avenue
17th Floor
New York, NY 10017

      Re:   *Eugene Kline, et al. v. Mortgage Electronic Registration Systems, Inc., et al.*
            Case No. 3:08-cv-0408

Dear Paul:

     I am writing at this time to respond to your letter dated March 25, 2015, in regard to your further document requests. As before, Doug will address the MERS issues separately. I will confine my comments to Wells Fargo and Barclays.

     First, with regard to Wells Fargo's policies and procedures, the additional search for responsive documents has not produced anything beyond that which has already been given to you. Specifically, the PSA combined with the Merrill Lynch Trust custodial procedures, represent the extent of policy and procedure guidance for the administration of this Trust. Furthermore, we are not aware of any provisions from the referenced OCC consent order relating to corporate trustee or custodian functions.

     With regard to Barclays, its personnel have concluded late last week a final search for responsive records, including files that did not have labels which would have indicated relevance to this litigation. In that further search of undenominated files, only the attached records were identified as responsive and are being produced herewith, with the designation "Confidential" as provided in the Court's Confidentiality and Protective Order. These records pertain to your specific inquiry in regard to late fees and recoverable corporate advances. Inasmuch as these additional records are new to both you and me, I am delivering them to you with the following stipulations:

     (1) I am willing to produce a corporate designee for Barclays for further deposition testimony, limited solely to the contents of the attached documents. I will work with you to identify a mutually agreeable time and method, if you choose to avail yourself of this opportunity.

(2) I will consent to any reasonable extension of time you may require in order to either oppose any summary judgment motions or support your own class certification motion, to the extent such an extension is necessitated by the materials being presented herewith.

Finally with respect to Barclays, the Fidelity agreements already have been produced to you and none could be found for either 3 Arch Trustee Services or Rosicki, Rosicki & Associates. However, I have requested that Rosicki, Rosicki & Associates look in their archival records to see if any such agreement exists. They are conducting a search of their files and I will let you know as soon as I hear back from them.

Turning to the Plaintiff's discovery responses, we have not received any word from you in regard to our demand for complete copies of the original promissory notes that were returned to Mr. Kline in January of 2008. Inasmuch as these documents are critical to several issues presented in this case, we reiterate that demand and ask that you apprise us immediately of the status of this request. Thank you.

Sincerely,

Russell J. Pope

Encl.