UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

EUGENE KLINE, et al.  :
                    Plaintiffs,  :  Case No.: 3:08-CV-0408-WHR

v.  :  Judge Walter H. Rice

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., et al.  :
                    Defendants.  :

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF KLINE'S DISCOVERY RESPONSES ON DAMAGES

Defendants, Wells Fargo Bank, N.A., Trustee ("Wells Fargo") and Barclays Capital Real Estate Inc. ("Barclays"), by their undersigned attorneys, pursuant to Federal Rules of Civil Procedure 26 and 37, and Local Rule 37.2, submit this Memorandum of Law in Support of their Motion to Compel Plaintiff Kline's Discovery Responses Related to Damages, and in support thereof state the following:

### INTRODUCTION

Defendants propounded discovery requests upon the Plaintiff in September of 2012. In his responses, the Plaintiff improperly avoided disclosing any meaningful information regarding his alleged individual damages and those of the purported class, in violation of Federal Rule of Civil Procedure 26(a)(1)(A)(iii). Hoping that this deficiency could be cured through interrogation at deposition on February 17, 2015, the Defendants were further stymied when the Plaintiff flatly refused to provide any itemization of or substantiation for his damages. In response to most of the questions, the Plaintiff stated that he would need another 24 hours to be able to formulate his answers.

Utterly frustrated by the lack of information on the Plaintiff's damages at the conclusion of his deposition, defense counsel requested that Plaintiff's counsel remain in the conference room following the deposition to discuss the lack of discovery responses on this critical issue. At that time, Plaintiff's counsel stated that the damages were limited to two categories: (1) the fees and expenses that were assessed to and collected from the Plaintiff when his two mortgage loans were paid in full; and (2) the attorney's fees that were incurred by the Plaintiff in defense of the foreclosure proceeding that was initiated on his defaulted first mortgage loan. *See* Declaration of Russell J. Pope, attached hereto as Exhibit A. Plaintiff's counsel provided no other information regarding categories of damages or amounts thereof.

Trusting in this representation from counsel, the parties then went to mediation before Magistrate Judge Litkovitz on May 6, 2015, in Cincinnati. Due to the confidential nature of the settlement discussions there, suffice it to say for purposes of the present Motion that the damages presented at the mediation by Plaintiff were substantially in excess of those that had been represented by counsel at the close of the Plaintiff's deposition in February. This unexpected turn of events prompted Defendants to send an email to Plaintiff's counsel on May 19, 2015, objecting to the surprise and demanding information regarding the previously unaddressed damages issues in writing via formal supplemental responses to discovery. Unless responsive supplemental discovery responses were provided, the Defendants informed Plaintiff's counsel that a motion to compel would be filed. A redacted copy of this email is attached hereto as Exhibit B.[1]

In that email, the undersigned attorneys specifically sought to resolve the discovery dispute amicably, in accordance with Local Rule 37.2. Following that email, there have been

---

[1] The portions of the email that have been redacted refer to specific elements of the Plaintiff's damages claim presented by Plaintiff's counsel in confidential settlement discussions with Judge Litkovitz at the May 6 mediation session.

further email exchanges and one conversation between counsel, none of which has resolved the discovery impasse. Instead, the Plaintiff's counsel sent a letter on June 19, 2015 (in lieu of the requested formal supplemental discovery responses), setting forth only vague references to partial damage claims and completely avoiding the obligation to provide this vital information in a form and level of detail that satisfies the Federal Rules. A copy of this letter is attached hereto as Exhibit C. For the reasons set forth more fully below, Plaintiff's stonewalling and obfuscation on the issue of damages should not be tolerated and the Defendants look to this Court for an appropriate remedy.

## ARGUMENT

The Federal Rules of Civil Procedure impose a duty on the Plaintiff to disclose "a computation of each category of damages claimed by the disclosing party" and to produce "the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based." Fed. R. Civ. P. 26(a)(1)(A)(iii); *see also Ogle v. Columbia Gas Transmission, LLC*, Case No. 2:10-cv-1059, 2014 WL 3895500, at * 1 (S.D. Ohio Aug. 8, 2014) (stating that "[a plaintiff] has an obligation to specify his damage claim"); *Webb v. Chase Manhattan Mortg. Corp.*, Case No. 2:05-cv-0548, 2008 WL 2230696, at *14 (S.D. Ohio May 28, 2008) (stating that "it is [a plaintiff's] burden to show actual damages"). Despite this obligation, the Plaintiff has fallen woefully short of providing any meaningful specifics about his damage claim, as detailed below.

*Plaintiff's Discovery Responses*

On September 19, 2012, Barclays propounded Interrogatories and Requests for Production of Documents upon the Plaintiff via service on his attorney. Copies of these discovery requests are attached hereto, respectively, as Exhibits D and E. The Plaintiff served his

Answers to Interrogatories a year later, on August 25, 2013, and served his Responses to Requests for Production of Documents only earlier this year, on February 15, 2015. Copies of those responses are attached hereto, respectively, as Exhibits F and G.

Several of Defendants' Interrogatories and Requests for Production of Documents asked Plaintiff to specify his individual damages and those of the purported class, including but not limited to Interrogatories 1 and 15 and Requests for Production of Documents 8 and 9. However, as demonstrated below, the Plaintiff's responses were generalized, evasive, and lacked sufficient detail to inform Defendants about Plaintiff's damages claim:

>**Interrogatory No. 1**: Identify all costs, charges, fees, including attorneys' fees, amounts, and/or payments which you contend Barclays improperly assessed against you, charged to your account, or were paid by you to any Defendant herein.
>
>**Response to Interrogatory No. 1**: Plaintiff asserts that all legal fees and expenses charged to him resulting from the foreclosure on his home were improperly assessed, because the plaintiff had no standing to pursue the foreclosure. Among other places, those amounts are set forth in Lerner Sampson and Reimer Lorber's payoff letters to Kenneth Wegner in November 2007, and in the letters from Lerner Sampson and Reimer Lorber to Wegner and/or Mr. Kline in February 2008.

\*   \*   \*   \*

>**Interrogatory No. 15**: Itemize all damages which you claim individually and on behalf of the members of the purported class, and describe the method you have used to calculate such damages.
>
>**Response to Interrogatory No. 15**: Plaintiff objects to this Interrogatory because it is burdensome and overbroad, because it seeks information in the possession, custody or control of defendants, because the answer may be determined by documents in defendants' possession, and because there has yet been no class discovery from the defendants. Subject to and without waiving this objection, plaintiff asserts that all legal fees and expenses charged to him resulting from the foreclosure on his home were improperly assessed, because the plaintiff had no standing to pursue the foreclosure. Among other places, those amounts are set forth in Lerner Sampson and Reimer Lorber's payoff letters to Kenneth Wegner in November 2007, and in the letters from Lerner Sampson and Reimer Lorber to Wegner and/or Mr. Kline in February 2008. Kline also asserts that he is entitled to statutory damages and legal fees and expenses.

4

*   *   *   *

**Request No. 8**: All documents which reflect, refer or relate to any costs, charges, fees, amounts, and/or payments, which you contend Barclays improperly assessed against you or charged you, including, but not limited to, any such amount that relates to the Mortgage Loans, and including but not limited to all correspondence, notices, reports, statements, invoices and receipts.

**Response to Request No. 8**: Plaintiff objects to this document request based on the General Objection above. Plaintiff further objects to this document request on the grounds that it is overbroad, vague, ambiguous and confusing. Subject to and without waiving his objections, plaintiff refers defendants to the documents with numbers P1-P100 which were produced as part of plaintiff's initial disclosure, the documents produced by Kenneth Wegner, to the documents produced by Barclays in its Rule 26a disclosure starting with Bate Stamp BC0001; to the Communication Histories produced by Barclays starting with Bate Stamp BC0392; to the documents in the 2005 and 2007 state court foreclosure proceedings against plaintiff available online at the website for the Clerk of Montgomery County, Oho; to the written correspondence between defendants Lerner Sampson, Reimer Lorber and/or their clients or agents and Kline, Kenneth Wegner, or Kline's representatives or agents regarding payoff amounts and amounts owed, and in particular correspondence from 2006, November 2007 and February 2008, and to the payment histories produced by Barclays on February 14, 2015.

**Request No. 9**: All documents which substantiate or identify your claimed damages in this case.

**Response to Request No. 9**: [Plaintiff's Response to Request No. 9 is identical to his Response to Request No. 8].

Thus, the Plaintiff's discovery responses failed to state (i) the different categories of damages he now apparently seeks to pursue, (ii) the amounts of damages associated with each category, (iii) any distinction between individual and class damages, and (iv) the identification and production of documents or other evidence that substantiates any claimed damages. Instead, the Plaintiff simply refers generally to *hundreds* of pages of documents *en masse* without specificity.

Plaintiff's responses do not satisfy his burden under the Federal Rules. For example, the Plaintiff did not pinpoint just where, in any of the unspecific block references to documents, there is any tangible evidence of his damages. Nor are any specific dollar figures presented. In short, the

5

Plaintiff's written discovery responses are vague, evasive, and unresponsive regarding his claimed damages. Accordingly, the Plaintiff's discovery responses fail to comply with the duty imposed by Rule 26(a)(1)(A)(iii) to disclose a computation and evidence of his damages.

*Plaintiff's Deposition*

Subsequent to receiving these discovery responses, the Defendants deposed Plaintiff on February 17-18, 2015. The Plaintiff again failed to provide any clarification of his damages. Defendants asked Plaintiff, multiple times in several variations, about his damages. Each time, Plaintiff replied, "I cannot answer you" and "I cannot answer that question specifically" and "I have no say in this. It's my attorney, okay." *See* Excerpts from E. Kline Deposition, attached hereto as Exhibit H, at 85:5-91:11.[2] Plaintiff also evaded questions about the purported class damages. *Id.* at 97:22-98:12. Plaintiff also requested 24 hours to consider his damage claim. *Id.* at 88:12-88:15.

The Defendants then re-questioned Plaintiff about his damages the next day, on February 18, 2015. However, despite allowing the Plaintiff overnight to "sleep on it," he continued to avoid answering questions about his damages:

Q. Okay. Is it still your goal to be made whole in this litigation?

A. Yes, sir.

Q. And did you have a chance to think about what that would entail?

A. Yes, sir.

Q. And what do you think it would entail?

A. I cannot come up with an answer. I cannot come up with an answer.

Exhibit H at 241:3-241-12.

---

[2] Pursuant to Local Rule 37.2, Defendants have included only those specific portions of the Plaintiff's deposition that are reasonably necessary to a resolution of this Motion.

*June 19, 2015 Letter From Counsel*

In his letter dated June 19, 2015, counsel for the Plaintiff purported to identify categories of damages in seven discrete bullet points.  *See* Exhibit C.  The following comments below are keyed to and correspond with the respective bullet points in the letter from counsel.

- *Alleged Loss on Sale of Home* – What was the fair market value at the time of sale?  What is the exact claimed loss?  What documents evidence or substantiate this claimed loss?

- *Legal Fees Incurred in Foreclosure* – How much was actually paid?  Where are the invoices or cancelled checks?

- *Lender's Attorneys' Fees and Expenses* – Other than the disputed Lerner Sampson fees in the 2007 foreclosure,[3] what other attorneys' fees and expenses are included in the damage claim?  How much are they?

- *Costs Associated with the Sale of His Home* – What *legal* fees were incurred in the consensual sale of his home?  What specific closing costs are sought to be recovered? What is the amount of money actually paid to both the broker and the moving company in conjunction with the sale of his home?  What documents evidence any of these claimed damages?

- *Home Improvements* – What is the specific dollar amount sought?  Where are the contracts, invoices, or cancelled checks which substantiate the expenses associated with the kitchen remodel?

---

[3] The collection of attorneys' fees from the Plaintiff as a condition of the reinstatement of his defaulted mortgage loans in conjunction with the earlier 2005 foreclosure was fully litigated and resolved by Judge Rose in favor of the Defendants in *Kline I* (*Kline v. HomEq Servicing Corp., et al.*, Case No. 3:07-cv-00034 (S.D. Ohio)).  Thus, those fees cannot be relitigated in the current proceeding.

- *Loss of Household Furnishings* – What is the value of the furnishings that the Plaintiff chose to convey with the house? Why didn't he moved them to Texas, along with his other household goods? Where is any documentary evidence of this loss?

- *Late Fees After Acceleration* – What late fees are alleged to have been collected from the Plaintiff *after* acceleration of the loans?[4] How much are those disputed late fees? Where is the documentary evidence of the amount of the disputed late fees as well as proof that the accrual took place at a timeframe that post-dated the acceleration?

Apart from the foregoing bullet point comments is the fact that the June 19 letter is completely silent in regard to damages Mr. Kline is seeking to recover on behalf of the putative class. For this reason, as well as those cited above, the Defendants have been left in the dark in regard to just how much the Plaintiff is seeking as damages, individually and on behalf of the class, and they have been denied access to any documentary evidence which substantiates those damage claims.

## RELIEF SOUGHT

If a plaintiff fails to specify their damages, Rule 37(c)(1) provides the appropriate sanctions. Rule 37(c)(1) states:

> Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

If a plaintiff continues to withhold details about their damages, then " 'Rule 37 requires virtually automatic preclusion of the information not disclosed pursuant to Rule 26(a)(1).' " *Webb*, 2008 WL

---

[4] The only late fees presented to the Plaintiff in the payoff letter related to his first mortgage loan were all accrued *before* acceleration.

2230696, at *14 (quoting *Austrian Airlines Oesterreichische Lufverkehrs AG v. UT Fin. Corp.*, 2005 WL 977850 (S.D.N.Y. Apr. 28, 2005)).

Given the Plaintiff's repeated failure to specify his individual damages and the putative class damages in response to written discovery and during his deposition, the Court should preclude the Plaintiff from seeking any damages or propounding any evidence supporting his damages claim in this case. Without proof of damages, the Plaintiff does not have an actionable claim, and the Court should then dismiss Plaintiff's Amended Complaint pursuant to Rules 37(b)(2)(A(v) and 37(c)(1)(C). Alternatively, the Court should enter an Order compelling Plaintiff to disclose a delineation and computation of each category of his individual damages and the purported class' damages, pursuant to Rule 26(a)(1)(A)(iii), and to produce any documentary substantiation for those damages. In either case, the Court should award Defendants their expenses and attorneys' fees related to filing this Motion to Compel, pursuant to Rule 37(c)(1)(A).

## CONCLUSION

For the reasons set forth above, Defendants Wells Fargo and Barclays request that this Honorable Court enter an Order:

    A.    Precluding Plaintiff from presenting any evidence of damages at trial in this case;

    B.    Dismissing the Amended Complaint;

    C.    Awarding Wells Fargo and Barclays their expenses and attorneys' fees related to filing this Motion to Compel; and

    D.    For such and further relief as this Court may deem appropriate.

*or in the alternative*

    A.    Compelling Plaintiff to disclose a designation and computation of each category of damages he seeks, individually and on behalf of the purported class he seeks to represent in this action, and to disclose the documents or other evidentiary material, unless privileged or protected from disclosure, on which each

                computation is based, in compliance with Federal Rule of Civil Procedure 26(a)(1)(A)(iii);

B.      Awarding Wells Fargo and Barclays their reasonable expenses and attorneys' fees incurred in the filing this Motion to Compel; and

C.      For such and further relief as this Court may deem appropriate.

A proposed Order is attached hereto.

                                        Respectfully submitted,

                                        /s/ Reuel D. Ash
                                        Reuel D. Ash (Bar #0055843)
                                        ULMER & BERNE LLP
                                        600 Vine Street, Suite 2800
                                        Cincinnati, OH 45202
                                        Ph. 513-698-5118
                                        Fax: 513-698-5119
                                        rash@ulmer.com

                                        /s/ Russell J. Pope
                                        Russell J. Pope (appearing pro hac vice)
                                        TREANOR POPE & HUGHES, P.A.
                                        500 York Road
                                        Towson, MD 21204
                                        Ph. 410-494-7777
                                        Fax: 410-494-1658
                                        rjpope@tph-law.com

                                        *Attorneys for Defendants, Wells Fargo Bank, N.A.*
                                        *& Barclays Capital Real Estate Inc.*

**CERTIFICATE OF COMPLIANCE WITH RULE 37(a) AND LOCAL RULE 37.2**

I HEREBY CERTIFY that on May 19, 2015, the undersigned attorney sent the email attached hereto as Exhibit B to Plaintiff's counsel in an attempt to resolve the parties' discovery dispute by extrajudicial means. As of the date of this Motion, Plaintiff has not supplementing his Answers to Interrogatories, Responses to Requests for Production, or his Deposition by providing a computation of his damages and production of documents in compliance with Federal Rule of Civil Procedure 26(a)(1)(A)(iii).

    /s/ Russell J. Pope
Russell J. Pope