IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| EUGENE KLINE, et al., | ) | CASE NO. 3:08cv408 |
| | ) | |
| Plaintiffs, | ) | JUDGE WALTER HERBERT RICE |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| MORTGAGE ELECTRONIC SECURITY | ) | **DEFENDANT REIMER, ARNOVITZ,** |
| SYSTEMS, et al., | ) | **CHERNEK & JEFFREY CO., L.P.A.** |
| | ) | **(F.K.A. DEFENDANT REIMER,** |
| Defendants. | ) | **LORBER & ARNOVITZ CO.,** |
| | ) | **L.P.A.)'S REPLY IN SUPPORT OF** |
| | ) | **MOTION FOR SUMMARY** |
| | ) | **JUDGMENT** |

**I.** **Pursuant to Fed. R. Civ. P. 6(b)(1)(B), Kline Failed to Request an Extension Prior to the Deadline for Filing His Brief in Opposition to the Reimer Firm's Motion for Summary Judgment**

In another attempt to further delay these proceedings and obtain yet another extension of time to respond to the Reimer Firm's summary judgment motion, Kline argues that he did not have to file a formal motion for extension of time and establish excusable neglect because Fed. R. Civ. P. 6(b)(1)(A), and not Fed. R. Civ. P. 6(b)(1)(B), is applicable.  Plaintiff is mistaken. Fed. R. Civ. P. 6(b)(1)(A) only applies when the request for extension is made prior to the filing deadline.  Contrary to Kline's position, his April 10 and May 7, 2015 letters to the Court seeking case management conferences were not proper requests under Fed. R. Civ. P. 6(b)(1)(A).

Though Kline seeks to characterize these two letters as requests for extension of time, under Fed. R. Civ. P. 6(b)(1)(A), the very language of the letters establish that this was not their purpose.  Both letters state that they were being submitted pursuant to Loc. R. 37.1, the Local

Rule governing discovery disputes. They also represent that the discovery disputes in no way involve the Reimer Firm. More importantly, this Court previously held in this case that any request for a court order must be made by motion – "[l]etters of anguish *** are certainly not sufficient." (Doc. # 387, p. 2, FN 1.) Fed. R. Civ. P. 7.2(c) also prohibits "letters" to the court:

> **Correspondence with the Court**. Letters to the Court are not permitted unless (1) requested by the Court in a specific manner, or (2) advising the Court of the settlement of a pending matter. All other written communications must be by way of formal motion or memorandum submitted in compliance with these Rules***

In addition to being prohibited, the letters did not contain certificates of service, which are required under Fed. R. Civ. P. 5(d)(1) and S.D. Ohio Loc. R. 5.2(a). Accordingly, Kline's April 10 and May 7, 2015 letters do not amount to "requests for extensions" made prior to the May 18, 2015 deadline.

Because Kline failed to request an extension of time before May 18, 2015, Kline was obligated to meet the requirements under Fed. R. Civ. P. 6(b)(1)(B) to seek additional time to oppose the Reimer Firm's summary judgment motion. The Rule requires that Kline do the following: 1) file a motion seeking an extension of time; 2) establish that an extension is "for cause shown;" and 3) establish that his failure to comply with the original deadline "was the result of excusable neglect." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896, 110 S.Ct. 3177 (1990). To date, Kline still has not complied with these requirements. He has never filed a motion for extension of time. He has failed to establish "good cause," as the rationale for his extension relates to discovery disputes that in no way involve the Reimer Firm or the basis for the Reimer Firm's summary judgment motion. Further, as set forth in detail in the Reimer Firm's Response to and Request to Strike Plaintiff's Memo in Opposition to Request for Default

Judgment, Kline has not and cannot establish excusable neglect.[1]  Kline has failed to set forth any argument or cite to any authority in his opposition brief.

## II.     Even if Fed. R. Civ. P. 6(b)(1)(A) Applies, Kline Cannot Establish "Good Cause"

Even if Fed. R. Civ. P. 6(b)(1)(A) applies, which is does not, Kline has not established "good cause."  Kline argues that "good cause" has been established for an extension of time to respond to a summary judgment motion where a party's failed "to provide relevant discovery in a timely manner."  (Doc. # 431 at p. 5.)  Kline misses the mark.  The discovery sought from the other co-defendants in no way relates to the grounds for summary judgment asserted in the Reimer Firm's motion.  Nor is Kline claiming that the Reimer Firm has withheld information in discovery.  Therefore, arguing that "good cause" is established where a (different) party has withheld relevant discovery is wholly inapplicable.

Plaintiff cites to no authority in support of his argument that he should receive additional time to respond to the Reimer Firm's motion for summary judgment, simply because Barclays, Wells Fargo and HomEq purportedly untimely produced documents.  None of the cases cited by Plaintiff allow a party additional time to respond to a summary judgment motion.  Furthermore, Plaintiff relies on cases where the non-moving party was not diligent in responding to discovery.  This is not the case here, as the Reimer Firm timely responded to Plaintiff's discovery requests. *Wisefame Intl. LTD v. FKA Distributing Co.*, Case No. 08-14375, 2001 U.S. Dist. LEXIS 11431 (E.D. Mich. February 7, 2011);  (plaintiffs sought for extension of the discovery period only); *Mesmer v. Rezza*, Case No. DKC 10-1053, 2011 U.S. Dist. LEXIS 130895 (D. Md. Nov. 14, 2011) (defendant's unopposed motion to modify the scheduling order to allow additional time for discovery and to file pretrial motions permitted where plaintiff failed to provide any responses to defendant's discovery requests); *Heil v. Belle Starr Saloon & Casino*, Case No. 09-

---

[1] Plaintiff has failed to timely respond to Defendant's motion to strike.  (Doc. # 429.)

5074-JLV, 2011 U.S. Dist. LEXIS 34931 (D.S.D. Mar. 29, 2011) (allowed extension of the discovery and motions deadline after plaintiff filed a motion to compel and extend deadlines); *Nosker v. Gill Bros.*, Case No. 06-0286-CV-W-REL, 2007 U.S. Dist. LEXIS 11885 (good cause found to extend date for plaintiff to file an amended complaint where defendant withheld certain financial information); *Stewart v. Coyne Textile Servs.*, 212 F.R.D. 494 (S.D. W. Va. 2003) (good cause found to extend deadline for plaintiff to file an amended complaint because defendant did not timely respond to discovery). These cases are inapplicable here.

### III. Neither the New Documents or Additional Testimony Establish Good Cause Nor Do They Create a Genuine Issue of Material Fact

Plaintiff argues that the newly produced documents establish "good cause" to obtain an extension of time and that the Reimer Firm sought to collect or collected attorney's fees from Kline. (Doc. # 431 at p. 10.) Plaintiff's argument is misleading. Neither the testimony of the Barclays representative, Jacklyn Cartmill, nor the new documents produced by Barclays, MERS and Wells Fargo contradict any of the facts (or create an issue of fact) set forth in the Reimer Firm's Motion for Summary Judgment. As set forth in the Reimer Firm's Motion for Summary Judgment, it is undisputed that every single item contained in the payoff quote was due and owing, and the cost and expenses were permitted pursuant to the terms of the loan agreement and not prohibited under Ohio and federal law. Plaintiff is misdirecting this Court by pointing to how HomEq allocated or transferred the funds <u>after</u> the payoff of the mortgage loans when Kline sold his home. HomEq's procedures as to the internal application of post-closing funds is irrelevant to the claims against the Reimer Firm.

The newly produced documents do not establish that the Reimer Firm sought to collect or collected attorneys' fees from Kline. Rather, the documents show HomEq's internal application of funds after the closing on the property. This does not establish that the amounts contained in

4

the payoff quote were illegitimate nor does it create any issue of fact with respect to whether the costs and expenses were improper. The Reimer Firm has no knowledge or control over HomEq's internal application or transfer of funds with respect to the payoff of the mortgage loan when Kline sold his home.

The evidence is clear that the Reimer Firm did not seek to collect or collect attorney's fees from Kline. The only items it sought to collect are the items contained in the payoff quote and each and every one of those items is permitted pursuant to the loan documents and Ohio law. Significantly, it is undisputed that the payoff quote did not include any attorneys' fees. (Doc. # 414, Exs. H, J.)[2] Mr. Reimer testified that pursuant to the law firm's policy, it did not seek to collect nor did it collect attorneys' fees with respect to a payoff of a loan. (Reimer Tr. 103-104).[3] Further, Mr. Reimer's affidavit states, in full,

> 3. The only monies the Reimer Firm received in connection with the 2007 Foreclosure Case for fees were paid to it by HomEq for legal fees earned. The Reimer Firm did not seek to collect nor did it collect attorneys' fees from Plaintiff Kline, with respect to the payoff of the first mortgage on his property. Nor were any of the Reimer Firm's attorney fees passed on to Mr. Kline with respect to the payoff of the first mortgage on his property. The Reimer Firm was paid attorneys' fees by its client for the legal fees it earned. These legal fees were paid to the Reimer Firm regardless of the outcome of the 2007 Foreclosure Case or whether Mr. Kline paid any of the costs or expenses associated with the 2007 Foreclosure Case.

(Doc. #414, Ex. Q.) In an effort to withstand summary judgment, Kline now alleges that the new documents produced by Barclays, MERS and Wells Fargo and the testimony of Cartmill contradict these facts. They do not. The documents simply show HomEq's internal application and payment of funds <u>after</u> Kline paid off the mortgage loans when Kline sold his home - - they do not prove that the Reimer Firm sought to collect or collected any attorney fees or that Kine

---

[2] Plaintiffs Brief in Opposition does not even address the fact that because the alleged violation of the FDCPA occurred on the date the payoff quote was sent, on August 17, 2007, and he did not file suit until November 8, 2008, his claims against Reimer under the FDCPA are time barred.

[3] The relevant portions of the transcript of the deposition of Dennis Reimer, are attached as Exhibit A.

paid the Reimer Firm's attorney fees. To hold the Reimer Firm liable under the FDCPA based on HomEq's internal reconciliation procedures - an issue totally out of the control of the Reimer Firm - would be an absurd result.

Plaintiff references an Escrow Activity sheet, produced by Barclays in support of his claim. (Doc. # 432, Ex. C). This document does not establish that the Reimer Firm sought to collect or collected its attorney fees from Kline. Rather, as Barclays' representative testified, it is a spreadsheet developed from the payment history kept by HomEq. (Cartmill Tr. 20-22.)[4] The document is a "report" pulled from a HomEq database containing data regarding certain loans owned or serviced by HomEq prior to August 31, 2010. (Cartmill Tr. 24, 26-29.) This is not a database which the Reimer Firm has access to—in fact the Barclays representative testified that only three people at Barclays have access to the database. (Cartmill Tr. 20.) Plaintiff attempts to attribute the Escrow Activity sheets to the Reimer Firm by using the term "defendants" when describing the document. As the Barclays representative's testimony demonstrates, it is not the Reimer Firm's document and the Reimer Firm had no access to or control over the document.

Cartmill also described how Plaintiff's escrow funds were applied to outstanding corporate advances. Her explanation makes clear that this is an internal issue and that the Reimer Firm has no control over how its clients transfer funds. (Cartmill Tr. 49-50).

Whether HomEq "redirected" funds from the escrow account to pay its outstanding corporate advances, has no bearing on whether the Reimer Firm sought to collect or collected attorney fees, or whether the other costs and expenses were permitted. All the evidence demonstrates that the Reimer Firm did not seek to collect or collected attorney fees. The new documents do not create an issue of fact in that regard. Cartmill's testimony wherein she is asked

---

[4] The relevant portions of the transcript of the deposition of Barclays representative Jacklyn Cartmill, are attached as Exhibit B.

6

to discuss Dennis Reimer's affidavit likewise has no bearing on the Reimer Firm's motion for summary judgment because, again, she testified about HomEq's internal reconciliation procedures and how it transferred money from the Plaintiff's escrow account to the holding or suspense account.  The Reimer Firm has no control over the escrow account and how HomEq transfers funds.  It can only control what it presented to Plaintiff in the reinstatement quote, which undisputedly, did not include its attorneys' fees.  (Doc. # 414, Ex. H.)

Plaintiff also claims that the "defendants" concealed these transactions from Plaintiff by producing the documents in an untimely fashion.  This is a misrepresentation and contradicts Plaintiff's statements earlier in his brief where he admits that the belated production of documents came from Barclays, MERS and Wells Fargo, not the Reimer Firm.  (Doc. # 431 at p. 7.)  Reimer timely responded to Plaintiff's discovery requests and Plaintiff has had the payoff quote—which identifies the costs and expenses, since August of 2007.  No attorney's fees are contained in the quote.

Plaintiff further misrepresents that documents produced by "defendants" on June 23, 2015 and June 25, 2015 establish good cause to extend the deadline to respond to the Reimer Firm's motion for summary judgment.  Again, Plaintiffs' use of "defendants" is misleading as Wells Fargo, not the Reimer Firm produced the documents.  (Doc. #432, Exs. D, E.)  The documents are a March 14, 2003 amended and restated custodial agreement between Merrill Lynch and Wells Fargo and copies of the release request forms for the Kline loan.  (*Id.*)  Plaintiff provides no explanation as to how these documents provide new or additional information he did not have before and how the information prevented him from timely responding to the Reimer Firm's Motion for Summary Judgment.  Furthermore, pursuant to this Court's Order, the only claims remaining against the Reimer Firm arise out of the costs and expenses sought or collected

7

in 2007 Foreclosure Action and are for: "1) a claim under the Fair Debt Collections Practices Act, 15 U.S.C. §1692f(1), and 2) a claim under the common law of Ohio for unjust enrichment." (Doc. #366, page 16). Thus, the documents produced by Wells Fargo on June 23, 2015 and June 25, 2015 have no bearing on the claims against the Reimer Firm in this case.

As Plaintiff admits, the Reimer Firm did not delay in producing discovery. The "new" documents have nothing to do with whether the Reimer Firm sought to collect or collected attorney's fees or whether the Reimer Firm impermissibly passed on attorney fees to the Plaintiff. Instead, the documents show how HomEq transferred funds internally, post-closing. The Reimer Firm had no control or accountability over HomEq's internal reconciliation of funds. According to Plaintiff's theory, a law firm is liable under the FDCPA based on its clients' application of escrow balances. This would result in a law firm being obligated to audit its clients' internal accounting systems to determine how escrow funds are applied.

Moreover, good cause is not established where, as here, Kline has been well aware of the Reimer Firm's pending summary judgment motion since March 27, 2015 and has failed to comply with the Court's deadlines in responding to and/or seeking extensions in connection with such motion. See *Henry v. Mosten Expert Ltd.*, Co., Case No. 4:08cv0017 SWW, 2008 U.S. Dist. LEXIS 38832 (E.D. Ark. May 2, 2008) (holding that good cause was not established where the defendant "has long been aware of this action and yet failed to comply with this Court's orders" pertaining to discovery.)

Plaintiff has not established good cause and should not be permitted additional time to respond to the Reimer Firm's Motion for Summary Judgment.

### IV. The Reimer Firm Met its Initial Burden and is Entitled to Summary Judgment Because Plaintiff Failed to Respond to the Authority and Arguments Presented in Its Summary Judgment Motion

8

A court properly relies upon the facts presented by a moving party where the non-moving party fails to oppose or respond to the arguments and authority presented by the moving party in its summary judgment motion. *Am. Marietta Corp. v. Essroc Cement Corp.*, 59 Fed. Appx. 668, 671 (6th Cir. 2003); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-05 (6th Cir. 1992); *Brown v. Warden Voorhies*, Case No. 07-cv-13, 2012 U.S. Dist. LEXIS 44511, *9 (S.D. Ohio Mar. 30, 2012). There is no duty imposed upon the court to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404 (6th Cir. 1992) (internal citations omitted). Accordingly, it is proper for a court to grant a motion for summary judgment where the moving party meets its initial burden and the non-moving party fails to oppose the motion. *Hicks v. Barberton Police Dept.*, Case No. 5:11cv76, 2012 U.S. Dist. LEXIS 30731, *12 (N.D. Ohio Mar. 8, 2012); *Brown v. Warden Voorhies*, Case No. 07-cv-13, 2012 U.S. Dist. LEXIS 44511 (S.D. Ohio Mar. 30, 2012); see also *Metro. Life Ins. Co. v. Darkow*, Case No. 5:09CV02482, 2010 U.S. Dist. LEXIS 77187 (N.D. Ohio July 30, 2010) (granting a motion for summary judgment where the non-moving party failed to timely oppose the motion). This is because, once the moving party has shown that the non-moving party "has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial," the non-moving party bears the burden to set forth specific facts showing a genuine issue of material fact in its response to the court. *Guarino*, 980 F.2d at 403, 405. "[I]f the non-moving party fails to discharge that burden -- for example, by remaining silent -- its opportunity is waived and its case wagered." *Id*.

Kline failed to file any opposition to the Reimer Firm's summary judgment motion by the May 18, 2015 deadline. Kline likewise failed to file any motion seeking an extension under Fed. R. Civ. P. 6(b). Nor has the Court otherwise granted leave for Kline to submit an untimely brief

in opposition to the Reimer Firm's motion for summary judgment. Kline's brief in opposition, filed on June 29, 2015 without leave of court, cannot be considered.[5] See *Brown v. Babcock & Wilcox Co.*, Case No. 5:89CV2511, 1990 U.S. Dist. LEXIS 20098, *8-9 (N.D. Ohio Sept. 10, 1990) (stating that plaintiff's response to defendant's summary judgment motion was not properly before the court because it was untimely filed without leave of court). The Reimer Firm's motion is therefore unopposed. The Reimer Firm demonstrated in its summary judgment motion, in accordance with Fed. R. Civ. P. 56, that there are no genuine issues of material fact with respect to Kline's claims against it, thereby entitling it to judgment as a matter of law. Without any opposition from Kline, the Reimer Firm's motion should be granted.

Moreover, Kline titled his filing a "Memo in Opposition to Defendants' Reimer, Lorber and Lerner Sampson's Request for Summary Judgment." Even if such an untimely filing is considered by the Court, the Reimer Firm is still entitled to summary judgment because Kline failed to address any of the evidence or authority set forth in the Reimer Firm's summary judgment motion and failed to create an issue of fact. A non-moving party does not meet its reciprocal burden where it fails to address a particular argument its opposition brief. See *McDonald v. Ford Motor Co.*, 208 F. Supp.2d 837, 847 (N.D. Ohio 2002) (granting a motion for summary judgment on a claim that the plaintiff failed to address in its opposition brief); *Nighswander v. Henderson*, 172 F.Supp.2d 951, 965 (N.D. Ohio 2001) (dismissing a cause of action where the plaintiff failed to oppose the defendant's argument in its brief in opposition to defendant's summary judgment motion). Moreover, Kline should not get another bite at the apple and file yet another opposition brief.

---

[5] It is improper for Kline to presume that the Court would grant him an extension to respond to Reimer's summary judgment motion, especially since he did not properly request an extension, and therefore failed to timely file his brief in opposition to Reimer's summary judgment motion.

In his eleven page opposition brief, Kline fails to address, much less mention, any of the grounds for summary judgment set forth in the Reimer Firm's motion. Instead, Kline spends his entire opposition brief arguing about additional discovery that has no bearing upon any of the arguments in Reimer's motion. As Kline did not address any of the evidence or authority set forth in Reimer's summary judgment motion or point to specific facts showing a genuine issue of material fact in its response to the court, Kline failed to meet his reciprocal burden. The Reimer Firm is therefore entitled to an award of summary judgment in its favor.

Respectfully submitted,

s/*Lori E. Brown*
**TIMOTHY T. BRICK (0040526)**
**LORI E. BROWN (0071480)**
**CATHERINE F. PETERS (0078044)**
GALLAGHER SHARP
Sixth Floor - Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio  44115
(216) 241-5310 (phone)
(216) 241-1608 (fax)
tbrick@gallaghersharp.com
lbrown@gallaghersharp.com
cpeters@gallaghersharp.com
*Attorneys for Defendant*
*Reimer, Arnovitz, Chernek & Jeffrey Co. L.P.A. (f.k.a. Reimer, Lorber & Arnovitz Co., L.P.A.)*

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2015 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

s/*Lori E. Brown*
**TIMOTHY T. BRICK (0040526)**
**LORI E. BROWN (0071480)**
**CATHERINE F. PETERS (0078044)**
*Attorneys for Defendant*
*Reimer, Arnovitz, Chernek & Jeffrey Co. L.P.A. (f.k.a. Reimer, Lorber & Arnovitz Co., L.P.A.)*
