# Exhibit A

**Paul Grobman, Esq.**
555 Fifth Avenue, 17th Floor
New York, New York 10017

Phone: (212) 983-5880 • Fax: (212) 682-7060 • e-mail: grobtown@aol.com

April 10, 2015

**VIA ECF AND FACSIMILE**
The Honorable Walter Herbert Rice
Federal Building, Room 909
200 West Second Street
Dayton, OH 45402

Re: Kline v. Mers (08cv408)

Dear Judge Rice,

Pursuant to your direction to the parties in the Court's March 31, 2014 Order (Doc. #421, p. 2) as well as Local Rule 37.1, I write to request a status conference with regard to certain issues which have arisen as a result of additional documents recently produced by MERS, Barclays and Wells Fargo after the taking of defendants' Rule 30(b)(6) depositions in February. Since MERS' deposition, MERS has also – and for the first time -- indicated that it is refusing to produce certain documents on the basis of the bank examination and other privileges, but has yet to provide a privilege log indicating what those documents are. While the Court may determine that a status conference should be put off until after the parties have engaged in mediation, plaintiff believes it is prudent to advise the Court in advance about these issues.

The deposition of Wells Fargo's Rule 30(b)(6) witness took place on February 26, 2015. On March 17, 2015, Wells Fargo produced 61 pages of additional documents relating to plaintiff Eugene Kline's loans and certain policies and procedures relating to Wells Fargo's role as trustee and custodian of those loans.

The deposition of Barclays' Rule 30(b)(6) witness took place on February 25, 2015. On March 26, 2015, Barclays produced 18 pages of additional documents relating to plaintiff Eugene Kline's loans, each of which directly related to the legal fees and expenses charged to Mr. Kline on his loans. The letter accompanying the documents indicated that Barclays did not have any Outsourcing Agreements from either 3 Arch Trustee Services or Rosicki, Rosicki & Associates relating to the services for which Mr. Kline was charged, but that it was requesting any such agreements from those Outsourcers, and would advise plaintiff "as soon as I hear back from them." To date, plaintiff has yet to receive any word from Barclays on whether these agreements have been located.

The Honorable Walter Herbert Rice
April 10, 2015
Page 2

    The deposition of MERS Rule 30(b)(6) witness took place on February 19, 2015. On March 26, 2015, MERS produced 1,326 pages of additional documents relating to its policies and procedures for loans on the MERS System, including policies relating to foreclosure. In addition, in a four-page cover letter, MERS indicated that it was withholding documents on the basis of the attorney-client privilege, the bank examination privilege, and privileges which purportedly exist under various sections of the Code of Federal Regulations. Despite repeated requests, MERS has yet to identify these documents, much less provide a Privilege Log as required by the Federal Rules.

    Should mediation prove unsuccessful, plaintiff believes that, at a minimum, it has a right to certain additional disclosure from defendants before plaintiff is required to respond to defendants' summary judgment motions or file documents in response to the Scheduling Order. These include: (i) reopening the Rule 30(b)(6) depositions of Wells Fargo, Barclays and MERS with regard to the newly-produced documents; and (ii) a privilege log from MERS pursuant to Rule 26 of the Federal Rules of Civil Procedure identifying the documents that MERS is withholding on the basis of a purported privilege. While Barclays has agreed to produce a witness for further deposition with regard to the new documents, I have received no word as to whether Wells Fargo or MERS will produce a witness, and who will pay for these additional depositions. I have also received no word as to when (or whether) MERS intends to produce a privilege log.

    During the status conference, plaintiff would be happy to discuss any additional discovery which defendants say they need.

                                                                         Respectfully,

                                                                         Paul Grobman