# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

EUGENE KLINE, et al.     :
            :
    Plaintiffs,    :   Case No.:  3:08-CV-0408-WHR
            :
v.           :
            :   Judge Walter H. Rice
MORTGAGE ELECTRONIC   :
REGISTRATION SYSTEMS, INC., et al. :
    Defendants.   :
            :
------------------------------------------------------- :

## REQUEST FOR ORDER GRANTING
## UNOPPOSED MOTIONS FOR SUMMARY JUDGMENT

  Defendants, Wells Fargo Bank, N.A., Trustee ("Wells Fargo"), Barclays Capital Real

Estate Inc. ("Barclays"), and Mortgage Electronic Registrations Systems, Inc. ("MERS"), by

their undersigned attorneys, respectfully request an Order granting Summary Judgments in their

favor.

## STATEMENT OF THE CASE

  On March 27, 2015, each of the five defendants filed Motions for Summary Judgment

and supporting Memoranda in accord with the Court's Scheduling Order of February 5, 2015.

(ECF Nos. 414, 416-419).[1]  According to the court rules, Plaintiff then had 21 days to respond.

The Court, however, entered a 30-day stay of all proceedings on March 31, 2015, so that the

parties could engage in a final attempt at mediation and settlement.  (ECF No. 421).  The order

of stay expressly provided:  "If the parties do not resolve this litigation through the mediation,

---

[1]  This case was filed on November 10, 2008.  Over the course of the intervening years, there have been four Scheduling Orders entered by the Court, prescribing deadlines for events such as discovery, motions, amendments to pleadings, and the overall progression of the case toward trial.  The most recent Scheduling Order was entered by this Court on February 5, 2015 (ECF No. 395), setting forth extended deadlines for these several events. In particular, the Scheduling Order currently in effect specifies that discovery was to be concluded by March 1, 2015, and dispositive motions were to be filed by March 27, 2015.

the 30-day stay will expire on Sunday, April 26, 2015, and the twenty-one day period for filing Response Memoranda will commence the next day, Monday, April 27, 2015." (ECF No. 421). As no settlement was reached, Plaintiff's responses to the several Motions for Summary Judgment were due on May 18, 2015.[2] Except to ask the Court for a status conference, Plaintiff filed nothing prior to the May 18, 2015 deadline for responding to Defendants' Motions for Summary Judgment. Accordingly, Defendants Reimer, Lorber & Arnovitz, ("Reimer, Lorber") and Lerner Sampson & Rothfuss ("Lerner Sampson") asked the Court to rule on their respective Motions for Summary Judgment. Neither Reimer, Lorber nor Lerner Sampson ever agreed to extend Plaintiff's response date to their motions for summary judgment beyond the Court's May 18, 2015 deadline.[3]

---

[2] In a letter to Plaintiff's counsel dated May 13, 2015, the undersigned attorneys for Defendants MERS, Barclays, and Wells Fargo provided their understanding of the scheduling dates and deadlines then in effect "based on the number of days Judge Rice allowed in the current Scheduling Order for the pleading described [as extended by the 30-day stay to mediation]." For Plaintiff's Response Memoranda to Defendants' Motions for Summary Judgment, the due date was clearly May 18, 2015. The letter further advised: "We do not agree that Plaintiff needs more time to respond to Defendants' Motions for Summary Judgment based on the supplemental production of documents by MERS, Barclays, and Wells Fargo. The additional production arose from questions you asked during depositions, and they amount to only 61 pages from Wells Fargo regarding its custodial role, and 18 pages from Barclays relating to fees and expenses charged to Mr. Kline. MERS' production was larger, but duplicative of the policies and procedures already produced. The several versions of MERS' policies and procedures that you requested did not substantively changed any provisions relevant to Mr. Kline's claims." A copy of this letter is attached and incorporated herein as **Exhibit 1.**

[3] On May 29, 2015, Plaintiff filed a misnamed Memo in Opposition to Request for Default Judgment on Defendants' Reimer, Lorber and Lerner Sampson's Motions for Summary Judgment (ECF No. 427), to which Reimer, Lorber and Lerner Sampson filed Motions to Strike on grounds of untimeliness. (ECF Nos. 428, 429). Not until June 29, 2015 did Plaintiff file an Opposition to Reimer, Lorber's and Lerner Sampson's Motions for Summary Judgment (ECF No. 431). Reimer, Lorber and Lerner Sampson moved then to strike this Opposition principally on grounds of untimeliness. (ECF No. 436).

On the other hand, Wells Fargo, Barclays, and MERS did agree that Plaintiff could have until July 25, 2015 to respond to their three Motions for Summary Judgment.[4]  In a telephone conversation between Paul Grobman and Russell Pope on June 30, 2015, Mr. Grobman proposed a response date of July 25, 2015 for Plaintiff to file oppositions, if any, to the summary judgment motions of Wells Fargo, Barclays, and MERS.[5]  Consent to this proposed extension was confirmed in an email from Russell Pope to Paul Grobman on July 1, 2015, a copy of which is attached and incorporated herein as **Exhibit 2.**

Remarkably, Monday, July 27, 2015 has come and gone without the filing of oppositions to the Motions for Summary Judgment filed *four months ago* by Wells Fargo, Barclays, and MERS.  Accordingly, Wells Fargo, Barclays, and MERS now join with Defendants Reimer, Lorber and Lerner Sampson in respectfully asking the Court to consider their respective Motions for Summary Judgment, and to enter judgments for Wells Fargo, Barclays, and MERS on their unopposed Motions for Summary Judgment.

## ARGUMENT

### *Introduction*

In order to facilitate the orderly management of its docket, a federal court is authorized to issue scheduling orders which define time limitations on the various benchmarks that facilitate the progress and development of a case.  *See* Fed.R.Civ.P. 16.  As set forth above, this Court has

---

[4]  Wells Fargo, Barclays, and MERS had earlier acceded to Plaintiff's request for supplemental depositions of their corporate designees, limited in scope to the small number of additional documents that were requested during, and produced subsequent to, the depositions of Wells Fargo, Barclays, and MERS in February 2015.  These supplemental depositions were held on June 10-12, 2015, so consenting to extend Plaintiff's deadline for responding to the summary judgments of Wells Fargo, Barclays, and MERS through July 25, 2015 was very generous.

[5]  As July 25, 2015 was a Saturday, Mr. Grobman apparently wanted until Monday, July 27, 2015 to file his Oppositions, if any. Why he did not directly request an extension through Monday, July 27th is unknown.

previously exercised its authority to issue Scheduling Orders and set appropriate deadlines. The reason for complying with deadlines set forth in a scheduling order is obvious. "As this Court has observed, 'adherence to reasonable deadlines is critical to maintaining integrity in court proceedings,' and pretrial scheduling orders are 'the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner.'" *Ying Liu v. Next Step Resources of Ohio, Inc.,* 2013 U.S. Dist. LEXIS 14775 at *5 (S.D. Ohio January 31, 2013)(quoting *Watkins v. New Albany Local School*, 2010 U.S. Dist. LEXIS 35122, 2010 WL 910256 at *3 (S.D. Ohio March 10, 2010)).

In the Scheduling Order now in effect, the discovery cutoff was established by the Court, *with the consent of all parties*, as March 1, 2015. Likewise, with the agreement of all parties, the deadline for filing summary judgment motions was established as March 27, 2015. Plaintiff had 21 days thereafter to file his opposition or other responsive pleading. By advising the Court that he would, in good faith, engage in mediation, Plaintiff obtained an *additional* 30 days in which to respond to the summary judgment motions, thus giving him a total of 51 days to complete the task. Then, on July 1, 2015, Wells Fargo, Barclays, and MERS agreed to Plaintiff's request for *even more time* to file his oppositions, informally giving him through Saturday, July 25, 2015 to respond.

*Plaintiff never sought more time*
*to respond to dispositive motions.*

Why Plaintiff did not comply with his own requested deadline is unclear, but he apparently believes that, to bring Federal litigation to a standstill, all it takes is a letter to the Court requesting a status conference. In fact, the Court had previously admonished Plaintiff's counsel for writing letters to chambers, instead of filing proper motions. Nevertheless, Mr. Grobman wrote twice more to request "a status conference with regard to certain issues which

have arisen as a result of additional documents recently produced by MERS, Barclays and Wells Fargo after the taking of defendants' Rule 30(b)(6) depositions in February." See Exhibits A and B to Declaration of Paul Grobman. (ECF No. 432).

His letters request but one thing: a status conference. They do not seek an order regarding discovery. They do not request an extension in the response date for summary judgment motions. In fact, the first letter, dated April 10, 2015, says nothing at all about the summary judgment motions then awaiting a response. *Id.*, Exhibit A. The second letter, dated May 7, 2015, asserts that plaintiff "has a right to certain additional disclosures from defendants before plaintiff is required to respond to defendants' summary judgment motions or file documents in response to the Scheduling Order." *Id.*, Exhibit B. However, there is no motion or other request before the Court either to compel discovery or to extend the discovery cut-off beyond March 1, 2015.[6] The only relief sought is a status conference which the Court has deferred for now.

---

[6] Indeed, Plaintiff has never explained why he waited until the *last two weeks* of the discovery period to schedule the Rule 30(b)(6) depositions of MERS, Reimer, Lorber, Lerner Sampson, Barclays, and Wells Fargo, held respectively on February 19, 2015, February 20, February 24, February 25, and February 26. (The last day for discovery was March 1, 2015.) As early as September 16, 2014, counsel for Defendants wrote to Mr. Grobman asking for deposition dates, to which no response was received until January 23, 2015, following which Mr. Grobman proposed dates in late February for the depositions of Defendants' corporate designees. *See* Defendants' Memorandum in Support of Defendants' Motion for Reconsideration of Order Extending Time for Identifying Expert Witnesses, pp. 4-6 (ECF No. 398-1). Likewise, Plaintiff does not explain under what authority he was entitled, during these depositions, to request *new* documents not previously sought, without giving Defendants the requisite 30 days to respond as allowed under F.R.Civ.P. 34(b)(2)(A). That, as a professional courtesy, some of these new documents were made available to him after the discovery deadline, leading him then to seek even more discovery from Defendants, does not entitle him to more than he timely requested in his Requests for Production of Documents propounded to MERS, Wells Fargo, and Barclays.

In *Cacevic v. City of Hazel Park,* 226 F.3d 483 (6th Cir. 2000), the Court of Appeals for the Sixth Circuit affirmed a summary judgment for defendants where discovery was allegedly incomplete, but plaintiffs had failed to properly request an extension. The court explained:

> The importance of complying with Rule 56(f) cannot be overemphasized. "[I]f the appellant has not filed either a Rule 56(f) affidavit or a motion that gives the district court a chance to rule on the need for additional discovery, this court will not normally address whether there was adequate time for discovery." *Plott v. General Motors Corp.,* 71 F.3d 1190, 1196 (6th Cir.1995) (citations omitted); *see also Pasternak v. Lear Petroleum Exploration, Inc.,* 790 F.2d 828, 832–33 (10th Cir.1986) ("Where a party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56(f) by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate.") (citing *Shavrnoch v. Clark Oil & Refining Corp.,* 726 F.2d 291, 294 (6th Cir.1984)). Beyond the procedural requirement of filing an affidavit, Rule 56(f) has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information. *See Radich,* 886 F.2d at 1393–94.

*Id.* at 488. So also here, Plaintiff has sought neither more time for discovery nor an extension to respond to the timely-filed motions for summary judgment. More so, he has not availed himself of the protections of Rule 56(d) by filing an affidavit asserting why he is still in need of additional discovery, what material facts he hopes yet to uncover, and why he has been unable to discover this information since filing his Complaint in 2008. As Plaintiff has failed to seek more time to respond to dispositive motions, the Court should now grant summary judgments for Wells Fargo, Barclays, and MERS.

*Plaintiff has abandoned his claims*
*against Wells Fargo, Barclays, and MERS*

As Plaintiff failed to properly move for more time, either to complete discovery or to respond to dispositive motions, he has missed the opportunity now to do so. It is well-established in the Sixth Circuit that the failure to respond properly to a motion for summary judgment constitutes an abandonment of the claim. "[A] plaintiff is deemed to have abandoned a

6

claim when a plaintiff fails to address it in response to a motion for summary judgment." *Halker v. Bob Evans Farm, Inc.,* 2014 WL 4472651, *3 (S.D. Ohio, 2014)*, citing *Brown v. VHS of Mich., Inc.,* 545 F. App'x 368, 372 (6th Cir. 2013); *Conner v. Hardee's Food Sys.,* 65 F. App'x 19, 24-25 (6th Cir. 2003).

Similarly, in *Tonkovich v. Gulfport Energy Corp.,* 2012 WL 6728348 (S.D. Ohio, 2012), the Court observed that, as here, discovery had closed, and

> Plaintiffs never sought an extension of time for additional discovery from this Court. Nor have Plaintiffs actually invoked Federal Rule of Civil Procedure 56(d) or even hinted at circumstances that would prove sufficient under that rule. Rather, Plaintiffs have elected to simply present a conclusory statement that summary judgment is not warranted on two counts based on undisclosed and apparently unknown facts. This cannot provide Plaintiffs the refuge they seek.

Id. at *2. Remarkably, here, Plaintiff has not even presented a conclusory statement that summary judgment is unwarranted; in fact, he was presented nothing at all in response to the summary judgment motions of Wells Fargo, Barclays, and MERS. The Court in *Tonkovich* continued:

> Plaintiffs' refusal to address the substance of Counts One and Five and Defendant's motion amounts to abandonment of the claims. *See Hicks v. Concorde Career Coll.,* 449 F. App'x 484, 487 (6th Cir.2011) (holding that a district court properly declines to consider the merits of a claim when a plaintiff fails to address it in a response to a motion for summary judgment); *Clark v. City of Dublin,* 178 F. App'x 522, 524–25 (6th Cir.2006) (recognizing that the failure to respond properly to motion for summary judgment arguments constitutes abandonment of a claim); *Conner v. Hardee's Food Sys.,* 65 F. App'x 19, 24–25 (6th Cir.2003) (stating that a plaintiff's failure to brief a claim in the district court is an abandonment of the claim); *Campbell v. Nally,* No. 2:10–cv–1129, 2012 WL 4513722, at *12 (S.D.Ohio Oct.1, 2012) (holding that a perfunctory statement in a summary judgment memorandum in opposition that "material facts remain in dispute" in regard to claims amounts to abandonment of those claims); *Murphy v. Ohio State Univ .,* No. 2:11–cv–238, 2012 WL 4499027, at *4 (S.D.Ohio Sept.28, 2012) (explaining that a plaintiff's failure to present actual argument on a claim in a memorandum in opposition constitutes abandonment of that claim); *Colston v. Cleveland Pub. Library,* No. 1:12–CV–204, 2012 WL 3309663, at *2 n. 2 (N.D.Ohio Aug.13, 2012) (deeming a claim abandoned and granting summary judgment when a plaintiff "did not respond or even mention [the] claim in her

oppositions to Defendants' motions for summary judgment"); *Thomas v. Starbucks Corp.,* No. 3:10–1158, 2012 WL 1900919, at *4 (M.D.Tenn. May 24, 2012) (holding that a district court can decline to consider a claim's merits when a plaintiff fails to address the claim in a summary judgment response); *EEOC v. Home Depot USA,* No. 4:07–cv143, 2009 WL 395835, at * 17 (N.D.Ohio Feb.17, 2009) ("When a plaintiff asserts a claim in a complaint but then fails to delineate that claim in her brief in opposition to summary judgment, that claim is deemed abandoned."); *Anglers of the Au Sable v. United States Forest Serv.,* 565 F.Supp.2d 812, 839 (E.D.Mich.2008) ("It is well settled that abandonment may occur where a party asserts a claim in its complaint, but then fails to address the issue in response to an omnibus motion for summary judgment."). Summary judgment for Defendant on Counts One and Five is therefore appropriate.

*Id.* at *2.

Clearly, Plaintiff's failure to respond to the summary judgment motions of Wells Fargo, Barclays, and MERS within the time allowed by the rules, as expanded by the Court's 30-day stay for settlement talks, and as further extended, by informal agreement, to accommodate the supplemental depositions held on June 10-21, 2015, constitutes an abandonment of his claims. As such, summary judgment for Wells Fargo, Barclays, and MERS is now appropriate.

<u>CONCLUSION</u>

The current extended discovery cutoff of March 1, 2015 was jointly proposed to the Court eight months ago, as was the March 27, 2015 deadline for filing dispositive motions. (ECF No. 388). To this very day, Plaintiff has not sought an amendment to the Scheduling Order with regard to discovery, and has not properly moved for an extension to respond to Defendants' Motions for Summary Judgment, despite receiving the consent of Wells Fargo, Barclays, and MERS to such an extension through July 25, 2015.

Plaintiff should not be allowed to ignore the discovery and motions deadline established by this Court, dates to which Plaintiff himself agreed. The Court should now enter summary judgments for Wells Fargo, Barclays, and MERS because Plaintiff has abandoned his claims against them. Furthermore, their Motions for Summary Judgment filed on March 27, 2015 are

unopposed and establish factually that Wells Fargo, Barclays, and MERS are entitled to judgments in their favor as a matter of law.

Respectfully submitted,

/s/ Reuel D. Ash

Reuel D. Ash (Bar #0055843)
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Ph. 513-698-5118,
Fax: 513-698-5119
rash@ulmer.com

/s/ Russell J. Pope

Russell J. Pope (appearing pro hac vice)
Douglas B. Riley (appearing pro hac vice)
TREANOR POPE & HUGHES, P.A.
500 York Road
Towson, MD 21204
Ph. 410-494-7777
Fax: 410-494-1658
rjpope@tph-law.com
dbriley@tph-law.com

*Attorneys for Defendants, Wells Fargo Bank, N.A., Barclays Capital Real Estate Inc., and Mortgage Electronic Registration Systems, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of July, 2015, a copy of the Request for Order Granting Unopposed Motions for Summary Judgments along with the attached Exhibits, was served upon the following counsel of record via the Court's ECF system:

Paul Grobman, Esquire
555 Fifth Avenue
New York, NY 10017
*Attorney for Plaintiff*

Rick David DeBlasis, Esquire
Cynthia Margot Fischer, Esquire
LERNER SAMPSON & ROTHFUSS
120 W. Fourth St., 8th Fl.
Cincinnati, OH 45202-4007
*Attorneys for Defendant, Lerner, Sampson & Rothfuss*

Lori Brown, Esquire
GALLAGHER SHARP
Sixth Floor Bulkley Building
1501 Euclid Avenue
Cleveland, OH 44115
*Attorneys for Defendant, Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A (f.k.a. Reimer, Lorber & Arnovitz Co., LP.A.)*

Douglas B. Riley
TREANOR POPE & HUGHES, P.A.
500 York Road
Towson, MD 21204
Ph. 410-494-7777
Fax: 410-494-1658
dbriley@tph-law.com
*Attorneys for Mortgage Electronic Registration Systems, Inc.*

/s/ Russell J. Pope
Russell J. Pope