IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| EUGENE KLINE, et al., | ) CASE NO. 3:08cv408 |
| Plaintiffs, | ) JUDGE WALTER HERBERT RICE |
| vs. | ) |
| MORTGAGE ELECTRONIC SECURITY SYSTEMS, et al., | ) **DEFENDANTS' JOINT MOTION TO STRIKE AND DISMISS CLASS ALLEGATIONS FOR FAILURE TO FILE CLASS CERTIFICATION BRIEF** |
| Defendants. | |

Defendants Reimer, Arnovitz, Chernek & Jeffrey Co. L.P.A. (f.k.a. Defendant Reimer, Lorber & Arnovitz Co., L.P.A.), Wells Fargo Bank, N.A., Trustee, Barclays Capital Real Estate Inc., Mortgage Electronic Registration Systems, Inc., and Lerner, Sampson & Rothfuss respectfully request an Order striking and dismissing the class allegations for Plaintiff's failure to file a motion for class certification by the Court ordered deadline.

## MEMORANDUM IN SUPPORT

### I. STATEMENT OF THE CASE AND PROCEDURAL HISTORY

As this Court is well aware, this is Plaintiff's second attempt at filing a class action, and this putative class action has been pending for nearly seven years. There have been four scheduling orders entered by this Court, setting forth deadlines for the completion of discovery, filing of dispositive motions, and importantly a deadline for filing Plaintiff's motion for class certification.

On February 5, 2015, this Court entered the most recent scheduling order (Doc. # 395). The parties had previously submitted the proposed order in November, 2014, and despite Defendants' objections to many of Plaintiff's proposed scheduling changes, agreed to a class briefing schedule. (Doc. # 388). The parties agreed that the deadline for class discovery would be March 1, 2015, and that class certification briefs were to be filed no later than April 30, 2015. At the parties' request, this Court entered an Order granting a 30 day stay of all proceedings so that the parties could participate in mediation. (Doc. # 421). Therefore, pursuant to the terms of that Order, Plaintiff's class certification brief was due May 30, 2015.

Neither the Reimer Defendants nor the Lerner Sampson Defendants agreed to further extend any of the deadlines, and in particular did not agree to extend the deadlines for class certification briefing.[1] The mediation was unsuccessful and Plaintiff has yet to file his motion for class certification. The time for filing the motion has expired. Astonishingly, Plaintiff has not filed a motion with this Court seeking an extension of the time for filing his class

---

[1] The other Defendants, Wells Fargo Bank, N.A., Trustee, Barclays Capital Real Estate Inc., and Mortgage Electronic Registration Systems, Inc., separately offered to extend the Plaintiff's deadline for filing his motion for class certification to August 1, 2015. However, the Plaintiff neither accepted this offer nor did he file any motion for class certification or a motion for extension of time by that date.

2

certification brief. Consequently, Plaintiff has abandoned his class claims and they should be stricken or dismissed with prejudice.

## II. LAW AND ARGUMENT

### A. Plaintiff has Abandoned His Claim for Class Certification and The Class Allegations Must be Stricken and Dismissed with Prejudice

Civil Rule 23 requires courts to determine whether to certify a class as early as possible and that a class certification motion be brought as "soon as practicable after commencement as a class action." Fed.R. Civ. P. 23(c). Here, Plaintiff has failed to file a class certification brief and he has abandoned the class claims.

In order to facilitate its docket, a federal court has the power to set deadlines and establish reasonable time for filing documents. See, Fed. R. Civ. P. 16; *Granslon v. University of Minnesota*, 272 F.3d 568, 534 (8th Cir. 2001), cert. denied, 538 U.S. 1054 (2002); *Price v. United Guar. Residential*, Case No. 3:03-CV-2643-G, 2005 U.S. Dist. LEXIS 24762, *8-9 (N.D. Texas February 2, 2005). "As this court has observed, 'adherence to reasonable deadlines is critical to maintaining integrity in court proceedings,' and pretrial scheduling orders are 'the essential mechanism for case becoming trial ready in an efficient, just, and certain manner.'" Y*ing Liu v. Next Stop Resources of Ohio, Inc.*, Case No. 2:10-CV-146, 2013 U.S. Dist. LEXIS 14775, *5 (S.D. Ohio January 31, 2013) (citations omitted). "The consequence for failing to meet a deadline falls upon the party who missed the deadline." *Price* at *9.

A plaintiff's failure to move for class certification by the applicable deadline constitutes abandonment or a waiver of class claims. *In re: Pella Corp*., MDL No. 2514, No. 2:14-mn-00001, 2015 U.S. Dist. LEXIS 88944, *12-15 (D. S.C. July 9, 2015); *Kendrick v. Jefferson Cnty. Bd. of Educ.*, 932 F.2d 910, 914 (11th Cir. 1991) (Affirming dismissal of class action claim for want of prosecution for failure to move for class certification as required by court's scheduling

order). Accordingly, it is proper to strike[2] class allegations and dismiss the class claims with prejudice, pursuant to Rule 41 where the plaintiff has failed to timely file a class certification motion. See *Chrisman v. Countrywide Home Loans, Inc*., Case No. 3:07-CV-333, 2010 U.S. Dist. LEXIS 29934, *3-7 (E.D. Tenn. Mar. 26, 2010) (relying on Sixth Circuit case law in dismissing class action allegations where plaintiffs failed to move for class certification by the deadline set by the scheduling order); *Handler v. Sony Electronics, Inc*., Case No. 09-55506, 2010 U.S. App. LEXIS 14440, *3-4 (9th Cir. June 23, 2010) (holding that the district court did not abuse its discretion in striking plaintiff's class claims and dismissing the action where plaintiff failed to file a class-certification motion by the deadline and failed to seek relief from deadline); *Grandson v. University*, 272 F.3d 568, 574 (8th Cir. 2001) (upholding the district court's order striking class allegations where plaintiffs failed to file a motion for class certification prior to the deadline); *Burkhalter v. Montgomery Ward & Co*., 676 F.2d 291 (8th Cir. 1982) (holding that the district court did not abuse its discretion in striking plaintiff's class allegations where plaintiff failed to file a motion for class certification by the court-established deadline); *Garcia v. Concentra Health Services, Inc*., Case No. CV 14-6738 PA, 2015 U.S. Dist. LEXIS 7476, *4-5 (C.D. Cal. Jan. 22, 2015) (striking class allegations where plaintiff filed to file a motion for class certification within the timeframe required by local rule); *Price v. United Guar. Residential Ins. Co*., Case No. 3:03-CV-2643-G, 2005 U.S. Dist. LEXIS 24762, *8-10 (N.D. Tex. Feb. 2, 2005) (striking class allegations where plaintiff filed to comply with the court's deadline for filing a class certification motion even though there were allegations of discovery dispute).

---

[2] A request to strike the class allegations here is procedural under Rule 12(f) and 23, and not substantive.

Here, Plaintiff did not file a class certification motion by the motion cut-off date, nor did he seek relief from that deadline. Therefore, the class allegations must be stricken and dismissed. See *Handler*, 2010 U.S. App. LEXIS 1440, *5-6.

**B.**     **Plaintiff Failed to Meet the Obligations To Seek An Extension of Time And Deliberately Chose to Ignore the Deadline.**

Fed. R. Civ. P. 16 provides that deadlines in scheduling orders should not be modified except for good cause. See *Price*, at *8-10  Plaintiff failed to seek modification of this Court's scheduling order. Plaintiff was further obligated to meet the requirements for seeking an extension of time under Fed. R. Civ. P. 6(b)(1). Plaintiff, however, failed to do so. It is anticipated that Plaintiff will argue that he indirectly sought an extension. Fed. R. Civ. P. 6(b)(1) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time *** on motion made after the time has expired if the party failed to act because of excusable neglect."  In order to comply with this Rule, Plaintiff must:  1) file a motion seeking an extension of time; 2) establish that an extension is "for cause shown;" and 3) establish that his failure to comply with the original deadline "was the result of excusable neglect." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896, 110 S.Ct. 3177 (1990). It is undisputed that Plaintiff never filed a motion seeking an extension of time under Fed. R. Civ. P. 6(b)(1) to submit his class certification brief. Plaintiff simply submitted "letters" to the Court asking for a status conference. He failed to submit any motion prior to the deadline for filing his motion for class certification. Nor did Plaintiff's letters even request an extension of time to file a motion for class certification. Plaintiff's "letters" to the Court seeking a status conference are not sufficient, as Fed. R. Civ. P. 6(b)(1) requires the submission of a formal motion. See *Id.*; *Drippe v. Tobelinski*, 604 F.3d 778, 783-84 (3rd Cir. 2010); *Gadsden v. Jones Lang Lasalle Ams., Ins.*, 210 F. Supp.2d 430, 436 (S.D. NY 2002). This Court previously held in this case that

5

any request for a court order must be made by motion – "[l]etters of anguish *** are certainly not sufficient." (Doc. # 387, p. 2, FN 1.)  Fed. R. Civ. P. 7.2(c) also prohibits "letters" to the court:

> **Correspondence with the Court**.  Letters to the Court are not permitted unless (1) requested by the Court in a specific manner, or (2) advising the Court of the settlement of a pending matter.  All other written communications must be by way of formal motion or memorandum submitted in compliance with these Rules***

Accordingly, Kline's April 10 and May 7, 2015 letters do not amount to "requests for extensions" made prior to the deadline.

Plaintiff had the opportunity and time to file the motion and comply with the deadline, but he deliberately chose to ignore the deadline and must live with his results.  See *Price*, at *14.  See also, *Buckley v. Donohue Industries, Inc.*, 100 Fed. Appx. 275, 278 (5th Cir. 2004) (denying motion for extension that was filed after deadline, to file response to summary judgment).  *S&W Enterprises, L.L.C. v. South Trust Bank of Alabama, N.A.*, 315 F.3d 533, 535-37 (5th Cir. 2003) (refusing amendments of complaint due to lack of diligence).

## III.  CONCLUSION

Plaintiff's Motion for Class Certification was due at the latest on May 30, 2015. To this day, Plaintiff has not sought an extension of the deadline and deliberately chose not to file a Motion for Class Certification.  This Court should strike the class allegations and dismiss the class claims with prejudice.

Respectfully submitted,

s/*Lori E. Brown*
**TIMOTHY T. BRICK (0040526)**
**LORI E. BROWN (0071480**)
**CATHERINE F. PETERS (0078044)**
GALLAGHER SHARP
Sixth Floor - Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio  44115
(216) 241-5310 (phone)
(216) 241-1608 (fax)
tbrick@gallaghersharp.com
lbrown@gallaghersharp.com
cpeters@gallaghersharp.com
*Attorneys for Defendant*
*Reimer, Arnovitz, Chernek & Jeffrey Co. L.P.A. (f.k.a. Reimer, Lorber & Arnovitz Co., L.P.A.)*

s/*Reuel D. Ash*
Reuel D. Ash (0055843)
Ulmer & Berne LLP
600 Vine Street
Suite 2800
Cincinnati, OH 45202
513-698-5118
Fax: 513-698-5119
Email: rash@ulmer.com

s/*Russell J. Pope*
Russell J. Pope (Admitted Pro Hac Vice)
Douglas B. Riley (Admitted Pro Hac Vice)
Treanor Pope & Hughes
500 York Road
Towson, MD 21204
419-494-7777
Fax: 419-494-1658
Email: rjpope@tph-law.com
dbriley@tph-law.com
*Attorneys for Mortgage Electronic Registration Systems, Wells Fargo, Barclays Capital Real Estate, Inc.*

           *s/Rick D. DeBlasis*
           Cynthia Margot Fischer (0073761)
           Rick David DeBlasis (0012992)
           Lerner Sampson & Rothfuss Co.
           120 E Fourth Street
           8th Floor
           Cincinnati, OH 45202-4007
           513-241-3100
           Cynthia.Fischer@lsrlaw.com
           rdd@lsrlaw.com
           *Attorneys for Lerner Sampson and Rothfuss*

## CERTIFICATE OF SERVICE

  I hereby certify that on August 3, 2015 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.


           s/*Lori E. Brown*
           **TIMOTHY T. BRICK (0040526)**
           **LORI E. BROWN (0071480**)
           **CATHERINE F. PETERS (0078044)**
           *Attorneys for Defendant*
           *Reimer, Arnovitz, Chernek & Jeffrey Co. L.P.A. (f.k.a. Reimer, Lorber & Arnovitz Co., L.P.A.)*