IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| EUGENE KLINE, et al., | ) | CASE NO. 3:08cv408 |
| | ) | |
| Plaintiffs, | ) | JUDGE WALTER HERBERT RICE |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| MORTGAGE ELECTRONIC SECURITY | ) | **DEFENDANT REIMER, ARNOVITZ,** |
| SYSTEMS, et al., | ) | **CHERNEK & JEFFREY CO. L.P.A.'s** |
| | ) | **BRIEF IN OPPOSITION TO** |
| Defendants. | ) | **PLAINTIFF'S MOTION TO COMPEL** |
| | ) | **PRODUCTION OF DOCUMENTS** |
| | ) | **BASED ON WAIVER OF PRIVILEGE** |

## I.     INTRODUCTION

Defendant Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A. ("Defendant" or the "Reimer Firm"), by and through the undersigned counsel, hereby responds to Plaintiff Eugene Kline's Motion to Compel Discovery related to documents between Defendant and the the Rosicki Law Firm[1] [Doc. #452].

Plaintiff's motion is disingenuous, and both factually and legally baseless. It is frivolous. Discovery in this action, which has been pending for almost seven (7) years, is closed as of March 1, 2015, pursuant to this Court's Amended Scheduling Order.  [Doc. #395].  This Court's Order prohibits the filing of such a motion absent extreme circumstances.  Now, Plaintiff has filed yet another motion containing blatant falsities.  In doing so, he also attempts to amend the

---

[1] Plaintiff has not disputed that the communications and Addendum between Rosicki Law Firm and the Reimer Law Firm are privileged.  Plaintiff has only asserted that there has been a waiver of the privilege.  Therefore, in the interest of judicial economy, Defendant will not address the issue of attorney-client privilege.

individual claims he brought and misrepresents opposing counsel's statements, including the claims and defenses to justify the discovery he now seeks.  As an example, Plaintiff misrepresents that the claim made in this action is that "Defendants violated the statutes and professional rules of all 50 states[2] by charging Plaintiff and other prospective class members for legal fees that were secretly shared with outsourcers who were not attorneys."  (Doc. # 452, Plaintiff's motion, p. 1).  Not only is this factually incorrect, but there is no such claim here. Rather, Plaintiff's attorney is trying to resurrect a claim that failed in the *Mazzei* case.  Moreover, Plaintiff selectively misquotes Mr. Reimer's testimony and neglects to reference  the testimony wherein he testified that the fee paid to Rosicki was not passed on to the borrower or client. (Reimer Tr. p. 259).[3]  It is clear that Plaintiff is seeking to put all Defendants on trial, not for the claims asserted here, but for the perceived wrongdoings of the entire mortgage industry.

With respect to this case, Kline has no discovery dispute with the Reimer Firm. Plaintiff's rational for filing his improper eleventh-hour Motion to Compel is to manufacture a non-existent discovery dispute in an attempt to deflect from his failure to: 1) timely file an opposition to the Reimer Firm's motion for summary judgment, 2) file a motion for class certification and 3) to seek any extension of time with respect to his claims against the Reimer Firm.  Moreover, with respect to Plaintiff's "waiver" argument, there was no "selective waiver" of any attorney-client communications.  An examination of the facts and circumstances surrounding the manufactured discovery issue has demonstrated that Plaintiff's Motion to Compel should be denied.  Finally, Defendant requests that this Court award its attorneys fees and expenses in opposing a wholly baseless Motion to Compel.

---

[2] This lawsuit is limited to Ohio foreclosures. In addition, it is undisputed that the Reimer Firm's practice is limited to filing foreclosures in Ohio.
[3] The relevant portions of Mr. Reimer's transcript are attached as Ex. A.

## II.    BACKGROUND AND PROCEDURAL HISTORY

This opposition to Plaintiff's motion to compel seeks the enforcement of the civil rules regarding discovery, rules that were designed to strike the balance between allowing for the free flow of information while at the same time protecting parties from oppressive and disingenuous discovery tactics. Out of continued desperation, Plaintiff misrepresents the claims, deposition testimony, and defenses in this case and the facts surrounding the disclosure and alleged concealment of communications between the Reimer Firm and Rosicki, a law firm that purportedly referred the 2007 Kline Foreclosure to the Reimer Firm.

Mr. Kline has asserted claims arising out of the Reimer Firm's filing of a 2007 foreclosure complaint in Ohio on behalf of its client. The only claims remaining against the Reimer Firm arise out of the costs and expenses sought or collected in 2007 Foreclosure Action and are for: "1) a claim under the Fair Debt Collections Practices Act, 15 U.S.C. §1692f(1), and 2) a claim under the common law of Ohio for unjust enrichment." (Doc. #366, p. 16). Plaintiff's new assertion, despite any evidence in support of his claim, is that the Reimer Firm improperly shared fees with the Rosicki Law Firm (that Plaintiff describes as an outsourcer), and passed those fees on to the debtor. Plaintiff argues that any agreements with Rosicki are necessary for further prosecution of this case. This is simply untrue. There is no claim or allegation in the operative complaint with respect to any improper fee sharing or collection of attorneys' fees by the Reimer Firm.[4] The undisputed testimony and evidence is that the law firm did not pass on

---

[4] Defendant believes that the impetus of Plaintiff's attempt to amend the complaint to add additional claims arises out of Mr. Grobman's certification of a class and verdict in the *Mazzei v. Money Store* , Case. No. 01cv 5694, in the United States District Court for the Southern District of New York. Plaintiff previously advised this Court that he certified a late fee after acceleration class and obtained a $54 million verdict in that case. Mr. Grobman's client also asserted a fee claim for improper fee-splitting in the *Mazzei* case, alleging that the attorneys would turn over part of the fees they were paid to "outsourcers," in violation of ethical rules against fee splitting. Plaintiff fails to mention that the jury found in favor of the defendants in the *Mazzei* case, with respect to the "fee-splitting" claim and that the trial court affirmed the jury's verdict that any payments by law firms do not violate the terms of the loan documents or the Rules of Professional Conduct. (See, May 29, 2015 Judgment, ECF #511). Nor has Mr. Grobman filed any

any "outsourcer fee" to its client or the borrower. (Reimer Tr. p. 259). This is simply a red herring.

As set forth in its Reply in Support of Motion to Strike Class Allegations, the Reimer Firm timely responded to Plaintiff's discovery requests and identified communications with Rosicki and an Addendum to Agreement in March 2014 and February 2015, respectively. [Doc. # 447, Ex. B]. At no time did Plaintiff object to any documents identified on the privilege log (in particular the documents related to Rosicki), file a motion to compel or seek an *in camera* inspection of the identified documents.[5]

However, because Kline failed to properly and timely seek discovery, he now belatedly argues that the Reimer Firm waived the attorney-client privilege with respect to documents between the Reimer Firm and Rosicki Law Firm and falsely accuses the Reimer Firm of admitting to charging Plaintiff for legal fees. The basis for his non-sensical argument is that because Defendant quoted non-privileged language from an "Addendum to Agreement," the attorney-client privilege is waived. The quoted language simply stated that the Addendum would be in force in the event an earlier agreement has not been entered into. That was not an actual disclosure of privileged communication, nor does it have anything to do with the issues in this case.

---

supplemental authority or advised the Court that the trial court in the *Mazzei* case decertified the <u>late fee after acceleration</u> class and reduced the verdict from over $54 million to a total sum of $ 270.83. That case is currently on appeal.

[5] In the interest of brevity, this Defendant hereby incorporates the procedural history and background in its Reply in Support of Motion to Strike Class Allegations, with respect to the disclosure of the Rosicki Addendum and correspondence, and the objections to producing such documents based on privilege and relevance. [Doc.# 447].

## III. PLAINTIFF'S MOTION TO COMPEL SHOULD BE DENIED BECAUSE DISCOVERY IS CLOSED AND BECAUSE PLAINTIFF'S ATTORNEY DID NOT COMPLY WITH CIVIL RULE 37'S REQUIREMENTS AND HAS NOT MADE A GOOD FAITH EFFORT TO RESOLVE THE DISCOVERY DISPUTE.

### A. Discovery Has Closed and Plaintiff Has Failed to Show Extreme Circumstances In Order For This Court To Intervene and Rule On A Fed. Civ. R. 37 Motion.

Plaintiff has filed a Motion to Compel, despite this Court's Order prohibiting the filing of such a motion without a showing of extreme circumstances. This Court's General Order No. Day 12-01, effective February 2012, and applicable to all judicial officers at the Dayton location of this Court, provides in pertinent part:

> "There will be no supervision or intervention by the Court, such as a ruling on a Fed. R. Civ. P. 37 motion to compel discovery or related request for sanctions, after the discovery cut-off date, without a showing of extreme circumstances***

This Court has repeatedly denied parties' motions to compel for failure to file such motion after "the discovery cut-off" date. See, *Wells Fargo Bank, N.A. v. LaSalle Bank*, Case No. 3:07-cv-449, 2009 U.S. Dist. LEXIS 70514 (S.D. Ohio, July 24, 2009) (court relies on general order in denying motion to compel filed five (5) months after discovery cut-off, as plaintiff failed to show "extreme circumstances" to justify court's intervention); *Precision Seed Co. v. Consolidated Grain & Barge Company*, Case No. 3:03-cv-079, 2006 U.S. Dist. LEXIS 29775 (S.D. Ohio May 16, 2006) (court held motion to compel filed six (6) months after the discovery cut-off was seriously untimely).

This Court's February 5, 2015 Scheduling Order set the cut-off <u>Deadline</u> for discovery of March 1, 2015. [Doc. # 395]. Moreover, its March 27, 2015 Order addressed all deadlines and stated "In the absence of extraordinary circumstances, requests for extension of all deadlines therein will not be granted." [Doc. # 415].

Plaintiff's Motion to Compel was filed well after the discovery cut-off.  There is simply no justification for the delay.  The frivolous argument that Defendant waived the attorney-client privilege does not warrant the production at this late stage in the litigation.  Plaintiff's motion should be denied.

**B.    Plaintiff's Attorney Did Not Comply With Civil Rule 37's Requirements and Did Not Make a Good Faith Effort to Resolve the Issue.**

**1.    Counsels' Communications Relating to the Rosicki Documents.**

Plaintiff has not made a good faith effort to resolve this manufactured discovery dispute as required under the rules of civil procedure.  Plaintiff has not fulfilled his obligation under Local Rule 37.1 and instead has immediately proceeded to Court and engaged this Court in further unnecessary briefing.

On Thursday August 27, 2015 at 6:59 P.M., <u>after</u> the Reimer Firm filed its Reply in Support of Motion to Strike Class Allegations, Plaintiff's counsel sent the undersigned an e-mail threatening to file a motion to compel if Defendant did not produce all documents between Rosicki and the Reimer Firm, to which the Reimer Firm identified on a privilege log in March 2014 and February 2015.  The e-mail simply stated:

Dear Lori,

In accordance with Rule 37.1 and 37.2 of the local rules, I am writing to advise you that -- unless the Reimer firm agrees to produce documents relating to Rosicki without a motion -- plaintiff intends to make a motion to compel production the "addendum" to the agreement between Rosicki and Reimer as well as other documents relating to Rosicki on which you've asserted a privilege, based on the selective use and quotation from the addendum in the papers filed with the court by Reimer on August 26, 2015. (Memo, p. 7, fn 3)

Please advise me promptly about whether you will agree to provide these documents without court intervention as we would like to file the motion as soon as possible.

Sincerely,

Paul Grobman

(See, Ex. A to Motion to Compel, Doc. # 452).

Mr. Grobman misrepresents defense counsel's response by stating in an affidavit that she simply responded that no documents would be produced. (*Id.*) On September 1, 2015 at 1:44 P.M., the undersigned responded as follows:

Dear Mr. Grobman:

This correspondence serves as a response to your email of Thursday, August 27, 2015. You have advised that if the Reimer Firm does not produce documents between the Reimer Law Firm and the Rosicki Law Firm, that your client will file a motion to compel production of the "Addendum" to agreement between Rosicki and Reimer and as well as other documents relating to Rosicki, based on "the selective use and quotation from the Addendum." We do not understand what basis you are referring to here, as there has been no waiver.

The documents between the Reimer Firm and Rosicki were identified on the Privilege Log in March 2014. Those documents were identified well before any discovery cut-off. The Addendum, which was recently found, was immediately disclosed to you in February 2015, again prior to the discovery cut-off.

We have objected to the production of these documents for multiple reasons, including an assertion of the attorney-client privilege. My client has properly responded to Plaintiff's discovery. At no time prior to the discovery cut-off did you attempt to address these issues.

As you know, the discovery deadline has already concluded, and the Court's Pre-Trial Order states that "there will be no supervision or intervention by the court, such as a ruling on a Fed. R. Civ. 37 motion to compel discovery or related requests for sanctions, after the discovery cut-off date, without showing of extreme circumstances." Your threat to file a motion to compel is not proper and would in fact be frivolous at this time.

Moreover, even if your request was timely, which it is not, the local rules require that you request a discovery conference with the court in lieu of immediately filing a motion for protective order or to compel.

At no time have you objected to any documents identified on the privilege log, filed a motion to compel, nor did you seek a conference with this Court with respect to this issue. Any documents with respect to Rosicki are irrelevant and not likely to lead to the discovery of admissible evidence at the upcoming October 13, 2015 trial. It appears that you are seeking documents related to an unplead attorney fee and/or fee sharing claim against the Reimer Firm. However, discovery is limited by Rule 26 and limited to the claims set forth in the Amended Complaint. As you know, there is no specific class or individual claim against the Reimer Firm with respect to the collection of legal fees from Mr. Kline arising out of the 2007 foreclosure. Nor is there any claim for "improper" fee sharing against the Reimer Firm.

Finally, it is very concerning that you have not responded to my July 16, 2015 correspondence, which was sent by facsimile, wherein I advised you that you have been copying me on emails with the wrong email address and that emails I sent to you were "bouncing back." I further requested that you provide me with copies of documents that were sent to the other parties, but not to me. I still have not received a response.

Please contact me if you would like to discuss this matter any further, as I am reasonably available this week for a conference call.

Very truly yours,

*s/Lori E. Brown*

(See, Ex. 1 to Brown Affidavit, Ex. B hereto).

Plaintiff immediately filed his motion to compel that same day.

### 2. Plaintiff Has Failed To Comply With Local Rule 37 And This Court's General Orders.

Even if this Court were to permit the filing of a Motion to Compel, Plaintiff has failed to comply with Local Rule 37.1 and this Court's Orders. This Court's General Order No. 12-01 provides that:

> "Counsel have an obligation to exhaust among themselves all extrajudicial means for resolving discovery disputes. When they have done so without success, they are encouraged to request a discovery conference with the Court in lieu of immediately filing a motion for protective order or motion to compel."

Local Rule 37.1 further provides:

> Objections', motions, applications, and requests relating to discovery shall not be filed in this Court under any provision in Fed.R.Civ.P. 26 or 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences. * * *

Plaintiff's motion contains the required Civ. R. 37 certification of a good faith attempt to resolve the discovery dispute. However, Plaintiff's efforts, specifically Mr. Grobman's August 27, 2015 e-mail, simply do not constitute a good faith effort. As demonstrated herein, Plaintiff's counsel has not reasonably discussed anything with the Reimer Firm's counsel. Plaintiff's counsel failed to attempt to resolve the discovery dispute, even when put on notice as to defense counsel's failure to understand how the disclosure would result in a motion to compel and when she offered to discuss this issue. Instead, within several hours of receiving a response from the Reimer Firm's counsel, Mr. Grobman immediately filed the pending Motion to Compel with the Court; without the courtesy of a clear written explanation, citation to any authority or a simple telephone call. (Ex. B, Brown Aff., ¶ 4).

In fact, by Mr. Grobman's own lengthy argument and citation contained in his opposition to Co-Defendants' Motion to Compel damages information, [Doc. #433] a single e-mail does not constitute a good faith effort.  Plaintiff failed to comply with Civil Rule 37 and his motion should be denied.

## IV.    THERE HAS BEEN NO WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE.

Plaintiff argues that because Defendant "selectively" cited to a sentence in the Rosicki Addendum that simply stated that the Addendum would be in force in the event an earlier agreement has not been entered into, the Reimer Firm waived the attorney client privilege and all communications between Rosicki and the Reimer Firm should be produced.  Thus, Plaintiff's waiver argument is premised on the assertion that there was a selective disclosure of attorney-client privileged communications in a brief filed with this Court.  There must be an actual disclosure of privileged information for there to be a waiver of privilege.[6]  Plaintiff has failed to point out in the record any actual, substantive disclosure of any privileged communication, nor has he cited to any persuasive or applicable authority.

The quoted language was not privileged, nor was it cited in support of any claim or defense in the litigation, or to "make their case."  The language was referenced in response to Plaintiff's unprofessional misrepresentation of opposing counsel's statement regarding the existence and/or alleged concealment of any agreement between the Reimer Firm and Rosicki. Defendant simply advised that there may not be an earlier Agreement between Rosicki and the Reimer Firm.  Defendant was not selectively quoting from the document to support any defenses it may have in this case nor did Defendant cite to any specific privileged information.  Plaintiff is

---

[6] Moreover, the attorney-client privilege belongs to the client and only the client may waive it.  See, *Hilton-Rorar v. State & Fed. Communs., Inc.*, 5:09-cv-01004, 2010 U. S. Dist. LEXIS 36121 (N.D. Ohio Apr. 13, 2010).

deliberately misrepresenting and confusing the issues here to manufacture a discovery dispute and further delay the resolution of this matter.

In support of this non-sensical waiver argument, Plaintiff refers to a string cite of cases that are wholly inapplicable to the issues here and do not establish any precedence. For example, in *New Phoenix v. Comm. Internal Rev.*, 2010 U.S. App. LEXIS 23909 (6th Cir. 2010), an unpublished opinion, the Sixth Circuit noted that a party's reliance on a tax opinion to avoid assessment of penalties, which was the issue in the case, constituted a waiver, as it recited <u>facts for the purpose of obtaining legal advice</u>. Moreover, the party had raised a reasonable cause defense premised on its reliance on the tax opinion and putting the subject matter of the opinion at issue. This is clearly not the case here.

Similarly inapplicable, is *In Quark v. Harley*, 1998 U.S. App. LEXIS 3864 (10th Cir. 1998), where the Tenth Circuit Court of Appeals, in affirming the trial court's decision regarding waiver, noted that the plaintiff had allowed the defendant unrestricted access to a litigation file, which constituted a waiver. Likewise, Plaintiff cites to *In Re Gregory Lort*, 424 F.3d 446 (6th Cir. 2005), a habeas petition case that has no bearing on the issues here. In that case, the Sixth Circuit reversed the district court's decision regarding waiver and held that the criminal defendant did not waive the attorney-client privilege by claiming innocence.

Plaintiff also misrepresents and selectively quotes from *In Re Columbia Healthcare* in support of his request for the production of all communications with Rosicki. *In Re Columbia Healthcare* addressed the waiver of the attorney-client privilege with respect to the production of documents to a governmental entity. The Sixth Circuit held that a disclosure of a privileged communication <u>might</u> result in a waiver of communications on the same subject matter. The remaining case law contained in Plaintiff's string citation, which contains no analysis or

explanation, is equally inapplicable. None of the facts or issues presented here were issues in the cases contained in Plaintiff's lengthy string citation. Glaringly absent from Plaintiff's hastily prepared motion is any authority to support his position under the facts of this case.

**V. THE DOCUMENTS REQUESTED, IN PARTICULAR THE "ADDENDUM," ARE IRRELEVANT TO THE INDIVIDUAL CLAIMS ASSERTED AND ABANDONED CLASS CLAIMS.**

The party seeking to compel another party to respond to discovery bears the burden to demonstrate that the information sought is relevant. *Evenson v. Palisades Collection, LLC*, No. 2:13-cv-1226, 2014 U.S. Dist. LEXIS 150890, *2-*3 (S.D. Ohio Oct. 23, 2014). "Although a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted 'to 'go fishing' . . .'" *Surles v. Greyhound Lines, Inc*., 474 F.3d 288, 305 (6th Cir. 2007)**Error! Bookmark not defined.** (quoting *Marshall v. Westinghouse Elec. Corp*., 576 F.2d 588, 592 (5th Cir. 1978)). Plaintiff's motion to compel should be denied.

This case has progressed for almost seven (7) years, with one amendment to the complaint. Plaintiff now seeks to obtain discovery with respect to an unfounded claim beyond what was identified in the Amended Complaint. The documents sought by plaintiff are not reasonably calculated to lead to the discovery of admissible evidence; therefore production is not required under Civ. R. 26(B).

Plaintiff now claims that he is seeking documents between the Reimer Firm and Rosicki (another law firm that purportedly referred the foreclosure matter to the Reimer Firm), to support a claim for improper fee sharing. Plaintiff also claims that the newly-discovered information from the co-Defendants supports his claim that he was charged for the Reimer Firm's legal fees and that the Reimer Firm acknowledged Mr. Kline was <u>likely</u> charged for legal fees paid to the Reimer Firm, but that the Reimer Firm was unaware of this (Plaintiff's motion, p. 2). This

statement is patently false. The Reimer Firm never admitted that it sought or collected attorneys' fees from the Plaintiff with respect to the 2007 Foreclosure. Moreover, Plaintiff has not asserted a claim against the Reimer Firm in the Complaint or First Amended Complaint for improper fee-sharing or for improper collection of attorney's fees. (See, Doc. # 157, ¶¶ 45-61). Plaintiff has not alleged any class claims relating to "outsourcing," Rosicki, or fee sharing. (*Id.* at ¶ 19). As established in the Reimer Firm's summary judgment briefing [Doc. # 414,429,435] the Reimer Firm did not seek to or collect any attorneys' fees from Plaintiff, and the payoff quote at issue does not contain attorneys' fees. (See, payoff quote, Ex. J to Reimer's Motion for Summary Judgment, Doc. # 414). The Reimer Firm never admitted that it sought or collected attorneys' fees from the Plaintiff or that HomEq sought or collected attorneys' fees from Plaintiff.

As set forth in the Reimer Firm's prior briefing [Doc. # 414, 429, 435], it is undisputed that every single item contained in the payoff quote was due and owing, and the cost and expenses were permitted pursuant to the terms of the loan agreement and not prohibited under Ohio and federal law. Plaintiff is misdirecting this Court by pointing to how HomEq allocated or transferred funds <u>after</u> the payoff of the mortgage loans when Kline sold his home. HomEq's procedures as to the internal application of post-payoff funds are irrelevant to the claims against the Reimer Firm.

Mr. Reimer testified that pursuant to the law firm's policy, it did not seek to collect nor did it collect attorneys' fees with respect to a payoff of a loan. (Reimer Tr. 103-104). Further, Mr. Reimer's affidavit states, in full,

> 3. The only monies the Reimer Firm received in connection with the 2007 Foreclosure Case for fees were paid to it by HomEq for legal fees earned. The Reimer Firm did not seek to collect nor did it collect attorneys' fees from Plaintiff Kline, with respect to the payoff of the first mortgage on his property. Nor were any of the Reimer Firm's attorney fees passed on to Mr. Kline with respect to the payoff of the first mortgage on his property. The Reimer Firm was paid

attorneys' fees by its client for the legal fees it earned.  These legal fees were paid to the Reimer Firm regardless of the outcome of the 2007 Foreclosure Case or whether Mr. Kline paid any of the costs or expenses associated with the 2007 Foreclosure Case.

(Doc. #414, Ex. Q).  Mr. Reimer testified that the firm did not pass on any fees paid to Rosicki, to either its client or Mr. Kline.  (Reimer Tr. 259).  In an effort to obtain additional documents, extend the deadlines, and withstand summary judgment, Kline now alleges that the new documents produced by Barclays, MERS and Wells Fargo and the testimony of Cartmill contradict these facts.  They do not.  The documents simply show HomEq's internal application and payment of funds after Kline paid off the mortgage loans when Kline sold his home - - they do not prove that the Reimer Firm sought to collect or collected any attorney fees or that Kine paid the Reimer Firm's attorney fees. Nor do they show that the Reimer Firm somehow attempted to share attorneys' fees with an "outsourcer" such as Rosicki, or pass on any fees to its client or the debtor.  Co-Defendants' Reply in Support of Motion for Summary Judgment made clear that no Reimer Firm legal fees were collected from Kline or contained in the payoff quotes, and that Kline is simply creating a controversy, with no supporting evidence.  [ECF # 449, p. 4, id #7509].

Finally, Plaintiff has failed to identify a specific discovery request that he is seeking to compel a response to.  Fed. R. Civ. P. 37 allows a party to bring a motion to compel a response to a specific request for production of documents.  The Rosicki Addendum was dated October 2008, after the Kline loan was referred to the Reimer Firm.  Moreover, it is not signed by Rosicki. It is not responsive to any discovery request. The document was only included in the amended privilege log as evidence of the Reimer Firm's good faith effort to disclose documents. It is not relevant to Kline's loan or the claims and defenses here.

## VI. CONCLUSION

Plaintiff's Motion to Compel is simply an attempt to circumvent this Court's Order closing discovery in this case as of March 1, 2015, delay filing a class certification brief and deflect from his failure to file a response to Plaintiff's Motion for Summary Judgment. The misleading statements concerning Defendant and its counsel's statements and the unpled claims reflect the baseless nature of his entire Motion to Compel. Plaintiff's Motion is untimely and he failed to meet the requirements of Rule 37. Finally, there has been no waiver of the attorney-client privilege. For these reasons, Plaintiff's Motion should be denied.

Respectfully submitted,

s/*Lori E. Brown*
**TIMOTHY T. BRICK (0040526)**
**LORI E. BROWN (0071480**)
**CATHERINE F. PETERS (0078044)**
GALLAGHER SHARP
Sixth Floor - Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio 44115
(216) 241-5310 (phone)
(216) 241-1608 (fax)
tbrick@gallaghersharp.com
lbrown@gallaghersharp.com
cpeters@gallaghersharp.com
*Attorneys for Defendant*
*Reimer, Arnovitz, Chernek & Jeffrey Co. L.P.A. (f.k.a. Reimer, Lorber & Arnovitz Co., L.P.A.)*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 9, 2015 a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

s/*Lori E. Brown*
**TIMOTHY T. BRICK (0040526)**
**LORI E. BROWN (0071480**)
**CATHERINE F. PETERS (0078044)**
*Attorneys for Defendant*
*Reimer, Arnovitz, Chernek & Jeffrey Co.*
*L.P.A. (f.k.a. Reimer, Lorber & Arnovitz*
*Co., L.P.A.)*

15