IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| EUGENE KLINE, et al., | ) |
| | ) |
| Plaintiffs, | ) CASE NO. 3:08cv408 |
| | ) |
| vs. | ) JUDGE WALTER HERBERT RICE |
| | ) |
| | ) |
| MORTGAGE ELECTRONIC SECURITY SYSTEMS, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO COMPEL <u>PRODUCTION OF DOCUMENTS BASED ON WAIVER OF PRIVILEGE</u>**

Plaintiff Eugene Kline submits this reply memorandum in further support of his motion for an order compelling defendant Reimer, Lorber & Arnovitz ("Reimer Lorber") to produce documents relating to its relationship with an outsourcing entity with the name Rosicki, Rosicki & Associates ("Rosicki") which have been withheld by Reimer Lorber on the basis of a purported privilege, after Reimer selectively quoted from a purportedly privileged "Addendum" to an agreement with Rosicki in its Reply in Further Support of the Motion to Strike the Class Allegations filed by it on August 26, 2015.

In its papers, Reimer fails to cite a single case in which a party was permitted to selectively quote from a privileged document in a court filing while maintaining the privilege with regard to other parts of that document or related documents. As stated in *Federal Practice and Procedure*:

> When a party puts privileged matter in issue as evidence in
> a case, it thereby waives the privilege *as to all related*

1

> *privileged matter on the same subject*.
> ... .
> [This principle] applies in situations in which the privilege holder seeks to use some protected material as evidence but asserts privilege to withhold other related material from disclosure. In that situation, the use of some privileged material as evidence provides a basis for insisting that all related material also be disclosed. . .

8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2016.6 (3d ed. 2008).

Reimer's attempt to undo the consequences of its tactical decision to selectively quote from the allegedly privileged Addendum are meritless.  Its claim that Mr. Kline cannot claim waiver of the privilege because the discovery deadline has passed ignores the fact that Reimer did not quote from this allegedly-privileged document until August 26, 2015.  Obviously, it would be grossly unfair if a party could use the privilege as both a sword and shield without consequence simply because it disclosed privileged communications in a court filing after the discovery deadline.

Moreover, Reimer's argument that Mr. Kline's motion is too late is contrary to the firm's argument that plaintiff filed this motion too early, because he purportedly failed to exhaust all extrajudicial means of resolving the dispute over the alleged waiver before filing the motion.  Reimer's attorneys correspondence – which characterizes the allegedly privileged documents as "irrelevant" and claim of waiver as "frivolous"  -- demonstrates that it had no intention of producing these documents, a conclusion borne out by its opposition to the motion, which again refers to the assertion that Reimer waived the attorney-client privilege as "non-sensical" and "frivolous."  (See Reimer Opposition, pp. 1, 6, 10)

2

Reimer's claim that the documents relating to the relationship between Rosicki and Reimer are irrelevant is belied by the fact that *it was Reimer* which quoted from the contents of one of these "privileged" documents as evidence on its motion to strike the class allegations.  <u>Ross v. City of Memphis</u>, 423 F.3d 596, 604 -605 (6th Cir. 2005) (party may not "inject" the contents of an allegedly privileged communication *into litigation either by making the content of communications a factual basis of a claim or defense* or by disclosing the communication itself.")   Moreover, as the plaintiff has repeatedly demonstrated to the court -- and will do so again in opposition to Reimer's summary judgment motion – Reimer's claim that it never collected legal fees which plaintiff ultimately had to reimburse is contradicted by the Escrow History belatedly produced by defendants after the March 1st discovery deadline, and the testimony of Jacklin Cartmill relating to legal fees posted to Mr. Kline's account after he fully paid off his loan, when such fees were deducted from the escrow balance.   Since Reimer's Rule 30(b)(6) witness testified that Mr. Kline's foreclosure was referred to Reimer by Rosicki (See Exh. A hereto, at pp. 68-71), documents relating to the terms of Reimer's relationship with Rosicki and their involvement in the foreclosure against Mr. Kline are plainly relevant to the claims in this proceeding.

## **CONCLUSION**

For each of these reasons, plaintiff respectfully submits that Reimer Lorber be ordered to produce the Addendum as well as other documents involving Rosicki which it has withheld on the basis of privilege.

    /s/ Paul Grobman
Paul Grobman (Pro Hac Vice)

3

555 Fifth Avenue, 17th floor
New York, New York 10017
T. 212-983-5880
F. 212-682-7060
      *Counsel for Plaintiff*