IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| EUGENE KLINE, et al., | ) | CASE NO. 3:08cv408 |
| | ) | |
| Plaintiffs, | ) | JUDGE WALTER HERBERT RICE |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| MORTGAGE ELECTRONIC SECURITY | ) | **REIMER, ARNOVITZ, CHERNEK &** |
| SYSTEMS, et al., | ) | **JEFFREY CO. L.P.A.'s (F.K.A.** |
| | ) | **REIMER, LORBER & ARNOVITZ** |
| Defendants. | ) | **CO., L.P.A.)  BRIEF IN OPPOSITION** |
| | ) | **TO PLAINTIFF'S MOTION TO** |
| | ) | **STRIKE NEW EVIDENCE AND** |
| | ) | **ARGUMENTS OR IN THE** |
| | ) | **ALTERNATIVE TO FILE SUR-** |
| | ) | **REPLY** |

I.     **INTRODUCTION**

Defendant Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A. (F.K.A. Reimer, Lorber &

Arnovitz Co., L.P. A.), (the "Reimer Firm"), hereby submits this Brief in Opposition to

Plaintiff's Motion to Strike or in the Alternative to File Sur-Reply.   Plaintiff's motion should be

denied as the Reimer Firm's Reply Brief in Support of Motion for Summary Judgment (Doc. No.

474) does not submit new arguments or evidence.  The underlying facts and any arguments were

presented in the Reply in Support of Motion for Summary Judgment ("Reply Brief") merely to

respond to the arguments and evidence contained in Plaintiff's Opposition to Summary

Judgment.

Arguments raised by a party moving for summary judgment in its reply brief and in

response to matters raised by the non-moving party's memorandum in opposition are not

considered "new arguments" made by the moving party.  Any arguments that the Reimer Firm raised within its Reply Brief that were not in its Motion for Summary Judgment were made in response to Plaintiff's Memorandum in Opposition to Summary Judgment and were therefore proper.  Plaintiff's motion is a back door attempt to file an unauthorized response to the Reimer Firm's Reply Brief, which pointed out that the case captioned *MERS v. Kline*, in the Montgomery County Court of Common Pleas, 2005cv06672 ("2005 State Foreclosure Action") was not the subject of this Complaint. Plaintiff is seeking to respond to the Reimer Firm's argument that Plaintiff should not only be prohibited from presenting improper and unauthenticated evidence from the 2005 State Foreclosure Action, but should also be prohibited from asserting an unjust enrichment claim arising out of the 2005 State Foreclosure Action.[1] Plaintiff's attempt to assert an unplead claim that is barred under various theories, including res judicata and statute of limitations in an opposition to summary judgment should not be countenanced here.[2]  Plaintiff has mischaracterized the record and has failed to establish that the Reimer Firm's response related to the 2005 State Foreclosure Action should be stricken. Therefore, Plaintiff's Motion to Strike or in the Alternative Leave to File Sur-Reply should be denied.

## II.    PROCEDURAL HISTORY

In filing his most recent motion, Plaintiff once again distorts the record and misrepresents the proceedings in this case.  Plaintiff argues that the Reimer Firm raised "new" arguments in its Reply Brief with respect to the 2005 State Foreclosure Action.  In particular, Plaintiff claims that

---

[1] Plaintiff failed to properly authenticate or submit any evidence as relates to the 2005 State Foreclosure Action as well.

[2] The sole purpose for raising the arguments and facts in this brief in opposition is to directly respond to Plaintiff's contention that Defendant, the Reimer Firm attempted to improperly introduce new arguments in its Reply brief. Defendant does not present the following arguments or facts to illustrate that a question of fact exists--- Defendant maintains that no questions of fact exist as fully set forth within its Motion for Summary Judgment and Reply Brief.

Defendant should not be permitted to argue that an unjust enrichment claim arising out of the 2005 State Foreclosure Action is time-barred.  While Kline concedes that a claim regarding improper costs and expenses sought or collected in the 2005 State Foreclosure Action cannot be brought under a FDCPA theory (Plaintiff's Opp., Doc. No. 470, p. 12, fn. 1), and despite this Court's clear pronunciation, Kline seeks to improperly assert an unjust enrichment claim and recover damages from the Reimer Firm arising out of the 2005 State Foreclosure Action.

Importantly, only two sentences in the Amended Complaint reference or relate to the 2005 State Foreclosure Action.  Those two sentences provided background only:

> 29.  In August 2005, Reimer commenced foreclosure proceedings against Plaintiff.

> 30.  Those foreclosure proceedings were later dismissed as a result of a reinstatement of mortgage.

(Doc. No. 157).  The Amended Complaint contains no other facts or allegations with respect to the 2005 State Foreclosure Action.[3]  Plaintiff is seeking to revive the 2007 Federal Court Action, *Kline v. HomEq Servicing Corp., et al.*, Case No. 3:07-cv-00034 (S.D. Ohio) ("*Kline I*") which was dismissed, by alleging an unjust enrichment claim arising out of the 2005 State Foreclosure Action, which is not the subject of this lawsuit.  This case arises out of a 2007 State Foreclosure Action against Plaintiff captioned, *Wells Fargo Bank NA v. Kline*, Montgomery County Court of Common Pleas Case No. 2007CV2252 (the "2007 Foreclosure State Action").  As stated repeatedly, the 2005 State Foreclosure Action was the subject of a separate federal lawsuit that has been dismissed with prejudice and any claims could have been litigated in that case.  In addition, the unjust enrichment claim that was previously dismissed is also time-barred.  The

---

[3] In fact, the Amended Complaint contains no allegations that the Reimer Firm collected any attorneys' fees in the 2007 State Foreclosure Action either.

record is clear, as this Court has already held that the 2005 State Foreclosure Action is not a subject of this case:

- On September 5, 2014 this Court entered an Order dismissing the OCSPA claim and determined that the First Amended Complaint states a viable claim for unjust enrichment arising out of the 2007 Foreclosure Action. (Doc. #366). Thus the only claims remaining against the Reimer Firm arise out of the fees sought or collected in 2007 Foreclosure Action and are for: "1) a claim under the Fair Debt Collections Practices Act, 15 U.S.C. §1692f(1), and 2) a claim under the common law of Ohio for unjust enrichment." (Doc. #366, page 16).

- "Reimer correctly argues that Kline's interrogatory responses all concern the 2005 foreclosure, which is not the subject of this action.  It is, therefore, irrelevant whether those responses provide further detail that might support a claim of unjust enrichment arising out of the 2005 foreclosure, and it is unclear why Kline brings them up to support a claim arising out of the 2007 foreclosure.  The allegations of the amended complaint and the record before the court demonstrate that Kline's viable unjust enrichment claim arises from the fees Reimer collected in the 2007 foreclosure case." (Doc. #366, Page 15).

Further, in its September 25, 2015 Decision and Entry, this Court clearly stated:

- "Furthermore, the letter mentioned damages from the 2005 State Foreclosure Action, which are not at issue in this case."  (Doc. No. 463, p. 32).

Despite this Court's clear pronunciation that the 2005 State Foreclosure Action is not the subject of this lawsuit, Plaintiff has requested that this Court strike Defendants' arguments with respect to the 2005 State Foreclosure Action or permit it to file a sur-reply to address Defendants' responsive arguments.

## III.   LAW AND ARGUMENT

### A.   Plaintiff's Motion to Strike Defendant Reimer's Argument Regarding the 2005 State Foreclosure Action is Baseless—Reimer  Addresses the Issues Raised in Kline's Opposition.

Kline seeks to "strike" the Reimer Firm's argument that the unplead unjust enrichment claim arising out of the 2005 State Foreclosure Action is barred because it was not expressly asserted in the complaint and because it was barred by the statute of limitations.  These are not

new arguments, but instead were asserted in response to Plaintiff's opposition to motion for summary judgment.  (Doc No. 470).  Based on the allegations contained in the operative complaint, and this Court's clear pronunciation that the 2005 State Foreclosure Action was not the subject of this litigation, the Reimer Firm did not seek summary judgment with respect to any unplead claims arising out of the 2005 State Foreclosure Action.  Only after Plaintiff improperly raised the 2005 State Foreclosure Action with respect to an unjust enrichment claim arising out of the collection of legal fees, did the Reimer Firm address the issue.  When an argument "merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party new reasons for the entry of summary judgment, reply papers—both briefs and affidavits- may properly address those issues." *Omega Cable & Comm., Inc. v. Time Warner, Inc.*, Case No. 5:05 CV 1780, 2008 U.S. Dist. LEXIS 6921 *3-4 (January 16, 2008) (quoting *Memphis Publ'g v. Newspaper Guild*, *Local 33091*, Case No. 04-2620, 2005 U.S. Dist.LEXIS 31958 (W.D. Tenn. Nov. 30, 2008), see also *Ineos United States v. Furmanite AM,* Allen C.P. No. CV-2009-0371, 2014 Ohio Misc. LEXIS 77, *9-10 (March 4, 2014) (court denied plaintiff's motion to strike defendant's arguments in reply brief because defendant was responding to plaintiff's arguments).

Here, the Reimer Firm was not springing upon Plaintiff a new reason to enter summary judgment, it was responding to Plaintiff's improper argument.  Plaintiff fails to mention that this Court has held on multiple occasions that the 2005 State Foreclosure Action was not the subject of this lawsuit.  (Doc. Nos. 366, 463).  It is indisputable that the collection of attorneys' fees from the Plaintiff as a condition of the reinstatement of his defaulted mortgage loans in conjunction with the earlier 2005 State Foreclosure Action was litigated and resolved by Judge Rose in favor of the Defendants in *Kline I.*  Any other state law claims arising out of the 2005

State Foreclosure are time-barred.  (See, Reply Brief Doc. No. 474, pp. 15-16).  Thus, those fees could not be relitigated in the current proceeding.  Defendant is not required to file a summary judgment motion addressing an issue that this Court has held is not the subject of this lawsuit that was the subject of a lawsuit that was previously dismissed, and that was not plead or alleged in the Complaint or Amended Complaint.  Thus, Defendant appropriately and properly raised any arguments with respect to the 2005 State Foreclosure Action in direct response to Plaintiff's new arguments.  Defendant's arguments should not be stricken.

**B.      Plaintiff's Arguments with Respect to the 2005 State Foreclosure Action Are Baseless and -Should Be Disregarded as an Improper Sur-Reply.**

Plaintiff's Motion to Strike or in the Alternative Motion to File Sur –Reply, is really an unauthorized sur-reply brief and attempt to make his case for why the 2005 State Foreclosure Action should be considered by this Court as a basis for denying summary judgment to the Reimer Firm.  Plaintiff argues that Defendants were given "notice" that the 2005 State Foreclosure Action was encompassed in this litigation through his responses to interrogatories and briefing, which he claims put the Reimer Firm on notice that Plaintiff was claiming that the legal fees and expenses from the 2005 State Foreclosure Action were improper.  (Plaintiff's Motion to Strike, p. 11, Doc. No. 479).  This argument should be disregarded as an improper sur-reply.

**1.      Plaintiff's Complaint and Amended Complaint are not ambiguous.**

Plaintiff argues in its Opposition to Motion for Summary Judgment that Reimer was unjustly enriched by improperly collecting attorneys' fees (with respect to the reinstatement of the loan) from him because it misrepresented that MERS was the holder of the note and mortgage in the 2005 State Foreclosure Action.  Plaintiff is not asserting this claim under an

FDCPA cause of action and concedes that it is barred by the statute of limitations.[4]  The allegation is not raised in the operative complaint.  Notwithstanding that Plaintiff's unjust enrichment claim was previously dismissed without prejudice in *Kline I*, and not timely re-filed, Plaintiff attempts to reassert the claim now.

Plaintiff cites to *Carter v. Ford Motor Company*, 561 F.3d 562 (6th Cir. 2009) in support of his argument that this Court should consider evidence from the 2005 State Foreclosure Action to assert a new claim, based on the 'course of the proceedings test" and thus Defendant was put on notice that he is seeking damages arising from the 2005 State Foreclosure Action.  Plaintiff misconstrues (and misapplies) the "course of proceedings test" as set forth in *Carter*.  The "course of proceedings test" is used by a court when the language in a complaint is ambiguous. *Carter* at 566.  In *Carter*, the court of appeals, in affirming summary judgment for defendant, held that plaintiff's reference to events that occurred in 2005 (rather than 2006) was not sufficient to provide fair notice to the defendants.  The defendant in that case moved for summary judgment, arguing that the plaintiff was not covered under the FMLA at the time of a 2006 discharge.  Instead of defending her claim as related to the 2006 termination, the plaintiff responded that the claim was based on a 2005 termination.  In finding that the complaint was ambiguous, the Court of Appeals found that the complaint did not tie its allegations to any particular date or event and was thus "ambiguous as to whether it encompasses allegations arising out of her termination."  *Id*. at 566. Once the court found the complaint ambiguous, it then analyzed the plaintiff's deposition testimony (or course of proceedings) to determine that

---

[4] It of course is also barred by res judicata as the district court in  *Kline I* held that the FDCPA claim arising out of the fees collected in the 2005 state foreclosure were dismissed with prejudice. It would also be barred under the statute of limitations. See Reimer Reply, at pp. 15-16, Doc. No. 470.

plaintiff could not raise the claim in her motion for summary judgment.[5]  Here, the Complaint and Amended Complaint are not ambiguous.  They do not tie any allegations to the 2005 State Foreclosure Action.  Moreover, the *Carter* court did not address the situation where the plaintiff had previously asserted the same claim in a prior lawsuit.

Likewise, *Henderson v. Chrysler Group, LLC*, 610 Fed. Appx. 488; 2015 U.S. App. LEXIS 7549 (6th  Cir. May 1, 2105), is inapplicable as the Sixth Circuit Court of Appeals held that plaintiff waived a retaliation argument because it was not raised in the complaint, but instead in opposition to a summary judgment motion.  In *Henderson*, the plaintiff claimed in response to a motion for summary judgment that she engaged in three protected activities during three different time periods.  In response, the defendant asserted that the retaliation claim failed for want of protected activity because she waived her argument that her first alleged protected activity—absences in May 2011 related to her daughter's illness—were protected under the FMLA.  The trial court agreed and dismissed the claim.  In affirming the district court's decision, the Sixth Circuit noted that the first alleged protected activity was not raised in plaintiff's amended complaint.  The plaintiff first claimed that she was subject to retaliation for missing work to care for her daughter in her response brief to defendant's motion for summary judgment. The Sixth Circuit agreed that plaintiff waived this argument because her complaint did not provide defendant with sufficient notice that her  retaliation claim was based, in part, on her absences in early May 2011 to care for her daughter.  Here, the Complaint and Amended Complaint were not ambiguous.  Plaintiff did not allege improper conduct with respect to the 2005 State Foreclosure Action in his operative complaint because he had already asserted claims arising out of that foreclosure in a federal court action that was dismissed.  Further, any actions

---

[5] Plaintiff also cites to *Cummings v. City of Akron*, 418 F. 3d 676 (6th Circuit 2005) in support of the "course of proceedings test."  The Sixth circuit referenced the use of the course of proceeding test when the complaint is ambiguous.

related to the 2005 State Foreclosure Action did not arise out of the same nucleus of operative

facts.

Plaintiff cites to his interrogatory response where he purported to identify his itemized

damages in support of his argument that the course of proceedings test applies. (Plaintiff's

Motion to Strike, Doc. No. 479, p. 11, FN 5). His response to the interrogatories do not

specifically identify that he is seeking unjust enrichment damages arising out of the collection of

legal fees for the reinstatement of his mortgage (which are proper under Ohio law) because the

holder and owner of the note and mortgage were misrepresented.[6] Moreover, response to

Interrog. No. 20 provides:

> **INTERROGATORY NO. 20:** Identify and describe each of the Reimer Firm's
> alleged collection practices, procedures and policies you content violate consumer
> protection laws or the common laws of Ohio.
>
> **RESPONSE TO INTERROGATORY NO. 20:** Plaintiff objects to this
> Interrogatory in that it seeks information protected by the attorney/client and/or
> work product privileges. Plaintiff also objects to this Interrogatory as premature,
> because there has not yet been any individual or class discovery from the
> defendants. Subject to and without waiving this objection, plaintiff responds as
> follows;

**FIRST FORECLOSURE ACTION**

- Reimer charged Kline a service of process fee for service on the second mortgage
  holder, which was the same entity as the first mortgage holder;

- Even if the first and second mortgage holders were not identical, it was improper
  to charge Kline for expenses or costs associated with plaintiff MERS serving
  defendant MERS, or any other costs associated with that portion of the lawsuit

With respect to Plaintiff's deposition testimony, he testified that could not identify or

articulate any damages he was seeking in this lawsuit. (Kline Tr. pp. 87-88, 90, Ex. A to Doc.

No. 442). Plaintiff's written discovery responses are vague, evasive, and unresponsive regarding

---

[6]Plaintiff previously claimed that the collection of legal fees was improper because there was improper fee sharing
in the 2005 State Foreclosure Action, and the 2007 Nova fees were improper. (See, Doc. No. 414, pp. 23-25).
These allegations were not raised in opposition to the motion for summary judgment.

his claimed damages.  They also lacked sufficient detail to inform Defendants about Plaintiff's

actual theories of liability; in particular, there was no reference to the unjust enrichment claim

arising out of the legal fees allegedly collected upon reinstatement in the 2005 State Foreclosure

Action due to MERS' standing.

Here, even if the Court were to look at the "course of proceedings," which it should not,

neither the discovery responses, nor the deposition testimony support Plaintiff's argument that

that parties were put on notice that the attorney fees collected in the 2005 State Foreclosure

Action were the basis for a claim for unjust enrichment.  Plaintiff's allegations have been a

moving target for over seven (7) years and they have evolved.  For example, Plaintiff's counsel

has alleged of late and in discovery responses that there was improper fee splitting by Reimer,

but he did not address this theory in his opposition to motion for summary judgment.  Defendant

is not required to address every unplead theory in its Motion for Summary Judgment.

Nevertheless, Plaintiff's complaint is clearly not ambiguous and the parties clearly

understood that this lawsuit could not encompass the 2005 State Foreclosure Action.  As such,

any argument related to the 2005 State Foreclosure Action in opposition to the Reimer Firm's

Motion for Summary Judgment should be disregarded.

> **2.      Plaintiff cannot amend to add a new unplead claim by an argument in a brief in opposition to summary judgment.**

Even if Plaintiff's unplead claim was not barred, he cannot amend by argument.  The

cases Plaintiff cites to in support of his argument that an unplead claims should be considered are

distinguishable.  For example, *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001), is

inapplicable to the circumstances here. In *Moore*, the plaintiff sued a police department and five

"individual officers," amongst other defendants for excessive force.  Because the individual

officers were not named in their individual capacities in the complaint, the trial court dismissed

the individual officers.  The trial court also denied Plaintiff's request to amend the complaint under Rule 15 (c)(3).  The Sixth Circuit Court of Appeals reversed the decision and held that the trial court improperly denied plaintiff's motion to amend because the amendment to add the individuals arose out of the "conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *Id.* at 774.

Here, Plaintiff is seeking to amend by argument in asserting an unjust enrichment claim arising out of the 2005 State Foreclosure Action.  The new claim does relate back to the filing of the original or amended Complaint.  This case arises out of the 2007 State Foreclosure Action against Plaintiff.  Thus, the new allegations or claims regarding the 2005 State Foreclosure Action do not arise out of the same course of conduct.  That 2005 State Foreclosure Action does not arise out of the same transaction or occurrence as set forth in the operative Complaint.  A party may only add "a new legal theory in an amended pleading as long as it arises out of the same transaction or occurrence." *Miller v. American Heavy Lift Shipping*, 231 F.3d 242 (6th Cir. 2000).[7]  The 2005 Foreclosure Action was the subject of a 2007 Federal Court Action that was dismissed.  The 2005 Foreclosure Case is a completely separate transaction or occurrence from the 2007 foreclosure.  Plaintiff cannot piecemeal his litigation and gets a second or third bite at the apple, eight years later.

Plaintiff also cites to *Goodson v. Bank of America, N.A.,*600 F.Appx.422 (6th Cir. 2015) (unpublished) in support of his argument that the court should look to prior discovery responses and briefing to determine whether Plaintiff had previously raised a claim made in opposition to summary judgment.  (Motion to Strike, P. 10, FN. 4).  *Goodson* supports Defendants' position. In *Goodson*, Plaintiff asserted in her complaint, an FDCPA claim arising out of two letters sent to the debtor by BANA.  In response to a summary judgment motion, plaintiff alleged an

---

[7] Plaintiff did not seek to amend the unjust enrichment claim to include this new theory.

FDCPA violation based on deceptive or misleading representations by BANA in the state foreclosure proceedings. Despite the plaintiff mentioning the foreclosure in the federal court complaint, in response to a motion to dismiss, and in response to a discovery interrogatory, she did not "assert a stand-alone FDCPA violation based on representations made during the foreclosure." The Sixth Circuit dismissed plaintiff's argument that she failed to raise the claim because she did not uncover the deceptive representation until discovery and explained "had [plaintiff] wished to place the claim properly before the court, she should have submitted an amended complaint, rather than raise it for the first time at the summary judgment stage." *Id.* at 429.

Finally, Plaintiff, with the careful placement of ellipses, cites to *Kennedy v. City of Zanesville*, 505 F.Supp.2d 456, 481 (S.D. Ohio 2007), for the proposition that a plaintiff can raise  new claim  in an opposition to summary judgment, that is not plead in the complaint, by simply sending a letter putting the opposing party on notice. In *Kennedy*, defendant was not put on notice simply by receipt of a letter. The issue in *Kennedy* related to whether a plaintiff provided the defendant notice that it intended to pursue theories of direct and successor liability. The court noted that although the words "successor liability" did not appear in the complaint, the complaints before the OCRC and FHAA both which were joined to the complaint in the federal court action, made clear that the plaintiff was alleging successor liability. The court noted that the detailed interrogatory responses set forth the theory of successor liability. Finally, the evidence supporting both claims was similar and there was no prejudice to plaintiff. The court ultimately held that the failure to use the "exact phrase 'successor liability' in the complaint was not fatal to plaintiff's claim. Here, the operative Complaint contained no allegations with respect to the 2005 State Foreclosure Action and the interrogatory responses with respect to Plaintiff's

12

theories of liability were vague at best.  Again, the 2005 State Foreclosure Action was the subject of a prior lawsuit.

### C. Plaintiff's Request to file a Sur-Reply Brief Should Not be Permitted.

#### 1. Plaintiff failed to comply with the Local Rules prior to seeking leave to file a Sur-Reply brief.

As a threshold matter, Plaintiff failed to consult with the undersigned prior to filing the motion for leave to file sur-reply.  The Local Rules provide:

> A party filing any other type of motion [other than a motion for an extension of time] to which other parties might reasonably be expected to give their consent (such as a motion to amend pleadings, for leave to file a document *instanter*, for voluntary dismissal of a complaint or counterclaim, or to correct an electronic filing involving a technical error in using the ECF system) shall comply with the procedure set forth in S. D. Ohio Civ. R. 7.3(a) before filing such motion.
> See, S.D. Ohio Civ. R. 7.3(b).

Local Rule. 7.3 (a) requires consultation with opposing counsel prior to filing the motion.  Here, Plaintiff's counsel made no attempt to consult with the undersigned counsel prior to filing the motion for leave to file sur-reply and he should not be permitted to file such a motion.  See, *Power Marketing Direct, Inc. v. Wilburn Moy*, Case No. 2:08-cv-826, Case No. 2:08-cv-826. (Court denies motion for leave to file sur-reply and notes that Plaintiff failed to consult with opposing counsel). As such, Plaintiff should not be permitted to file a Sur-Reply.

#### 2. Plaintiff has not established good cause to file a sur-reply brief.

Plaintiff's Request to file a sur-reply brief with respect to the Reimer Firm should not be permitted.  In *Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.,* Case No.2:07cv1190, 2010 U.S. Dist. LEXIS 81511  (S.D.Ohio Oct. 19, 2010), this Court explained:

> This Court has, for many years, had a Local Civil Rule governing how many briefs may be filed in support of or in opposition to a motion. Currently, Local Civil rule. 8.2 (a) provides that only supporting, opposing, and reply memoranda may be filed "except upon leave of court for good cause shown."

The Reimer Firm properly raised arguments within its Reply Brief that directly responded to Plaintiff's newly articulated theory of liability raised in its Memorandum in Opposition to Defendant's Motion for Summary Judgment. Plaintiff should not have an opportunity to file yet another motion with respect to his claims against the Reimer Firm. In *Power Marketing Diect*, supra, a case instructive here, the trial court denied a defendant's motion for leave to file a sur-reply in opposition to a motion for remand because the plaintiff in that case responded in a reply memorandum to the arguments the defendants' raised in the memorandum in opposition, and did not present a new ground for remand.

Plaintiff essentially argues that the Reimer Firm ignored its latest (unplead) theory of liability that the unjust enrichment claim arises out of the legal fees that were improperly collected in the 2005 State Foreclosure Action because it misrepresented the holder or owner of the note at the time the foreclosure action was filed, and therefore should not be permitted to raise arguments relative to such a theory in their Reply Brief.

Plaintiff's assertion that his past discovery responses noted that fees and expenses were improper in the 2005 State Foreclosure Action because MERS served itself is not equivalent to the assertion that the Reimer Firm was unjustly enriched in the 2005 State Foreclosure Action for collecting legal fees because MERS did not have standing to file the foreclosure. Plaintiff's theory of liability has evolved to its current form. It was first articulated in Plaintiff's Opposition to Summary Judgment, which is why the Reimer Firm responded to the same for the first time within its Reply Brief. Moreover, this Court has made clear that it is not the subject of this lawsuit. Thus, Defendant's Reply brief was not an attempt to "ambush" Plaintiff. Simply put, Kline has had over seven (7) years to articulate his theories—he should not have waited until responding to Defendant's motion for summary judgment to finally do so. If the 2005

14

Foreclosure Action was the subject of the Amended Complaint and if Plaintiff would have clearly and specifically alleged his theories of liability before Defendant moved for summary judgment, this Defendant would have been able to adequately confront it initially within its motion. Allowing Plaintiff to submit a sur-reply with respect to the issues addressed in Reimer's Reply would give him a second bite of the apple. Plaintiff was fully aware that this Court has stated repeatedly that the 2005 State Foreclosure Action was not part of this matter, and he could have addressed the issue preemptively in his initial opposition. Plaintiff's request is an attempt to contravene the civil rules and get the last word in. He has failed to establish good cause and his motion for leave to file a sur-reply should be denied.

IV.     CONCLUSION

For all the above reasons, Plaintiff's Motion to Strike or in the Alternative Leave to File Sur-Reply should be denied. Additionally, for all the reasons set forth in Defendant Reimer, Arnovitz, Chernek & Jeffrey Co. L.P.A.'s (f.k.a. Reimer, Lorber & Arnovitz Co., L.P.A.) motion for Summary Judgment and Reply Brief, the Reimer Firm is entitled to judgment as a matter of law on Plaintiff's sole remaining claims for: "1) a claim under the Fair Debt Collections Practices Act, 15 U.S.C. §1692f(1), and 2) a claim under the common law of Ohio for unjust enrichment," arising out of the 2007 State Foreclosure Action.

Respectfully submitted,


s/*Lori E. Brown*

**TIMOTHY T. BRICK (0040526)**
**LORI E. BROWN (0071480**)
Gallagher Sharp LLP
Sixth Floor - Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio  44115
(216) 241-5310 (phone)
(216) 241-1608 (fax)
tbrick@gallaghersharp.com
lbrown@gallaghersharp.com
*Attorneys for Defendant*
*Reimer, Arnovitz, Chernek & Jeffrey Co.*
*L.P.A. (f.k.a. Reimer, Lorber & Arnovitz*
*Co., L.P.A.)*


## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2015 a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.


s/*Lori E. Brown*

**TIMOTHY T. BRICK (0040526)**
**LORI E. BROWN (0071480**)
*Attorneys for Defendant*
*Reimer, Arnovitz, Chernek & Jeffrey Co.*
*L.P.A. (f.k.a. Reimer, Lorber & Arnovitz*
*Co., L.P.A.)*

16