IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EUGENE KLINE, :

    Plaintiff,

v. : Case No. 3:08cv408

MORTGAGE ELECTRONIC : JUDGE WALTER H. RICE
SECURITY SYSTEMS, et al.,

    Defendants. :

---

ORDER SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF EUGENE KLINE'S MOTION TO STRIKE NEW EVIDENCE AND NEW ARGUMENTS RAISED BY DEFENDANTS IN REPLY TO SUMMARY JUDGMENT (DOC. #478); PLAINTIFF IS GRANTED LEAVE TO FILE SUR-REPLIES WITHIN TEN (10) DAYS FROM DATE

---

Plaintiff Eugene Kline ("Plaintiff") has filed a motion captioned "Motion to Strike New Evidence and New Arguments Raised by Defendants in Reply to Summary Judgment" (hereinafter, "Motion to Strike"), requesting that the Court strike Defendants' Replies to his Memoranda in Opposition to Defendants' Motions for Summary Judgment. Doc. #478. According to Plaintiff, Defendants' Reply Briefs reference evidence and raise arguments not mentioned in their original Motions for Summary Judgment. Specifically, he points to 1) the affidavit and deposition testimony of Jacklin Cartmill discussed by Wells Fargo Bank, N.A. ("Wells Fargo"), Barclays Capital Real Estate Inc. ("Barclays"), and Mortgage Electronic Registration Systems, Inc. ("MERS"); and 2) arguments by Reimer,

Arnovitz, Chernek & Jeffrey Co., L.P.A. ("Reimer"), that his claims are barred by the statute of limitations and cannot involve the 2005 foreclosure case in state court, due to the scope of the allegations in the Amended Complaint.[1] Citing to Sixth Circuit authority stating that the assertion of new evidence and arguments for the first time in a Reply Brief unfairly deprives the opposing party of notice and the opportunity to respond, he requests that the Court strike Defendants' Reply Briefs or, in the alternative, grant him leave to file Sur-Replies.

Defendants have filed Responses in Opposition. Doc. #484 & Doc. #485. Therein, they argue that the arguments and citations in their Reply Briefs were made in response to the arguments and evidence that Plaintiff raised in his Responses to their Motions for Summary Judgment. They also argue that Plaintiff failed to comply with the requirement of Local Rule 7.3(b) to consult with them prior to seeking leave to file a Sur-Reply, and that he has not demonstrated good cause for granting such leave.

Local Civil Rule 7.2(a)(2) governs the filing of "Opposing and Reply Memoranda," and specifically states that "[n]o additional memoranda beyond those enumerated are permitted except upon leave of court for good cause shown." However, "where the moving party submits in a reply brief new reasons and evidence in support of its motion for summary judgment," the notice and opportunity to respond guaranteed by Fed. R. Civ. P. 56(d) "require a district court

___

[1] Plaintiff states that the remaining Defendant, Lerner, Sampson & Rothfuss, did not raise new evidence or arguments in its Reply Brief. Doc. #479 at 2.

2

to allow the nonmoving party an opportunity to respond." *Seay v. Tennessee Valley Auth.*, 339 F.3d 454, 481-82 (6th Cir. 2003). In such a situation, "a nonmovant's ability to respond to the new evidence has been vitiated" by the order of its presentation, and the proper remedy is to grant the nonmovant leave to file a sur-reply. *Id.* at 481.

For several reasons, the Court finds that the references in the Reply Briefs to Ms. Cartmiller's affidavit and testimony do not constitute surprise litigation tactics by Wells Fargo, Barclays, or MERS. Ms. Cartmiller was not deposed until June 10, 2015, after the close of discovery, when Barclays agreed to allow Kline's attorney to depose her. At that time, Defendants had already filed their Motions for Summary Judgment, so referencing her testimony in their original arguments was not possible. Their Reply Briefs do not, therefore, evidence calculated or untimely disclosures designed to thwart Plaintiff's ability to resist summary judgment.

Furthermore, it was *Plaintiff*, not Defendants, who first invoked Ms. Cartmiller's testimony in the parties' summary judgment briefing. Plaintiff references the "further deposition of Barclays' Rule 30(b)(6) witness on June 10, 2015," when "deponent Jacklin Cartmill admitted that attorney fees were added to" an account involving Plaintiff's loan. Doc. #466. He also references her testimony in the Memorandum in Opposition to Barclays' Motion for Summary Judgment and the Memorandum in Opposition to MERS' Motion for Summary Judgment. Doc. #467 at 10; Doc. #469 at 9. In an effort to resist summary judgment, Plaintiff justifiably relied on Ms. Cartmiller's deposition testimony to

3

attempt to demonstrate a factual dispute under Rule 56(c).[2] However, Defendants were also justified in responding to Plaintiff's arguments regarding Ms. Cartmiller's testimony when filing their Reply Briefs. In short, Defendants did not first raise arguments concerning Ms. Cartmiller's testimony in their Reply Memoranda.

According to Plaintiff, the affidavit of Ms. Cartmiller attached to their Reply Memoranda contradicts her earlier testimony. The Court believes that Plaintiff should have the opportunity to respond to Defendants' arguments that rely on Ms. Cartmiller's affidavit, and will accordingly grant Plaintiff leave to file a Sur-Reply addressing that issue.

The Court also believes that Plaintiff should be allowed to respond to the statute of limitations arguments that Wells Fargo and Reimer have raised in their Reply Briefs. Typically, a court will refuse to consider a summary judgment argument that a party raises for the "first time" in a reply brief. *NetJets Large Aircraft, Inc. v. United States*, 80 F. Supp. 3d 743, 765 (S.D. Ohio 2015). For the following reasons, however, the Court will not refuse to consider this argument. First, Wells Fargo and Reimer appear to have been surprised by the extent to which Plaintiff's Response argues that his claims stem from acts surrounding the 2005 foreclosure, prompting them to raise the statute of limitations defense. Second, Plaintiff has been on notice since Wells Fargo and Reimer filed their Answers to the Amended Complaint that they affirmatively assert defenses to his claims based on

---

[2] The Court reserves any determination of whether or not Plaintiff has successfully demonstrated a genuine dispute of material fact that would preclude sustaining Defendants' Motions for Summary Judgment until a future ruling on said motions.

statutes of limitations. Doc. #268 at 15; Doc. #295 at 11. Third, any surprise to Plaintiff is easily remedied by allowing him leave to file a Sur-Reply addressing Defendants' arguments. This will ensure Plaintiff receives "a reasonable opportunity to respond" to Defendants' argument, thereby restoring the necessary balance between the parties' briefing and the requirements of Rule 56. *Seay*, 339 F.3d at 481.

In conclusion, Plaintiff's Motion to Strike New Evidence and New Arguments Raised by Defendants in Reply to Summary Judgment is SUSTAINED in part and OVERRULED in part. The motion is sustained insofar as Plaintiff is granted leave to file Sur-Replies to the Reply Briefs of Wells Fargo, Barclays, MERS, and Reimer. The motion is overruled with respect to Plaintiff's request that the Court strike the references to "new" evidence and arguments in Defendants' Reply Briefs.

For the reasons stated above, the Court concludes that Plaintiff has shown the "good cause" required by Local Civil Rule 7.2(a)(2) to allow the filing of additional memoranda addressing Defendants' Motions for Summary Judgment. Accordingly, Plaintiff may file Sur-Replies addressing the issues raised in Defendants' Replies within ten (10) days from date. No requests for an extension of time will be granted.

Date:  December 7, 2015

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE