IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EUGENE KLINE, et al.,

    Plaintiffs,

v.

MORTGAGE ELECTRONIC
SECURITY SYSTEMS, et al.,

    Defendants.

:
:
:
:

Case No. 3:08-cv-408

DISTRICT JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING THE MOTION FOR LEAVE TO
AMEND THE AMENDED COMPLAINT (DOC. #489) FILED BY
PLAINTIFF EUGENE KLINE

---

Pending before the Court is the Motion for Leave to Amend the Amended Complaint filed by Plaintiff Eugene Kline ("Kline"). Doc. #489. For the reasons set forth below, the motion is OVERRULED.

I. **RELEVANT PROCEDURAL BACKGROUND**

Kline previously filed a Motion to Amend the Amended Complaint on February 3, 2015. Doc. #391. The Court overruled the motion without prejudice on March 27, 2015, stating that Kline could renew his motion after the resolution of the class certification issue, as the Court expected Kline to file a Motion for Class Certification by the April 30, 2015, deadline set forth in the Scheduling Order. Doc. #415 at 13. The Court also noted that Kline had a "major hurdle to overcome" if he chose to renew his Motion to Amend: the fact that, by his own

admission, he believed that he could state a RICO claim against Defendants by mid-March, 2014, yet waited nearly a year to move the Court for permission to amend the Amended Complaint. *Id.* at 13 and 14.

On March 27, 2015, Defendants filed Motions for Summary Judgment. Doc. #414, #416, #417, #418, & #419. Kline never filed a Motion for Class Certification. Defendants filed a Joint Motion to Strike and Dismiss Class Allegations for Failure to File a Class Certification Brief on August 3, 2015. Doc. #444. The Court sustained this motion on September 25, 2015, in an Omnibus Decision and Entry that construed various filings by Kline that he had filed over the summer as responses under Rule 56(d)(2) to Defendants' Motions for Summary Judgment. Doc. #463. The Court found that the evidence Kline cited did not justify reopening discovery, and that Defendants had, in fact, cooperated with Kline's requests for further discovery. *Id.* at 21-22. The Court noted numerous times that it had expressly advised Kline of the necessity of timely filing the Motion for Class Certification, yet he had never done so, nor had he moved the Court for an extension of time to file the motion. *Id.* at 43-47. For those reasons, the Court sustained the Joint Motion to Strike and Dismiss Class Allegations for Failure to File a Class Certification Brief (Doc. #444). Finally, the Court ordered Kline to file responsive memoranda to Defendants' pending Motions for Summary Judgment. *Id.* at 47-48.

Kline filed Responses in Opposition on October 16, 2015. Doc. #465, #466, #467, #468, #469, & #470. Defendants filed Replies to Kline's Responses

on October 30, 2015. Doc. #473, #474, #475, #476, & #477. The Court granted Kline leave to file a Sur-Reply responding to Defendants' Replies, and he filed same on December 17, 2015. Doc. #488.

On December 21, 2015, Kline filed a Motion for Leave to File a Second Amended Complaint. Doc. #489. Therein, he argues that evidence produced by Defendants justifies granting him leave to amend the Amended Complaint with new claims of fraud and violations of the Racketeer Influenced and Corrupt Organizations Act, ("RICO"), 18 U.S.C. § 1962(c). He has attached a pleading of 91 pages to his motion captioned Proposed Second Amended Class Action Complaint. Doc. #491-1.

In a Decision and Entry dated December 23, 2015, the Court sustained all Defendants' Motions for Summary Judgment, and ordered the Clerk to enter Judgment in their favor on all of Kline's claims. Doc. #492.

II. **ANALYSIS**

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course," but only within 21 days after service of a responsive pleading. After the 21-day period has elapsed, a party may only amend a pleading with either "the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(c)(2). A court may deny a party leave to amend "when it would result in undue delay, prejudice to the opposing party, or repeated failure to cure

deficiencies in the complaint." *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A court may also deny a motion for leave to amend for reasons of futility or bad faith. *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

Allowing Kline leave to amend his complaint and this late date, over seven years after the commencement of this action, would be futile. The Memorandum of Law in support of the motion cites to exactly the same evidence that Kline cited to when he sought leave to reopen discovery under Rule 56(d)(2), and when he argued against summary judgment in his Responses in Opposition and Sur-Reply. The Court will not discuss this evidence once again, but incorporates by reference its analysis of same in the Omnibus Decision and Entry of September 25, 2015, and the Decision and Entry of December 23, 2015. In both entries, the Court found this evidence insufficient to justify engaging in further discovery, and inadequate to overcome summary judgment. For these reasons, it would be futile to allow Kline leave to file an amended pleading asserting that this evidence provides support for his claims. In short, the Court has already considered, and rejected, the reasons that Kline has repeatedly offered for Defendants' liability.

Undue delay also counsels against allowing Kline leave to amend. As stated in its previous ruling overruling the Motion for Leave to Amend without prejudice:

> Although the Court defers determination of whether leave to amend will be granted, if sought, it observes that, after preliminary consideration, Kline has one major hurdle to overcome should he

> decide to do so. He does not convincingly explain his failure to request leave to amend at some earlier time. . . . it is problematic that, in support of his Motion to Amend, Kline points to a *confidential* communication made for the purposes of mediation as evidence that he gave Defendants "notice" of his intent to file new claims, and that he attached the statement as an exhibit to the motion. Under the Rule 16.3(c) of the Court's Local Civil Rules, "all communications made by any person" during mediation are confidential. Such communications require consent by all parties and the mediator before disclosure. S.D. Ohio Civ. R. 16(c)(3)(B). Putting that issue to the side, the Court interprets this statement as an admission that he believed he had a viable RICO claim by mid-March, 2014. That was nearly a year before filing the Motion for Leave to Amend on February 3, 2015. Furthermore, the statement predates the filing of the Motions to Compel by several months. For that reason, it is unclear how any discovery delays attributable to Defendants that were remedied by rulings on the Motions to Compel could have interfered with his ability to state a RICO claim during that time. By his own words, he claimed months before filing the Motions to Compel that he was "in the process of preparing an amended complaint to add a cause of action under [RICO]." Doc. #393-2 at 6.

Doc. #415 at 13-14.

In support of the instant motion, Kline argues that it is only in the wake of the deposition and discovery documents Defendants have produced since March, 2014, that his RICO claim has been "fleshed out." Yet, going back *seven years* to the date this action commenced, Kline made factual allegations in the Complaint that he now considers material to a RICO claim. For example, in the section captioned "No Assignment at the Time the Action was Instituted," the original Complaint alleged that Wells Fargo and the Reimer Firm regularly sued homeowners while falsely representing that Wells Fargo held the note for the mortgage debt; that, along with HomEq, they "regularly requested and facilitated the filing of pleadings and other documents in foreclosure actions which they

5

know falsely represented that an entity is the current owner of a deed and mortgage;" that an employee of HomEq falsely asserted himself as a MERS representative to effect mortgage assignments; and that such assignments were done after foreclosure actions were filed. Kline and his former co-plaintiffs alleged that these actions allowed those Defendants to charge "numerous fees and expenses which were either illusory or illegal under federal and/or state law." Compl. ¶¶ 46 (Doc. #1 at 9-11).

Now, in his allegations of a scheme to support a RICO claim, Kline alleges that the Reimer Firm, Wells Fargo, and HomEq "fraudulently identified Wells Fargo" as the owner of notes when filing foreclosure action; that they waited until after commencing foreclosure actions to assign notes and mortgages to the foreclosing plaintiff; and that these defendants "regularly hid behind the MERS System to misrepresent the owner or the holder of the first mortgage." Doc. #491 at 62-63. The allegations of this scheme are materially identical to the allegations that prompted the filing of this action. Other allegations in support of his RICO scheme, such as allegations of fee-splitting and improper charging of fees, have also been with this case from its inception. In short, requesting to amend the pleadings with a RICO claim that clearly restates allegations first pled over seven years ago constitutes undue delay, and will not be accommodated.

Finally, the Court notes that Kline was on notice that filing a Motion for Class Certification was a pre-requisite to amending his claims. He previously moved the Court for leave to file a second Amended Complaint on February 3,

6

2015, and the proposed amendments included RICO and fraud claims. Doc. #391. The Court overruled the motion without prejudice because, at that time, it believed that the filing of Kline's Motion for Class Certification was "imminent." Doc. #415 at 13. The Court stated that "the interests of justice described by Rule 15 require it to defer a decision on amendment until the resolution of the class certification issue," due to the fact that the "class certification ruling may determine the ultimate feasibility of continuing this litigation; once that ruling is made, Kline may renew the Motion for Leave to Amend." *Id.* This language was sufficient to put Kline on notice that filing a Motion for Class Certification and the Court's ruling thereon were necessary preconditions to any leave to amend his claims. As discussed in the Omnibus Decision and Entry of September 25, 2015, Kline failed to file the expected Motion for Class Certification. Doc. #463. Thus, in addition to the undue delay in requesting leave to amend and the futility of allowing amendment that prevent sustaining his motion under Rule 15, Kline also never complied with the preliminary requirement for considering amendment, the presentation of his class claims. For the foregoing reasons, the Motion for Leave to Amend the Amended Complaint (Doc. #489) is OVERRULED.

Date:  December 23, 2015  _____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE

7